**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-03161-SKC

DENNIS CLIFTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

      Plaintiff,

  v.

BRENT WILLIS, FRED COOPER, TIM HAAS, REGINALD KAPTEYN, ALICIA SYRETT, GREGORY GOULD, CHUCK ENCE, CARL AURE, KEVIN MANION, ED BRENNAN, AMY KUZDOWICZ, GREG FEA, and CRAIG THIBODEAU,

      Defendants.

---

**MOTION OF IGOR CHERNYAK FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF COUNSEL**

---

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS ................................................................................................... 2

III. ARGUMENT...................................................................................................................... 5

    A.  The Court Should Appoint Movant as Lead Plaintiff............................................................ 5

        1.  The Procedure Required by the PSLRA ........................................................................ 5

            a.  Movant is Willing to Serve as a Class Representative ..................................... 6

            b.  Movant has the Requisite Financial Interest in the Relief Sought by the Class 7

        2.  Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil
           Procedure ....................................................................................................................... 8

            a.  Movant's Claims are Typical of the Claims of all the Class Members ............ 9

            b.  Movant Will Adequately Represent the Class ................................................. 10

    B.  Movant's Choice of Counsel Should Be Approved............................................................. 11

IV. CONCLUSION.................................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**

*In re Coinbase Global Securities Litigation,*
No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ............................................. 14

*Cooke v. Equal Energy Ltd.,*
C.A. No.14-cv-0087-C, 2014 WL 3819159 (W.D. Okla. May 8, 2014) .......................... 10, 11

*Daniels Family 2001 v. Las Vegas Sands Corp.,*
Case No. 2:20-cv-01958-GMN-EJY, 2021 WL 41301 (D. Nev. Jan. 5, 2021)...................... 14

*Deinnocentis v. Dropbox, Inc.,*
Case No. 19-cv-06348-BLF, 2020 WL 264408 (N.D. Cal. Jan. 16, 2020) ............................ 14

*In re Drexel Burnham Lambert Group,*
960 F.2d 285 (2d Cir. 1992)................................................................................................. 12

*Dura Pharm., Inc. v. Broudo,*
544 U.S. 336 (2005)............................................................................................................... 2

*Friedman v. Quest Energy Ptnrs. LP,*
261 F.R.D. 607 (W.D. Okla. 2009)...................................................................................... 7, 9

*Gen. Tel. Co. v. Falcon,*
457 U.S. 147 (1982)............................................................................................................. 11

*Hufnagle v. Rino Int'l Corp.,*
No. CV 10-8695-VBF(VBKx), 2011 WL 710704 (C.D. Cal. Feb. 14, 2011)......................... 7

*Lane v. Page,*
250 F.R.D. 634 (D.N.M. 2007).............................................................................................. 2

*Malriat v. Quantumscape Corp.,*
Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO, 2021 WL 1550454
(N.D. Cal. April 20, 2021) ................................................................................................... 14

*Medina v. Clovis Oncology,* Inc.,
Case No. 15-cv-2546-RM- MEH, 2016 U.S. Dist. LEXIS 19784 (D. Colo. Feb. 18, 2016) ... 7

*In re Oxford Health Plans, Inc. Sec. Litig.,*
182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................................... 11

*In re Party City Secs. Litig.,*
189 F.R.D. 91 (D.N.J. 1999)................................................................................................ 10

*In re Razorfish, Inc. Secs. Litig.*,
    143 F. Supp. 2d 304 (S.D.N.Y. 2001) ........................................................................ 2

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993) ................................................................................... 11

*Schulman v. Lumenis, Ltd.*,
    No. 02 Civ. 1989 (DAB), 2003 WL 21415287 (S.D.N.Y June 18, 2003) ............................ 10

*Smith v. Suprema Specialties, Inc.*,
    206 F. Supp. 2d 627 (D.N.J. 2002) ........................................................................ 2

*Snyder v. Baozun Inc.*,
    Nos. 1:19-cv-11290 (ALC); 1:19-cv-11812 (ALC), 2020 WL 5439763 (S.D.N.Y. Sept. 8, 2020) .................................................................................................................... 14

*Subramanian v. Watford, et. al.*,
    Civil Action No. 20-cv-02652-CMA-STV, 2021 WL 1697147 (D. Colo. April 29, 2021) ... 14

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003) ........................................................................... 10

*Weiss v. York Hosp.*,
    745 F.2d 786 (3d Cir. 1984) ............................................................................. 11, 12

