IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-013161-SKC

DENNIS CLIFTON, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

BRENT WILLIS, FRED COOPER, TIM HAAS, REGINALD KAPTEYN, ALICIA SYRETT, GREGORY GOULD, CHUCK ENCE, CARL AURE, KEVIN MANION, ED BRENNAN, AMY KUZDOWICZ, GREG FEA, and CRAIG THIBODEAU,

Defendants.

Civil Action No. 1:23-cv-00127-RMR-STV

DANIEL TAYLOR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiffs,

v.

BRENT WILLIS, FRED COOPER, TIM HAAS, REGINALD KAPTEYN, ALICIA SYRETT, GREGORY GOULD, CHUCK ENCE, CARL AURE, KEVIN MANION, ED BRENNAN, AMY KUZDOWICZ, GREG FEA, and CRAIG THIBODEAU,

Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MEI HUANG TO CONSOLIDATE THE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**

Mei Huang ("Movant") hereby moves this Honorable Court for an order: (1) appointing Movant as Lead Plaintiff for the Class of all persons and entities other than Defendants that purchased or otherwise acquired NewAge securities between January 18, 2018 and October 18, 2022, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act") against Brent Willis, Fred Cooper, Tim Haas, Reginald Kapteyn, Alicia Syrett, Gregory Gould, Chuck Ence, Carl Aure, Kevin Manion, Ed Brennan, Amy Kuzdowicz, Greg Fea, and Craig Thibodeau (together "Defendants"); and (2) approving Movant's selection of Rosen Law as Lead Counsel for the Class. This Motion is brought pursuant to pursuant to the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

Movant should be appointed Lead Plaintiff and her selection of counsel should be approved. To Movant's knowledge, Movant is the "most adequate plaintiff" as defined by the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Movant purchased, and retained throughout the Class Period, 298,516 shares of NewAge suffering losses of approximately $432,704.60 and otherwise satisfies the pertinent requirements of Rule 23 of the Federal Rules of Civil Procedure. Additionally, Movant has selected counsel that has extensive experience in securities class actions throughout the country.

## I.    PERTINENT FACTS AND PROCEDURAL HISTORY

The first of these related actions, styled as *Clifton v. Willis et al.*, Case No. 1:22-cv-013161-SKC, was commenced against Defendants for violations of the Exchange Act on December 7, 2022 by Rosen Law. That same day, the requisite PSLRA early notice advising class members of the pendency of the action and the 60-day deadline for any class member to seek appointment as lead plaintiff in this action was issued by Rosen Law. *See* Declaration of

Phillip Kim In Support of Motion of Mei Huang to Consolidate the Related Actions, Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel, Ex. 1.[1]

On January 17, 2023, the substantially similar related case styled as *Taylor v. Willis et al.,* Case No. 1:23-cv-00127-RMR-STV, was filed in the district alleging substantially similar claims, including the same Class Period and the same Defendants.

Related Party NewAge purports to be an "organic and healthy products company intending to become the world's largest social selling and distribution company." Its common stock was listed on the NASDAQ exchange under ticker "NBEV" until September 14, 2022, and since then on the OTC market under the ticker "NBEVQ". On August 30, 2022, NewAge filed for Chapter 11 bankruptcy in Delaware. The bankruptcy plan submitted by NewAge has not been confirmed and all litigation against NewAge is subject to an automatic stay.

The complaints allege that during the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) the Company and Defendants had no relationship with the military or FamilyMart (2) the Company and Defendants overstated the business agreements they did have; (3) the Company and Defendants never produced or sold a proprietary CBD beverage; (4) the Company lacked adequate internal controls; (5) as a result the Company had a heightened risk of regularly scrutiny and was ultimately subject to an SEC investigation and action (6) as a result of the foregoing, Defendants' statements about NewAge's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. When the true details entered the market, the lawsuit claims that investors suffered damages.

---

[1] All references to "Ex. __" refer to the exhibits attached to this Declaration.

Then on January 10, 2022, NewAge filed an 8-K announcing that the Board and Willis agreed that he would resign as [CEO], director, and employee of the Company, effective immediately. On this news, NewAge's stock price fell $0.0549 per share, or 6%, to close at $0.9251 per share on January 11, 2022, and then from an opening price of $0.935 to a closing price of $0.88 on January 12, 2022, or 6%.

