## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-03161-SKC

DENNIS CLIFTON, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

                Plaintiffs,

    v.

BRENT WILLIS,
FRED COOPER,
TIM HAAS,
REGINALD KAPTEYN,
ALICIA SYRETT,
GREGORY GOULD,
CHUCK ENCE,
CARL AURE,
KEVIN MANION,
ED BRENNAN,
AMY KUZDOWICZ,
GREG FEA, and
CRAIG THIBODEAU,

                Defendants.

---

**MOTION AND MEMORANDUM OF LAW OF TERRY AND JEAN ROBERTS FOR
(1) CONSOLIDATION OF RELATED ACTIONS;
(2) APPOINTMENT AS LEAD PLAINTIFFS; AND
(3) APPROVAL OF SELECTION OF COUNSEL**

---

       Proposed Lead Plaintiffs, Terry S. Roberts and Jean M. Roberts ("Terry and Jean Roberts"

or "Movants"), by and through undersigned Counsel, hereby move this Court for an order:[1] (1)

---

[1] This motion is filed pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), which provides that within 60 days after publication of the required notice, any member of the proposed class may apply

consolidating the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Movants as Lead

Plaintiffs in the above-captioned action pursuant to the Securities Exchange Act of 1934, 15 U.S.C.

§ 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995; (3)

approving Movants' selection of Wolf Haldenstein Adler Freeman & Herz LLP to serve as Lead

Counsel to the Class and the Cody-Hopkins Law Firm to serve as Local Counsel in the above-

captioned action; and (4) granting such other and further relief as the Court may deem just and

proper.

This Motion is supported by the accompanying declaration of Matthew M. Guiney and the

exhibits attached thereto; the pleadings herein; and any such other written and/or oral argument,

as may be presented to the Court.

---

to the Court to be appointed as lead plaintiff. At this time, Movants' counsel have no way of knowing which class members, if any, are filing competing lead plaintiff motions. As a result, Movants' counsel has been unable to conference with opposing counsel as prescribed into D.C.COLO.LCivR 7.1A, and respectfully requests that the conference requirement of D.C.COLO.LCivR 7.1A be waived for this motion.

## MEMORANDUM OF LAW

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     PROCEDURAL BACKGROUND....................................................................... 2

III.    STATEMENT OF FACTS .................................................................................. 3

IV.     ARGUMENT....................................................................................................... 4

        A.      THE COURT SHOULD CONSOLIDATE THE PENDING ACTIONS .............. 4

        B.      TERRY AND JEAN ROBERTS SHOULD BE APPOINTED LEAD
                PLAINTIFFS ................................................................................................ 5

                **1.**     The Procedure Required by the PSLRA ....................................... 5

                **2.**     Terry and Jean Roberts Have Satisfied the Lead
                          Plaintiff Requirements of the PSLRA........................................... 7

                          a)      Movants Have Timely Moved for Appointment as Lead Plaintiffs 7

                          b)      The Movants Have the Largest Financial
                                  Interest in the Relief Sought by the Class..................................... 7

                          c)      The Movants Otherwise Satisfy the Requirements of Rule 23....... 8

        C.      THE COURT SHOULD APPROVE TERRY AND JEAN ROBERTS' CHOICE
                OF COUNSEL .............................................................................................. 10

V.      CONCLUSION.................................................................................................... 10

Terry S. Roberts and Jean M. Roberts ("Terry and Jean Roberts" or "Movants"), submit this memorandum of law in support of their motion for: (i) consolidation of the related actions; (ii) appointment as Lead Plaintiffs pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA; (iii) approval of Movants' selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel and the Cody-Hopkins Law Firm as Local Counsel; and (iv) any other relief the Court may deem required.

## I.     INTRODUCTION

The above-captioned action and the action titled *Taylor v. Willis*, 1:23-cv-00127-RMR-STV (together, the "Actions"), are to the best of Movants' knowledge, the only federal securities class action lawsuits in this District brought against NewAge, Inc. ("NewAge" or "Company"), Brent Willis, Fred Cooper, Tim Haas, Reginald Kapteyn, Alicia Syrett, Gregory Gould, Chuck Ence, Carl Aure, Kevin Manion, Ed Brennan, Amy Kuzdowicz, Greg Fea, and Craig Thibodeau (together, the "Defendants"), for violations of Section 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5) concerning the securities of NewAge. The Actions are brought on behalf of a class consisting of all persons or entities who purchased or otherwise acquired NewAge securities between January 18, 2018 and October 18, 2022 (the "Class Period") and who were damaged thereby (the "Class").[2]

In securities class actions, the PSLRA requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most

