# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-03161-SKC

DENNIS CLIFTON, Individually and on Behalf of All Others Similarly Situated,

     Plaintiff,

  v.

BRENT WILLIS,
FRED COOPER,
TIM HAAS,
REGINALD KAPTEYN,
ALICIA SYRETT,
GREGORY GOULD,
CHUCK ENCE,
CARL AURE,
KEVIN MANION,
ED BRENNAN,
AMY KUZDOWICZ,
GREG FEA, and
CRAIG THIBODEAU,

     Defendants.

---

Civil Action No. 1:23-cv-00127-RMR-STV

DANIEL TAYLOR, Individually and on Behalf of All Others Similarly Situated,

     Plaintiff,

  v.

BRENT WILLIS,
FRED COOPER,
TIM HAAS,
REGINALD KAPTEYN,
ALICIA SYRETT,
GREGORY GOULD,
CHUCK ENCE,
CARL AURE,
KEVIN MANION,
ED BRENNAN,
AMY KUZDOWICZ,
GREG FEA, and
CRAIG THIBODEAU,

     Defendants.

## MOVANT CHRIS DOBSON'S MOTION TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF COUNSEL

Movant Chris Dobson ("Dobson") respectfully submits this motion for consolidation, appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq*., and for approval of his selection of Johnson Fistel, LLP ("Johnson Fistel") as lead counsel for the proposed class (the "Motion").[1]

### PRELIMINARY STATEMENT

The two related actions pending before this Court are federal securities class actions brought on behalf of a class consisting of all persons other than defendants who purchased the securities of NewAge, Inc. ("NewAge" or the "Company") between January 18, 2018 and October 18, 2022, inclusive (the "Class Period"). The complaints charge certain NewAge executive officers and directors with violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder. As such, the actions are governed by the PSLRA.

Pursuant to the PSLRA, the Court must decide whether to consolidate the two related actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). As discussed below, consolidation is appropriate here under Rule 42(a) because the two actions involve identical questions of law and fact.

---

[1] D.C.COLO.LCivR 7.1(a) requires counsel for a moving party make a reasonable effort to confer with opposing counsel before filing a motion. Here, no counsel for any defendant has appeared in the above-captioned actions. Further, due to the PSLRA's lead plaintiff procedure, Movant will not know which other class members, if any, will seek appointment as lead plaintiff until after such motions have been filed. Accordingly, Movant respectfully requests that this Court's pre-filing conferral requirement be waived in this particular instance.

1

Once the consolidation issue is resolved, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court is to appoint the movant making a timely motion under the PSLRA's sixty-day deadline, who asserts the largest financial interest in the litigation, and who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Accordingly, here, Dobson should be appointed lead plaintiff because he: (1) timely filed this Motion; (2) has the largest financial interest in the outcome of this litigation; and (3) is typical and will adequately represent the class's interests. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The PSLRA also vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Because Johnson Fistel is a leading securities class action law firm and has earned a reputation for excellence in shareholder litigation, the Court should approve Dobson's choice of the firm to serve as lead counsel.

## SUMMARY OF THE COMPLAINTS

Non-party NewAge, which was previously headquartered in Denver, Colorado, produces and sells various beverages and other health products.[2] During the Class Period, NewAge's Chief Executive Officer, Chief Financial Officers, and others allegedly misrepresented to investors and failed to disclose that: (i) NewAge and defendants had no relationship with the military or FamilyMart, a major Japanese retailer that purportedly placed an order with NewAge to sell NewAge's cannabidiol ("CBD") beverage products in 15,000 of its outlets; (ii) NewAge and defendants overstated the business agreements that they did have; (iii) NewAge and defendants

---

[2] The Company filed for bankruptcy protection in August 2022 and is not named as a defendant.

never produced or sold a proprietary CBD beverage; (iv) NewAge lacked adequate internal controls; and (v) as a result, NewAge had a heightened risk of regular scrutiny and ultimately was subject to a U.S. Securities and Exchange Commission investigation and action.  When the true facts concerning the Company's business belatedly entered the market and were disclosed to investors, NewAge's stock price decreased and Class Members suffered damages.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed."  15 U.S.C. §78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

The two actions pending in this District allege substantially similar, if not identical, factual and legal grounds to support allegations of violations of the Exchange Act by the defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    THE COURT SHOULD APPOINT DOBSON
AS LEAD PLAINTIFF FOR THE CONSOLIDATED ACTIONS

### A.    Dobson Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff.  First, "[n]ot later than twenty (20) days" after the initial complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "no later than sixty (60) days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Dobson meets each of these requirements and should be appointed lead plaintiff and permitted to select lead counsel for the class, subject to Court approval.

