**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-03161-SKC

DENNIS CLIFTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

      Plaintiff,

  v.

BRENT WILLIS, FRED COOPER, TIM HAAS, REGINALD KAPTEYN, ALICIA SYRETT, GREGORY GOULD, CHUCK ENCE, CARL AURE, KEVIN MANION, ED BRENNAN, AMY KUZDOWICZ, GREG FEA, and CRAIG THIBODEAU,

      Defendants.

---

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF IGOR
CHERNYAK FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF COUNSEL; OPPOSITION TO COMPETING
LEAD PLAINTIFF MOTIONS**

---

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.  ARGUMENT ..................................................................................................... 4

    A.  Mr. Chernyak is the Most Adequate Lead Plaintiff .................................................. 4

        1.  The PSLRA Process  ...................................................................... 4

        2.  Mr. Chernyak Has the Largest Financial Interest ............................................. 4

        3.  Mr. Chernyak Satisfies the Requirements of Rule 23 ..................................... 6

    B.  No Proof Exists to Rebut the Presumption In Favor of Mr. Chernyak's
        Appointment as Lead Plaintiff ................................................................... 8

    C.  Requests for Discovery Should Be Denied .......................................................... 11

    D.  Mr. Chernyak's Selection of Counsel Should Be Approved ............................... 13

III. CONCLUSION ................................................................................................ 14

## **<u>TABLE OF AUTHORITIES</u>**

**Cases**

*In re Cavanaugh,*
   306 F.3d 726 (9th Cir. 2002) ...................................................................................... 8

*In re Cendant Corp. Litig.,*
   264 F.3d 201 (3d Cir. 2001) ..................................................................................... 12

*Chupa v. Armstrong Flooring, Inc.*,
   No. 2:19-CV-09840-CAS (MRWx), 2020 U.S. Dist. LEXIS 36506 (C.D.Cal. Mar. 2,
   2020) ........................................................................................................................ 10

*Cooke v. Equal Energy Ltd.,*
   Nos. CIV–14–0087–C, CIV–14–0047–C, CIV–14–0058–C, CIV–14–0114–C, 2014
   U.S. Dist. LEXIS 63452 (W.D. Okla. May 8, 2014) ..................................................... 8

*In re Crocs, Inc. Sec. Litig.,*
   No 07-cv-2351-REB-KLM, 2008 U.S. Dist. LEXIS 87524
   (D. Colo. Sept. 17, 2008) ...................................................................................... 6, 8

*Delgado v. New Albertson's, Inc.,*
   No. SACV 08-0806 DOC (MLGx), 2010 U.S. Dist. LEXIS 157797 (C.D. Cal. Mar. 15,
   2010) .............................................................................................................. 3, 10, 12

*Ferrari v. Impath, Inc.,*
   2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. 2004) ........................................................ 13

*Guohua Zhu v. UCBH Holdings, Inc.,*
   682 F. Supp. 2d 1049 (N.D. Cal. 2010) .................................................................... 12

*Hodges v. Immersion Corp.,*
   No. C-09-4073 MMC, 2009 U.S. Dist. LEXIS 122565 (N.D. Cal. Dec. 21, 2009) ..... 13

*In re Facebook Privacy Litig.,*
   No. 10-cv-02389-RMW, 2016 U.S. Dist. LEXIS 119293
   (N.D. Cal. June 28, 2016) ........................................................................................ 10

*Lax v. First Merchants Acceptance Corp.,*
   C.A. No. 97-cv-2715, 1997 U.S. Dist. LEXIS 12432 (N.D. Ill. Aug. 11, 1997) ............ 5

*Lu v. Jumei Int'l Holding Ltd.,*
   No. 14CV9826, 2015 U.S. Dist. LEXIS 86776 (S.D.N.Y. June 22, 2015) ................ 12

*Mariconda v. Farmland Partners,*
    C.A. No. 18-cv-021040DME-NYW, 2018 U.S. Dist. LEXIS 204411 (D. Colo. Dec. 3,
    2018)................................................................................................................. 1, 5

