# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-03161-SKC

DENNIS CLIFTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiffs,

        v.

BRENT WILLIS, FRED COOPER, TIM HAAS, REGINALD KAPTEYN, ALICIA SYRETT, GREGORY GOULD, CHUCK ENCE, CARL AURE, KEVIN MANION, ED BRENNAN, AMY KUZDOWICZ, GREG FEA, and CRAIG THIBODEAU,

Defendants.

---

Civil Action No. 1:23-cv-00127-RMR-STV

DANIEL TAYLOR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

        v.

BRENT WILLIS, FRED COOPER, TIM HAAS, REGINALD KAPTEYN, ALICIA SYRETT, GREGORY GOULD, CHUCK ENCE, CARL AURE, KEVIN MANION, ED BRENNAN, AMY KUZDOWICZ, GREG FEA, and CRAIG THIBODEAU,

Defendants.

---

## DAMIAN BETEBENNER AND CIGDEM BETEBENNER'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

---

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT .................................................................................................................... 7

I.      THE *CLIFTON* AND *TAYLOR* CASES SHOULD BE CONSOLIDATED ...................... 7

II.     CHERNYAK DOES NOT MEET THE PSLRA'S THRESHHOLD ADQUACY
        REQUIREMENT AND THEREFORE SHOULD NOT BE APPOINTED LEAD
        PLAINTIFF ........................................................................................................... 8

III.    THE BETEBENNERS SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE
        CLASS ................................................................................................................ 10

IV.     THE BETEBENNERS' SELECTION OF THE FARUQI FIRM AS LEAD
        COUNSEL SHOULD BE APPROVED ........................................................................ 14

CONCLUSION ................................................................................................................. 16

i

**TABLE OF AUTHORITIES**

**Cases**                                                                                  **Page(s)**

*In re Cavanaugh*,
　　306 F.3d 726 (9th Cir. 2002) ...............................................................................12

*In re Cendant Corp. Litig.*,
　　264 F.3d 201 (3d Cir. 2001)...................................................................................7

*In re Crocs, Inc. Sec. Litig.*,
　　No. 07-cv-02351-REB-KLM, 2008 WL 4298316 (D. Colo. Sept. 17, 2008) ...............3, 11, 13

*Garbowski v. Tokai Pharms., Inc.*,
　　302 F. Supp. 3d 441 (D. Mass 2018) ......................................................................6

*In re HEXO Corp. Sec. Litig.*,
　　No. 19 Civ. 10965 (NRB), 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020) .............................10

*Kaplan v. Gelfond*,
　　240 F.R.D. 88 (S.D.N.Y. 2007) ...............................................................................8

*Karp v. Diebold Nixdorf, Inc.*,
　　No. 19 Civ. 6180(LAP), 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019) ...................................8

*Mariconda v. Farmland Partners, Inc.*,
　　No. 18-cv-02104-DME-NYW, 2018 WL 6307868 (D. Colo. Dec. 3, 2018) ........................2, 3

*Medina v. Clovis Oncology, Inc.*,
　　No. 15-cv-2546-RM-MEH, 2016 WL 660133 (D. Colo. Feb. 18, 2016) .................................8

*Mishkin v. Zynex, Inc.*,
　　No. 09-cv-00780-REB-KLM, 2010 WL 749864 (D. Colo. Mar. 3, 2010).............................14

*Or. Laborers Emps. Pension Tr. Fund v. Maxar Techs. Inc.*,
　　No. 19-CV-124-WJM-SKC, 2019 WL 3714798 (D. Colo. Aug. 7, 2019)............................7, 8

*Pace v. Quintanilla*,
　　No. SACV 14-2067-DOC, 2014 WL 4180766 (C.D. Cal. Aug. 19, 2014) .............................11

*Query v. Maxim Integrated Prods., Inc.*,
　　558 F. Supp. 2d 969 (N.D. Cal. 2008) ...................................................................11

