**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-03161-SKC

DENNIS CLIFTON, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

      Plaintiff,

  v.

BRENT WILLIS, FRED COOPER, TIM
HAAS, REGINALD KAPTEYN, ALICIA
SYRETT, GREGORY GOULD, CHUCK
ENCE, CARL AURE, KEVIN MANION, ED
BRENNAN, AMY KUZDOWICZ, GREG
FEA, and CRAIG THIBODEAU,

      Defendants.

---

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF IGOR
CHERNYAK FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF COUNSEL; REPLY TO COMPETING
LEAD PLAINTIFF MOTIONS**

---

## **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ........................................................................................................ 1

II.  ARGUMENT ............................................................................................................. 2

    A.  Mr. Chernyak is the Presumptive Lead Plaintiff. ...................................................... 2

    B.  The Betebenners Fail to Provide "Proof" that Mr. Chernyak Cannot Adequately Represent the Interests of the Class. .................................................................... 5

III. CONCLUSION ......................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Adamson v. Bowen*,
   855 F.2d 668 (10th Cir. 1988) ............................................................................ 3

*Baby Neal v. Casey*,
   43 F.3d 48 (3d Cir. 1994) .................................................................................. 3

*Beck v. Maximus, Inc.*,
   457 F.3d 291 (3d Cir. 2006) .............................................................................. 3

*Bilinsky v. Gatos Silver, Inc.*,
   C.A. No. 22-cv-00453-PAB-KLM, 2022 U.S. Dist. LEXIS 237322 (D. Colo. June 3,
   2022) ............................................................................................................. 1, 4

*Blake v. Canoo Inc.*,
   No. CV 21-2873 FMO (JPRx), 2022 U.S. Dist. LEXIS 36484 (C.D. Cal. Feb. 18,
   2022) ................................................................................................................. 5

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ........................................................................ 6, 10

*Chupa v. Armstrong Flooring, Inc.*,
   No. 2:19-CV-09840-CAS (MRWx), 2020 U.S. Dist. LEXIS 36506 (C.D. Cal. Mar. 2,
   2020) ..................................................................................................... 2, 6, 7, 9

*Clark v. Barrick Gold Corp.*,
   No. 13 CIV 3851 (RPP), 2013 U.S. Dist. LEXIS 135160 (S.D.N.Y. Sep. 20, 2013) ... 3

*Constance Sczesny Trust v. KPMG LLP*,
   223 F.R.D. 319 (S.D.N.Y. 2004) ........................................................................ 6

*In re Crocs, Inc.*,
   C.A. No. 07-cv-02351-REB-KLM, 2008 U.S. Dist. LEXIS 87524 (D. Colo. Sep. 17,
   2008) ................................................................................................................. 5

*Delgado v. New Albertson's, Inc.*,
   No. SACV 08-0806 DOC (MLGx), 2010 U.S. Dist. LEXIS 157797 (C.D. Cal. Mar. 15,
   2010) ................................................................................................................. 7

*Ferrari v. Impath, Inc.*,
   C.A. No. 03-cv-5667(DAB). 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. 2004) ............ 10

*Foley v. Transocean Ltd.,*
 272 F.R.D. 126 (S.D.N.Y. 2011) ................................................................................. 11

*Hodges v. Immersion Corp.,*
 No. C-09-4073 MMC, 2009 U.S. Dist. LEXIS 122565 (N.D. Cal. Dec. 21, 2009)....... 9

*Mariconda v. Farmland Partners,*
 C.A. No. 18-cv-021040DME-NYW, 2018 U.S. Dist. LEXIS 204411 (D. Colo. Dec. 3,
 2018)............................................................................................................................ 5

*McCall v. Drive Fin. Services, LP*,
 236 F.R.D. 246 (E.D. Pa. 2006)................................................................................... 7

*In re Molycorp, Inc. Sec. Litig.,*
 C.A. No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191 (D. Colo. May 29,
 2012)......................................................................................................................... 2, 5

*Nevarez v. Forty Niners Football Co.,*
 326 F.R.D. 562 (N.D. Cal. 2018)................................................................................. 6

*In re NYSE Specialists Sec. Litig.,*
 240 F.R.D. 128 (S.D.N.Y. 2007) ................................................................................. 6

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.,*
 63 F. Supp. 3d 394 (D. Del. 2014) .............................................................................. 6

