**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-03161-DDD-JPO

DENNIS CLIFTON, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

      Plaintiff,

  v.

BRENT WILLIS, FRED COOPER, TIM
HAAS, REGINALD KAPTEYN, ALICIA
SYRETT, GREGORY GOULD, CHUCK
ENCE, CARL AURE, KEVIN MANION,
ED BRENNAN, AMY KUZDOWICZ,
GREG FEA, and CRAIG THIBODEAU,

      Defendants.

---

**MOVANT IGOR CHERNYAK'S MOTION FOR DISCOVERY**

---

## I.    INTRODUCTION

This is a securities fraud class action lawsuit governed by the Securities Exchange Act of 1934, as modified by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Movant Igor Chernyak presently has a motion pending for appointment as the lead plaintiff. Dkt. No. 18. The issue at hand arises from the fact that Mr. Chernyak's motion for lead plaintiff remains *sub judice* and, in turn, the prosecution of this action has been unable to proceed. This delay now risks prejudicing Mr. Chernyak and the class of shareholders he stands to represent, absent relief from the discovery stay presently in place pursuant to the PSLRA. 15 U.S.C. §78u-4(b)(3)(B). While this action has been dormant pending the appointment of a lead plaintiff, a related regulatory enforcement action commenced by the U.S. Securities and Exchange Commission has been proceeding. That action is styled *SEC v. Willis*, Case No. 1:22-cv-2744-GPG-SKC, and involves the same defendants and issues in this case.

By way of background, this action, *i.e.*, the *Clifton* action, alleges federal securities law claims on behalf of NewAge, Inc. ("NewAge") investors against Brent Willis and other former officers and directors. As alleged, Mr. Willis, as NewAge's former Chief Executive Officer, misrepresented material facts to investors about *inter alia* NewAge's business relationships, product development, business prospects, and adequacy of internal controls. Similarly, in the SEC's enforcement action, the SEC alleges that Mr. Willis made numerous materially false and misleading public

statements concerning NewAge's development and sale of beverages during investors conferences, earnings calls, media interviews, and in at least 12 press releases. The crux of the SEC's action is the same as the *Clifton* action.

On September 29, 2023, the SEC defeated Mr. Willis' motion to dismiss. On November 17, 2023, Mr. Willis filed his answer to the SEC's complaint. Based upon discussions with Mr. Willis' counsel, discovery is underway or will commencing imminently. Mr. Chernyak, on behalf of himself and his fellow shareholders, seeks to lift the PSLRA's discovery stay in order to obtain copies of the discovery provided by Mr. Willis to the SEC. Mr. Chernyak's counsel has conferred with Mr. Willis' counsel, who opposes this request.

## II.    ARGUMENT

Mr. Chernyak's request for discovery is supported by case law. Courts have permitted similar discovery "when the request is both particularized *and* necessary to preserve evidence or to prevent undue prejudice." *In re Spectranetics Corp. Sec. Litig.,* Civil Action No. 08-cv-02048-REB-KLM, 2009 U.S. Dist. LEXIS 100748, at *6 (D. Colo. Oct. 14, 2009). Undue prejudice in this context has been interpreted to mean "improper or unfair treatment amounting to something less than irreparable harm," and can exist where "plaintiffs would be unable to make informed decisions about their litigation strategy in a rapidly shifting landscape because they are the only major interested party without documents forming the core of their proceedings." *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, 2009 U.S. Dist. LEXIS 108322,

2

at *6 (S.D.N.Y. Nov. 16, 2009) (internal quotations and citations omitted). In determining whether to lift the discovery stay, other "unique circumstances" should be present "such as settlement negotiations or a defendant's pending bankruptcy". *In re Spectranetics*, 2009 U.S. Dist. LEXIS 100748, at *12. Other factors include "the defendants' financial state, settlement negotiations, case management, and the effect of delay." *Bank of Am.*, 2009 U.S. Dist. LEXIS 108322, at *6.

In this instance, regulatory authorities are not merely "investigating" Mr. Willis. Instead, an enforcement action with the same Rule 10b-5 claims has been brought by the SEC and therefore the class in the *Clifton* action and the SEC are "vying for a piece of a limited pie, and plaintiffs would be at a serious disadvantage without the requested discovery." *In re Spectranetics*, 2009 U.S. Dist. LEXIS 100748, at *14 (quoting *In re Sunrise Senior Living Derivative Litig.,* 584 F. Supp. 2d 14, 18 (D.D.C. 2008)). Moreover, NewAge has already filed for bankruptcy. *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002) (acknowledging the risk plaintiffs face of "pursu[ing] [an] action against defendants who no longer have anything or at least as much to offer").

Further, Mr. Chernyak's request is particularized; it is limited to the documents that have already been provided to the SEC during its investigation of NewAge and the documents the SEC will receive with respect to its ongoing enforcement action against Mr. Willis. *See Kaplan v. S.A.C. Cap. Advisors, L.P.*, 947 F. Supp. 2d 368, 370 (S.D.N.Y. 2013) (modifying PSLRA discovery stay "for the

limited purpose of allowing the plaintiffs to obtain all document discovery now or hereafter produced to the defendants by the Securities and Exchange Commission and the United States Attorney's Office for the Southern District of New York"). Finally, the information sought by Mr. Chernyak would not burden NewAge. NewAge "ha[s] already collected, reviewed, and organized the documents for production in other proceedings, and the burden of making another copy for [Mr. Chernyak] will be slight." *Bank of Am.*, 2009 U.S. Dist. LEXIS 108322, at *8.

## III.    CONCLUSION

For the foregoing reasons, Mr. Chernyak respectfully requests that the PSLRA's discovery stay be LIFTED for the limited purpose of requiring Mr. Willis to provide Mr. Chernyak with copies of all discovery provided to the SEC in the course of the SEC's enforcement action, including documentary discovery and deposition testimony.

Dated: January 26, 2024          Respectfully submitted,

**LEVI & KORSINSKY, LLP**

 */s/ Adam M. Apton*
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Mr. Chernyak and*
*Proposed Lead Counsel for the Class*

## CERTIFICATE OF CONFERRAL

I hereby certify that on January 26, 2024, counsel for Mr. Chernyak and Mr. Willis met and conferred via telephone to discuss the issues raised in this motion. Counsel conferred initially on December 14, 2023 and then again on January 25, 2024. The parties were unable to reach an agreement and respectfully submit that judicial intervention is necessary.

/s/ *Adam M. Apton*
Adam M. Apton

## CERTIFICATION RE: ARTIFICIAL INTELLIGENCE

I hereby certify that no portion of the filing was drafted by artificial intelligence. All legal citations are to actual existing cases and/or cited authority.

/s/ *Adam M. Apton*
Adam M. Apton

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

/s/ *Adam M. Apton*
Adam M. Apton