IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-03161-DDD-JPO

DENNIS CLIFTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

Plaintiffs,

v.

BRENT WILLIS, FRED COOPER, TIM HAAS, REGINALD KAPTEYN, ALICIA SYRETT,
GREGORY GOULD, CHUCK ENCE, CARL AURE, KEVIN MANION, ED BRENNAN,
AMY KUZDOWICZ, GREG FEA, and CRAIG THIBODEAU,

Defendants.

_____

**RESPONSE OF DAMIAN BETEBENNER AND CIGDEM BETEBENNER TO IGOR
CHERNYAK'S MOTION FOR DISCOVERY**

_____

**PRELIMINARY STATEMENT**

Lead Plaintiff movants Damian Betebenner and Cigdem Betebenner (the "Betebenners") hereby respond to the motion of Lead Plaintiff movant Igor Chernyak (*a.k.a.* "Gary Chern", *a.k.a.* "Fedor") to lift the PSLRA[1] discovery stay ("Discovery Motion") to require the Defendant Brent Willis to produce discovery that he produced to the SEC in its case against him in *SEC v. Willis*, Case No. 1:22-cv-2744-GPG-SKC. Movant Igor Chernyak's Motion for Discovery, filed in the above-captioned matter on January 26, 2024 (ECF No. 55).

This Court should not attempt to resolve Chernyak's Discovery Motion (which was made without prior consultation of the Betebenners) at this time as it is premature. Chernyak is not a named party in this case, but instead a Lead Plaintiff movant pursuant to the PSLRA, and as such, has no authority to speak for the parties or the putative class. A similar attempt to act without authority made by counsel for Chernyak in another case was recently attempted to no avail. *See Arbour v. Tingo Grp., Inc., et al.*, No. 23-03151 (D.N.J.) ("*Arbour*") (counsel for a lead plaintiff movant made letter request to lift the PSLRA discovery stay to obtain SEC documents during pendency of competing lead plaintiff motions; the court denied that movant's lead plaintiff motion and has scheduled a conference with the movant who was appointed lead plaintiff). *Arbour* ECF Nos. 47, 48, & 51 (attached as Exs. A, B & C to the Declaration of James M. Wilson, Jr. in Support of Response of Damian Betebenner and Cigdem Betebenner to Igor Chernyak's Motion for Discovery, filed herewith).

There are three Lead Plaintiff motions that remain pending and that are hotly contested. The Betebenners strongly oppose Chernyak's motion for Lead Plaintiff based on significant

---

[1]     The Private Securities Litigation Reform Act of 1995 is defined as the "PSLRA."

disqualifying grounds including his lack of candor, and serious doubts about his honesty and credibility. These issues arise from his failure to initially disclose to this Court his prior conviction for conspiracy and extortion for which he was sentenced to 57 months in federal prison, his continued use of an apparent alias in these proceedings, and doubts whether he will travel to the U.S. for this case from his residence in Dubai.[2] Chernyak is not suited for and is inadequate to try to fulfill the important fiduciary duties owed to the class as Lead Plaintiff.

The decision as to whether to move to lift the PSLRA discovery stay should be made by the movant who is ultimately appointed Lead Plaintiff. Chernyak does not attempt to address whether he, as a movant and not as a "party", has standing under the PSLRA to seek early discovery, which he does not. Nor does he mention the practical problems down the road if he obtains discovery in the SEC case but is not appointed Lead Plaintiff. At bottom, Chernyak's Discovery Motion appears to be more of gamesmanship to distract from the numerous fatal deficiencies with his Lead Plaintiff motion. His Discovery Motion asking this Court to resolve discovery disputes at this time is premature, and may well be inefficient and a waste of the Court's resources if another movant is ultimately appointed Lead Plaintiff.

The Betebenners are the only remaining movants with the largest financial interest who satisfy the requirements of Fed. R. Civ. P. Rule 23 and they should be appointed Lead Plaintiff. Once they are appointed Lead Plaintiff then they will make a decision as to the appropriateness

---

[2]     *See* Damian Betebenner and Cigdem Betebenner's Mem. of Law In Opp'n to Competing Mots. for Appointment as Lead Pl. and Approval of Lead Counsel 8-10 ("Betebenners' Opp.") (ECF No. 33); *see also* Damian Betebenner and Cigdem Betebenner's Reply Mem. of Law in Further Supp. of Their Mot. for: (1) Consolidation of the Related Actions; (2) Appointment as Lead Pl.; and (3) Approval of Lead Pl.'s Selection of Lead Counsel 2 ("Betebenners' Reply") (ECF No. 38).

of seeking discovery in the SEC case.

## I.        THE BETEBENNERS SHOULD BE APPOINTED LEAD PLAINTIFF

The Betebenners are the only movants with the largest financial interest in this case and who also meet rule 23's adequacy requirement.

