# EXHIBIT A



33 Whitehall Street, 17th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

**Adam M. Apton**
aapton@zlk.com

January 31, 2024

**VIA CM/ECF**
Honorable Michael A. Hammer, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:    *Arbour v. Tingo Group, Inc., et al.*
>        <u>Civil Action No.: 2:23-cv-03151 (ES-MAH)</u>

Dear Judge Hammer:

Our office represents plaintiff-movant Shunsei Tazaki in this securities fraud class action lawsuit. Mr. Tazaki presently has a motion pending for appointment as the lead plaintiff pursuant to the Securities Exchange Act of 1934, as modified by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Dkt. Nos. 3, 29. Although his motion has not yet been granted, Mr. Tazaki respectfully believes it is necessary to immediately raise an urgent discovery dispute with the Court. The resolution of this discovery dispute will likely affect the merits of this action regardless of whomever the Court ultimately appoints as the lead plaintiff.

The issue at hand arises from the fact that Mr. Tazaki's motion for lead plaintiff remains *sub judice* and, in turn, the prosecution of this action has been unable to proceed. This delay now risks prejudicing Mr. Tazaki and the class of shareholders he stands to represent, absent relief from the discovery stay presently in place pursuant to the PSLRA. 15 U.S.C. §78u-4(b)(3)(B). While this action has been dormant pending the appointment of a lead plaintiff, the U.S. Securities and Exchange Commission commenced an enforcement proceeding against Tingo Group, Inc. and its CEO, Mmobuosi Odogwu Banye a/k/a Dozy Mmobuosi. The action is styled *SEC v. Banye, et al.*, No. 23-cv-10928 (S.D.N.Y.), and involves the same defendants and issues in this case. Mr. Tazaki asked counsel for Tingo Group to produce a copy of any discovery produced to the SEC. Tingo Group's counsel has refused on the basis that the Court has not yet appointed a lead plaintiff and that discovery should remain stayed pending the resolution of a motion to dismiss under the PSLRA.

Mr. Tazaki's request for discovery is supported by the PSLRA itself and case law from across the country. Discovery is permitted when plaintiffs seek "particularized discovery" to "prevent undue prejudice." 15 U.S.C. §78u-4(b)(3)(B). Undue prejudice in this context has been interpreted to mean "improper or unfair treatment amounting to something less than irreparable



harm," and can exist where "plaintiffs would be unable to make informed decisions about their litigation strategy in a rapidly shifting landscape because they are the only major interested party without documents forming the core of their proceedings." *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, 2009 U.S. Dist. LEXIS 108322, at *6 (S.D.N.Y. Nov. 16, 2009) (internal quotations and citations omitted). In determining whether to lift the discovery stay, "[c]ourts have regularly held that requests seeking documents produced to regulatory agencies or produced in other proceedings were particularized." *Courter v. CytoDyn, Inc.*, 2022 WL 621535, at *2 (W.D. Wash. Mar. 3, 2022); *see also*, *e.g.*, *In re FirstEnergy Corp. Sec. Litig.*, 2021 WL 2414763, at *4 (S.D. Ohio June 14, 2021) ("Courts regularly find that specific requests for alreadyproduced discovery satisfy the particularity requirement of the exception to a [PSLRA] discovery stay."). Thus, where an ongoing enforcement proceeding is unfolding involving the same defendants and same issues, courts regularly find "undue prejudice" and permit limited modifications of the discovery stay. *See*, *e.g.*, *Turocy v. El Pollo Loco*, 2017 WL 2495172, at *2 (C.D. Cal. May 10, 2017) (modifying stay where other litigation could outpace plaintiffs' litigation "potentially diminish[ing] El Pollo Loco's resources and [] its ability to settle"); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002) (modifying stay because, if plaintiffs "must wait until the resolution of a motion to dismiss to obtain discovery . . . , it faces the very real risk that it will be left to pursue its action against defendants who no longer have anything or at least as much to offer").

