**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-03161-DDD-JPO

DENNIS CLIFTON, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

      Plaintiff,

  v.

BRENT WILLIS, FRED COOPER, TIM
HAAS, REGINALD KAPTEYN, ALICIA
SYRETT, GREGORY GOULD, CHUCK
ENCE, CARL AURE, KEVIN MANION, ED
BRENNAN, AMY KUZDOWICZ, GREG
FEA, and CRAIG THIBODEAU,

      Defendants.

---

**MOVANT IGOR CHERNYAK'S REPLY
IN FURTHER SUPPORT OF MOTION FOR DISCOVERY**

---

## I.    INTRODUCTION

Neither Defendant Brent Willis nor the competing lead plaintiff movants Damian and Cigdem Betenbenner provide a legitimate basis for denying Mr. Chernyak's motion for discovery. Mr. Chernyak, on behalf of the alleged class, seeks an order modifying the PSLRA's mandatory discovery stay. If granted, the relief requested would benefit the entire class by gaining access to the evidentiary record that already exists in the U.S. Securities and Exchange Commission's enforcement action against Mr. Willis, styled *SEC v. Willis*, Case No. 1:22-cv-2744-GPG-JPO. This, in turn, would allow the lead plaintiff (whomever it ultimately will be) to plead claims consistent with the factual record. There is abundant support in the case law for Mr. Chernyak's request.

Mr. Willis does not address this case law head on but instead opposes Mr. Chernyak's motion on procedural grounds. He argues that a lead plaintiff has not yet been appointed and, until one is, Mr. Chernyak's request is not ripe. Mr. Willis provides no case law to support this argument and, in fact, his current position on the issue contradicts his past actions in the case. In April 2023, Judge Daniel D. Domenico issued an order to show cause concerning service of the defendants. Dkt. No. 47. Mr. Chernyak, who was neither the initial named plaintiff nor the court-appointed lead plaintiff, was the only litigant who responded to the order to show cause. Dkt. No. 49. Mr. Willis did not object at that time to Mr. Chernyak's actions on behalf of the class. Thus, his objection to Mr. Chernyak's actions now lacks

credibility and should be rejected.

Meanwhile, the Betenbenners completely miss the mark. Instead of joining in Mr. Chernyak's request for the benefit of the class, they used their opposition as an opportunity to reiterate their arguments against Mr. Chernyak's motion for lead plaintiff. Nothing they say is relevant to Mr. Chernyak's motion for discovery. If anything, their opposition brief detracts from Mr. Chernyak's motion and consequently harms the interests of the alleged class as a whole. This sort of "self-serving behavior" should bar the Betenbenners from the running for lead plaintiff, to the extent their motion is still being considered. *See generally Marcus v. J.C. Penney Co.*, No. 6:13-CV-736, 2014 U.S. Dist. LEXIS 197529, at *22 (E.D. Tex. Feb. 28, 2014).

## II.    ARGUMENT

### A.    The Case Law Weighs Heavily in Favor of Granting Mr. Chernyak's Request for Discovery.

Mr. Willis ignores the fact that Mr. Chernyak's request for discovery is narrow in scope and supported by case law from across the country. "Courts have regularly held that requests seeking documents produced to regulatory agencies or produced in other proceedings were particularized." *Courter v. CytoDyn, Inc.*, 2022 WL 621535, at *2 (W.D. Wash. Mar. 3, 2022); *see also, e.g., In re FirstEnergy Corp. Sec. Litig.*, 2021 WL 2414763, at *4 (S.D. Ohio June 14, 2021) ("Courts regularly find that specific requests for already produced discovery satisfy the particularity requirement of the exception to a [PSLRA] discovery stay."). Thus, where an ongoing enforcement

proceeding is unfolding involving the same defendants and same issues, courts regularly find "undue prejudice" and permit limited modifications of the discovery stay. *See, e.g., Turocy v. El Pollo Loco*, 2017 WL 2495172, at \*2 (C.D. Cal. May 10, 2017) (modifying stay where other litigation could outpace plaintiffs' litigation "potentially diminish[ing] El Pollo Loco's resources and [] its ability to settle"); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002) (modifying stay because, if plaintiffs "must wait until the resolution of a motion to dismiss to obtain discovery . . . , it faces the very real risk that it will be left to pursue its action against defendants who no longer have anything or at least as much to offer").

