**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:22-cv-03161-DDD-JPO

DENNIS CLIFTON, INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

     Plaintiffs,

v.

BRENT WILLIS, et al.

     Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDA-
TION**

---

This is a putative federal securities class action suit related to an-
other pending, putative class action suit in this district involving the
same defendants: *Taylor v. Willis, et al.*, No. 23-cv-00127-RMR-STV
("*Taylor*"). I referred several motions to Magistrate Judge O'Hara, in-
cluding three motions all seeking consolidation with *Taylor* that also
contained competing requests for appointment of lead plaintiff among
three separate movants. Docs. 18, 19, 26. I also referred a motion for
discovery filed by one such movant. Doc. 55.

On March 5, 2024, Judge O'Hara denied the motion for discovery,
Doc. 55, and recommended granting one of the motions to consolidate,
Doc. 19, construing that motion as a "dispositive" motion for purposes of
Rule 72. Doc. 61. Judge O'Hara also recommended denying Movants
Wodiuk's and Chernyak's requests to be appointed lead plaintiff and rec-
ommended granting Movants Damian and Cigdem Betebenner's request
to be appointed lead plaintiffs. Doc. 61. Only Movant Wodiuk objected to

- 1 -

Judge O'Hara's rulings, and only as to the issue of appointment of lead plaintiff. Doc. 63.

## APPLICABLE LAW

A district judge conducts a de novo review of those portions of a magistrate judge's recommendation on a dispositive issue to which a party has specifically and timely objected. Fed. R. Civ. P. 72(b)(3); 18 U.S.C. § 636(b)(1). As to the portions of the recommendation to which no timely objection has been made, a district judge may review the magistrate judge's factual and legal conclusions under any standard that it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Upon review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 18 U.S.C. § 636(b)(1).

As to non-dispositive issues, a district court reviews timely objections and must set aside the magistrate judge's determinations that are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 18 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to factual determinations and is highly deferential. *Jacquat v. Hub Int'l Ins. Servs., Inc.*, 2010 WL 3791038, at *2 (D. Colo. Sept. 22, 2010) ("An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made."). An order is "contrary to law" if the magistrate judge "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Guo v. Tyson Foods, Inc.*, 2023 WL 3765052, at *1 (E.D.N.Y. June 1, 2023). Many matters reviewed under the "contrary to law" standard, however, are better "characterized as suitable for an abuse-of-discretion

analysis." *Wright and Miller,* Federal Practice and Procedure § 3069 (3d ed.) (collecting cases).

Courts routinely construe motions for appointment of lead counsel under the Private Securities Litigation Reform Act of 1995 ("PSLRA") as non-dispositive for purposes of Rule 72. *Guo*, 2023 WL 3765052, at *2 (collecting cases). And appellate courts tend to review district courts' appointment of lead plaintiffs under an abuse-of-discretion standard. *Levitt v. Rogers*, 257 F. App'x 450, 452 (2d Cir. 2007); *In re Karkus*, 2010 WL 358974, at *1 (10th Cir. Jan. 27, 2010) (applying abuse-of-discretion standard to request for mandamus relief to overturn district court's appointment of lead plaintiff under PSLRA).

## DISCUSSION

### I.   Consolidation and Discovery

Judge O'Hara recommends consolidating this case with *Taylor*, pursuant to Movants Damian and Cigdem Betebenner's motion. Doc. 61 at 15. Judge O'Hara also denied Movant Chernyak's Motion for Discovery, Doc. 55, with leave for the Betebenners to re-file such a request if they are affirmed as lead plaintiffs. *See* Doc. 61 at 16. Judge O'Hara also denied Movant Chernyak's request to be appointed as lead plaintiff.

No party filed timely objections to any of these rulings. I therefore may review these orders under any standard I deem appropriate. *Summers*, 927 F.2d at 1167. Under any such standard, Judge O'Hara's rulings were correct, and I will adopt them. This case will be consolidated with *Taylor*, and Movant Chernyak's motion for discovery is denied without prejudice.

### II. Appointment of Lead Plaintiff

Movant Wodiuk objects to Judge O'Hara's recommendation that the Betebenners be appointed as lead plaintiffs under the PSLRA. Doc. 63.

As an initial matter, Movant Wodiuk misstates the relevant standard of review for this issue. As noted above, motions to appoint a lead plaintiff under the PSLRA are non-dispositive for purposes of Rule 72. *Guo*, 2023 WL 3765052, at \*2 (collecting cases). Movant Wodiuk's assertion that the dispositive standard of *de novo* review applies under Rule 72(b)(3) is unpersuasive, and he cites no authority for applying that standard here. Nor do I find any reason why this issue would be dispositive as to any particular claim or defense. I therefore review Judge O'Hara's recommendation on this point under the clearly erroneous and contrary-to-law standards applicable to non-dispositive orders.

The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff is a person or group of persons that" filed a complaint or motion in response to a notice and "has the largest financial interest in the relief sought," so long as that person or group otherwise qualifies under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can be rebutted if the presumptive lead plaintiff will not fairly and adequately represent the class's interests or is subject to "unique defenses." *Id.* § 78u-4(a)(3)(B)(iii)(II).

Under that statutory standard, Judge O'Hara determined that Movant Chernyak would be the presumptive lead plaintiff but that the presumption was rebutted by evidence that he lacked candor and the "requisite characteristics or credibility to serve as the putative class's fiduciary in this matter." Doc. 61 at 9. No party timely objected to that finding.

