**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-03161-DDD-JPO

DENNIS CLIFTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

Plaintiff,

v.

BRENT WILLIS,
FRED COOPER,
TIM HAAS,
REGINALD KAPTEYN,
ALICIA SYRETT,
GREGORY GOULD,
CHUCK ENCE,
CARL AURE,
KEVIN MANION,
ED BRENNAN,
AMY KUZDOWICZ,
GREG FEA, and
CRAIG THIBODEAU,

Defendants.

---

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
(1) DEFENDANT BRENT WILLIS'S MOTION TO STRIKE PORTIONS OF
PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT AND
EXHIBITS A, B, AND C THERETO AND (2) DEFENDANTS CARL AURE, ED
BRENNAN, CHUCK ENCE, GREG FEA, GREG GOULD, TIM HAAS, REGINALD
KAPTEYN, AMY KUZDOWICZ, AND KEVIN MANION'S MOTION TO JOIN AND
ADOPT IN PART DEFENDANT BRENT WILLIS'S MOTION TO STRIKE**

---

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

ARGUMENT......................................................................................................................... 6

I.      THE CLEAR WEIGHT OF AUTHORITY PROVIDES THAT PLAINTIFFS MAY
        RELY ON THESE MATERIALS ....................................................................................... 7

II.     PLAINTIFFS MAY RELY ON DECLARATIONS FROM OTHER LITIGATIONS ... 10

III.    DEFENDANTS SUFFER NO PREJUDICE........................................................................ 13

CONCLUSION..................................................................................................................... 13

**TABLE OF AUTHORITIES**

**Cases**                                                                                                    **Page(s)**

*Bartesch v. Cook*,
   941 F. Supp. 2d 501 (D. Del. 2013) ..................................................................................9

*In re Bear Stearns Mortg. Pass-Through Certificates Litig.*,
   851 F. Supp. 2d 746 (S.D.N.Y. 2012) .............................................................................12

*Beltran v. Interexchange, Inc.*,
   2017 WL 4418709 (D. Colo. June 9, 2017) ......................................................................6

*In re Buca Inc. Securities Litigation*,
   2006 WL 3030886 (D. Minn. Oct. 16, 2006) ...............................................................9, 10

*City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan v. Nat'l Gen.
   Holdings Corp.*,
   2021 WL 212337 (S.D.N.Y. 2021) ....................................................................................2

*In re Connetics Corp. Sec. Litig.*,
   542 F. Supp. 2d 996 (N.D. Cal. 2008) .............................................................................10

*de la Fuente v. DCI Telecomms., Inc.*
   259 F. Supp. 2d 250 (S.D.N.Y. 2003) ...............................................................................5

*In re Dentsply Sirona, Inc. Sec. Litig.*,
   665 F. Supp. 3d 255 (E.D.N.Y. 2023) .............................................................................7, 8

*In re Fannie Mae 2008 Sec. Litig.*,
   891 F. Supp. 2d 458 (S.D.N.Y. 2012) ...............................................................................7

*Geinko v. Padda*,
   2002 WL 276236 (N.D. Ill. Feb. 27, 2002) .....................................................................11

*Howard v. Securitas Sec. Servs., USA Inc.*,
   2009 WL 140126 (N.D. Ill. Jan. 20, 2009) ......................................................................12

*IBT Emp. Grp. Welfare Fund v. Compass Mins. Int'l, Inc.*,
   706 F. Supp. 3d 1225 (D. Kan. 2023) ................................................................................2

*IBT Emp. Grp. Welfare Fund v. Compass Mins. Int'l, Inc.*,
   2024 WL 1140947 (D. Kan. Mar. 15, 2024) ...............................................................4, 7, 8

*JGB (Cayman) Newton, Ltd. v. Sellas Life Scis. Grp. Inc.*,
   2018 WL 5266877 (S.D.N.Y. Oct. 23, 2018) .....................................................................7

*Johnson v. M & M Commc'ns, Inc.*,
    242 F.R.D. 187 (D. Conn. 2007)..............................................................................................11

*In re Key Energy Service Inc. Securities Litigation*,
    166 F. Supp. 3d 822 (S.D. Tex. 2016) ...............................................................................11, 12