*Weltz v. Lee,*
    199 F.R.D. 129 (S.D.N.Y. 2001) ........................................................................ 10, 11

*White Pine Invs. v. CVR Ref.,*
    Case No. 20 Civ. 2863 (AT), 2021 WL 38155 (S.D.N.Y. Jan. 5, 2021) .............................. 14

*White v. Nano-X Imaging LTD, et al.*,
    Nos. 20-CV-4355 (WFK)(MMH), 20-CV-4528 (RRM)(MMH), 2022 WL 3973838 (E.D.N.Y. Aug. 10, 2022) ..................................................................................... 14

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ............................................................................................... *passim*

## I.    INTRODUCTION

Igor Chernyak ("Movant"), by and through his counsel, will and hereby does move this Court, pursuant Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order (attached hereto): (i) appointing Movant as Lead Plaintiff on behalf of all persons other than defendants who purchased NewAge, Inc. (collectively "NewAge" or the "Company") securities for the time period January 18, 2018 through and including October 18, 2022, inclusive (the "Class Period"), pursuant to 15 U.S.C. §78u-4(a)(3)(B); (ii) approving Movant's selection of counsel Levi & Korsinsky, LLP ("Levi & Korsinsky"); and (iii) granting such other and further relief as the Court may deem just and proper.

Presently pending before the Court is the above-captioned action (the "Action") brought on behalf of all persons other than defendants who purchased NewAge securities during the Class Period. Plaintiff in the Action alleges violations of the Exchange Act against Defendants NewAge, Brent Willis ("Willis"), Fred Cooper ("Cooper"), Tim Haas ("Haas"), Reginald Kapteyn ("Kapteyn"), Alicia Syrett ("Syrett"), Gregory Gould ("Gould"), Chuck Ence ("Ence"), Carl Aure ("Aure"), Kevin Manion ("Manion"), Ed Brennan ("Brennan"), Amy Kuzdowicz ("Kuzdowicz"), Greg Fea ("Fea"), and Craig Thibodeau ("Thibodeau"), (collectively, "Defendants").[1]

The PSLRA provides for the Court to appoint as lead plaintiff the movant or movants that have the largest financial interest in the litigation who has also made a *prima facie* showing that

---

[1] Specifically, Plaintiff in the Action alleges that Defendants violated Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

they are an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See Lane v. Page*, 250 F.R.D. 634, 640 (D.N.M. 2007); *In re Razorfish, Inc. Secs. Litig*., 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *see also Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002). Movants satisfy both requirements.

Movant lost approximately $3,083,746.56 under a straight last-in-first-out "LIFO" analysis, and $3,072,874.69 in losses recoverable pursuant to *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 338 (2005). As such, Movant is the presumptive lead plaintiff under the PSLRA.[2] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class. As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

## II.    STATEMENT OF FACTS[3]

NewAge purports to produce and sell various beverages and other health products. ¶ 2. NewAge wholly owns subsidiaries that sell products under a variety of brand names. *Id.* NewAge purports to be an "organic and healthy products company intending to become the world's leading social selling and distribution company." ¶ 26.

---

[2] Movant's certification identifying his transactions in NewAge, as required by the PSLRA, as well as a chart identifying his losses are attached to the declaration of Adam M. Apton ("Apton Decl."), dated February 6, 2023 as Exhibits A and B, respectively.

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Clifton* Complaint") filed in the action styled *Clifton v. Willis, et al*., Case No. 1:22-cv-03161-SKC (the "*Clifton* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Clifton* Complaint. The facts set forth in the *Clifton* Complaint are incorporated herein by reference.

The statements referenced in ¶¶ 34-107 of the *Clifton* Complaint were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 108. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company and Defendants had no relationship with the military or FamilyMart; (2) the Company and Defendants overstated the business agreements that they did have; (3) the Company and Defendants never produced or sold a proprietary CBD beverage; (4) the Company lacked adequate internal controls; (5) as a result the Company had a heightened risk of regularly scrutiny and ultimately subject to an SEC investigation and action; and (6) as a result of the foregoing, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. *Id.*

The Company filed an 8-K on January 10, 2022 announcing that the Board and Defendant Willis agreed that he would "resign as [CEO], Director, and employee of the Company, effective immediately. ¶ 110. The Company and Mr. Willis will determine the terms of his departure at a future date. [. . .] Ed Brennan will provide additional guidance and direction to the senior management team [. . .]." *Id.* In response, the stock went down 6% on each of the following trading days, from an opening price of $0.98 to a closing price of $0.9251 on January 11 and from an opening price of $0.935 to a closing price of $0.88 on January 12. *Id.*