Then on May 17, 2022, after trading hours, the Company announced after trading hours had concluded that it had received a late notice from Nasdaq regarding the filing of its Form 10-Q. The next day, the stock went down by 8%, or $0.031, to close at $0.3591 per share.

Then on June 8, 2022, after trading had concluded for the day, the Company announced that it was undertaking a review of "strategic alternatives," including "available financing alternatives, a potential financial restructuring, merger, sale or other strategic transaction." The next day, NewAge's share price went down 12%, from $0.42 per share to $0.3703.

Then on August 30, 2022, NewAge announced that it was filing for Chapter 11 bankruptcy relief. Further, on August 31, 2022, *The Wall Street Journal* released an article entitled "NewAge Says Cost of Internal Probe Contributed to Bankruptcy," which highlighted the fact that in its Chapter 11 disclosure, NewAge admitted that it had conducted an expensive internal investigation into Ariix, a NewAge subsidiary for suspected violations of the Foreign Corrupt Practices Act. The next day, the stock closed down 39%, from an opening price of $0.2016 per share to $0.1222 per share. It further plummeted on September 2, 2022, closing down 27%, from an opening of $0.20 per share to $0.1482.

Then on September 2, 2022, after trading hours in the markets had finished for the day, NewAge filed an 8-K announcing that it had received writing notice from NASDAQ that, as a result of its filing for protection under Chapter 11 of the U.S. Bankruptcy Code, Nasdaq

determined that NewAge's securities would be delisted from the Nasdaq stock exchange, beginning on September 8, 2022. In response to this news, NewAge stock closed down 9% on September 6, 2022, from an opening price of $0.1368 to a closing price of $0.125.

Then on October 18, 2022, the SEC announced that it was taking legal action against Defendant Willis. Specifically, he was alleged to have engaged in a "multi-year fraud by disseminating numerous false and misleading press releases and making false public statements concerning NewAge's business dealings, and aided and abetted NewAge's disclosure of material information in violation of Regulation FD," and was accordingly charged under Section 10(b) and corresponding Rule 10b-5 of the Exchange Act, Section 17(a) of the Securities Act, and with aiding and abetting NewAge's violations of Section 13(a) of the Exchange Act and Regulation FD.

On October 19, 2022, the SEC announced that it had instituted cease-and-desist proceedings against NewAge pursuant to Section 8A of the Securities Act and Section 21C of the Exchange Act, enjoining NewAge from further violations of the Securities and Exchange Acts, and rules and regulations promulgated under them. In anticipation of these proceedings, NewAge submitted a settlement offer, which the SEC has accepted. The next day, NewAge stock plummeted from an opening price of $0.175 per share to $0.0013 per share, or 93%. The facts constituting scienter were not known to any reasonable investor until announcement of these SEC proceedings in October 2022.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of NewAge securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

5

## II.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

The above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a

"rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the

person that:

> (aa) has either filed the complaint or made a motion in response to a
> notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in
> the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules
> of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Crocs, Inc. Secs. Litig.*, 2008 WL 4298316, at * 1- * 2 (D.

Colo. Sept. 17, 2008).

As explained below, Movant satisfies the above criteria and is the most adequate plaintiff

and should be appointed Lead Plaintiff.

### A.    Movant Is Willing to Serve as Class Representative

Preliminarily, in response to the early notice issued on December 7, 2022 by Rosen Law,

Movant made this motion within the 60-day time period. Movant attests that she has reviewed

the complaint and is willing to serve as a representative of the class. Accordingly, Movant

satisfies the first requirement to serve as Lead Plaintiff for the Class. *See* Ex. 2.

### B.    Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate

plaintiff … is the person … that … has the largest financial interest in the relief sought by the

class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

While the PSLRA does not specify how to calculate the "largest financial interest," the

approximate losses suffered are the most determinative. *Richardson v. TVIA, Inc.*, 2007 WL

1129344 at * 4 (N.D. Cal. Apr. 16, 2008) (citing cases). Indeed, "the best yardstick by which to

judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec.*

7

*Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005); *Weiss v. Friedman, Billings, Ramsey, Group, Inc.*, 2006 WL 197036 * 3 (S.D.N.Y. Jan. 25, 2006).

Movant purchased, and retained through the Class period, 298,516 NewAge shares and lost approximately $432,704.60 in connection with her purchases of NewAge securities. *See* Ex. 3. Movant is not aware of any other individual who has suffered greater losses in NewAge securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed Lead Plaintiff for the Class.