---

[2] Excluded from the Class are Defendants, members of the immediate family of each of the Individual Defendants, any subsidiary or affiliate of NewAge, and the directors and officers of NewAge and their families and affiliates at all relevant times.

capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Terry and Jean Roberts should be appointed as Lead Plaintiffs because, to the best of counsel's

knowledge: (1) Movants have the largest financial interest in the relief sought by the Class because

they acquired NewAge common stock and suffered at least $159,403.16 in losses as a result of

Defendants' misconduct (*see* Guiney Decl., Ex. 4);[3] and (2) Movants' claims are typical of the

claims of the Class and they will fairly and adequately represent the interests of the Class. *See* 15

U.S.C. § 78u-4(a)(3)(B)(iii). In addition, Movants' selection of Wolf Haldenstein as Lead Counsel

for the Class should be approved because the firm is eminently qualified and highly experienced

in complex securities class actions and has the experience and resources to efficiently prosecute

this action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, the Exchange Act clearly provides that a Movant need not file its own complaint

to serve as a lead plaintiff. Rather, a lead plaintiff is a member of the class who "has either filed

the complaint or made a motion in response to notice under subparagraph (A)(i)." 15 U.S.C. §

78u-4(a)(3)(B)(iii). Thus, Movants are proper and timely movants to serve as lead plaintiffs under

the express terms of the Exchange Act.

## II.     PROCEDURAL BACKGROUND

On December 7, 2022, the *Clifton* Action was filed in this Court alleging violations of the

Exchange Act on behalf of all persons or entities who purchased or otherwise acquired NewAge

securities between January 18, 2018 and October 18, 2022. Also on December 7, 2022, counsel

for plaintiff in the *Clifton* Action published a notice of pendency of the class action on *Business*

---

[3] References to the "Guiney Decl." are to the Declaration of Matthew M. Guiney, dated February 6, 2023, and the exhibits attached thereto.

*Wire*, advising members of the proposed Class of their right to move this Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the notice (by February 6, 2023). *See* Guiney Decl., Ex. 1.

On January 17, 2023, *Taylor v. Willis*, Case No. 1:23-cv-00127-RMR-STV (the "*Taylor* Action" and together with the *Clifton* Action, the "Actions") was filed in this Court, alleging substantially the same violations of the Exchange Act on behalf of all persons or entities who purchased or otherwise acquired NewAge securities between January 18, 2018 and October 18, 2022. On January 18, 2022, counsel for plaintiff in the *Taylor* Action published a notice of pendency of the class action on *Globe Newswire*, advising members of the proposed Class of their right to move this Court to serve as lead plaintiff(s) no later than February 6, 2023. *See* Guiney Decl., Ex. 1.

### III.    STATEMENT OF FACTS

The Actions allege that Defendants violated Section 10(b) and 20(a) of the Exchange Act, as well as SEC Rule 10b-5, by making materially false and misleading statements and material omissions. Specifically, the Actions allege that: (1) NewAge's Chief Executive Officer ("CEO") and various Chief Financial Officers ("CFO") misrepresented to investors the Company's business relationships, product development, business prospects, adequacy of internal controls, and (2) concealed an internal investigation and subsequent disclosure to the United States Department of Justice and the United States Securities and Exchange Commission ("SEC"). ¶ 3.[4]

---

[4] All citations to "¶ __" are to the corresponding paragraph of ECF No. 1 in the *Clifton* Action (Case No. 1:22-cv-03161-SKC).

As a result of the Company's failure to disclose this adverse information to investors, the price of NewAge stock was artificially inflated during the Class Period.  Upon the revelation of this information, the market value of the Company's securities declined precipitously, damaging all members of the proposed Class.

## IV.     ARGUMENT

### A.     THE COURT SHOULD CONSOLIDATE THE PENDING ACTIONS

Under the lead plaintiff provisions of the Exchange Act, 15 U.S.C. § 78u-4, *et seq.*, if multiple actions involving "substantially the same claim or claims" are pending, the Court tasked with selecting the lead plaintiff should postpone that selection "until after the decision on the motion to consolidate is rendered.  As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph."  15 U.S.C. § 78u-4(a)(3)(B)(ii).

Accordingly, the Actions should be consolidated pursuant to Rule 42(a), which provides:

> If actions before the court involve a common question of law or fact,
> the court may: (1) join for hearing or trial any or all matters at issue
> in the actions; (2) consolidate the actions; or (3) issue any other
> orders to avoid unnecessary cost or delay.

Broad discretion is given to the court under this rule to consolidate cases pending within the District.  Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2385 (2d ed. 1987).