4

### 1.    Dobson's Motion is Timely

The statutory notice published on December 7, 2022 advised class members of the pendency of the initial action, the claims asserted therein, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within sixty days, or by February 6, 2023.  *See* Declaration of Jeffrey A. Berens ("Berens Decl."), Ex. A (PSLRA Press Release).

Because this Motion is being filed on February 6, 2023, it is timely, and Dobson is entitled to be considered for appointment as lead plaintiff.

### 2.    Dobson Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Dobson suffered more than $158,000 in estimated PSLRA losses as a result of purchasing 238,163 NewAge shares during the Class Period.  *See* Berens Decl., Exh. B (PSLRA Certification) and Exh. C (Financial Interest Calculation).  Accordingly, Dobson has a substantial financial interest in directing this litigation and recovering losses attributable to defendants' alleged violations of the federal securities laws.  To the best of his counsel's knowledge, there are no other plaintiffs or movants with larger financial interests during the Class Period.  Therefore, Dobson satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    Dobson Meets the Requirements of Fed. R. Civ. P. 23

"After making a *prima facie* showing of adequacy and typicality, a movant with the largest financial interest is presumptively the 'most adequate plaintiff' under the PSLRA."  *In re Molycorp, Inc. Sec. Litig.*, 2012 WL 13013602, at *2 (D. Colo. May 29, 2012).  Dobson satisfies

the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the only Rule 23 provisions relevant to a determination of lead plaintiff under the PSLRA. *Id*.

### (a)    Dobson's Claims Are Typical of Those of the Class

The typicality requirement is met "so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Colorado Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1216 (10th Cir. 2014).

Dobson's claims are typical of the class in that he suffered the same injuries as a result of the same course of conduct by the defendants and he bases his claims on the same legal theories as the class. *Id.* The questions of law and fact common to Dobson and the members of the class include whether: (i) defendants violated the federal securities laws; (ii) the members of the class sustained damages; and (iii) if so, what is the proper measure of damages.

These questions apply equally to Dobson as to all members of the class. Since Dobson's claims have the same essential characteristics as those of the other class members, the typicality requirement is satisfied.

### (b)    Dobson Will Fairly and Adequately Protect the Interests of the Class

"'Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002).

Here, Dobson has retained counsel experienced in prosecuting securities class actions under the PSLRA. Additionally, no antagonism exists between his interests and those of the absent class members. Their interests are squarely aligned. Moreover, Dobson has amply demonstrated his adequacy by signing a sworn PSLRA certification and declaration submitted herewith

evidencing his willingness to serve as a representative party on behalf of the class, including testifying at deposition or trial, if necessary. *See* Berens Decl., Exh. B (PSLRA Certification) & Exh. D (Declaration of Chris Dobson). Finally, Dobson's significant losses in connection with his investments in NewAge shares ensure that he has the incentive to vigorously pursue the claims against defendants.

Because Dobson has the largest financial interest in the action and has made a *prima facie* showing of typicality and adequacy, he should be appointed lead plaintiff.

## III.   THE COURT SHOULD APPROVE DOBSON'S CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Dobson has selected Johnson Fistel to serve as lead counsel for the proposed class.

Johnson Fistel, with a Denver-based attorney and offices in New York, Georgia, and California, is a leading shareholder rights law firm and has earned a reputation for excellence and innovation in shareholder and complex litigation. The firm and its attorneys have been appointed as lead or co-lead counsel in shareholder litigation in both federal and state courts throughout the country and have successfully litigated numerous such cases on behalf of injured investors. *See* Berens Decl., Exh. E (Johnson Fistel Firm Resume). In fact, courts and clients alike have praised Johnson Fistel and its attorneys for their capabilities in complex cases such as the present case. *Id.* There can be little doubt that as lead counsel, Johnson Fistel's extensive experience and track record of success in complex shareholder litigation like the present case, combined with its client-driven track record, will serve lead plaintiff and the class well.

Thus, the Court can be assured that by approving Dobson's choice of Johnson Fistel as lead counsel, the putative class will receive the highest caliber of legal representation.

**CONCLUSION**

The two related actions are nearly identical and should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  Once the actions are consolidated, Dobson, who meets all of the PSLRA's lead plaintiff requirements, respectfully requests that the Court appoint him as lead plaintiff and approve his selection of Johnson Fistel as lead counsel.

DATED:  February 6, 2023                    JOHNSON FISTEL, LLP


*s/ Jeffrey A. Berens*

Jeffrey A. Berens
2373 Central Park Boulevard, Suite 100
Denver, CO 80238-2300
Telephone: 303.861.1764
jeffb@johnsonfistel.com

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470.632.6000
michaelf@johnsonfistel.com

*Attorneys for Movant*

8

**CERTIFICATE OF SERVICE**

I, Jeffrey A. Berens, hereby certify that on February 6, 2023 a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

_/s/ Jeffrey A. Berens_____
Jeffrey A. Berens

9