*McCall v. Drive Fin. Servs., L.P.,*
    236 F.R.D. 246 (E.D. Pa. 2006) ............................................................................11

*Medina v. Clovis Oncology, Inc.,*
    C.A. No. 15-cv-2546-RM- MEH, 2016 U.S. Dist. LEXIS 19784 (D. Colo. Feb. 18,
    2016)................................................................................................................... 8

*Mersho v. United States Dist. Court*,
    6 F.4th 891 (9th Cir. 2021) ............................................................................. 11, 12

*In re Molson Coors,*
    Nos. 19-cv-00455-DME-MEH; 19-cv-00514-DME-MEH, 2019 U.S. Dist. LEXIS
    233315 (D. Colo. Oct. 3, 2019) ......................................................................... 4, 5

*In re MolyCorp, Inc. Secs. Litig.*,
    No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191 (D. Colo. May 29, 2012) . 8

*In re NYSE Specialists Sec. Litig.,*
    240 F.R.D. 128 (S.D.N.Y. 2007) ............................................................................ 9

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.,*
    229 F.R.D. 395 (S.D.N.Y. 2004) ............................................................................ 9

*In re Oppenheimer Rochester Funds Grp. Sec. Litig.,*
    2009 U.S. Dist. LEXIS 113555 (D. Colo. Nov. 18, 2009) .................................... 3, 11

*Scuderi v. Mammoth Energy Servs., Inc.,*
    No. CIV-19-522-SLP, 2019 U.S. Dist. LEXIS 156725
    (W.D. Okla. Sept. 13, 2019) ............................................................................ 3, 10

*Stinson v. City of New York,*
    282 F.R.D. 360 (S.D.N.Y. 2012) ............................................................................ 9

*In re Tronox, Inc. Sec. Litig.,*
    262 F.R.D. 338 (S.D.N.Y. 2009) ...........................................................................13

*Velez v. Novartis Pharm. Corp.,*
    244 F.R.D. 243 (S.D.N.Y. 2007) ............................................................................ 9

*In re Williams Sec. Litig.*,
    Case No. 02-CV-72-SPF-FHM, 2006 U.S. Dist. LEXIS 116386 (W.D. Okla. June 12,
    2006)................................................................................................................... 4

*Wolfe v. Aspenbio Pharma, Inc.,*
    275 F.R.D. 625 (D. Colo. 2011) ........................................................................ 3, 4, 8

**Statutes**

15 U.S.C. § 78u-4 .............................................................................................*passim*

**Other Authorities**

1 Newberg on Class Actions § 3:68 (5th ed.) .................................................... 9

**Rules**

Fed. R. Civ. P. 23(a)............................................................................................ 2

Fed. R. Evid. 609(b) ........................................................................................... 9

Movant Igor Chernyak ("Mr. Chernyak"), respectfully submits this Memorandum of Law: (1) in further support of his motion for appointment as Lead Plaintiff and approval of his selections of Levi & Korsinsky, LLP ("Levi & Korsinsky") to serve as Lead Counsel for the putative (ECF. No. 18) in the above-captioned action (the "Action"); and (2) in opposition to the competing motions of: (i) Damian and Cigdem Betebenner (ECF No. 19); (ii) Luke Joseph Wodiuk (ECF No. 26); (iii) Mei Huang (ECF No. 21); (iv) Terry S. & Jean M. Roberts (ECF No. 24); and (v) Chris Dobson (ECF No. 25).

## I.    INTRODUCTION

The Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class actions. The PSLRA applies in the case at hand and, under the PSLRA, movant Igor Chernyak's motion for appointment as lead plaintiff and selection of counsel should be granted.