*Rao v. Quorum Health Corp.*,
　　221 F. Supp. 3d 987 (M.D. Tenn. 2016)..................................................................10

*In re Ribozyme Pharms., Inc. Sec. Litig.*,
    192 F.R.D. 656 (D. Colo. 2000) .......................................................................................11, 13

*Richardson v. TVIA, Inc.*,
    No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)...................................11

*Sneed v. AcelRX Pharms., Inc.*,
    No. 21-cv-04353-BLF, 2021 WL 5964596 (N.D. Cal. Dec. 16, 2021).................................4, 6

*Takara Trust v. Molex, Inc.*,
    229 F.R.D. 577 (N.D. Ill. 2005)................................................................................................11

*Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*,
    No. 20-CV-0966-AJB-DEB, 2021 WL 533518 (S.D. Cal. Feb. 12, 2021) ...............................8

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ...................................................................................................2, 13, 14

**Other Authorities**

Fed. R. Civ. P. 23(a)(4).....................................................................................................................13

Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel* (July
    16, 2020) ...................................................................................................................................15

Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex Class Litigation*,
    Bloomberg Law (July 30, 2020) ..............................................................................................15

**MEMORANDUM OF LAW**

Movants Damian Betebenner and Cigdem Betebenner ("the Betebenners") respectfully

submit this memorandum of law in opposition to the competing motions to be appointed lead

plaintiff and in further support of their motion for an Order: (1) consolidating the above-

captioned actions ("Actions"); (2) appointing the Betebenners as Lead Plaintiffs in the above-

captioned action; (3) approving the Betebenners' selection of Faruqi & Faruqi, LLP (the "Faruqi

Firm") as Lead Counsel for the Class; and (4) granting such other relief as the Court may deem

just and proper.[1]

**INTRODUCTION**

On February 6, 2023, opening motions were filed by NewAge, Inc. ("NewAge" or the

"Company") shareholders to consolidate *Clifton v. Willis, et al*., No. 1:22-cv-03161-SKC

("*Clifton*") and *Taylor v. Willis, et al.*, No. 1:23-cv-00127-RMR-STV ("*Taylor*"), and to be

appointed lead plaintiff (and for appointment of their counsel as lead counsel) under the PSLRA.

*See* ECF No. 19 at 1 (Betebenners);[2] ECF No. 21 at 1-2 (Mei Huang ("Huang")); ECF No. 24 at

i-ii (Terry S. Roberts and Jean M. Roberts ("the Roberts")); ECF No. 25 at 1 (Chris Dobson

("Dobson"); and ECF No. 26 at 1 (Luke Joseph Wodiuk ("Wodiuk")). One individual, Igor

Chernyak ("Chernyak") moved for appointment as lead plaintiff and failed to seek consolidation

---

[1]     All terms not otherwise defined herein shall have the same meaning as those terms in the
Motion of Damian Betebenner and Cigdem Betebenner for: (1) Consolidation of the Related
Actions; (2) Appointment as Lead Plaintiffs; and (3) Approval of Lead Plaintiffs' Selection of
Lead Counsel ("Opening Brief"). ECF No. 19. All citations and internal quotation marks are
omitted and all emphases are added unless otherwise noted.
[2]     References to "ECF No. __" are to the filings in the *Clifton* Action, which was the first-
filed case.

as the other movants had done. *See* ECF No. 18 at 1.[3] On February 8, 2023, the Roberts

withdrew their motion for consolidation and for appointment as lead plaintiffs. *See* ECF No. 28.

On February 27, 2023, Dobson filed a notice of non-opposition to the competing motions (s*ee*

ECF No. 30) and Huang withdrew her motion for consolidation and for appointment as lead

plaintiffs. *See* ECF No. 31.  As of this filing, none of the movants disagree that the consolidation

of the *Clifton* and *Taylor* Actions is appropriate.