*In re Oppenheimer Rochester Funds Grp. Sec. Litig.,*
 C.A. No. 09-md-02063-JLK-KMT, 2009 U.S. Dist. LEXIS 113555 (D. Colo. Nov. 18,
 2009)............................................................................................................................ 9

*In re Ribozyme Pharm. Sec. Litig.,*
 192 F.R.D. 656 (D. Colo. 2000) .................................................................................. 4

*Scuderi v. Mammoth Energy Servs., Inc.,*
 No. CIV-19-522-SLP, 2019 U.S. Dist. LEXIS 156725 (W.D. Okla. Sept. 13, 2019)... 7

*In re SemGroup Energy Partners, L.P. Sec. Litig.,*
 No. 08-cv-425-GKF-PJC, 2008 U.S. Dist. LEXIS 87218
 (N.D. Okla. Oct. 27, 2008) ...................................................................................... 5, 6

*Sneed v. Acelrx Pharm.,*
 No. 21-cv-04353-BLF, 2021 U.S. Dist. LEXIS 240844 (N.D. Cal. Dec. 16, 2021) ..... 8

*Stemple v. QC Holdings, Inc.,*
 No. 12-cv-01997-BAS(WVG), 2014 U.S. Dist. LEXIS 125313 (S.D. Cal. Sep. 5,
 2014)............................................................................................................................ 7

*Strougo v. Brantley Capital Corp.,*
243 F.R.D. 100 (S.D.N.Y. 2007) ................................................................. 6

*In re Tronox, Inc.,*
262 F.R.D. 338 (S.D.N.Y. 2009) ....................................................... 10, 11

*In re Volkswagen "Clean Diesel" Mktg. Sales Practices, & Prods. Liab. Litig.,*
No. 2672 CRB (JSC), 2016 U.S. Dist. LEXIS 141220 (J.P.M.L. Oct. 11, 2016) ......... 8

*Voulgaris v. Array Biopharma, Inc.*,
No. 22-1003, 2023 U.S. App. LEXIS 4895 (10th Cir. Feb. 27, 2023) ........................ 4

*Weinberg v. Atlas Air Worldwide Holdings, Inc.,*
216 F.R.D. 248 (S.D.N.Y. 2003) ................................................................. 3

*Wolfe v. Aspenbio Pharma, Inc.,*
275 F.R.D. 625 (D. Colo. 2011) ................................................................. 5

**Statutes**

15 U.S.C. § 7006(5) ................................................................................... 9

15 U.S.C. § 78u-4 ..............................................................................*passim*

Colo. Rev. Stat. § 24-71.3-102(8) .............................................................. 9

**Rules**

Fed. R. Civ. P. 23 ..............................................................................*passim*

Movant Igor Chernyak ("Mr. Chernyak"), respectfully submits this Memorandum of Law in reply to the competing motions for appointment as Lead Plaintiff and approval of his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") to serve as Lead Counsel for the class.

## I.    INTRODUCTION

With losses in excess of $3.083 million, Mr. Chernyak has clearly demonstrated he is the "most adequate plaintiff" to serve as the lead plaintiff in this action. There is no dispute that Mr. Chernyak is the movant with the "largest financial interest" in the outcome of the litigation, as required by the PSLRA. Mr. Chernyak has also made the required preliminary *prima facie* showing in satisfaction of the typicality and adequacy requirements of Rule 23. *Bilinsky v. Gatos Silver, Inc.,* C.A. No. 22-cv-00453-PAB-KLM, 2022 U.S. Dist. LEXIS 237322, at *7 (D. Colo. June 3, 2022) ("The movant who has the largest financial interest must only make a 'preliminary' showing that he satisfies the typicality and adequacy requirements of Rule 23"); Having satisfied the two-step test courts apply when appointing a lead plaintiff in a federal securities action, Mr. Chernyak is entitled to the statutory presumption of lead plaintiff. *See* 15 U.S.C. § 78u-4(B)(iii)(i).

Only one competing movant has attempted to rebut Mr. Chernyak's statutory presumption in opposition to his motion. This movant, the Betebenners, argues that an unrelated conviction from the late 1990s renders Mr. Chernyak inadequate and unsuitable to serve as the lead plaintiff. The Betebenners' argument is unsupported by the case law on this issue. Past criminal conduct does not qualify as "proof" of inadequacy unless it bears directly on the movant's credibility by confirmed examples of past dishonesty, such

as fraud. *Chupa v. Armstrong Flooring, Inc.,* No. 2:19-CV-09840-CAS (MRWx), 2020 U.S. Dist. LEXIS 36506, at *8-9 (C.D. Cal. Mar. 2, 2020). Mr. Chernyak's conviction occurred decades ago and relates to a regrettable incident involving an unpaid business debt in Russia. It does not in any way, shape or form qualify as the sort of crime that disqualifies an otherwise perfectly able and motivated investor from serving as a representative in a class action lawsuit.