The Betebenners strongly oppose the appointment of Chernyak as Lead Plaintiff. As argued in their Lead Plaintiff briefing (and supported by evidence submitted with their briefing), Chernyak is inadequate under Rule 23 to represent the class members for the following reasons:

- Chernyak disqualified himself from appointment as lead plaintiff because he failed to be upfront with the Court in his opening lead plaintiff papers to disclose his prior federal criminal conviction under the name "Gary Chern" for conspiracy and extortion and sentence to 57 months in federal prison (Betebenners' Reply 2, 4-6);

- Chernyak's conviction for extortion is viewed by many courts as a crime involving dishonesty and the additional information submitted by the DOJ at the sentencing phase case serious doubts about Chernyak's honesty and credibility (Betebenners' Reply 5-6);

- Chernyak continues to refuse to answer whether he is seeking Lead Plaintiff under his legal name – he used the name Gary Chern at the time of his conviction - which raises the question of whether he has submitted a false PSLRA Certification (Betebenners' Reply 2-4):

- His prior conviction of felonies involving dishonesty, as well as his actions in this Lead Plaintiff process, are disqualifying (Betebenners' Reply 5);

- He has not committed to travelling to this jurisdiction for trial (Betebenners' Opp. 10; Betebenners' Reply 4).

The lead plaintiff motion by Joseph Wodiuk also should be denied. His losses on his reported transactions place him in third place behind Chernyak and the Betebenners and none of his arguments to be appointed Lead Plaintiff over the Betebenners holds water. Betebenners' Reply, 6-11.

The Betebenners should be appointed Lead Plaintiff. Once that is done they will diligently address the issue of lifting the PSLRA stay in order to obtain discovery from the SEC case.

## II. CHERNYAK'S DISCOVERY MOTION IS PREMATURE AND A WASTE OF THE COURT'S RESOURCES AT THIS TIME

The PSLRA stays all discovery and other proceedings during the pendency of any motion to dismiss "unless the court finds upon the motion of any **party** that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that **party**." *See* 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Chernyak is a movant and not a "party" under the PSLRA who may seek to lift the discovery stay. The case law on which he relies in his Discovery Motion addresses motions to lift the PSLRA discovery stay that have been made by the court-appointed lead plaintiff, not a movant to be appointed lead plaintiff. *See In re Spectranetics Corp. Sec. Litig.*, Civil Action No. 08-cv-02048-REB-KLM, 2009 WL 3346611, 2009 U.S. Dist. LEXIS 100748 (D. Colo. Oct. 14, 2009) (finding that appointed lead plaintiff failed to satisfy the requirements to lift the discovery stay during a pending motion to dismiss); *see also In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, No. 09 MDL 2058(DC), 2009 WL 4796169, 2009 U.S. Dist. LEXIS 108322, (S.D.N.Y. Nov. 16, 2009) (lifting the discovery stay *but only after* the

4

appointment of lead plaintiff and during the pendency of a motion to dismiss); *see also In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 301-02 (S.D.N.Y. 2002); *see also Kaplan v. S.A.C. Cap. Advisors, L.P.*, 947 F. Supp. 2d 368 (S.D.N.Y. 2013) (motion to lift discovery stay filed by lead plaintiff).

Finally, as a mere hopeful lead plaintiff, it is entirely premature for the Court to even consider Chernyak's request for discovery because discovery proceedings have not begun under Rule 26.  Fed R. Civ. P. 26(a)(1)(C); *see also SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 189 F.3d 909, 912–13 (9th Cir. 1999) (noting that the stay provision "clearly contemplates that discovery should be permitted in securities class actions ***only after*** the court has sustained the legal sufficiency of the complaint") (emphasis added) (internal quotation marks omitted).

At this stage of litigation, limited discovery proceedings would only be available if the Betebenners sought additional evidence to rebut the presumption that Chernyak can fairly and adequately represent the proposed class of investors.  *See Prisset v. Emcore Corp.*, No. 08-1190 MV/RLP, 2010 WL 7926232, at *1 (D.N.M. July 14, 2010) (limited discovery allowed to rebut presumption that lead plaintiffs were capable of adequately representing the class where no other discovery had been conducted); *see also In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999) (discovery of lead plaintiff movant had "prove[d] illuminating" in rejecting movant as lead plaintiff).   Such discovery is not sought by the Betebrenners at this time and is not necessary, as they have submitted more than ample evidence to rebut that presumption.

**CONCLUSION**

For the foregoing reasons, the Betebenners respectfully request that the Court temporarily

hold in abeyance the Discovery Motion, appoint them Lead Plaintiff, and then consider any

application they make to lift the PSLRA discovery stay.

Dated:  February 16, 2024

Respectfully submitted,


By: s/ *James M. Wilson, Jr.*


James M. Wilson, Jr.
Robert W. Killorin (application for admission
forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
E-mail: jwilson@faruqilaw.com
E-mail: rkillorin@faruqilaw.com


*Attorneys for [Proposed] Lead Plaintiffs Damian
Betebenner and Cigdem Betebenner and [Proposed] Lead
Counsel for the Class*

6

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

I hereby certify that the foregoing Response of Damian Betebenner and Cigdem

Betebenner to Igor Chernyak's Motion for Discovery complies with the type-volume limitation

set forth in Judge Domenico's Practice Standard III(A)(1).

s/ James M. Wilson, Jr.
James M. Wilson, Jr.

7

**CERTIFICATE OF SERVICE**

I, James M. Wilson, Jr., hereby certify that on February 16, 2024, I electronically filed

the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of

such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

s/ James M. Wilson, Jr.<br>
James M. Wilson, Jr.