Plaintiffs seek only "a clearly defined universe of documents" that has been "produced in connection with other identified proceedings." *Id*. In this instance, regulatory authorities are not merely "investigating" Tingo Group and Mr. Banye but an enforcement action with the same Rule 10b-5 claims has been brought by the SEC. Mr. Tazaki's request is therefore particularized; it is limited to the documents that have already been provided to the SEC during its investigation of Tingo Group and the documents the SEC will receive with respect to its ongoing enforcement action. *See Kaplan v. S.A.C. Cap. Advisors, L.P.*, 947 F. Supp. 2d 368, 370 (S.D.N.Y. 2013) (modifying PSLRA discovery stay "for the limited purpose of allowing the plaintiffs to obtain all document discovery now or hereafter produced to the defendants by the Securities and Exchange Commission and the United States Attorney's Office for the Southern District of New York"). A "specific request" for "already-produced discovery"—including "documents already produced in [a] related investigation"—seeks a "concrete and well-defined set of materials" that "is sufficiently particularized." *In re Eargo, Inc. Sec. Litig.*, No. 21-cv-8597-CRB, slip op. at 4 (N.D. Cal. June 30, 2022).

The request for these productions is precisely the type of "already assembled and produced" and "closed universe of materials" that courts routinely hold is sufficiently particularized under the PSLRA's requirements. *In re Delphi Corp. Sec., Deriv & "ERISA" Litig.*, 2007 WL 518626, at *4 (E.D. Mich. Feb. 15, 2007); *see also WorldCom*, 234 F. Supp. 2d at 306 (request for "certain documents which WorldCom has already produced in connection with other identified proceedings" was particularized); *Courter*, 2022 WL 621535, at *2 (finding requests for documents produced in ongoing SEC and DOJ investigations particularized); *In re Bank of Am. Corp. Sec., Deriv., & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 2009 WL 4796169, at *3 (S.D.N.Y.



Nov. 16, 2009) (requests for materials that were already "collected, reviewed, and organized . . . for production in other proceedings" were particularized); *Waldman v. Wachovia Corp.*, 2009 WL 86763, at *1 (S.D.N.Y. Jan. 12, 2009) (request "limited to a set of documents already provided to state and federal regulators" was particularized); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 249-50 (D. Md. 2004) (requests seeking "documents . . . produced to governmental, regulatory, or self regulatory agencies" were particularized); *In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004) (requests for "the closed universe of materials that [the defendant] has already produced for government investigators and the federal grand jury" was particularized).

The information sought by Mr. Tazaki would not burden Tingo Group or its counsel. Tingo Group has already collected, reviewed, and organized the documents for production in other proceedings, and the burden of making another copy for [Mr. Tazaki] will be "slight." *Westchester Putnam Heavy & Highway Laborers Loc. 60 Benefit Funds v. Sadia S.A.*, 2009 WL 1285845, at *1 (S.D.N.Y. May 8, 2009) ("slight" burden did not outweigh "potential prejudice" if stay was not lifted). As courts have explained in these precise circumstances, "[i]n a sense this discovery has already been made, and it is merely a question of keeping it from a party because of the strictures of a statute designed to prevent discovery abuse." *In re Enron Corp. Sec., Deriv. & "ERISA" Litig.*, 2002 WL 31845114, at *2 (S.D. Tex. Aug. 16, 2002); *see also*, *e.g.*, *Turocy*, 2017 WL 2495172, at *2 (producing party "cannot" argue that "they would be burdened by providing Plaintiffs with the § 220 Materials, which they have already reviewed and compiled"); *Courter*, 2022 WL 621535, at *3–4 (modifying the stay and finding production of already-reviewed documents presents a "minimal burden," and, in this context, "maintaining the discovery stay as to materials already provided to government entities does not further the policies behind the PSRLA").

For the foregoing reasons, Mr. Tazaki respectfully requests that the PSLRA's discovery stay be LIFTED for the limited purpose of requiring Tingo Group and Mr. Banye to produce copies of all discovery provided to the SEC in the course of the SEC's regulatory enforcement action, including documentary discovery and deposition testimony.

Respectfully submitted,

*/s/ Adam M. Apton*
Adam M. Apton

cc: All Counsel of Record (via ECF)