Regulatory authorities are not merely "investigating" Mr. Willis but an enforcement action with the same Rule 10b-5 claims has been brought by the SEC. Mr. Chernyak's request is therefore particularized; it is limited to the documents that have already been provided to the SEC during its investigation and the documents the SEC will receive with respect to its ongoing enforcement action. *See Kaplan v. S.A.C. Cap. Advisors, L.P.*, 947 F. Supp. 2d 368, 370 (S.D.N.Y. 2013) (modifying PSLRA discovery stay "for the limited purpose of allowing the plaintiffs to obtain all document discovery now or hereafter produced to the defendants by the Securities and Exchange Commission and the United States Attorney's Office for the Southern District of New York"). A "specific request" for "already-produced discovery"—including "documents already produced in [a] related investigation"—seeks a "concrete and well-defined set of materials" that "is sufficiently particularized." *In re*

3

*Eargo, Inc. Sec. Litig.*, No. 21-cv-8597-CRB, slip op. at 4 (N.D. Cal. June 30, 2022).

The request for these productions is precisely the type of "already assembled and produced" and "closed universe of materials" that courts routinely hold is sufficiently particularized under the PSLRA's requirements. *In re Delphi Corp. Sec., Deriv & "ERISA" Litig.*, 2007 WL 518626, at *4 (E.D. Mich. Feb. 15, 2007); *see also WorldCom*, 234 F. Supp. 2d at 306 (request for "certain documents which WorldCom has already produced in connection with other identified proceedings" was particularized); *Courter*, 2022 WL 621535, at *2 (finding requests for documents produced in ongoing SEC and DOJ investigations particularized); *In re Bank of Am. Corp. Sec., Deriv., & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009) (requests for materials that were already "collected, reviewed, and organized . . . for production in other proceedings" were particularized); *Waldman v. Wachovia Corp.*, 2009 WL 86763, at *1 (S.D.N.Y. Jan. 12, 2009) (request "limited to a set of documents already provided to state and federal regulators" was particularized); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 249-50 (D. Md. 2004) (requests seeking "documents . . . produced to governmental, regulatory, or self regulatory agencies" were particularized); *In re FirstEnergy Corp. Sec. Litig.*, 229 F.R.D. 541, 545 (N.D. Ohio 2004) (requests for "the closed universe of materials that [the defendant] has already produced for government investigators and the federal grand jury" was particularized).

The information sought by Mr. Chernyak would not burden Mr. Willis or his

counsel. Mr. Willis has already collected, reviewed, and organized the documents for production in other proceedings, and the burden of making another copy for [Mr. Chernyak] will be "slight." *Westchester Putnam Heavy & Highway Laborers Loc. 60 Benefit Funds v. Sadia S.A.*, 2009 WL 1285845, at *1 (S.D.N.Y. May 8, 2009) ("slight" burden did not outweigh "potential prejudice" if stay was not lifted). As courts have explained in these precise circumstances, "[i]n a sense this discovery has already been made, and it is merely a question of keeping it from a party because of the strictures of a statute designed to prevent discovery abuse." *In re Enron Corp. Sec., Deriv. & "ERISA" Litig.*, 2002 WL 31845114, at *2 (S.D. Tex. Aug. 16, 2002); *see also*, *e.g.*, *Turocy*, 2017 WL 2495172, at *2 (producing party "cannot" argue that "they would be burdened by providing Plaintiffs with the § 220 Materials, which they have already reviewed and compiled"); *Courter*, 2022 WL 621535, at *3–4 (modifying the stay and finding production of already-reviewed documents presents a "minimal burden," and, in this context, "maintaining the discovery stay as to materials already provided to government entities does not further the policies behind the PSRLA").

**B.** **Mr. Willis Was Previously Willing to Allow Mr. Chernyak to Act on Behalf of the Class, Even Though He Was Not Yet Appointed Lead Plaintiff.**

The doctrine of judicial estoppel seeks "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine,* 532 U.S. 742, 749-50 (2001)

(citation and internal quotation marks omitted); *Saili v. Waste Mgmt. of Kan. Inc.*, No. 22-3268, 2023 U.S. App. LEXIS 24629, at *2-3 (10th Cir. Sep. 18, 2023) (affirming application judicial estoppel). Mr. Willis previously endorsed Mr. Chernyak's authority to act on behalf of the alleged class when responding to Judge Domenico's order to show cause. He should not be permitted to take a contrary position now based on the "exigencies of the moment." *New Hampshire*, 532 U.S. at 749-50.

On April 26, 2023, Judge Domenico issued an order requiring Plaintiff Dennis Clifton to show cause why the action should not be dismissed for failing to serve the defendants. Dkt. No. 47. Mr. Chernyak responded on behalf of the alleged class; he was the only one to do so. As detailed in his response, Mr. Chernyak's counsel contacted counsel for each of the defendants, including Mr. Willis, to negotiate service of process and entering appearances in the action. Dkt. No. 49 at 3-4 ("Having not yet been appointed as the lead plaintiff, neither Mr. Chernyak nor any other movant has been able to effect service on the defendants. Notwithstanding, counsel for Mr. Chernyak has spoken with counsel for defendants and secured agreements from them to accept service and/or file appearances in the Clifton action."). But for Mr. Chernyak's outreach and negotiation efforts, the action may very well have been dismissed under Judge Domenico's order to show cause.