Judge O'Hara then borrowed a four-factor test articulated in *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) to determine who, between the Betebenners and Mr. Wodiuk, should be appointed as lead plaintiff(s). The *Lax* test for determining who has the "largest financial interest" under the PSLRA has four

- 4 -

factors: (1) the total number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate financial losses suffered. *Lax*, 1997 WL 461036 at *5. Judge O'Hara determined that the fourth factor was the most important and that the Betebenners had the greatest losses under that factor. Judge O'Hara further determined that the Betebenners had more net funds expended under the third factor but that Mr. Wodiuk had an advantage under the first two factors. Although Mr. Wodiuk held "considerable advantage[s]" under the first two prongs, because the second two prongs, especially prong four, were "the most critical," the Betebenners' "small advantages" under those prongs outweighed Mr. Wodiuk's advantages under the first two prongs. Doc. 61 at 15.

Movant Wodiuk raises three specific objections to this analysis. First, he argues that Judge O'Hara erred by weighing the third *Lax* factor regarding net funds expended as "arguably the second most important" factor. Mr. Wodiuk concedes that at least one court has adopted this approach, as Judge O'Hara noted. Doc. 61 at 11 (citing *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor Property Group Inc.*, 2016 WL 11648466, at *1 (S.D.N.Y. Nov. 29, 2016). Mr. Wodiuk characterizes this case as an "outlier" decision, citing other courts that have weighed the first two factors more heavily than this third factor. The central problem with this objection, however, is that the *relative weight* assigned to various factors is not a binding legal rule but a guide to the exercise of discretion. Judge O'Hara's decision to give more weight to the third *Lax* factor, consistent with persuasive authority from at least one other court, is not contrary to law or clearly erroneous.

Mr. Wodiuk next objects to Judge O'Hara's determination that the

difference between Mr. Wodiuk's and the Betebenners' net loss was "non-negligible" was in error. At most, this dispute centers on a mixed question of fact and law but leans much more toward a factual determination to which I owe substantial deference. There is nothing clearly erroneous about finding that a nearly $50,000 difference or 8% difference is "non-negligible," particularly where that absolute difference is much higher than those at issue in several of the cases that Mr. Wodiuk cites. *See* Doc. 63 at 12. And again, the relevance of this finding is to determine how much weight to apply to the fourth *Lax* factor, a determination owed substantial deference, particularly where none of this caselaw analysis is strictly binding on this court.

Mr. Wodiuk also cites other sections of the recommendation where Judge O'Hara characterized this difference in losses as "close" or only "slightly greater." Doc. 63 at 13-14. While there may be some tension between these findings and the finding that the difference was "non-negligible," there is nothing inherently contradictory with saying that the difference is both "non-negligible" but also only "slightly" different or "close." Particularly because this amounts to a factual determination or a discretionary determination about the degree of difference, the court sees no error in Judge O'Hara's analysis warranting reversal.

Mr. Wodiuk's last objection centers on Judge O'Hara's ultimate conclusion that the Betebenners have the largest financial interest when viewing all of the *Lax* factors together. In particular, Mr. Wodiuk argues that he and the Betebenners were "functionally tied" as to the fourth *Lax* factor and that he "beats" them as to the first two factors by a wide margin. He also argues that the first two factors should have been weighed much more heavily. But, again, Mr. Wodiuk objects to the relative weight placed on the difference factors, not on any particular calculation of loss. And as stated throughout this opinion, Judge O'Hara

committed no reversible error in weighing the last two *Lax* factors more heavily in this context. Nor did he err in finding that there was a significant enough difference under the fourth factor to find that the Betebenners have the most significant financial interest.

Indeed, Mr. Wodiuk's arguments seem to, at best, amount to an argument that he and the Betebenners have a near-equal financial interest in the outcome of this case. And Mr. Wodiuk provides no persuasive argument for splitting any alleged tie here. The Betebenners are qualified to serve as lead plaintiffs, and Judge O'Hara made no legal or factual error in determining that they had the greatest financial interest under a non-binding, multi-factor test that all parties agree was at least a proper legal framework to apply. The objection to his recommendation is therefore overruled.

## CONCLUSION

It is **ORDERED** that:

Judge O'Hara's Recommendation, **Doc. 61**, is **ADOPTED** in full.

Movant Chernyak's Motion for Discovery, **Doc. 55**, is **DENIED WITHOUT PREJUDICE** as set forth in the Recommendation;

The Betebenner's Motion to Consolidate, *see* **Doc. 19**, is **GRANTED**. In accordance with the Court's inherent power to control its docket and Federal Rule of Civil Procedure 42(a), Civil Action Nos. 23-cv-00127-RMR-STV and 22-cv-03161-DDD-JPO are **CONSOLIDATED** into the above-captioned action for all purposes.

Pursuant to Local Civ. R. 40.1(d)(4)(C), the Clerk of Court is **DIRECTED** to reassign Civil Action No. 23-cv-00127-RMR-STV to the undersigned as the presiding judge, and to retain U.S. Magistrate Judge James P. O'Hara in the referral role in the consolidated case. The Clerk of Court is further **DIRECTED** to docket a copy of this Order in Civil

Action No. 23-cv-00127-RMR-STV;

The Betebenner's Motion for Appointment as Lead Plaintiff, *see* **Doc. 19**, is **GRANTED**. Movants Damian Betebenner and Cigdem Betebenner are appointed as lead plaintiffs in this action, with their selection of Faruqi & Faruqi, LLP appointed as lead counsel as set forth in the Recommendation; and

Movant Chernyak's and Movant Wodiuk's motions for appointment as lead plaintiff, **Docs. 18 and 26**, are **DENIED** as set forth in the Recommendation, Doc. 61, and this Order.

DATED: March 26, 2024        BY THE COURT:

Daniel D. Domenico
United States District Judge