*Lane v. Page*,
    727 F. Supp. 2d 1214 (D.N.M. 2010) .......................................................................................6

*Ledford v. Rapid-Am. Corp.*,
    1988 WL 3428 (S.D.N.Y. Jan. 8, 1988) .................................................................................10

*Lord Abbett Affiliated Fund, Inc. v. Navient Corp.*,
    363 F. Supp. 3d 476 (D. Del. 2019).........................................................................................9

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
    797 F.3d 160 (2d Cir. 2015)...............................................................................................7, 8

*Meitav Dash Provident Funds & Pension Ltd. v. Spirit AeroSystems Holdings, Inc.*,
    2022 WL 377415 (N.D. Okla. Jan. 7, 2022)......................................................................11, 12

*Meyer v. Panera Bread Co.*,
    2018 WL 5017747 (D.D.C. Oct. 16, 2018) .............................................................................12

*In re Mylan N.V. Sec. Litig.*,
    379 F. Supp. 3d 198 (S.D.N.Y. 2019).......................................................................................9

*Nat'l Credit Union Admin. Bd. v. Credit Suisse Sec. (USA) LLC*,
    939 F. Supp. 2d 1113 (D. Kan. 2013).......................................................................................7

*Nguyen v. FXCM Inc.*,
    364 F. Supp. 3d 227 (S.D.N.Y. 2019).......................................................................................7

*Nolte v. Capital One Financial Corp.*,
    390 F.3d 311 (4th Cir. 2004) ............................................................................................9, 10

*In re OSG Sec. Litig.*,
    12 F. Supp. 3d 619 (S.D.N.Y. 2014).........................................................................................9

*In re Overstock Securities Litigation*,
    2020 WL 5775845 (D. Utah Sept. 28, 2020)......................................................................11, 12

*Parmar v. City of Aurora, Colo.*,
    2020 WL 7260745 (D. Colo. Dec. 10, 2020)......................................................................6, 13

ii

*Puddu v. 6D Glob. Techs., Inc.*,
　　742 F. App'x 553 (2d Cir. 2018) ........................................................................7, 10

*Scrogan v. State Farm Fire & Cas. Co.*,
　　2024 WL 1834446 (D. Colo. Apr. 26, 2024)..............................................................6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
　　551 U.S. 308 (2007)..................................................................................................10

*VNB Realty, Inc. v. Bank of Am. Corp.*,
　　2013 WL 5179197 (S.D.N.Y. Sept. 16, 2013)....................................................10, 11

**Other Authorities**

Fed. R. Civ. P. 11(b)(3)...................................................................................................1, 3

Fed. R. Civ. P. 12(f) ............................................................................................................6

Federal Rule of Evidence 602........................................................................................5, 11

Lead Plaintiffs Damian Betebenner and Cigdem Betebenner ("Plaintiffs") respectfully submit this memorandum of law in opposition to Defendant Brent Willis's Motion to Strike Portions of Plaintiff's Amended Consolidated Class Action Complaint and Exhibits A, B, and C Thereto (Doc. 92) ("Willis MTS") and D&O Defendants Carl Aure, Ed Brennan, Chuck Ence, Greg Fea, Greg Gould, Tim Haas, Reginald Kapteyn, Amy Kuzdowicz, and Kevin Manion's Motion to Join and Adopt in Part Defendant Brent Willis's Motion to Strike Portions of Plaintiff's Amended Consolidated Class Action Complaint and Exhibits A, B, and C Thereto (Doc. 94) ("D&O MTS").[1]  Collectively, Willis and the D&O Defendants are described as the "Striking Defendants" herein.

## INTRODUCTION

The allegations in the AC were based on the best of Plaintiffs' knowledge, information, and belief, formed after an inquiry reasonable under the circumstances.  That inquiry was extensive.  It involved weeks of work by attorneys, analysts and private investigators, the details of which are specified in the Preliminary Statement of the AC.  That Preliminary Statement also states, as is allowed by the Federal Rules of Civil Procedure, that: "Plaintiffs believe that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery." *See* Fed. R. Civ. P. 11(b)(3).  The motion to strike is based on Rule 12(f).  It should be denied entirely because none of the documents and information complained of are "redundant, immaterial, impertinent, or scandalous," which are the only bases for striking material under Rule 12(f).  Indeed, a recent decision in this Circuit

---

[1]     All "¶" references are to the Amended Class Action Complaint ("AC"), Doc. 82. Unless otherwise noted, all capitalized terms mean the same as in the AC, all emphasis is added and all citations, internal quotation marks and footnotes are omitted.