On May 17, 2022, the Company announced after trading hours had concluded that it had received a late notice from Nasdaq regarding the filing of its Form 10-Q. ¶ 111. The next day, the stock went down by 8%, from an opening price of $0.391 per share to $0.3591 per share. *Id.*

3

On June 8, 2022, after trading had concluded for the day, the Company announced that it was undertaking a review of "strategic alternatives," including "available financing alternatives, a potential financial restructuring, merger, sale or other strategic transaction." ¶ 112. The next day, NewAge's share price went down 12%, from $0.42 per share to $0.3703. *Id.* Following that, the Company's share price closed down 11% (the price per share dropped from $0.3605 to $0.3201 on the day), 5% (the price per share dropped from ($0.3112 per share to $0.2902 on the day), and 3% (the price per share dropped from $0.298 per share to $0.29 on the day), respectively. *Id.*

On August 30, 2022, NewAge announced that it was filing for Chapter 11 bankruptcy relief. ¶ 113. Further, On August 31, 2022, The Wall Street Journal released an article called "New Age Says Cost of Internal Probe Contributed to Bankruptcy," which highlighted the fact that in its Chapter 11 disclosure, NewAge admitted that it had conducted an expensive internal investigation into Ariix for suspected violations of the FCPA. *Id.* The next day, the stock closed down 39%, from an opening price of $0.2016 per share to $0.1222 per share. *Id.* It further plummeted on September 2, 2022, closing down 27%, from an opening of $0.20 per share to $0.1482. *Id.*

On September 2, 2022, after trading hours in the domestic markets had finished for the day, NewAge filed an 8-K announcing that it had received writing notice from The Nasdaq Stock Market LLC ("Nasdaq") that, as a result of its filing for protection under Chapter 11 of the U.S. Bankruptcy Code, Nasdaq determined that NewAge's securities would be delisted from the Nasdaq stock exchange, beginning on September 8, 2022. ¶ 114. In response to this news, NewAge stock closed down 9% on September 6, 2022, from an opening price of $0.1368 to a closing price of $0.125. *Id.*

On October 19, 2022, the SEC announced that it had instituted cease-and-desist proceedings against NewAge pursuant to Section 8A of the Securities Act and Section 21C of the Exchange Act, enjoining NewAge from further violations of the Securities and Exchange Acts, and rules and regulations promulgated under them. ¶ 116. In anticipation of these proceedings, NewAge submitted a settlement offer, which the SEC has accepted. *Id.* The next day, NewAge stock plummeted from an opening price of $0.175 per share to $0.0013 per share, or 93%. *Id.*

### III.    ARGUMENT

#### A.  The Court Should Appoint Movant as Lead Plaintiff

##### 1.  The Procedure Required by the PSLRA

Once the Court decides the issue of consolidation, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. §78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a). *See Friedman v. Quest Energy Ptnrs. LP,* 261 F.R.D. 607, 609 (W.D. Okla. 2009).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead

plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice;

> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### a.  Movant is Willing to Serve as a Class Representative

On December 7, 2022, plaintiff in the *Clifton* Action filed a notice (the "Notice") published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against NewAge and which advised putative class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action.[4] Movant has reviewed the complaint filed in the pending *Clifton* Action and has timely filed this motion pursuant to the Notice.

---

[4] On December 7, 2022, the Notice was published over *Business Wire,* a widely circulated national business-oriented wire service. *See* Apton Decl. Exhibit C.

**b.  Movant has the Requisite Financial Interest in the Relief Sought by the Class**

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The movant with the largest financial interest who also meets the requirements of typicality and adequacy under Rule 23 is presumptively the lead plaintiff. *See Friedman,* 261 F.R.D. at 609-610.

Under the PSLRA, damages are calculated based on: (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. §78u-4(e).

Movant purchased NewAge securities during the Class Period in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of $3,083,746.56 *See* Apton Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there is no other applicant who has sought, or is seeking, appointment as lead plaintiff that has a larger financial interest and also satisfies Rule 23.