**C.   Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Federal Rules of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See In re Fuwei Films Secs. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) ("At this point, a prospective lead plaintiff need only make a preliminary, prima facie showing that his or

her claims satisfy the requirements of Rule 23."); *Cooke v. Equal Energy Ltd.*, Master Docket CIV14-0087-C, 2014 U.S. Dist. LEXIS 63452, *7 (W.D. Okla. May 8, 2014); *Greebel v. FTP Software*, 939 F. Supp. 57, 60, 64 (D. Mass. 1996). Moreover, typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA. *Crocs*, 2008 WL 4298316, at * 2. And of these four prerequisites, only two – typicality and adequacy – affect the analysis of competing motions for appointment as lead plaintiff. *See Wolfe v. Aspenbio Pharma, Inc.*, 275 F.R.D. 625, 628 (D. Colo. 2011).

### 1.    Movant's Claims Are Typical of the Claims of All Class Members

Under Rule 23(a)(3), typicality exists where "the claims … of the representative parties" are "typical of the claims … of the class." Typicality is demonstrated where the members of the class are victims of the same course of conduct. *Daigle v. Shell Oil Co.*, 133 F.R.D. 600, 604 (D. Colo. 1990). Typicality is satisfied when the representative plaintiffs' claims arise from the same event, practice or course of conduct that provides the basis of class claims and are grounded in the same legal or remedial theory. *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988). Typicality does not require that every class member's claim be identical to those of the representative plaintiffs. *Anderson v. City of Albuquerque*, 690 F.2d 796, 800 (10th Cir. 1982). According to the Tenth Circuit, "the typicality requirement is ordinarily not argued … It is to be recognized that there may be varying fact situations among individual members of the class and this is all right so long as the claims of the plaintiffs and the other class members are based on the same legal or remedial theory." *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1189 (10th Cir. 1975).

Here, the typicality requirement is met because Movant's claims are identical, non-competing, and non-conflicting with the claims of the other Class Members. Movant and all of

the Class Members purchased NewAge securities when the prices were artificially inflated as a result of the Defendants' misrepresentations and omissions, and thus, both Movant and Class Members suffered damages as a result of these purchases. Simply put, Movant like all other Class Members: (1) purchased NewAge securities during the Class Period; (2) purchased NewAge securities at artificially-inflated prices as a result of Defendants' misrepresentations and omissions; and (3) suffered damages thereby. Moreover, Movant is not subject to any unique or special defenses. Thus, Movant meets the typicality requirement of Rule 23.

### 2.      Movant Will Adequately Represent the Class

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from her investments in NewAge securities and is therefore, extremely motivated to pursue claims in this action.

Further, Movant holds a Bachelors of Science in Mathematics, has several years of investing experience, and resides in New York.

### D.      Movant is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiff's class" that the presumptively most

adequate plaintiff:

> (aa) will not fairly adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial interest in this case of any timely lead plaintiff.

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against her that would render Movant inadequate to represent the Class. Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed as Lead Plaintiff for the Class.

## IV.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the Class Plaintiff's claims including commencing this action, reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in courts throughout the country. *See* Ex. 4. The firm has prosecuted securities fraud class actions and

11

other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

**V.     CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff; (3) approving Lead Plaintiff's selection of Rosen Law. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:  February 6, 2023                    Respectfully submitted,

                                            */s/Phillip Kim*
                                            Phillip Kim
                                            The Rosen Law Firm, P.A.
                                            275 Madison Avenue, 40th Floor
                                            New York, NY 10016
                                            Telephone: (212) 686-1060
                                            Fax: (212) 202-3827
                                            Email: pkim@rosenlegal.com

                                            *[Proposed] Lead Counsel for Plaintiff and Class*

                                            THE SCHALL LAW FIRM
                                            Brian Schall, Esq.
                                            2049 Century Park East, Suite 2460
                                            Los Angeles, CA 90067
                                            Phone: (310) 301-3335
                                            Fax: (213) 519-5876
                                            Email: brian@schallfirm.com

                                            Additional Counsel for Movant and Class

## CERTIFICATE OF SERVICE

I, Phillip Kim, hereby declare under penalty of perjury as follows:

I am an attorney at The Rosen Law Firm, P.A., with offices at 275 Madison Ave, 40th Floor, New York, NY 10016. I am over the age of eighteen.

On February 6, 2023, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MEI HUANG TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on February 6, 2023.

*/s/ Phillip Kim*
Phillip Kim