The Actions assert claims against the same Defendants and involve common questions of law and fact.  Specifically, the Actions allege that throughout the Class Period, (1) NewAge's CEO and various CFOs misrepresented to investors the Company's business relationships, product development, business prospects, adequacy of internal controls, and (2) concealed an internal

4

investigation and subsequent disclosure to the Department of Justice and the SEC.  ¶ 3.  When

actions involving a common question of law or fact are pending before a court, the court may order

all the actions consolidated; and it may make such orders concerning proceedings therein as may

tend to avoid unnecessary cost or delay.  *See Stone v. Agnico-Eagle Mines, Ltd*., 280 F.R.D. 142,

143-44 (S.D.N.Y. 2012).  In so doing, a district court has discretion in determining whether

consolidation is appropriate.  Here, there is no reason to proceed with two separate class actions

covering the same putative classes and alleged wrongdoing.

Moreover, the consolidation of related proceedings pursuant to Rule 42(a) will avoid the

unnecessary waste of judicial resources and additional cost and delay to the parties: it would make

little sense to have two competing class actions litigating the same dispute.  *See* Manual for

Complex Litigation ("Manual") § 10.123 (in complex litigation, related proceedings should be

coordinated to further efficiency and effective case administration).

Movants further request, for the purpose of efficient and effective case administration, that

additional class actions filed in or transferred to this Court, arising out of the same operative facts

and alleging substantially the same causes of action, be similarly consolidated herewith and subject

to the Court's order, as set forth in the [Proposed] Order.  *See* Guiney Decl., Ex. 6.

### B.    TERRY AND JEAN ROBERTS SHOULD BE APPOINTED LEAD PLAINTIFFS

#### 1.    The Procedure Required by the PSLRA

The PSLRA governs the appointment of a lead plaintiff in "each private action arising

under the [Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules

of Civil Procedure."  15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).  First, the plaintiff who files the

initial action must publish notice to the class, within 20 days of filing the action, informing class

members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Counsel in the above-captioned action published a notice via *Business Wire*[5] on December 7, 2022, thus triggering the requirements of the PSLRA.  *See* Guiney Decl., Ex. 1. Counsel for the *Taylor* Action also published a notice via *Globe Newswire* on January 18, 2023. *Id.*

Second, within 60 days after publication of the first notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not he or she has previously filed a complaint in the action.  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  That period of time expires on February 6, 2023.

Third, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member, and shall appoint as lead plaintiff the member of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. § 78u-4(a)(3)(B).

In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa)     has either filed the complaint or made a motion in response to a notice . . ;
>
> (bb)     in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)     otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

---

[5] Courts have recognized national newswire services such as *Business Wire* as meeting the statutory requirement that notice be published "in a widely circulated national business-oriented wire service." *See Simmons v. Spencer*, 2014 U.S. Dist. LEXIS 58743, at *4-5 (S.D.N.Y. Apr. 24, 2014).

15 U.S.C. § 78u-4(a)(3)(B)(iii).

        **2.**       **Terry and Jean Roberts Have Satisfied the Lead Plaintiff Requirements of the PSLRA**

          **a)**     **Movants Have Timely Moved for Appointment as Lead Plaintiffs**

Pursuant to the provisions of the PSLRA, Movants have timely moved to be appointed Lead Plaintiffs within the requisite time frame on behalf of all members of the Class. Movants have duly signed and filed certifications stating their willingness to serve as the representative parties on behalf of the Class. *See* Guiney Decl., Ex. 2. In addition, Movants have selected and retained experienced and competent counsel to represent themselves and the absent Class members they seek to represent. *See* Guiney Decl., Ex. 4.

Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs and selection of Lead Counsel, as set forth herein, considered and approved by the Court.

          **b)**     **The Movants Have the Largest Financial Interest in the Relief Sought by the Class**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court must appoint as Lead Plaintiff the Class member who represents the largest financial interest in the relief sought by the action. During the Class Period, Terry and Jean Roberts suffered losses of approximately $159,403.16 based on their Class Period purchases of NewAge securities, as a result of Defendants' misconduct. *See* Guiney Decl., Ex. 4. Therefore, Movants have a significant financial interest in this case. Movants have not received notice of any other applicants having a greater financial interest. Accordingly, Movants should be appointed Lead Plaintiffs. *See* 15 U.S.C. § 78u-4(a)(3)(B).