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Mr. Chernyak has, by far, the largest financial interest under the four factors courts in this district typically examine: (1) the total number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered (the "*Lax* factors"). *Mariconda v. Farmland Partners,* C.A. No. 18-cv-021040DME-NYW, 2018 U.S. Dist. LEXIS 204411, at *10 (D. Colo. Dec. 3, 2018). As demonstrated in the

table below, pursuant to the widely-accepted *Lax* factors, Mr. Chernyak's financial interest

is larger than any other movant seeking to be appointed as the lead plaintiff in this Action:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Igor Chernyak | 1,900,000 | 1,500,000 | $3,085,816.56 | $3,083,746.56 |
| Damian & Cigdem Betebenner | 71,000 | 71,000 | $494,646.25 | $494,549.53 |
| Luke Joseph Wodiuk | 305,666 | 305,666 | $455,282.79 | $454,865.00 |
| Mei Huang | 314,216 | 300,016 | $434,560.75 | $432,704.60 |
| Terry & Jean Roberts | 28,700 | 25,200 | $54,250.00 | $159,403.16 |
| Chris Dobson | 238,163 | 11,190 | $158,077.73 | $158,063.18 |

*See* ECF Nos. 18, 19, 26, 21, 24, & 25, respectively.

In addition to having the "largest financial interest" in the litigation, Mr. Chernyak is

typical of his fellow class members and certainly meets the adequacy requirements under

Federal Rule of Civil Procedure 23(a). Mr. Chernyak, like all other class members,

purchased NewAge shares on the open market during the Class Period. ECF No. 18-2,

Chernyak Certification. Thus, his claims are substantially similar, if not identical, to those

of absent Class members. Mr Chernyak also has no conflicts with absent class members

and is highly motivated to recover his losses suffered from Defendants' alleged violations

of the federal securities laws – the same injury incurred by the proposed Class, arising

from the same alleged conduct. Moreover, Mr. Chernyak is retired from the construction

business where he built residential housing developments and has the time to dedicate

to vigorously litigate this case. Further, he has been investing in securities for over five

years and has previous experience overseeing attorneys relating to routine business

matters. ECF No. 18-5, Chernyak Declaration.

With $3,083,746.56 in losses, more than **six times** the closest competing movants, there can be no dispute that Mr. Chernyak holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B). To rebut this presumption, a movant must come forward with "***proof***" that Mr. Chernyak is somehow inadequate to serve as lead plaintiff in the Action. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Wolfe v. Aspenbio Pharma, Inc.,* 275 F.R.D. 625, 628 (D. Colo. 2011).

Any attempt to rebut this presumption based on Mr. Chernyak's 27-year-old conviction should be disregarded, as unrelated past criminal convictions are not a basis to find a lead plaintiff movant inadequate. *See Delgado v. New Albertson's, Inc.,* No. SACV 08-0806 DOC (MLGx), 2010 U.S. Dist. LEXIS 157797, at *11 (C.D. Cal. Mar. 15, 2010). Further, any discovery requests made by competing movants into Mr. Chernyak should also be denied, as having a criminal conviction does not demonstrate a reasonable basis for finding a movant inadequate under the PSLRA's stringent standard for discovery. *See Scuderi v. Mammoth Energy Servs., Inc.,* No. CIV-19-522-SLP, 2019 U.S. Dist. LEXIS 156725, at *10-11 (W.D. Okla. Sept. 13, 2019); *In re Oppenheimer Rochester Funds Grp. Sec. Litig.,* 2009 U.S. Dist. LEXIS 113555, at *24 (D. Colo. Nov. 18, 2009).

Accordingly, all competing movants' motions should be denied and Mr. Chernyak's motion be granted in its entirety.[1]

---

[1] Mr. Chernyak does not oppose the pending motions for consolidation of the above-captioned Action and the related Action entitled *Taylor v. Willis, et al.,* C.A. No. 1:12-cv-00127-RMR-STV (D. Colo.).