The remaining 3 competing movants for appointment as Lead Plaintiff are Mr. Chernyak,

the Betebenners, and Wodiuk. Under the PSLRA, the Court adopts a presumption that the most

adequate movant to serve as lead plaintiff is the movant who timely moved to be appointed lead

plaintiff, has the largest financial interest in the relief sought in the case, and who otherwise

satisfies adequacy and typicality requirements of Fed. R. Civ. P. Rule 23. 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I). This presumption can be rebutted by showing that the "presumptively most

adequate plaintiff-- (aa) will not fairly and adequately protect the interests of the class; or (bb) is

subject to unique defenses that render such plaintiff incapable of adequately representing the

class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)

Out of the remaining 3 motions for appointment as Lead Plaintiff, only the Betebenners

meet the PSLRA's stringent requirements to serve as Lead Plaintiffs on behalf of NewAge

shareholders in this case. The Betebenners are husband and wife, U.S. citizens, who have

professional degrees and live in Massachusetts. Opening Brief at 12-13, ECF No. 20-3 ¶¶ 3, 4, 8,

9; *see also Mariconda v. Farmland Partners, Inc.*, No. 18-cv-02104-DME-NYW, 2018 WL

---

[3]    Mr. Chernyak finally addressed the related *Taylor* case in his responsive brief filed on
February 27, 2023 and does not oppose consolidation with the *Clifton* case. *See* ECF No. 29 at 3
n.11.

6307868, at *7 (D. Colo. Dec. 3, 2018) (husband and wife moved together and were  appointed as lead plaintiffs); *In re Crocs, Inc. Sec. Litig.*, No. 07-cv-02351-REB-KLM, 2008 WL 4298316, at *3 & n.5 (D. Colo. Sept. 17, 2008) (two brothers moved together and were appointed as lead plaintiffs).  Mr. Betebenner has been investing for nearly 25 years and Ms. Betebenner has been investing for 12 years. Opening Brief at 13; ECF No. 20-3 ¶¶ 5, 11. They have losses of $494,549.53 and therefore have a larger financial interest in this case than Wodiuk who has losses of $454,865. *See* ECF No. 26 at 10-11, 22 at 8.

Mr. Chernyak is a convicted felon[4] who currently resides in the United Arab Emirates, a country with no extradition treaty with the United States. Mr. Chernyak has reported losses of $3,083,746.56 (ECF No. 18 at 7), but appears unable to fairly and adequately represent NewAge shareholders in this case. As recently confirmed by his counsel in response to the Betebenners' inquiries, and now belatedly in his responsive filing on February 27, 2023 (ECF No. 29 at 3), Mr. Chernyak was a defendant in a federal criminal case in Washington federal court in 1996. According to the docket in that criminal case, as he now has conceded in his responsive filing, he was indicted, convicted and sentenced to multiple years in prison under the name "Gary Chern" and also was known as "Igor Chernyak" and "Fedor". *See* Decl. of James M. Wilson, Jr. in Further Support of Movants' Motion for Consolidation and Appointment as Lead Plaintiffs ("Wilson Decl.") at Ex. 1, Docket Sheet in *United States v. Chern aka Igor Chernyak aka Fedor*

---

[4]     Mr. Chernyak was accused of conspiracy, hostage taking, communications containing demands for ransom, collection of extension of credit by extortionate means, use and carrying of a firearm, and 6 counts for false statement in relation to acquisition of firearm (including misrepresenting that he was a U.S. citizen in order to purchase the firearm). *See* Wilson Decl., Ex. 4, Indictment CR 96-5072. He was convicted of count 1 for conspiracy and count 4 for collection of extension of credit by extortionate means.