When stripped away of the hyperbole and speculation, the Betebenners' argument clearly falls short of the actual "proof" required to rebut the statutory presumption presently in Mr. Chernyak's favor. *In re Molycorp, Inc. Sec. Litig.,* C.A. No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191, at *4-5 (D. Colo. May 29, 2012) ("[S]peculation that a movant may be either atypical or inadequate will not defeat the PSLRA's most adequate plaintiff presumption."). The Court should disregard these arguments and grant Mr. Chernyak's motion.

## II.    ARGUMENT

### A.    Mr. Chernyak is the Presumptive Lead Plaintiff.

The PSLRA provides that the Court must appoint the lead plaintiff movant that has both the "largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Mr. Chernyak meets both requirements.

With a loss of over $3.083 million, Mr. Chernyak has, by far, the largest financial interest of any of the lead plaintiff movants. The Betebenners and Luke Joseph Wodiuk concede this point. *See* ECF No. 32 (Wodiuk Opp.) at 2 ("Here, under a *Lax*-factor

2

analysis, the movant alleging the largest financial interest in the relief sought by the class is Chernyak"); ECF No. 33 (Betebenner Opp.) at 12 ("The remaining movants, absent Chernyak, possess smaller financial interests than the Betebenners.")

Mr. Chernyak also satisfies the typicality and adequacy requirements of Rule 23. *Bilinsky,* 2022 U.S. Dist. LEXIS 237322, at *7 ("The movant who has the largest financial interest must only make a 'preliminary' showing that he satisfies the typicality and adequacy requirements of Rule 23"); *see also Clark v. Barrick Gold Corp.,* No. 13 CIV 3851 (RPP), 2013 U.S. Dist. LEXIS 135160, at *5 (S.D.N.Y. Sep. 20, 2013). In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'" *Weinberg v. Atlas Air Worldwide Holdings, Inc.,* 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (alteration in original).

As set forth in his opening and opposition briefs (ECF Nos. 18, 29), Mr. Chernyak satisfies the typicality requirement of Fed. R. Civ. P. 23(a)(3) because his claims are "based on the same legal or remedial theory" as those of absent class members. *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988). *See also Beck v. Maximus, Inc.,* 457 F.3d 291, 295-96 (3d Cir. 2006) (typicality requirement satisfied where class representative's claims are "typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class.") (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994)). Likewise, Mr. Chernyak satisfies the adequacy requirement of Rule 23(a)(4) because (i) "there is an absence of potential conflict between" Mr. Chernyak and the other members of the putative class, and (ii) his chosen counsel, Levi & Korsinsky, LLP, are "'qualified, experienced and able to vigorously

conduct the proposed litigation.'" *In re Ribozyme Pharm. Sec. Litig.,* 192 F.R.D. 656, 659 (D. Colo. 2000); *see also Voulgaris v. Array Biopharma, Inc.*, No. 22-1003, 2023 U.S. App. LEXIS 4895, at *9-10 (10th Cir. Feb. 27, 2023) (affirming district court's holding that "[Levi & Korsinsky] has extensive and significant experience in the highly specialized field of securities class action litigation").

Mr. Chernyak also demonstrated his willingness and qualifications to serve as the lead plaintiff. In support of his motion, he filed a sworn declaration describing his previous work experience in the construction business as he is now retired, has been investing for over five years, and has experience overseeing attorneys for routine business matters. ECF No. 18-5. Mr. Chernyak submitted this declaration in addition to the statutorily required certification, which confirmed that he would be willing to travel to the U.S. to participate in the litigation notwithstanding the fact that he resides in the UAE. *See* ECF. No. 18-2 (certifying requirements for serving as lead plaintiff, including willingness to "provid[e] testimony at deposition and trial, if necessary").