Now, Mr. Chernyak once again seeks to take action for the benefit of the alleged class, notwithstanding the fact that he has not yet been appointed as the lead plaintiff. His request for discovery is made for the benefit of the class, given that it

will benefit whomever the Court ultimately appoints as the lead plaintiff. Mr. Willis should not be allowed to defeat Mr. Chernyak's motion simply because he has yet to be appointed as the lead plaintiff.

### C.    The Betenbenners' Response Is Irrelevant and Meritless.

The Betenbenners do not address the merits of Mr. Chernyak's motion. Instead, they use their opposition brief simply to reiterate the same meritless arguments they previously filed in response to Mr. Chernyak's motion for lead plaintiff. As previously argued, Mr. Chernyak lost over $3 million in connection with Defendants' alleged fraud. He has the "largest financial interest" in the outcome of the action and therefore is entitled to the PSLRA's statutory presumption of "lead plaintiff." *See* 15 U.S.C. § 78u-4(B)(iii)(i). While the Betenbenners continue to harp on Mr. Chernyak's past criminal record, it is absolutely irrelevant to the "typicality" and "adequacy" requirements for serving as the lead plaintiff in this action.

When dealing with a movant's past criminal conduct, "[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct. Exceptions have been made for unrelated criminal convictions only in a few instances where issues of credibility were raised by confirmed examples of past dishonesty such as fraud or a criminal conviction for an offense that requires proof of dishonesty." *Chupa v. Armstrong Flooring, Inc.*, No. 2:19-CV-09840-CAS (MRWx), 2020 U.S. Dist. LEXIS 36506, at *8-9 (C.D. Cal. Mar. 2, 2020) (emphasis and internal citations omitted); *Nevarez v. Forty*

*Niners Football Co.*, 326 F.R.D. 562, 583-84 (N.D. Cal. 2018) (finding that convictions for assaults with deadly weapons and DUI convictions that were more than 20 years old did not render class representative inadequate); *Delgado v. New Albertson's, Inc.*, No. SACV 08-0806 DOC (MLGx), 2010 U.S. Dist. LEXIS 157797, at \*11 (C.D. Cal. Mar. 15, 2010) (certifying a class with a representative who had prior felony convictions); *Stemple v. QC Holdings, Inc.*, No. 12-cv-01997-BAS(WVG), 2014 U.S. Dist. LEXIS 125313, at \*22 (S.D. Cal. Sep. 5, 2014) (finding class representative adequate despite 14-year-old conviction for sex with a minor); *McCall v. Drive Fin. Services, LP*, 236 F.R.D. 246, 251 (E.D. Pa. 2006) (plaintiff's past felony criminal conviction was "irrelevant" to plaintiff's "ability to represent the class vigorously and responsibly").

In sum, the Betenbenners' arguments are insufficient to disqualify Mr. Chernyak. *See In re Molycorp, Inc. Sec. Litig.*, No. 12-cv-0292- WJM-KMT, 2012 U.S. Dist. LEXIS 89191, at \*4-5 (D. Colo. May 29, 2012) ("Th[e] presumption can be rebutted with proof that the movant is either atypical or inadequate. However, speculation that a movant may be either atypical or inadequate will not defeat the PSLRA's most adequate plaintiff presumption.").

## III.    CONCLUSION

For the foregoing reasons, Mr. Chernyak respectfully requests that the PSLRA's discovery stay be LIFTED for the limited purpose of requiring Mr. Willis to provide Mr. Chernyak with copies of all discovery provided to the SEC in the course

of the SEC's regulatory enforcement action, including documentary discovery and deposition testimony.

Dated: March 1, 2024                    Respectfully submitted,

                                        **LEVI & KORSINSKY, LLP**

                                        */s/ Adam M. Apton*
                                        Adam M. Apton
                                        33 Whitehall Street, 17th Floor
                                        New York, New York 10004
                                        Telephone: (212) 363-7500
                                        Facsimile: (212) 363-7171
                                        Email: aapton@zlk.com

                                        *Counsel for Mr. Chernyak and*
                                        *Proposed Lead Counsel for the Class*

## CERTIFICATION RE: ARTIFICIAL INTELLIGENCE

I hereby certify that no portion of the filing was drafted by artificial intelligence. All legal citations are to actual existing cases and/or cited authority.

                                        /s/ *Adam M. Apton*
                                        Adam M. Apton

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

                                        /s/ *Adam M. Apton*
                                        Adam M. Apton

9