1

rejected the very arguments that the Striking Defendants make here.  *See IBT Emp. Grp. Welfare Fund v. Compass Mins. Int'l, Inc.*, 706 F. Supp. 3d 1225, 1245 (D. Kan. 2023) ("*IBT I*").  In *IBT I*, the court acknowledged that the weight of authority holds that plaintiffs may base factual allegations on allegations from complaints in other proceedings because neither Circuit precedent nor logic supports a rule against doing so,[2] holding:

> After all, "[i]t makes little sense to say that information which the complaint could unquestionably rely on if it were mentioned in a news clipping is immaterial simply because it is conveyed in an unadjudicated complaint."
>
> \*\*\*
>
> Given that there is no binding Tenth Circuit or Supreme Court opinion on the issue, the Court is free to agree with Plaintiff's position as the more logical one. At this stage of the case, Plaintiffs are not relying on the SEC Order as evidence. Thus, Defendants' argument on that point is moot. Furthermore, Plaintiffs may allege facts contained with the SEC Order. Mere inclusion of the facts underlying Plaintiffs' Complaint within the SEC Order is not a sufficient reason to strike those allegations. Thus, the Court denies Defendants' Motion on this ground.

*Id.* at 1244-45.  Despite the decision in *IBT I* that clearly rejects the Striking Defendants' arguments, they nonetheless chose to lodge their meritless motion.

The allegations the Striking Defendants seek to strike are based on the entirety of Plaintiffs' investigative efforts that included, among other things, information from the filings in the SEC and Liquidation Trust's actions as well as interviews with former NewAge employees, Company press releases, SEC filings and Defendants' own public statements.  As a matter of fact, most of the 150 allegations in the AC that the Striking Defendants seek to strike (reflected

---

[2]    Citing to *City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan v. Nat'l Gen. Holdings Corp.*, 2021 WL 212337 (S.D.N.Y. 2021), *aff'd sub nom. Town of Davie Police Officers Ret. Sys. v. City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan*, 2021 WL 5142702 (2d Cir. 2021).

in Appendix A to their motion) supposedly on the grounds that they rely on "impermissible source documents" (*i.e*, the SEC Complaint, the Liquidation Trust's Complaint and the CRO Declaration (defined below)), are in fact based on NewAge and Defendants' own public statements and do not rely on allegations from the other proceedings.  Each allegation was cross-checked against Plaintiffs' entire investigative file for consistency and plausibility.  It appears that the Striking Defendants' flawed position is that if there are allegations in the AC that overlap with the SEC Complaint, Liquidation Trust's Complaint, and CRO Declaration, then those overlapping allegations in the AC must be stricken.  Here is one example of the Striking Defendants' overreach based on this flawed argument– they seek to strike paragraph 5 of the AC which describes generally the contents of several NewAge press releases that were distributed to the public.  The AC does not cite to the SEC Complaint, the Liquidation Trust's Complaint or the CRO Declaration in support but rather accurately reflects that the source for that allegation are the press releases themselves.  Yet, Defendants would have this Court strike that allegation (and many others) in its entirety because the SEC complaint also identifies and discusses those same press releases in eight paragraphs from the SEC complaint (¶¶46-53).  This proposition is frivolous.[3]

The complaint filed by the United States Securities and Exchange Commission ("SEC") captioned *SEC v. Willis*, No. 22-cv-2744-GPG-SKC (D. Colo. 2022) (the "SEC Complaint"), the SEC's Cease-and-Desist ("C&D") Order against NewAge, the adversary complaint filed by NewAge's Liquidation Trust captioned *NAI Liquidation Trust v. Cooper, et al.*, No. 22-10819

---

[3]    Under Rule 11(b)(2) legal contentions must be warranted by existing law and under (b)(3) factual contentions must have evidentiary support.  Defendants' bases for striking the 150 AC paragraphs in their motion and Appendix A lack both.