## 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

With respect to the qualifications of a lead plaintiff, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class. *See Cooke v. Equal Energy Ltd.*, 14-cv-0087-C, 2014 WL 3819159, at *2-3 (W.D. Okla. May 8, 2014); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Schulman v. Lumenis, Ltd.,* No. 02 Civ. 1989 (DAB), 2003 WL 21415287, at *5-6 (S.D.N.Y June 18, 2003); *Weltz v. Lee,* 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (considering only typicality and adequacy on a motion as lead plaintiff); *see also In re Party City Secs. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999). *See generally* Fed. R. Civ. P. 23(a)(3)-(4). Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *Cooke*, 2014 WL 3819159, at *2. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See id.*; *Weltz,* 199 F.R.D. at 133.

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed.

Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a.    Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties"

are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule

23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result

of the same course of conduct by defendants; and (iii) his claims are based on the same legal issues.

*See Cooke,* 2014 WL 3819159, at *2; *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In

re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry

analyzes whether plaintiffs' claims "arise from the same conduct from which the other class

members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be

identically situated with all class members. It is enough if their situations share a common issue of

law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984).[5]

In this case, the typicality requirement is met because Movant's claims are identical to, and

neither compete nor conflict with the claims of the other Class members. Movant, like the other

members of the Class, acquired NewAge securities during the Class Period at prices artificially

inflated by Defendants' materially false and misleading statements, and was damaged thereby.

Thus, his claims are typical, if not identical, to those of the other members of the Class because

Movant suffered losses similar to those of other Class members and his losses result from

Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality

---

[5] Additionally, although not pertinent to the instant motion, a finding of typicality frequently
supports a finding of commonality and *vice versa*. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158
n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

requirement of Rule 23(a)(3). *See Cooke,* 2014 U.S. Dist. LEXIS 63452, at \*7-8; *Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b.  Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the movant's interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B); *see Drexel Burnham,* 960 F.2d at 291; *Weltz,* 199 F.R.D. at 133.

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. *See Clovis Oncology*, 2016 WL 660133, at \*3-4 (adequacy satisfied where movant lacks conflicts with remainder of the class and possesses largest financial interest).

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for approximately five years. He resides in Dubai, UAE. Movant is currently retired, but prior to that, he was involved in the construction business for residential housing developments. Further, Movant has experience overseeing attorneys, as he has hired attorneys for routine business matters. *See* Movant's Declaration, Ex. D to Apton Decl.

10

Finally, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. §78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

### B. Movant's Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain Lead Counsel, subject to Court approval. 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., White v. Nano-X Imaging LTD, et al.*, Nos. 20-CV-4355 (WFK)(MMH), 20-CV-4528 (RRM)(MMH), 2022 U.S. Dist. LEXIS 143105, at \*15

11

(E.D.N.Y. Aug. 10, 2022) (appointing Levi & Korsinsky noting the firm "has demonstrated that it is qualified and has substantial experience litigating securities fraud cases and serving as lead counsel); *In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, Civil Action No. 20-cv-02652-CMA-STV, 2021 U.S. Dist. LEXIS 81823, at *10-11 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO, 2021 U.S. Dist. LEXIS 76914, at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* Case No. 2:20-cv-01958-GMN-EJY, 2021 U.S. Dist. LEXIS 974, at *7 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* Case No. 20 Civ. 2863 (AT), 2021 U.S. Dist. LEXIS 1199, at *9 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* Case No. 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* Nos. 1:19-cv-11290 (ALC); 1:19-cv-11812 (ALC), 2020 U.S. Dist. LEXIS 163967, at *10-11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations". Thus, the Court may rest assured that by granting Movants' motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant

as Lead Plaintiff for the Class; and (2) approve Levi & Korsinsky and Lead Counsel for the Class.

Dated: February 6, 2023                    Respectfully submitted,

                                           **LEVI & KORSINSKY, LLP**

                                           */s/ Adam M. Apton*
                                           Adam M. Apton
                                           55 Broadway, 10th Floor
                                           New York, New York 10006
                                           Telephone: (212) 363-7500
                                           Facsimile: (212) 363-7171
                                           Email: aapton@zlk.com

                                           *Counsel for Movant and Proposed Lead
                                           Counsel for the Class*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2023, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which will send notification of such filing to the e-mail

addresses denoted on the Court's Electronic Mail Notice List.

**LEVI & KORSINSKY, LLP**

/s/ *Adam M. Apton*
Adam M. Apton
55 Broadway, 10th Floor
New York, New York 10006
Tel.: (212) 363-7500
Facsimile: (212) 363-7171
Email: aapton@zlk.com

14