7

        **c)**        **The Movants Otherwise Satisfy the Requirements of Rule 23**

In addition to possessing a significant financial interest, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Of these four prerequisites, only two – typicality and adequacy – affect the analysis of competing motions for appointment as lead plaintiff. *See Wolfe v. Aspenbio Pharma, Inc.*, 275 F.R.D. 625, 628 (D. Colo. 2011). Consideration of the remaining elements is deferred until the lead plaintiff files a motion for class certification. *See id*. at n.5. Accordingly, in deciding a lead plaintiff motion, the court focuses primarily on the typicality and adequacy requirements, and only a preliminary showing that the requirements have been met is necessary. *See Prissert v. Emcore Corp.*, Civ. No. 80-1190 MV/RLP, 2010 U.S. Dist. LEXIS 86598, at *10-11 (D.N.M. July 14, 2010).

The typicality requirement is satisfied "'so long as the claims of the class representative and class members are based upon the same legal or remedial theory.'" *Wolfe*, 275 F.R.D. at 628 (internal citation omitted). Terry and Jean Roberts easily satisfy this requirement. As with each member of the Class, Terry and Jean Roberts purchased NewAge common stock at prices artificially inflated by Defendants' materially false and misleading statements or omissions, and suffered damages as a consequence. Terry and Jean Roberts' claims therefore arise from the same

course of events as those of all other Class members and may be proven using similar legal arguments as those the absent Class members could use to prove Defendants' liability. *See id*. In that regard, Terry and Jean Roberts are identical to all other members of the Class.

In addition, Terry and Jean Roberts must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This adequacy requirement is satisfied where a movant proves "(1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation." *Wolfe*, 275 F.R.D. at 628. (internal citation omitted). To demonstrate adequacy, Terry and Jean Roberts point to the damages they have suffered as a result of their purchases of NewAge common stock based on false and misleading statements and omissions contained in the Company's SEC filings. Movants are undoubtedly adequate lead plaintiffs because their interest in aggressively pursuing the claims against Defendants is aligned with the interests of the members of the Class who were similarly harmed. Movants' interest in the action against NewAge is, therefore, aligned with the interests of the Class. Moreover, no evidence of antagonism between the interests of Movants and the Class exists, and there is nothing to indicate that Movants will do anything but vigorously pursue the claims on behalf of the Class. Rather, Movants have stated in their Certifications and Declaration their willingness to represent the Class as Lead Plaintiffs. *See* Guiney Decl., Exs. 2 & 3.

Moreover, as demonstrated below, Movants have selected and retained competent, experienced counsel that is indisputably qualified to conduct this complex litigation in an efficient, effective, and professional matter. Lastly, Movants are not subject to unique defenses and there is no evidence that Movants seek anything other than the greatest recovery for the Class consistent

with the merits of the claims.

Accordingly, Terry and Jean Roberts satisfy the typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

### C.  THE COURT SHOULD APPROVE TERRY AND JEAN ROBERTS' CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to court approval, select and retain counsel to represent the Class it seeks to represent.  The Movants have selected and retained Wolf Haldenstein to serve as Lead Counsel for the Class.  Wolf Haldenstein has more than four decades of extensive experience in successfully prosecuting complex securities class actions and has frequently served as lead counsel in major actions in this and other courts.  *See* Guiney Decl., Ex. 5.  Wolf Haldenstein is unquestionably qualified to serve as Lead Counsel for the Class, and will provide the Class with the highest caliber of legal representation.

As there is nothing to suggest that the Movants or their counsel will not fairly and adequately represent the Class, or that Movants are subject to unique defenses – which is the ***only*** evidence that can rebut the presumption of adequacy – this Court should appoint Terry and Jean Roberts as Lead Plaintiffs and approve their selection of Wolf Haldenstein as Lead Counsel for the Class.

### V.  CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court: (1) consolidate the related Actions; (2) appoint Terry and Jean Roberts as Lead Plaintiffs in this action; (3) approve its selection of Wolf Haldenstein as Lead Counsel for the Class and the Cody-Hopkins Law Firm as Local Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated: February 6, 2023

 s/ *Karen Cody-Hopkins*
Karen Cody-Hopkins
CODY-HOPKINS     LAW
FIRM
4610 S. Ulster Street, #150
Denver, CO 80237
Tel.: (303) 221-4666
Fax: (303) 221-4374
karen@codyhopkinslaw.com

*Local Counsel for Movants*
*Terry and Jean Roberts*

Matthew M. Guiney
Rourke C. Donahue
WOLF HALDENSTEIN
ADLER FREEMAN &
HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114
Guiney@whafh.com
Donahue@whafh.com

*Proposed Lead Counsel and*
*Counsel for Movants Terry*
*and Jean Roberts*

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 6, 2023, I electronically filed the foregoing and all related documents with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

s/ *Karen Cody-Hopkins*
Karen Cody-Hopkins