## II.    ARGUMENT

### A. <u>Mr. Chernyak is the Most Adequate Lead Plaintiff</u>

#### 1.  The PSLRA Process

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the Class and otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant with the largest financial interest need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23. *In re Molson Coors*, Nos. 19-cv-00455-DME-MEH; 19-cv-00514-DME-MEH, 2019 U.S. Dist. LEXIS 233315, at *10 (D. Colo. Oct. 3, 2019) ("At this stage in the litigation, the presumptive plaintiff need only make a 'preliminary showing' that it meets Rule 23's typicality and adequacy requirements."). Once this presumption is triggered, it may be rebutted only upon ***proof*** by a class member that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Wolfe,* 275 F.R.D. at 628; *see also In re Williams Sec. Litig.*, Case No. 02-CV-72-SPF-FHM, 2006 U.S. Dist. LEXIS 116386, at *48-49 (W.D. Okla. June 12, 2006) (a credibility attack disqualifies a class representative only where it is "'so sharp as to jeopardize the interests of absent class members'"). Here, the most adequate class representative is Mr. Chernyak.

#### 2.  Mr. Chernyak Has the Largest Financial Interest

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as

lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts within this District recognize that "there appears to be a clear weight of authority favoring the four-factor *Lax* test…and when applying this test, courts typically use the "last in, first out" ("LIFO") or "first in, first out" ("FIFO") method to calculate losses on the sale of securities, although the former is greatly preferred." *Mariconda*, 2018 U.S. Dist. LEXIS 204411 at *10; *see also In re Molson Coors*, 2019 U.S. Dist. LEXIS 233315, at *7. The four *Lax* factors are (1) the total number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered, with the fourth factor, the approximate loss suffered, being the most significant. *Mariconda*, 2018 U.S. Dist. LEXIS 204411 at *10; *see also Lax v. First Merchants Acceptance Corp.,* C.A. No. 97-cv-2715, 1997 U.S. Dist. LEXIS 12432, at *18 (N.D. Ill. Aug. 11, 1997).

Based on the losses represented in the respective moving papers, it is clear that Mr. Chernyak has the "largest financial interest" across all *Lax* factors. The following table illustrates Mr. Chernyak's financial interest relative to the other movants:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Igor Chernyak | 1,900,000 | 1,500,000 | $3,085,816.56 | $3,083,746.56 |
| Damian & Cigdem Betebenner | 71,000 | 71,000 | $494,646.25 | $494,549.53 |
| Luke Joseph Wodiuk | 305,666 | 305,666 | $455,282.79 | $454,865.00 |
| Mei Huang | 314,216 | 300,016 | $434,560.75 | $432,704.60 |
| Terry & Jean Roberts | 28,700 | 25,200 | $54,250.00 | $159,403.16 |
| Chris Dobson | 238,163 | 11,190 | $158,077.73 | $158,063.18 |

*See* ECF Nos. 18, 19, 26, 21, 24, & 25. Mr. Chernyak has suffered the largest loss during the Class Period and indeed, his losses exceed those of the closest movants by more than **six times.** Consequently, Mr. Chernyak is entitled to the presumption of the "most adequate plaintiff" because, relative to the other movants, he has the largest financial interest.

### 3.  Mr. Chernyak Satisfies the Requirements of Rule 23

. The PSLRA requires that the presumptive lead plaintiff to "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Courts in this District have applied this directive at the lead plaintiff stage by analyzing the typicality and adequacy requirements of Rule 23. *In re Crocs, Inc. Sec. Litig.,* No 07-cv-2351-REB-KLM, 2008 U.S. Dist. LEXIS 87524, at *7-8 (D. Colo. Sept. 17, 2008) ("Typicality is present so long as the claim of the class representative and class members are based upon the same legal or remedial theory"…." The requirement of adequacy is satisfied on proof of: (1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation.") (internal citations omitted).

6

There can be no dispute that Mr. Chernyak satisfies the typicality requirements. Like all members of the Class, Mr. Chernyak (1) purchased NewAge securities during the Class Period; (2) at prices artificially inflated by the false and misleading statements and/or omissions by Defendants; and (3) suffered heavy losses as a result of Defendants' material misstatements. Mr. Chernyak purchased 1,900,000 shares of NewAge, of which 1,500,000 shares were retained at the end of the Class Period, expended $3,085,816.56 on the shares, and lost $3,083,746.56. Thus, Mr. Chernyak's claims are substantially similar, if not identical, to those of absent Class members. *See* ECF No. 18-2 (Chernyak PSLRA Certification); 18-3 (Chernyak Loss Chart).