3

*et al.*, 2:96-cr-00507-BJR (W.D. Wash.) ("*U.S. v. Chern aka Chernyak*"). Mr. Chernyak's counsel has confirmed that Mr. Chernyak, the movant in this case, is the same person indicted and convicted under the name "Gary Chern" in *U.S. v. Chern aka Chernyak*. *See* ECF No. 29 at 3. As of the time of the writing of this brief, counsel for Mr. Chernyak has still not responded to requests for clarification as to whether he has had his name legally changed from "Gary Chern" to Igor Chernyak. Further, in view of his indictment and conviction under the name "Gary Chern" and the **evidence** that he employed "Igor Chernyak" (and the name "Fedor") as an alias, and despite the Betebenners' requests to confirm the legal basis for Mr.Chernyak to sign his PSLRA Certification and his declaration using "Igor Chernyak", Mr. Chernyak dodged this critical and potentially disqualifying issue and filed his responsive papers tonight on February 27, 2023 without addressing whether his legal name now is in fact Igor Chernyak. This raises a serious question of the circumstances for him to now be seeking appointment as lead plaintiff with a name that the federal government earlier identified as one of his aliases – including in this case submitting a sworn PSLRA Certification (ECF No. 18-2) and supporting declaration (ECF No. 18-5) using the apparent alias "Igor Chernyak." Indeed, that he failed to be transparent with the Court on these issues in his opening brief and still now has failed to be forthright with the Court on these issues is disqualifying. *See Sneed v. AcelRX Pharms., Inc.*, No. 21-cv-04353-BLF, 2021 WL 5964596, at *4 (N.D. Cal. Dec. 16, 2021) ("Dupre's prior offenses, combined with his lack of candor to his attorney and the Court, lead the Court to conclude that Dupre is an inadequate class representative, and thus that Sneed and Musry have rebutted his status as presumptive lead plaintiff").

Moreover, Mr. Chernyak appears not to have been born in the U.S. and according to

docket entries from the criminal case *U.S. v. Chern aka Chernyak*, at his sentencing (after

conviction for conspiracy and collection of extension of credit through extortion) may have faced

deportation proceedings due to his conviction after his release from prison. Ex. 1 at 15 (*U.S. v.

Chern aka Igor Chernyak*, docket entry no. 182).  According to Federal Bureau of Prisons

records, Gary Chern, a/k/a Igor Chernyak, was released on September 26, 2000 after serving

nearly 5 years in federal prison. It is unclear if Mr. Chernyak remained in the U.S. after his

release, and if so the basis for him to continue to reside in the U.S.  Despite being asked twice,

Chernyak's counsel has, as of the time of this filing, failed to clarify if Mr. Chernyak remained in

the U.S. after his release from federal prison and if so, the basis for him to remain in the U.S.

The Betebenners have raised the above issues with Mr. Chernyak's counsel and also

asked for answers before filing this opposition to the following questions that are relevant to his

ability to fairly and adequately represent the class:

1. Mr. Chernyak's date and place of birth;
2. Whether Mr. Chernyak is permanently domiciled in the United Arab Emirates or if he has additional domiciles and/or residences;
3. All instances in any country where Mr. Chernyak has been arrested for or charged with a crime other than minor traffic offences;
4. What companies Mr. Chernyak worked for in the "construction business for residential housing developments" as he claimed was his prior work experience in his declaration (ECF No. 18-5 ¶ 2); and
5. Whether Mr. Chernyak is willing to travel to this country to appear in a court of law if needed in the prosecution of this case.

Ex. 2 at 4.

Despite being requested twice to answer these questions, Mr. Chernyak has failed to do

so, other than to confirm that movant Igor Chernyak is the same person, Gary Chern, a/k/a Igor

Chernyak, that was indicted, convicted and sentenced in *U.S. v. Chern aka Chernyak*.

Interestingly, the signature affixed to movant Chernyak's PSLRA certification, shown below, is

more consistent with the name "Gary" than it is with the name "Igor Chernyak."

Name : IGOR CHERNYAK

Signature :



*See* ECF No. 18-2. There appear to be only two possible explanations. Either movant Chernyak

has had a legal name change, and failed to make full disclosure of his prior name and aliases in

his PSLRA Certification or he has signed said certification using an alias without disclosing that

fact to the Court. Either possibility is disqualifying. *See AcelRX Pharms., Inc., supra*; *see also*

*Garbowski v. Tokai Pharms., Inc.*, 302 F. Supp. 3d 441, 455 (D. Mass 2018) (movant's sworn

statement in his PSLRA certification to having read a complaint in the case was false and

disqualified him).