In light of the foregoing, Mr. Chernyak properly made a *prima facie* showing of his adequacy to serve as the lead plaintiff and, in turn, his entitlement to the statutory presumption of "most adequate plaintiff" under the PLSRA. Indeed, as illustrated under the case law, Mr. Chernyak's certification, selection of counsel, and background information provides more than enough information to demonstrate his adequacy to serve as the lead plaintiff. *Bilinsky*, 2022 U.S. Dist. LEXIS 237322, at *8 (lead plaintiff movant demonstrated adequacy by submitting declaration attesting to his background, investment experience, substantial losses, and the understanding of the requirements of

serving as lead plaintiff); *Blake v. Canoo Inc.,* No. CV 21-2873 FMO (JPRx), 2022 U.S. Dist. LEXIS 36484, at *15-16 (C.D. Cal. Feb. 18, 2022) (appointed movant who provided declaration containing background information); *In re SemGroup Energy Partners, L.P. Sec. Litig.,* No. 08-cv-425-GKF-PJC, 2008 U.S. Dist. LEXIS 87218, at *6 (N.D. Okla. Oct. 27, 2008) (declaration from movant supports finding of adequacy and counsels in favor of appointment).

B. **The Betebenners Fail to Provide "Proof" that Mr. Chernyak Cannot Adequately Represent the Interests of the Class.**

Mr. Chernyak's preliminary showing of both the largest loss and satisfaction of Rule 23 entitles him to the presumption of "most adequate plaintiff." 15 U.S.C. § 78u-4(B)(iii)(i). This presumption may be rebutted only upon **proof** by a class member that Mr. Chernyak "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *Wolfe v. Aspenbio Pharma, Inc.,* 275 F.R.D. 625, 628 (D. Colo. 2011); *see also Mariconda v. Farmland Partners,* C.A. No. 18-cv-021040DME-NYW, 2018 U.S. Dist. LEXIS 204411, at *14 (D. Colo. Dec. 3, 2018); (same); *In re Molycorp, Inc. Sec. Litig.,* 2012 U.S. Dist. LEXIS 89191, at *4-6 ("Th[e] presumption can be rebutted with proof that the movant is either atypical or inadequate. However, **speculation** that a movant may be either atypical or inadequate **will not defeat** the PSLRA's most adequate plaintiff presumption."); *In re Crocs, Inc.,* C.A. No. 07-cv-02351-REB-KLM, 2008 U.S. Dist. LEXIS 87524, at *7-8 (D. Colo. Sep. 17, 2008) (same). This is a statutory requirement and, in practice, requires a significant proffer of evidence. *See In re SemGroup,* 2008 U.S. Dist. LEXIS 87218, at *7-8 (explaining that the standard for

5

rebutting a presumption in favor of lead plaintiff requires an opposing party to **present evidence, not just argument**, demonstrating how a presumed lead plaintiff is atypical or subject to a unique defense. "Mere inuendo and inferences will not suffice").[1]

"[A]ny allegations concerning the representative's adequacy must be relevant to the claims in the litigation." *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 144 (S.D.N.Y. 2007). Thus, when dealing with a movant's past criminal conduct, "[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior *unrelated* unsavory, unethical, or even illegal conduct. Exceptions have been made for unrelated criminal convictions only in a few instances where issues of credibility were raised by confirmed examples of past dishonesty such as fraud or a criminal conviction for an offense that requires proof of dishonesty." *Chupa,*2020 U.S. Dist. LEXIS 36506, at *8-*9 (emphasis in original, internal citations omitted); *Nevarez v. Forty Niners Football Co.,* 326 F.R.D. 562, 583-84 (N.D. Cal. 2018) (finding that convictions for assaults with deadly weapons and DUI convictions that were more than 20 years old did not render class representative inadequate); *Delgado v. New Albertson's, Inc.,* No. SACV 08-0806 DOC (MLGx), 2010 U.S. Dist. LEXIS 157797, at *11 (C.D. Cal. Mar. 15, 2010) (certifying

---

[1] *See also OFI Risk Arbitrages v. Cooper Tire & Rubber Co.,* 63 F. Supp. 3d 394, 402, 407 (D. Del. 2014) (the PSLRA requires opposing movants to provide "**actual proof**" to rebut the lead plaintiff presumption, not mere assertions) (citing *In re Cendant Corp. Litig.,* 264 F.3d 201, 269 (3d Cir. 2001)) (emphasis added); *Strougo v. Brantley Capital Corp.,* 243 F.R.D. 100, 105 (S.D.N.Y. 2007) ("**Speculation and conjecture** from one interested party **is not enough** to prove a nefarious collaboration.") (emphasis added); *Constance Sczesny Trust v. KPMG LLP,* 223 F.R.D. 319, 324–25 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the potential lead plaintiff] would be uniquely subject.").

a class with a representative who had prior felony convictions); *Stemple v. QC Holdings, Inc.,* No. 12-cv-01997-BAS(WVG), 2014 U.S. Dist. LEXIS 125313, at *22 (S.D. Cal. Sep. 5, 2014) (finding class representative adequate despite 14-year-old conviction for sex with a minor); *McCall v. Drive Fin. Services, LP*, 236 F.R.D. 246, 251 (E.D. Pa. 2006) (plaintiff's past felony criminal conviction was "irrelevant" to plaintiff's "ability to represent the class vigorously and responsibly").