(LSS) (Bankr. D. Del. 2023) ("Liquidation Trust's Complaint" or "Liq. Compl."),[4] and the declaration of NewAge's Chief Restructuring Officer ("CRO"), filed in *In re NewAge Inc.*, 22-bk-10819-LSS (Del. Bankr. 2022) (the "CRO Declaration"),[5] are all part of Plaintiffs' thorough investigation, that also included information from four confidential witnesses.  Indeed, all the supporting documents address the same underlying factual allegations made by Plaintiffs – they are clearly material to this case and properly part of the AC.  The SEC Complaint survived a motion to dismiss with respect to many of the same allegations against Willis alleged in the AC. *See SEC v. Willis*, No. 22-cv-02744-GPG-SKC, Doc. 42 (D. Colo. Sept. 29, 2023) (finding the underlying misconduct to have met Rule 9(b)'s standard for pleading with particularity that Willis made false and/or misleading statements not protected by the bespeaks caution doctrine and that the pleading sufficiently alleged scienter).

The Striking Defendants seek to exclude this information pursuant to Rule 12(f), with Willis seeking to strike all of Plaintiffs' allegations against him based on these documents, and the D&O Defendants seeking to strike Plaintiffs' allegations based on the Liquidation Trust's Complaint.  However, the "clear weight of authority" holds that a plaintiff may rely on facts and investigatory findings in complaints filed by other private litigants and in orders from governmental entities.  *IBT Emp. Grp. Welfare Fund v. Compass Mins. Int'l, Inc.*, 2024 WL 1140947, at *4 (D. Kan. Mar. 15, 2024) (*"IBT II"*).  Indeed, "***it would have been irresponsible***

---

[4]     The Liquidation Trust's Complaint is defined as the Adversary Complaint in Willis's MTS at 1 and Appendix A.

[5]     The CRO Declaration is referred to as the Perkins Declaration in Willis' MTS at 10 and Appendix A.

*for [Plaintiffs] to have ignored the SEC's highly relevant allegations and findings*" in pleading their claims.  *de la Fuente v. DCI Telecomms., Inc.* 259 F. Supp. 2d 250, 260 (S.D.N.Y. 2003).

Underpinning the misguided motion to strike is the apparent misconception that Plaintiffs are required to come forward in their complaint with sufficient evidence to prove each of their allegations.  Thus, Willis also seeks to misdirect this Court from the relevance of the CRO Declaration by arguing that the CRO lacked certain personal knowledge because he was not involved in the conduct underlying the AC's allegations and therefore his declaration is improperly considered under Federal Rule of Evidence 602 ("Rule 602").  Willis MTS 8-10. These arguments are wrong and quickly dismissed.  Rule 602 pertains to the admissibility of witness testimony.  Allegations in a complaint need not be based on admissible evidence to be considered at the motion to dismiss stage.  However, even if Rule 602 applied here, which it does not, the CRO's Declaration would still be properly considered.  The CRO Declaration explains why NewAge objected to Willis' bankruptcy claim for severance and is cited in the AC to corroborate allegations that overlap with the SEC's allegations.  The CRO had personal knowledge of the "high level of due diligence" performed in connection with deciding to object to Willis's claim, which was based on the SEC Complaint's allegations.  The CRO's Declaration makes clear that the SEC Complaint was not taken at face value but involved an independent investigation of the Company's books and records and interviews with employees and outside counsel.

Accordingly, Plaintiffs respectfully request that the motion to strike be denied.