Mr. Chernyak also satisfies the adequacy requirements as he has no conflicts with absent Class members and is highly motivated to recover his losses suffered from Defendants' alleged violations of the federal securities laws – the same injury incurred by the proposed Class, arising from the same alleged conduct. Mr. Chernyak's adequacy is further bolstered by his choice of counsel, having chosen Levi & Korsinsky as proposed Lead Counsel for the Class, a firm highly experienced in securities class actions and are well qualified to litigate the Action on behalf of the Class.

Finally, Mr. Chernyak further demonstrated his adequacy by the submission of a Declaration with his initial motion papers, attesting to, *inter alia*, his background information, his understanding of the responsibilities of a Lead Plaintiff, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* ECF No. 18-5.

7

**B. <u>No Proof Exists to Rebut the Presumption In Favor of Mr. Chernyak's
Appointment as Lead Plaintiff</u>**

Having the largest financial interest and satisfying the Rule 23 requirements of
adequacy and typicality, Mr. Chernyak is entitled to the presumption of "most adequate
plaintiff." This presumption may be rebutted only upon proof by a class member that Mr.
Chernyak "will not fairly and adequately protect the interests of the class" or "is subject to
unique defenses that render such plaintiff incapable of adequately representing the class."
15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *Wolfe*, 275 F.R.D. at 628.

The competing lead plaintiff movants can only rebut that presumption with ***actual
proof*** that Mr. Chernyak is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re
MolyCorp, Inc. Secs. Litig.*, No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191, at
*5-6 (D. Colo. May 29, 2012) ("Th[e] presumption can be rebutted with proof that the
movant is either atypical or inadequate. However, ***speculation*** that a movant may be
either atypical or inadequate ***will not defeat*** the PSLRA's most adequate plaintiff
presumption.") (citing *In re Cavanaugh,* 306 F.3d 726, 729 (9th Cir. 2002)).

The other movants cannot meet this burden. Mr. Chernyak plainly meets the
typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent
class members; (ii) he suffered as a result of the same course of conduct by defendants;
and (iii) his claims are based on the same legal issues. *See Cooke v. Equal Energy Ltd.,*
Nos. CIV–14–0087–C, CIV–14–0047–C, CIV–14–0058–C, CIV–14–0114–C, 2014 U.S.
Dist. LEXIS 63452, at *7-8 (W.D. Okla. May 8, 2014); *In re Crocs,* 2008 U.S. Dist. LEXIS
87524, at *7 ("Typicality is present so long as the claim of the class representative and
class members are based upon the same legal or remedial theory"). Further, Mr.

Chernyak is adequate because his interests are clearly aligned with those of the other members of the Class, there no evidence of antagonism between his interests and those of the Class, and Mr. Chernyak has a significant and compelling interest in prosecuting the Action based on the large financial losses he suffered as a result of the wrongful conduct alleged in the Action. *See Medina v. Clovis Oncology, Inc.,* C.A. No. 15-cv-2546-RM- MEH, 2016 U.S. Dist. LEXIS 19784, at *9, 11 (D. Colo. Feb. 18, 2016) (adequacy satisfied where movant lacks conflicts with remainder of the class and possesses largest financial interest). Mr. Chernyak has made the necessary preliminary showing of adequacy and typicality and is therefore the "most adequate plaintiff" pursuant to the PSLRA.

Any arguments made against Mr. Chernyak 's adequacy due to his nearly 30-year-old conviction*,* should be disregarded as this does not render him inadequate to be a lead plaintiff. "Most courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct." 1 Newberg on Class Actions § 3:68 (5th ed.) (collecting cases); *Stinson v. City of New York,* 282 F.R.D. 360, 373 (S.D.N.Y. 2012) (same); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.,* 229 F.R.D. 395, 417 (S.D.N.Y. 2004) ("[E]ven if the violations in question had been proven, they do not appear to represent the degree of serious misconduct that would require [Mr. Chernyak's] candidacy to be rejected at this stage, particularly . . . in the absence of any specific connection between the types of violations claimed and the execution fraud alleged here") (citing cases); *Velez v. Novartis Pharm. Corp.,* 244 F.R.D. 243, 270 (S.D.N.Y. 2007) ("[A]ny allegations concerning the

9

representative's adequacy ***must be relevant to the claims in the litigation***.") (emphasis added); *In re NYSE Specialists Sec. Litig.,* 240 F.R.D. 128, 144 (S.D.N.Y. 2007) (same).