Furthermore, the Betebenners had asked his counsel if Mr. Chernyak is willing to travel

to the U.S. to appear in court if needed to prosecute this case. Mr. Chernyak's counsel asserted in

their response brief that Mr. Chernyak represented in his PSLRA certification that he is "able and

willing to attend proceedings". ECF No. 29 at 13. This not entirely accurate. Mr. Chernyak's

PSLRA certification provides only that he is "willing to serve as a representative party on behalf

of the class, including providing testimony at deposition and trial, if necessary" (ECF No. 18-2),

which falls short of stating a willingness to travel to this country to appear live in court, as

opposed to remotely by video.

Mr. Chernyak should not be appointed lead plaintiff having failed to disclose any of this

6

information, and because these issues will subject him to unique defenses later in this case if he is appointed lead plaintiff.  The Betebenners respectfully submit that they are the only movants who reported the largest losses *and* who have demonstrated that they meet Rule 23's adequacy and typicality requirements, and therefore should be appointed Lead Plaintiffs and their counsel should be appointed Lead Counsel.

In the event the Court is not satisfied that the "most adequate plaintiff" presumption has been rebutted, the Betebenners respectfully request limited discovery to address these threshold issues going to movant Chernyak's identity and adequacy. *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) ("Any time the question appears genuinely contestable, we think that a district court would be well within its discretion in requiring that competing movants submit documentation as to their holdings in the defendant company or companies and in seeking further information").

## ARGUMENT

### I.    THE *CLIFTON* AND *TAYLOR* CASES SHOULD BE CONSOLIDATED

All of the movants who addressed consolidation agree that the *Clifton* Action and the *Taylor* Action should be consolidated. *See* ECF Nos. 19 at 6-7, 22 at 6, 24 at 4-5, 25 at 3 and 26 at 7-8. Both Actions clearly involve common questions of fact and law and assert claims under the Exchange Act on behalf of investors who were defrauded by Defendants. The Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements that artificially inflated the price of NewAge securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Actions is therefore appropriate. *Or. Laborers Emps. Pension Tr. Fund v. Maxar Techs.*

7

*Inc.*, No. 19-CV-124-WJM-SKC, 2019 WL 3714798, at *2 (D. Colo. Aug. 7, 2019)

(consolidating securities class actions); *see also Medina v. Clovis Oncology, Inc.*, No. 15-cv-

2546-RM-MEH, 2016 WL 660133, at *2 (D. Colo. Feb. 18, 2016); *Kaplan v. Gelfond*, 240

F.R.D. 88, 91-92 (S.D.N.Y. 2007) (finding consolidation appropriate despite differing class

periods where the actions are all "securities fraud claims that arise from a common course of

conduct.").

## II.  CHERNYAK DOES NOT MEET THE PSLRA'S THRESHHOLD ADQUACY REQUIREMENT AND THEREFORE SHOULD NOT BE APPOINTED LEAD PLAINTIFF

Mr. Chernyak submitted an opening declaration that did not contain sufficient

background information for the Betebenners to consider whether he is adequate to be appointed

lead plaintiff. Courts have found that lead plaintiff movants must provide sufficient information

to make a preliminary showing of adequacy under Rule 23. *See Wasa Med. Holdings v. Sorrento*

*Therapeutics, Inc.*, No. 20-CV-0966-AJB-DEB, 2021 WL 533518, at *4-5 (S.D. Cal. Feb. 12,

2021) (rejecting a movant who provided minimal identifying information); *Karp v. Diebold*

*Nixdorf, Inc.*, No. 19 Civ. 6180(LAP), 2019 WL 5587148, at *5-6 (S.D.N.Y. Oct. 30,

2019), *adhered to on reconsideration by* No. 19 Civ. 6180 (LAP), 2019 WL 6619351 (S.D.N.Y.