At its core, the Betebenners' opposition to Mr. Chernyak's motion is a misguided attempt at disqualifying him solely because he was found guilty of a crime in the 1990s. The crime, however, did not involve "dishonesty" and therefore does not serve as "proof" of any inability to adequately represent the interests of the proposed class in this litigation. *Chupa*, 2020 U.S. Dist. LEXIS 36506, at *8-*9; *Scuderi v. Mammoth Energy Servs., Inc.,* No. CIV-19-522-SLP, 2019 U.S. Dist. LEXIS 156725, at *10-12 (W.D. Okla. Sept. 13, 2019) ("[i]t is well established that a criminal history alone does not defeat an individual's adequacy as a class representative"). The crime involved an unpaid business debt and efforts to collect payment. While regrettable and unfortunate, the matter has been resolved now for well over two decades. There is no connection whatsoever between that conduct and Mr. Chernyak's investment in NewAge, Defendants' alleged fraud, or the present lawsuit.

The single case the Betebenners rely on for their assertion that Mr. Chernyak is inadequate, *Sneed v. AcelRx Pharmaceuticals, Inc.,* is easily distinguishable. In *Sneed*, a movant was denied being appointed lead plaintiff after he failed to inform both his attorneys, and the Court, that he pled guilty to **fourteen** counts of **wire fraud**, a crime

7

that "directly bears on trustworthiness and undermine[d] his ability to serve as a fiduciary." *Sneed v. Acelrx Pharm.,* No. 21-cv-04353-BLF, 2021 U.S. Dist. LEXIS 240844, at *9 (N.D. Cal. Dec. 16, 2021). Unlike *Sneed*, Mr. Chernyak's past conduct did not involve crimes related to trustworthiness and are not related to the claims of this litigation. Moreover, unlike the movant in *Sneed*, there was no attempt to conceal Mr. Chernyak's past conduct; indeed, when asked by counsel for the Betebenners, Mr. Chernyak's attorneys confirmed it without delay. Therefore, the Betebenners have no "proof" that Mr. Chernyak is unable to serve as a fiduciary and fail to demonstrate how appointing him "will affect the litigation" to the disadvantage of the class. *In re Volkswagen "Clean Diesel" Mktg. Sales Practices, & Prods. Liab. Litig.,* No. 2672 CRB (JSC), 2016 U.S. Dist. LEXIS 141220, at *819-820 (J.P.M.L. Oct. 11, 2016).

The Betebenners' other arguments also fail. Specifically, although the Betebenners point out that Mr. Chernyak has at times used the name "Gary," they fail to explain how or why that makes him inadequate or otherwise unable to serve as the lead plaintiff. The fact of the matter is that Mr. Chernyak's name is "Igor Chernyak" as it appears on his certification and sworn declaration. *See* ECF No. 18-2, 18-5. More importantly, Mr. Chernyak's brokerage statements confirm that he (*i.e.*, "Igor Chernyak") is in fact the beneficial owner of the securities at issue. *See* Exhibit F to Supplemental Declaration attached hereto. Thus, Mr. Chernyak's past use of the name "Gary" is completely inconsequential and has no bearing on this litigation.[2]

---

[2] The Betebenners also overlook 15 U.S.C. § 7006(5), which defines "electronic signature" as any "electronic sound, symbol, or process, attached to or logically