## ARGUMENT

Rule 12(f) provides that a "court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored." *Parmar v. City of Aurora, Colo.*, 2020 WL 7260745, at *2 (D. Colo. Dec. 10, 2020); *see also Beltran v. Interexchange, Inc.*, 2017 WL 4418709, at *2 (D. Colo. June 9, 2017) ("But just as a motion to dismiss is an inappropriate vehicle to test the sufficiency of the evidence, so is a motion brought pursuant to Fed. R. Civ. P. 12(f)."). "[F]actual allegations should generally not be struck unless they have no possible relation to the controversy" or defendants can show undue prejudice. *Lane v. Page*, 727 F. Supp. 2d 1214, 1230 (D.N.M. 2010); *see also Scrogan v. State Farm Fire & Cas. Co.*, 2024 WL 1834446, at *1 (D. Colo. Apr. 26, 2024). Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous for purposes of a Rule 12(f) motion to strike should be resolved in favor of the non-moving party. *Parmar*, 2020 WL 7260745, at *2, *3-4; *see also Beltran*, 2017 WL 4418709, at *1 ("[T]he moving party's 'burden of proof is a heavy one.'").

Matter is "immaterial" under Rule 12(f) only if has "no possible bearing on the controversy." *Parmar*, 2020 WL 7260745, at *2. Government investigations leading to charges, and complaints brought by trustees in bankruptcy (who have access to nonpublic documents and personnel with knowledge of the relevant facts), plainly have a "bearing" on this case and are therefore not immaterial. However, even "immaterial[] allegations will not be stricken from a complaint unless there is a showing of prejudice to the defendant." *Id.*

6

I.    **THE CLEAR WEIGHT OF AUTHORITY PROVIDES THAT PLAINTIFFS MAY RELY ON THESE MATERIALS**

The "clear weight of authority" holds that a plaintiff may rely on facts and investigatory findings in complaints filed by other private litigants and in complaints and orders from governmental entities.    *IBT II,* 2024 WL 1140947, at \*4; *Nat'l Credit Union Admin. Bd. v. Credit Suisse Sec. (USA) LLC*, 939 F. Supp. 2d 1113, 1130 n.14 (D. Kan. 2013), *reconsidered* 2013 WL 3471369 (D. Kan. July 10, 2013), *reversed and remanded on other grounds sub nom. Nat'l Credit Union Admin. Bd. v. Barclays Cap. Inc.*, 785 F.3d 387 (10th Cir. 2015) ("The Court rejects [defendant's] specific argument that plaintiff may not rely on facts taken from other lawsuits or investigations that plaintiff itself has not verified.").  "[T]here is nothing improper about utilizing information contained in an SEC complaint as evidence to support private claims under the PSLRA."  *In re Fannie Mae 2008 Sec. Litig.*, 891 F. Supp. 2d 458, 471 (S.D.N.Y. 2012), *aff'd*, 525 F. App'x 16 (2d Cir. 2013) (denying motion to strike); *see also Puddu v. 6D Glob. Techs., Inc.*, 742 F. App'x 553, 556 (2d Cir. 2018) (permitting use of SEC complaint against individual defendant).  Furthermore, "[t]here is no absolute rule barring a private plaintiff from relying on settlements with government regulators to meet the requirements of Rule 9(b) for proving fraud and, in fact, there is a strong presumption against striking pleadings."  *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 236 (S.D.N.Y. 2019) (denying motion to strike); *see also JGB (Cayman) Newton, Ltd. v. Sellas Life Scis. Grp. Inc.*, 2018 WL 5266877, at \*16 (S.D.N.Y. Oct. 23, 2018) (permitting use of cease-and-desist order); *In re Dentsply Sirona, Inc. Sec. Litig.*, 665 F. Supp. 3d 255, 272, 276 (E.D.N.Y. 2023) (same); *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 180 (2d Cir. 2015) (permitting use of SEC order where plaintiffs also allege additional non-conclusory facts).

The Striking Defendants' position and cases cited are remarkably similar to those of the defendants in the *IBT II* case. There, the court in rejecting defendants' motion to strike ruled:

> The cases Defendants rely upon all stem from the same sources: *Lipsky v. Commonwealth United Corp.* and *In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation*. In *Lipsky*, the Second Circuit held "that neither a complaint nor references to a complaint which results in a consent judgment may properly be cited in the pleadings under the facts of this case." It reasoned that a consent judgment "which is not the result of an actual adjudication of any of the issues ... can not [sic] be used as evidence in subsequent litigation." However, the Second Circuit "agree[d] that the SEC's opinion on the sufficiency of the various statements may be relevant and may be admissible."
>
> Similarly, the court in *In re Merrill Lynch* accurately summarized *Lipsky* as holding "that *references* to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f)." From this relatively narrow holding, one case from the Southern District of New York—*RSM Production Corp. v. Fridman*—extrapolated that "Second Circuit case law is clear that *paragraphs in a complaint that are either based on, or rely on, complaints* in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial within the meaning of Fed. R. Civ. P. 12(f)." Importantly, *RSM Production* reached this conclusion without any further analysis of *Lipsky* and *In re Merrill Lynch*.
>
> Clearly, *Lipsky*'s and *In re Merrill Lynch*'s legal holdings are significantly narrower than that of *RSM Production*. Both *Lipsky* and *In re Merrill Lynch* apply Rule 12(f) only to strike "references" to unproven allegations as immaterial. In other words, it is the references themselves which are immaterial. And yet, most of Defendants' cited cases accept the far broader *RSM Production* holding without any analysis of *Lipsky* or *In re Merrill Lynch*. By excluding paragraphs that even implicitly stem from third-party allegations, these cases fundamentally misconstrue their own cited precedent and misapply Rule 12(f).

*Id.* at *4. As the *IBT II* court explains, *Loreley*, 797 F.3d at 180, is the "final nail in Defendants' legal coffin" because that case found SEC consent orders are "in the nature of allegations upon information and belief" which can form the basis of a fraud claim "as to matters peculiarly within the opposing party's knowledge[.]" *IBT II*, 2024 WL 1140947, at *4-5. That is the case here. *See also Dentsply*, 665 F. Supp. 3d at 276 ("[S]ince *Lipsky*, the Second Circuit has both

explicitly and implicitly sanctioned the inclusion of allegations taken from SEC Orders, in

pleadings, where a plaintiff "also allege[s] [additional] non-conclusory facts that render

unproblematic any implied reliance on the SEC findings."); *In re OSG Sec. Litig.*, 12 F. Supp. 3d

619, 621 (S.D.N.Y. 2014) ("*Lipsky* did not hold that a complaint may never reference allegations

from a separate proceeding under any circumstances."); *In re Mylan N.V. Sec. Litig.*, 379 F.

Supp. 3d 198, 214 (S.D.N.Y. 2019) (finding that "the weight of authority holds that plaintiffs

may base factual allegations on complaints from other proceedings because 'neither Circuit

precedent nor logic supports ... an absolute rule' against doing so" and declining to extend *In re*

*CRM Holdings, Ltd. Sec. Litig.*, 2012 WL 1646888, at *26 (S.D.N.Y. May 10, 2012)).

Indeed, the Striking Defendants cite *Bartesch v. Cook*, 941 F. Supp. 2d 501, 507 (D. Del.

2013) (Willis MTS 7) in support, where the court struck a *qui tam* complaint from the pleadings,

which is not at issue here.  A later decision in the District of Delaware however, distinguished

government complaints from *qui tam* suits and declined to strike or otherwise "deeply discount"

allegations from government complaints.  *Lord Abbett Affiliated Fund, Inc. v. Navient Corp.*,

363 F. Supp. 3d 476, 493-94 (D. Del. 2019).[6]

Furthermore, Defendant Willis's reliance on *In re Buca Inc. Securities Litigation*, 2006

WL 3030886, at *1 n.1 (D. Minn. Oct. 16, 2006) (Willis MTS 7) and *Nolte v. Capital One*

*Financial Corp.,* 390 F.3d 311, 317 n.* (4th Cir. 2004) (Willis MTS 6) is misplaced because the

courts were not deciding whether plaintiffs could rely on SEC complaints but whether Fed. R.