Moreover, Mr Chernyak's conviction is inadmissible under Federal Rule of Evidence 609(b), which provides that evidence of a crime for which more than ten years have passed since a witness's conviction or release from confinement, whichever is later, cannot be used to impeach a witness. This is significant as it shows that courts recognize that people change and that crimes from over a decade ago should not be held against them any longer. In fact, many courts throughout the country have appointed lead plaintiffs in securities class actions with past criminal convictions that were far more serious than that of Mr. Chernyak's conviction of conspiracy and collection of extension of credit by extortion.

*Chupa v. Armstrong Flooring, Inc.*, is particularly instructive. There, a competing movant argued that the movant claiming the largest financial interest adequacy was questionable based on a nearly 20-year-old armed robbery felony conviction for which he served 96 months in federal prison. No. 2:19-CV-09840-CAS (MRWx), 2020 U.S. Dist. LEXIS 36506, at \*7-\*8 (C.D. Cal. Mar. 2, 2020). Ultimately, the Court found the argument "unavailing" as "[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior *unrelated* unsavory, unethical, or even illegal conduct. Exceptions have been made for unrelated criminal convictions only in a few instances where issues of credibility were raised by confirmed examples of past dishonesty such as fraud or a criminal conviction for an offense that requires proof of dishonesty." *Id.*at \*8-\*9 (emphasis in original, internal citations omitted). *See also Scuderi,* 2019 U.S. Dist. LEXIS

10

156725, at *10-11 (appointing movant with 27-year-old felony conviction as part of lead plaintiff group); *In re Facebook Privacy Litig.,* No. 10-cv-02389-RMW, 2016 U.S. Dist. LEXIS 119293, at *18 (N.D. Cal. June 28, 2016) (holding a "single felony embezzlement conviction" was insufficient to disqualify a class representative); *Delgado ,*2010 U.S. Dist. LEXIS 157797, at *11 (finding that the defendants "fail to cite a single case where *unrelated* criminal convictions served as a basis for finding that a class representative was not adequate," and agreeing that a plaintiff's unrelated "past felony criminal conviction," standing alone, is "irrelevant to [a] plaintiff's ability to represent the class vigorously and responsibly") (emphasis added, internal citations omitted); *McCall v. Drive Fin. Servs., L.P.,* 236 F.R.D. 246, 252 (E.D. Pa. 2006) (holding that a fifteen year old conviction did not give rise to a conflict between the proposed class representative and class members).

## C. Requests for Discovery Should Be Denied

On February 10, 2023, Mr. Chernyak's counsel received a discovery demand from Mr. & Mrs. Betebenner's counsel, regarding a 27-year-old felony conviction of Mr. Chernyak. Absent an order from the Court, Mr. Chernyak was under no obligation to respond to the Betebenners. Nevertheless, Mr. Chernyak's counsel responded, confirming the conviction while also reiterating his ability and willingness to serve as the lead plaintiff. At this stage in the proceedings, discovery requests from the Betebenner's, or any other competing lead plaintiff movant, are unwarranted, baseless, and should be denied.