Dec. 5, 2019) (finding lead plaintiff movant who submitted no identifying information had not

made a preliminary showing of adequacy).

After counsel for the Betebenners reviewed Chernyak's motion papers and attempted to

conduct further due diligence, certain questions were raised about Chernyak's background,

including involvement in a federal criminal case from 1996 in the State of Washington. On

February 10, 2023, counsel for the Betebenners emailed Mr. Chernyak's counsel requesting

8

answers to 9 specific questions regarding Mr. Chernyak's background and certain information he had provided in his declaration, including whether Mr. Chernyak has ever gone by any alias, including the name "Gary Chern", whether Mr. Chernyak was the defendant "Gary Chern *aka* Igor Chernyak" referenced the Ninth Circuit's appellate decision upholding a conviction for conspiracy and extortion in *U.S. v. Chern, aka Igor Chernyak, et al*. *See* Wilson Decl., Ex. 2 at 5.

Rather than respond to any of the questions, Mr. Chernyak's counsel asked for the basis for the inquiry into Mr. Chernyak's background. *Id.* Although the Ninth Circuit Appellate decision had been provided, the Betebenners again sent a copy of the appellate decision in the *U.S. v. Chern aka Igor Chernyk* case and also sent a copy of the entire district court docket sheet from that case asking for confirmation whether Mr. Chernyak was the Gary Chern in the federal criminal case. *Id.* at 7-9, 16-33. On February 17, 2023, Mr. Chernyak's counsel confirmed Mr. Chernyak had "faced legal trouble in the 1990s (i.e., the US v. Chern matter)" but failed to answer any of the additional questions that had been sent. *Id.* at 3. Indeed, the fact that Mr. Chernyak was the defendant in the federal criminal case *U.S. v. Chern aka Igor Chernyak*, raised even more significant questions including in particular: (1) the circumstances for him to now be seeking appointment as lead plaintiff with a name that the federal government earlier identified as one of his aliases – including in this case submitting a sworn PSLRA Certification (ECF No. 18-2) and supporting declaration (ECF No. 18-5) using the apparent alias "Igor Chernyak"; and (2) whether Mr. Chernyak remained in the U.S. after his release from federal prison in 2000 and if so the basis for him to continue to reside in the U.S., which questions were raised by the Betebenners by email on February 20, 2023. Wilson Decl., Ex. 2 at 5.

Chernyak does not meet the threshold adequacy requirements of Rule 23 required at this

stage of the litigation because he has failed to provide responses to even the most basic questions about his background and experience. *See In re HEXO Corp. Sec. Litig.*, No. 19 Civ. 10965 (NRB), 2020 WL 5503634, at *1 (S.D.N.Y. Sept. 11, 2020) ("In any event, ample case law supports what one would have thought is an uncontroversial point – namely, that even a preliminary showing of adequacy requires a threshold amount of information regarding an individual movant's background and sophistication"). Rather than providing full responses to counsel for Movants' due diligence questions, Chernyak's counsel instead only confirmed that Chernyak was the defendant in the federal criminal case mentioned above. Without further information, there are serious unanswered questions about Chernyak's ability to serve as lead plaintiff including whether he will agree to travel to the U.S. from Dubai to appear in a U.S. court of law.

Alternatively, if the Court is not satisfied that the most adequate plaintiff presumption has been rebutted as to Chernyak, the Betebenners respectfully request discovery to address the threshold adequacy issues outlined above. *See, e.g., Rao v. Quorum Health Corp.*, 221 F. Supp. 3d 987, 990 (M.D. Tenn. 2016) ("When the Court has a 'reasonable basis' for finding the presumptively most adequate plaintiff is 'incapable of adequately representing the class,' the Court may allow for "limited discovery" into the presumptively lead plaintiff.").

**III.    THE BETEBENNERS SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS**

As described in their opening brief, the Betebenners have met all of the PSLRA requirements to be appointed Lead Plaintiff in this case.