8

Similarly, the fact that Mr. Chernyak's attorneys did not respond to various questions from the Betebenners' counsel likewise does not amount to "proof" of his inability to adequately represent the interests of the class. The PSLRA allows for discovery of lead plaintiff movants "only if the plaintiff [seeking discovery] first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iv). The Betenbenners' only basis for seeking discovery was Mr. Chernyak's conduct dating back to the 1990s, as explained by the Betenbenners' counsel. *See* ECF No. 34-2 at 4 (referring counsel to "U.S. prosecution of an individual that was using an alias name that is the same name as [Mr. Chernyak]"). Since that conduct provides no basis to find Mr. Chernyak "inadequate," it does not provide any "reasonable basis" to conduct discovery. *In re Oppenheimer Rochester Funds Grp. Sec. Litig.,* C.A. No. 09-md-02063-JLK-KMT, 2009 U.S. Dist. LEXIS 113555, at \*24-25 (D. Colo. Nov. 18, 2009); *see also Chupa,* 2020 U.S. Dist. LEXIS 36506, at \*13 n.4 (rejecting request for discovery stemming from twenty-year-old felony conviction); *Hodges v. Immersion Corp.,* No. C-09-4073 MMC, 2009 U.S. Dist. LEXIS 122565, at \*12-13 (N.D. Cal. Dec. 21, 2009) (citing *Ferrari v. Impath, Inc.,* C.A. No. 03-cv-5667(DAB), 2004 U.S. Dist. LEXIS 13898, \*24 (S.D.N.Y. 2004) (holding, where putative class member "produced not one iota of evidence" in support of theory presumptively most adequate plaintiff would be incapable of adequately representing

---

associated with a contract or other record and executed or adopted by a person with the intent to sign the record." Thus, even if Mr. Chernyak signed his certification with "Gary," it is still a valid "electronic signature." *See also* Colo. Rev. Stat. § 24-71.3-102(8) (definition of "electronic signature").

9

class, class member not entitled to discovery)); *In re Tronox, Inc.,* 262 F.R.D. 338, 347-348 (S.D.N.Y. 2009) (denying discovery request without "sufficient evidence to give rise to a reasonable basis on which to authorize discovery" and where "such discovery [would] only cause unnecessary delay and expense, likely to provide results that are neither helpful nor likely to change the outcome"). Therefore, Mr. Chernyak was not obligated to answer the Betebenners' counsel's questions and his refusal to do so should not be construed against him. *In re Cendant, 264 F.3d at 270 n.49* (discovery "may be conducted only if the plaintiff [seeking discovery], first demonstrates a reasonable basis for finding that the presumptively most adequate plaintiff is incapable of adequately representing the class.") (alteration in original).

Finally, without any evidence and contrary to Mr. Chernyak's and his counsel's representations otherwise, the Betebenners claim that "serious unanswered questions" exist as to whether Mr. Chernyak will travel to the U.S. to participate in the litigation. ECF No. 33 at 10. Mr. Chernyak signed his certification and declaration with the understanding that if appointed he may be required to attend proceedings in the U.S. if the need arose. In his certification, Mr. Chernyak states: "I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary." ECF No. 18-2. Mr. Chernyak reiterated his willingness to attend U.S. proceedings in his declaration, stating that he was aware of and willing to carry out the "responsibilities of serving as a lead plaintiff," notwithstanding the fact that he presently resides in the UAE. ECF No. 18-5. Foreign shareholders are routinely appointed as lead plaintiffs in securities litigations throughout the country. *See Foley v. Transocean Ltd.,* 272 F.R.D. 126, 133-34

10

(S.D.N.Y. 2011) ("Courts in this District and others have routinely appointed foreign investors as lead plaintiff"); *Murdeshwar v. Searchmedia Holdings Ltd.,* No. CV106794DSFJEMX, 2010 WL 11556544, at *1 (C.D. Cal. Dec. 15, 2010) ("The only other argument against CPS's adequacy is that its Italian base is far from this Court. Foreign parties litigate in United States courts with regularity and there is no reason to disqualify CPS based on mere distance from the Court."); *In re Tronox,* 262 F.R.D. at 347 (finding that the presumption was not rebutted because "courts routinely appoint hedge funds, foreign investors, and even foreign hedge funds, as lead plaintiffs."). Accordingly, the Betebenners' speculative assertions that Mr. Chernyak is inadequate to serve as lead plaintiff falls short of the high standard of "proof" required to defeat Mr. Chernyak's motion.

## III.    CONCLUSION

Mr. Chernyak respectfully submits that the Court should appoint him as Lead Plaintiff and approve his selection of Levi & Korsinsky as Lead Counsel for the class, and deny the Betebenners' competing motion.

Dated: March 13, 2023                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton
55 Broadway, 4th Floor
New York, New York 10006
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Igor Chernyak and Proposed Lead Counsel for the Class*

11

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2023, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send notification of such filing to the

e-mail addresses denoted on the Court's Electronic Mail Notice List.


**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton
55 Broadway, 4th Floor
New York, New York 10006
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: aapton@zlk.com