Evid. 201 permitted the court to take judicial notice of "documents, which are not SEC filings, []

---

[6]      *Lord Abbett* also notes that "there is some doubt that *RSM Production*"—cited by the
Striking Defendants (Willis MTS 6; D&O MTS 2)—"correctly summarizes Second Circuit case
law" on the issue of striking material based on complaints in other actions.  *Id.*

9

being offered to prove the truth of the matters asserted in them and [] disputed by Defendants."
*Buca*, 2006 WL 3030886, at \*1 n.1; *see also Nolte,* 390 F.3d 311, 317 n.\* ("Although the filing
of an SEC complaint against [defendant] is indisputable, the facts alleged therein are not.  A
court cannot take notice of (and so assume the truth of) mere allegations….").  Here, by contrast,
the SEC Complaint, C&D Order, Liquidation Trust's Complaint, and CRO Declaration are
incorporated by reference into Plaintiffs' AC and therefore must be taken as true for the purposes
of deciding Defendants' motion to dismiss.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551
U.S. 308, 322-23 (2007).[7]

At bottom, Defendants' authority, which was spawned from the very narrow nearly 40-
year-old *Lipsky* decision, has been rejected by the courts, and in particular recently by a court in
this Circuit, which now routinely rejects misguided motions to strike under Rule 12(f) on the
same or similar grounds advanced by the Striking Defendants in this case.

## II.    PLAINTIFFS MAY RELY ON DECLARATIONS FROM OTHER LITIGATIONS

Declarations or statements of witnesses from other litigations, like the CRO Declaration,
are also permissibly considered.  *See Puddu*, 742 F. App'x at 556 (permitting use of affidavits
from another litigation); *VNB Realty, Inc. v. Bank of Am. Corp.*, 2013 WL 5179197, at \*4, \*12
(S.D.N.Y. Sept. 16, 2013) (denying defendant's motion to strike reference to a CW from another

---

[7]    Striking Defendants' other authorities are also inapposite.  *Ledford v. Rapid-Am. Corp.*,
1988 WL 3428, at \*1 (S.D.N.Y. Jan. 8, 1988) (Willis MTS 7) (striking reference to regulator's
investigatory report that "did not progress beyond the preliminary investigative stage[]"); *In re
Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1006 (N.D. Cal. 2008) (Willis MTS 8) (striking
paragraphs based on SEC complaint where plaintiff conducted "*no* additional investigation").

complaint).[8]  Defendant Willis misdirects this Court from the Declaration's relevance by seeking to strike it based on the argument that the CRO lacks personal knowledge about any of the statements or conduct alleged in the AC and therefore cannot be considered under Rule 602. Willis MTS 8-10.  This red herring should be ignored.

Rule 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

The CRO's Declaration is cited as additional evidence in support of Defendant Willis's scienter.  *See Johnson v. M & M Commc'ns, Inc.*, 242 F.R.D. 187, 189-90 (D. Conn. 2007) (findings of investigation from a different case may be used to "illustrate the defendant's knowledge" and denying defendants' motion to strike); ¶¶177-79.  Specifically, the CRO Declaration explains the steps taken before deciding to oppose Willis's claim for severance that NewAge allegedly owes him.  *Id.*  The CRO explains that "a high level of due diligence" was conducted by the CRO or the debtors' employees before determining whether to deny Willis's claim.  For example, the CRO or other employees reviewed the Company's relevant books and records (which are not publicly available) and conferred with its employees and outside counsel before concluding that Willis's claim should be disallowed based on the fraudulent conduct alleged in the SEC Complaint.  *Id.*

---

[8]    Defendant Willis's reliance on *Meitav Dash Provident Funds & Pension Ltd. v. Spirit AeroSystems Holdings, Inc.*, 2022 WL 377415 (N.D. Okla. Jan. 7, 2022), *aff'd*, 79 F.4th 1209 (10th Cir. 2023) (Willis MTS 8-9), *In re Key Energy Service Inc. Securities Litigation*, 166 F. Supp. 3d 822 (S.D. Tex. 2016) (Willis MTS 9), *In re Overstock Securities Litigation*, 2020 WL 5775845 (D. Utah Sept. 28, 2020) (Willis MTS 9), and *Geinko v. Padda*, 2002 WL 276236, at *6 (N.D. Ill. Feb. 27, 2002) (Willis MTS 7) are misplaced because the courts were not deciding whether to strike the allegations but whether plaintiffs' allegations were sufficiently alleged in a motion to dismiss.  *VNB*, 2013 WL 5179197, at *4 (denying defendant's motion to strike CWs per *Lipsky* and Rule 12(f) but dismissing complaint for failing to meet Rule 9(b)).