"The PSLRA limits discovery relating to whether a member of a purported class is

11

the most adequate plaintiff to situations in which the movant "first demonstrates a *reasonable basis*" for its assertions of inadequacy." *In re Oppenheimer,* 2009 U.S. Dist. LEXIS 113555, at \*24 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iv)) (emphasis added); *see also Mersho v. United States Dist. Court*, 6 F.4th 891, 899 (9th Cir. 2021) (same). Courts are to "take care to prevent the use of discovery to harass presumptive lead plaintiffs," something the Reform Act was "meant to guard against." *In re Oppenheimer*, 2009 U.S. Dist. LEXIS 113555, at \*24 (quoting *In re Cendant Corp. Litig.,* 264 F.3d 201, 270, n.49 (3d Cir. 2001)); *Guohua Zhu v. UCBH Holdings, Inc.,* 682 F. Supp. 2d 1049, 1055 n.1 (N.D. Cal. 2010) (same); *see also Lu v. Jumei Int'l Holding Ltd.,* No. 14CV9826, 2015 U.S. Dist. LEXIS 86776, at \*11 (S.D.N.Y. June 22, 2015) (denying request for discovery where movant failed to "demonstrate[] a reasonable basis for overcoming the PSLRA's presumption in favor of [investor group], and discovery here 'will only cause unnecessary delay and expense, likely to provide results that are neither helpful nor likely to change the outcome'") (internal citations omitted).

The Betebenner's and any other competing movants, have not, and will not, be able to meet the PSLRA's standard for obtaining discovery as they have not provided any reasonable basis for challenging Mr. Chernyak's representations aside from mere speculative arguments stemming from 27-year-old conviction. As discussed, *supra*, past *unrelated* criminal convictions do not serve as a basis for finding that a class representative is inadequate. *Delgado,* 2010 U.S. Dist. LEXIS 157797, at \*11. Therefore, Mr. Chernyak's unrelated, nearly three-decade old conviction, *cannot* demonstrate a "reasonable basis for a finding that [Mr. Chernyak] is incapable of adequately representing

the class". *Mersho*, 6 F.4th at 899.

Contrary to the Betebenner's speculation, Mr. Chernyak stands ready, willing and able to serve as the lead plaintiff. He is able and willing to attend proceedings as previously represented in his certification. Since his conviction, Mr. Chernyak has been permitted to return to the U.S., and as evidenced in both his certification and declaration filed with his opening motion, he is "willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary." *See* ECF Nos. 18-2; 18-5. Any discovery requests made at this point are nothing more than an unwarranted fishing expedition that would result in a waste of judicial resources. *See Hodges v. Immersion Corp.,* No. C-09-4073 MMC, 2009 U.S. Dist. LEXIS 122565, at *12-13 (N.D. Cal. Dec. 21, 2009) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, *24 (S.D.N.Y. 2004) (holding, where putative class member "produced not one iota of evidence" in support of theory presumptively most adequate plaintiff would be incapable of adequately representing class, class member was not entitled to discovery); *see also In re Tronox, Inc. Sec. Litig.,* 262 F.R.D. 338, 347-48 (S.D.N.Y. 2009) (denying discovery request without "sufficient evidence to give rise to a reasonable basis on which to authorize discovery" and where "such discovery [would] only cause unnecessary delay and expense, likely to provide results that are neither helpful nor likely to change the outcome"). Thus, the Betebenner's discovery requests should be denied, and Mr. Chernyak should be appointed lead plaintiff.

### D. Mr. Chernyak's Selection of Counsel Should Be Approved

The Court should approve Mr. Chernyak's selection of Levi & Korsinsky as Lead

13

Counsel or the putative Class. The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The attorneys at Levi & Korsinsky are highly experienced in class action securities litigation and will prosecute the Action effectively and expeditiously. *See* ECF No. 18-6, Ex. E (firm resume). Thus, Mr. Chernyak's chosen counsel is eminently qualified and is prepared to devote the necessary time and resources to this Action for the benefit of Mr. Chernyak and the absent Class members.

## III.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class; (2) approve Levi & Korsinsky and Lead Counsel for the Class; and (3) deny the competing Lead Plaintiff motions.

Dated: February 27, 2023              Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton
55 Broadway, 10th Floor
New York, New York 10006
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Movant and Proposed Lead
Counsel for the Class*

14

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton
55 Broadway, 10th Floor
New York, New York 10006
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: aapton@zlk.com

15