The Betebenners timely filed a motion to be appointed lead plaintiff. *See* Opening Brief at 8-13.

10

The Betebenners have the largest financial interest in the outcome of the case. *See id.* at 11.

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit typically look to four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See In re Ribozyme Pharms., Inc. Sec. Litig.*, 192 F.R.D. 656, 660-61 (D. Colo. 2000); *Query v. Maxim Integrated Prods., Inc.*, 558 F. Supp. 2d 969, 973 (N.D. Cal. 2008); *see also Crocs*, 2008 WL 4298316, at *2 (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant. *See Pace v. Quintanilla*, No. SACV 14-2067-DOC (RNBx), 2014 WL 4180766, at *2 (C.D. Cal. Aug. 19, 2014) ("The PSLRA does not specify how to calculate the 'largest financial interest,' but the approximate losses suffered are the most determinative."); *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) ("[C]ourts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss."); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

As illustrated in the table below, the Betebenners are indisputably the movants with the largest financial loss after the disqualification of Chernyak:

| Movant(s)[5] | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | Losses |
|---|---|---|---|---|
| **Damian and Cigdem Betebenner** | 71,000 | 71,000 | $494,646.25 | **-$494,549.53** |
| **Luke Joseph Wodiuk** | 305,665.38 | 305,665.38 | $455,282.00 | **-$454,865.00** |
| ~~**Mei Huang**~~ | ~~312,716~~ | ~~298,516~~ | ~~$433,062.82~~ | ~~**-$432,704.60**~~[6] |
| ~~**Terry S. Roberts and Jean M. Roberts**~~ | ~~102,700~~ | ~~17,500~~ | ~~$159,584.00~~ | ~~**-$159,403.16**~~[7] |
| ~~**Chris Dobson**~~ | ~~238,163~~ | ~~11,190~~ | ~~$158,077.72~~ | ~~**-$158,063.18**~~[8] |

The remaining movants, absent Chernyak, possess smaller financial interests than the Betebenners in the litigation, as set forth in the chart above and therefore do not meet this requirement under the PSLRA to be appointed lead plaintiff. Therefore, under the PSLRA, their motions for lead plaintiff should be denied. *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.")

Given that the Betebenners assert the largest financial losses among the remaining movants, the Betebenners are entitled to invoke the PSLRA's "most adequate plaintiff"

---

[5]    A movant who has filed a notice of non-opposition or withdrew their motion is listed in the table of all movants with a strike through their name and transaction information.
[6]    Notice of Withdrawal filed on February 27, 2023. ECF No. 31.
[7]    Notice of Withdrawal filed on February 8, 2023. ECF No. 28.
[8]    Notice of Non-Opposition filed on February 27, 2023. ECF No. 30.

presumption.

The PSLRA also requires that the lead plaintiff satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  When assessing a potential Lead Plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See Crocs*, 2008 WL 4298316, at *2 ("As for the requirement that the lead plaintiff otherwise satisfy the requirements of Rule 23, only two of the four requirements of Rule 23(a)—typicality and adequacy—impact the analysis of the lead plaintiff issue.").

The Betebenners' claims are clearly typical of the Class's claims. The Betebenners acquired NewAge securities during the Class Period, suffered damages as a result of the false and misleading statements made by Defendants, and possess claims against Defendants under the federal securities laws. Because the factual and legal bases of the Betebenners' claims are similar to those of the Class's claims, they necessarily satisfy the typicality requirements. *See Ribozyme*, 192 F.R.D. at 658 (finding plaintiff group typical where it: (1) purchased defendant stock during the relevant time period, (2) at prices alleged to be artificially inflated by the false and misleading statements issued by defendants, (3) causing damages).

The Betebenners will also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The requirement of adequacy is satisfied on proof of (1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation. *See Crocs*, 2008 WL 4298316, at *2.