The CRO comfortably meets the standard of Rule 602 to render his view on Defendant Willis's claim for severance and the denial of severance based on the alleged fraudulent conduct.

Like in *Meyer v. Panera Bread Co.*, 2018 WL 5017747, at *4 (D.D.C. Oct. 16, 2018), where the declarant based her statements on conversations with other employees about the procedures and training manual, here, the CRO's statements were based on the CRO or other employees' investigation of Defendant Willis's alleged fraudulent conduct. *See also In re Bear Stearns Mortg. Pass-Through Certificates Litig.*, 851 F. Supp. 2d 746, 767-68 (S.D.N.Y. 2012) (permitting use of CWs to describe systematic disregard of standards by specific parties involved and failure to conduct proper due diligence). The CRO would have access to and personal knowledge about this information during the investigation, unlike the circumstances described in Defendant Willis's authorities. *See Meitav*, 2022 WL 377415, at *18 (Willis MTS 8-9) (where timing of knowledge was key and former employees lacked personal knowledge of when the defendant received such information); *Overstock*, 2020 WL 5775845, at *7 (Willis MTS 9) (complaint failed to establish how witnesses would have access to particular information); *Howard v. Securitas Sec. Servs., USA Inc.*, 2009 WL 140126, at *4 (N.D. Ill. Jan. 20, 2009) (Willis MTS 9) (striking references to statements purporting to disclose defendants' mental state but keeping statements relating to declarant's duties for which declarant had "requisite personal knowledge to comment on such matters"). Unlike in *Key Energy*, 166 F. Supp. 3d at 862 (Willis MTS 9), where none of the CWs alleged that a violation occurred or that the concerns were reported or communicated to defendants, here, the CRO and other employees were formally investigating whether Defendant Willis should be denied his severance based on alleged

12

fraudulent conduct and the CRO found violations sufficient to invalidate Willis's claim for

severance.  ¶¶177-79.

Thus, the inclusion of the CRO Declaration as part of the AC is perfectly in line with the

Rules and case law.

## III.    DEFENDANTS SUFFER NO PREJUDICE

As noted above, even immaterial matter will not be stricken under Rule 12(f) unless

Defendants make a showing of prejudice.  *See Parmar*, 2020 WL 7260745, at *3.

Defendants are not prejudiced by the inclusion of any of the documents, and Defendants

have not alleged any prejudice.  Indeed, the term "prejudice" appears nowhere in their motion to

strike.  Thus:

> [T]here is no evidence that the Defendants here will be prejudiced (much less
> 'substantially prejudiced') if these paragraphs [and exhibits] are not stricken.  In
> this District, complaints typically are not submitted to the jury. The trial judge
> will have the opportunity to exclude any settlement evidence sought to be
> improperly admitted at trial, curing any potential prejudice at that time.

*Id*.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Willis

MTS and D&O MTS in their entirety.

Dated:  September 30, 2024

Respectfully submitted,


By: *s/ James M. Wilson, Jr.*

James M. Wilson, Jr.
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330

Facsimile: 212-983-9331
E-mail: jwilson@faruqilaw.com

Robert W. Killorin
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
E-mail: rkillorin@faruqilaw.com

*Attorneys for Lead Plaintiffs Damian Betebenner and
Cigdem Betebenner and Lead Counsel for the Class*

14

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

I hereby certify that the foregoing Lead Plaintiffs' Memorandum in Opposition to Defendant Brent Willis's Motion to Strike Portions of Plaintiffs' Amended Consolidated Class Action Complaint and Exhibits A, B, and C Thereto and (2) Defendants Carl Aure, Ed Brennan, Chuck Ence, Greg Fea, Greg Gould, Tim Haas, Reginald Kapteyn, Amy Kuzdowicz, and Kevin Manion's Motion to Join and Adopt in Part Defendant Brent Willis's Motion to Strike complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1), and modified by the Court's July 30, 2024 order, Doc. 91.

<u>s/ James M. Wilson, Jr.</u>
James M. Wilson, Jr.

**CERTIFICATE OF SERVICE**

I, James M. Wilson, Jr., hereby certify that on September 30, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

<u>s/ James M. Wilson, Jr.</u>
James M. Wilson, Jr.

1