As evidenced by the representations in the Bettebenners' certifications, *see* ECF No. 20-2, the Betebenners' interests are perfectly aligned with—and by no means antagonistic to—the Class.

13

*See Mishkin v. Zynex, Inc.*, No. 09-cv-00780-REB-KLM, 2010 WL 749864, at *2 (D. Colo. Mar. 3, 2010) (movants' certifications evidenced adequacy to serve as lead plaintiff). Contemporaneously with the filing of the instant motion, the Betebenners submitted a Declaration with additional information about themselves, their work and educational backgrounds, and experience investing, clearly demonstrating their adequacy to represent class members. *See* ECF No. 20-3. Movant Damien Betebenner has two doctoral degrees and has been investing in the stock market since approximately 1995. ECF No. 20-3 ¶¶ 4, 6. Movant Cigdem Betebenner has an M.A. in psychology, is a licensed mental health counselor and psychotherapist, and has been investing in the stock market since approximately 2012.  *Id.* at ¶¶ 9-11.

Further, as discussed below, the Betebenners have selected and retained highly competent counsel to litigate claims on behalf of themselves and the Class.

In sum, the Betebenners meet all the lead plaintiff requirements under the PSLRA, and they respectfully ask the Court to appoint them Lead Plaintiffs for the Action.

## IV.    THE BETEBENNERS' SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval.

The Betebenners have selected the Faruqi Firm to be Lead Counsel for the Class.  The Faruqi Firm is a minority-owned and woman-owned[9] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of

---

[9]    *See* Wilson Decl., Ex. 3.

14

plaintiffs, including securities class actions.    *See* Opening Brief at 13-16; Ex. D, Faruqi Firm

resume (ECF No. 20-4).

Further, the Faruqi Firm currently serves as sole lead counsel in several prominent

securities class actions. *See, e.g., Aramic LLC v. Revance Therapeutics, Inc.*, No. 5:21-cv-09585-

EJD (N.D. Cal.); *In Re Peloton Interactive, Inc. Sec. Litig.*, No. 1:21-cv-02369-CBA-PK

(S.D.N.Y.); *Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharms. Indus. Ltd*., No.

20-4660-KSM (E.D. Pa.); *In re Allergan PLC Sec. Litig*., No. 18 Civ. 12089 (CM) (GWG)

(S.D.N.Y.); *Lowthorp v. Mesa Air Grp., Inc*., No. 2:20-cv-00648-MTL (D. Ariz.); *In re Tahoe

Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.); *In re Synergy Pharm., Inc. Sec.

Litig.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.).

Not only does the firm have the experience and expertise necessary to obtain significant

successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients

and judges increasingly seek from the bar.[10]  Class members in securities class actions have

diverse backgrounds, and that diversity should be reflected in class counsel.  Currently, over

40% of the firm's partnership positions are held by women and minorities, and the firm is

committed to growing this figure in the coming years.  *See* https://www.faruqilaw.com/our-

attorneys.

Accordingly, the Betebenners respectfully request that the Court approve their selection

of the Faruqi Firm as Lead Counsel.

---

[10]    *See* Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*, Law360
(July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-
diversity-among-class-counsel; Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex
Class Litigation*, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/
XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

## CONCLUSION

For the foregoing reasons, the Betebenners respectfully request that the Court: (1) consolidate the *Taylor* and *Clifton* Actions; (2) appoint them as Lead Plaintiffs; (3) approve their selection of the Faruqi Firm as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated:  February 27, 2023

Respectfully submitted,

By: s/ James M. Wilson, Jr.

James M. Wilson, Jr.
Robert W. Killorin (application for admission forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
E-mail: jwilson@faruqilaw.com
E-mail: rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiffs Damian Betebenner and Cigdem Betebenner and [Proposed] Lead Counsel and Local Counsel for the Class*

16

## CERTIFICATE OF SERVICE

I, James M. Wilson, Jr., hereby certify that on February 27, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

*s/ James M. Wilson, Jr.*
James M. Wilson, Jr.
