**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-03161-DDD-TPO

DENNIS CLIFTON, INDIVIDUALLY AND ON
BEHALF OF ALL OTHER SIMILARLY
SITUATED,

      Plaintiff,

      v.

BRENT WILLIS, FRED COOPER, TIM HAAS,
REGINALD KAPTEYN, ALICIA SYRETT,
GREGORY GOULD, CHUCK ENCE, CARL
AURE, KEVIN MANION, ED BRENNAN, AMY
KUZDOWICZ, GREG FEA, and CRAIG
THIBODEAU,

      Defendants.

---

**DEFENDANT BRENT WILLIS'S REPLY IN SUPPORT OF HIS MOTION TO STRIKE
PORTIONS OF PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT AND EXHIBITS A, B, AND C THERETO**

---

Defendant Brent Willis ("Defendant" or "Mr. Willis"), by and through undersigned

counsel, respectfully submits this Reply in Support of Defendant Brent Willis's Motion to Strike

Portions of Plaintiffs' Amended Consolidated Class Action Complaint and Exhibits A, B, and C

Thereto (Dkt. 92), and in response to Lead Plaintiffs' Memorandum of Law in Opposition to

Defendant Brent Willis's Motion to Strike Portions of the Amended Class Action Complaint and

Exhibits A, B, and C, Thereto filed September 30, 2024 (Dkt. 100), pursuant to Rule 12(f) of the

Federal Rules of Civil Procedure.

**TABLE OF CONTENTS**

**Page**

Introduction.............................................................................................................................. 1

Argument ................................................................................................................................. 2

      A.      Plaintiffs Cannot Rely on the Source Material to Plead Liability. .......................... 2

      B.      The Opposition Fails to Rehabilitate Allegations Based on the CRO
              Declaration. ........................................................................................................... 7

      C.      The AC's Reliance on the Source Material is Prejudicial. ..................................... 8

Conclusion ............................................................................................................................... 8

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amorosa v. Gen. Elec. Co.*,
2022 WL 3577838 (S.D.N.Y. 2022)......................................................................................4, 5

*Conde v. Sensa*,
259 F. Supp. 3d 1064 (S.D. Cal. 2017)......................................................................................3

*Flores v. Forster & Garbus, LLP*,
2020 WL 5603486 (S.D.N.Y. 2020)...........................................................................................3

*Footbridge Ltd. v. Countrywide Home Loans, Inc.*,
2010 WL 3790810 (S.D.N.Y. 2010)...........................................................................................3

*Francois v. Viceroy Auto Grp. LLC*,
2023 WL 373250 (S.D.N.Y. 2023).............................................................................................3

*Ghahremani v. Borders Grp., Inc.*,
2010 WL 4008506 (S.D.N.Y. 2010)...........................................................................................8

*Gotlin v. Lederman*,
367 F. Supp. 2d 349 (E.D.N.Y. 2005) .......................................................................................3

*Gruber v. Gilbertson*,
2019 WL 4458956 (S.D.N.Y. 2019)...........................................................................................3

*IBT Emp. Grp. Welfare Fund v. Compass Mins. Int'l Inc.*,
2024 WL 1140947 (D. Kan. 2024) ....................................................................................1, 3, 4

*In re Apollo Grp., Inc. Secs. Litig.*,
2011 WL 5101787 (D. Ariz. 2011).............................................................................................4

*In re Bear Stearns Mortg. Pass-Through Certificates Litig.*,
851 F. Supp. 2d 746 (S.D.N.Y. 2012).........................................................................................8

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
934 F. Supp. 2d 1219 (C.D. Cal. 2013) .....................................................................................2

*In re CRM Holdings, Ltd. Sec. Litig.*,
2012 WL 1646888 (S.D.N.Y. 2012)...........................................................................................4

*In re Dentsply Sirona, Inc. Sec. Litig.*,
665 F. Supp. 3d 255 (E.D.N.Y. 2023) ........................................................................................4

ii

*In re Fannie Mae 2008 Sec. Litig.*,
    891 F. Supp. 2d 458 (S.D.N.Y. 2012)........................................................................................5

*In re Mylan N.V. Sec. Litig.*,
    379 F. Supp. 3d 198 (S.D.N.Y. 2019).......................................................................................4

*In re Platinum & Palladium Commodities Litig.*,
    828 F. Supp. 2d 588 (S.D.N.Y. 2011).......................................................................................3

*In re Rough Rice Commodity Litig.*,
    2012 WL 473091 (N.D. Ill. 2012) .............................................................................................3

*In re Trilegiant Corp., Inc.*,
    11 F. Supp. 3d 82 (D. Conn. 2014) ...........................................................................................3

*JGB (Cayman) Newton, Ltd. v. Sellas Life Scis. Grp. Inc.*,
    2018 WL 5266877 (S.D.N.Y. 2021)..........................................................................................5

*Kumara v. Nat'l Future Ass'n*,
    2023 WL 3160116 (S.D.N.Y. 2023)..........................................................................................3

*Kyung Cho v. UCBH Holdings, Inc.*,
    890 F. Supp. 2d 1190 (N.D. Cal. 2012) ....................................................................................4

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec. LLC*,
    797 F.3d 160 (2d Cir. 2015)...................................................................................................4, 5

*Masters v. Allstate Prop. & Cas. Ins. Co.*,
    2020 WL 9424371 (D. Colo 2020) ............................................................................................2

*Menora Mivtachim Ins. Ltd. v. Int'l Flavors & Fragrances, Inc.*,
    2021 WL 1199035 (S.D.N.Y. 2021), *aff'd sub nom. Menora Mivtachim Ins.*
    *Ltd. v. Frutarom Indus. Ltd.*, 54 F.4th 82 (2d Cir. 2022) .....................................................3, 4

*Meyer v. Panera Bread Co.*,
    2018 WL 5017747 (D.D.C. 2018) .............................................................................................8

*Padre Nterprises, Inc. v. Rhea*,
    2012 WL 1072845 (E.D. Tex. 2012) .........................................................................................8

*Puddu v. 6D Glob. Techs. Inc.*,
    742 F. App'x 553 (2d Cir. 2018) ...............................................................................................5

*RSM Prod. Corp. v. Fridman*,
    643 F. Supp. 2d 382 (S.D.N.Y. 2009)....................................................................................2, 4

*Sanfo v. Avondale Care Grp., LLC*,
    2022 WL 3448100 (S.D.N.Y. 2022).........................................................................................3

*Scognamillo v. Credit Suisse First Bos. LLC*,
    2005 WL 8162733 (N.D. Cal. 2005) .........................................................................3

*ScripsAmerica, Inc. v. Ironbridge Glob., LLC*,
    119 F. Supp. 3d 1213 (C.D. Cal. 2015) .....................................................................4

*Teamsters Loc. 456 Pension Fund v. Universal Health Servs.*,
    396 F. Supp. 3d 413 (E.D. Pa. 2019) ........................................................................3

*VNB Realty, Inc. v. Bank of Am. Corp.*,
    2013 WL 5179197 (S.D.N.Y. 2013)...........................................................................8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp. Inc.*,
    2014 WL 3569338 (E.D.N.Y. 2014)...........................................................................3

*Zhou v. NexCure, Inc.*,
    2023 WL 4493541 (S.D.N.Y. 2023)...........................................................................2

*Zucco P'ship, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009) .....................................................................................7

**Statutes**

Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 ............................1

**Rules**

Fed. R. Civ. P. 11.........................................................................................................2, 5

Fed. R. Civ. P. 12(f)..................................................................................................2, 4, 7

Fed. R. Evid. 602 .............................................................................................................7

**INTRODUCTION**[1]

There is no dispute about the AC's genesis. Plaintiffs themselves admit that it is predicated on unadjudicated lawsuits, the SEC's Cease-and-Desist Order, and the declaration of NewAge's CRO (together, the "Source Material"). Rather than rebut this fact, Plaintiffs contend that their reliance is permissible based on non-binding case law and a summary assertion that their tactics are not "prejudicial." Plaintiffs are wrong on both accounts.

Notwithstanding the reams of case law to the contrary, Plaintiffs posit that the "weight of authority" permits them to "base factual allegations on allegations from other complaints." (Opp. at 2). But the primary case on which they rely, *IBT Emp. Grp. Welfare Fund v. Compass Mins. Int'l Inc.*, 2024 WL 1140947 (D. Kan. 2024) ("*IBT II*"), does not give Plaintiffs carte blanch to take third-party averments of "falsity" and "scienter," rebrand them as "fact," and repurpose them to plead liability in a case brought pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4. Indeed, *IBT II* prohibits using third-party claims in this fashion. Yet, that is precisely what Plaintiffs purport to do.

Seeking to lend credence to their approach, Plaintiffs argue on information and belief that: (i) the "SEC Complaint survived a motion to dismiss," and (ii) "[e]ach allegation was cross-checked" against an "investigative file" comprised primarily of the challenged statements and related analyst commentary. (*See* AC at 1; Opp. at 1, 3, 4.) However, as explained in Mr. Willis's Motion to Dismiss the AC (Dkt. 93), the decision of a separate court, applying a far lower standard,

---

[1] Unless otherwise indicated, all capitalized terms are as defined in Defendant Brent Willis's Motion to Strike Portions of Plaintiffs' Amended Consolidated Class Action Complaint and Exhibits A, B, And C Thereto (the "MTS"). (Dkt. 92.) The "Opposition" refers to Lead Plaintiffs' Memorandum of Law in Opposition to Defendant Brent Willis's Motion to Strike Portions of Plaintiffs' Amended Consolidated Class Action Complaint and Exhibits A, B, and C Thereto. (Dkt. 100.)

is neither a substitute for well-pled fact nor an imprimatur of merit. (Dkt. 93. at 18-19.)  And it does not absolve Plaintiffs of their duty under Federal Rules of Civil Procedure Rule 11 ("Rule 11") to independently investigate their claims.  Fed. R. Civ. P. 11.

Accordingly, for the reasons set forth below, and those articulated in the MTS, the Court should grant Mr. Willis's motion to strike.

## ARGUMENT

Plaintiffs characterize Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") as "drastic," but as this Court recognizes, its "prohibition on redundant, immaterial, impertinent, or scandalous matter" exists to be enforced.  Fed. R. Civ P. 12(f); *See Masters v. Allstate Prop. & Cas. Ins. Co.*, 2020 WL 9424371, at *3 (D. Colo 2020) (Rule 12(f) "*has no teeth if the court is unwilling to enforce it*") (emphasis added).  Allegations "based on, or rely[ing] on, complaints" or consent judgments "in other actions that have . . . not [been] resolved, are, as a matter of law, immaterial within the meaning of Fed. R. Civ. P. 12(f)."  *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009); *see also In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 934 F. Supp. 2d 1219, 1226 (C.D. Cal. 2013) (adopting *RSM*'s language as a "general rule")*.*  That is abundantly true here.

### A.    Plaintiffs Cannot Rely on the Source Material to Plead Liability.

The Opposition argues that Plaintiffs are entitled to rely on "investigatory findings in complaints filed by other private litigants and in complaints and orders from governmental entities."  (Opp. at 4, 7.)  But there is no such bright-line rule, and certainly not one in the Tenth Circuit.  Indeed, Plaintiffs ignore myriad cases that have stricken, or otherwise disregarded, allegations parroted from unadjudicated complaints and regulatory settlements, many of which have referred to the impermissibility of such pleading tactics as "clear," "well settled," and the "prevailing view."  *See, e.g.*, *Zhou v. NexCure, Inc.*, 2023 WL 4493541, at *11 (S.D.N.Y. 2023);

2

*Sanfo v. Avondale Care Grp., LLC*, 2022 WL 3448100, at *6 (S.D.N.Y. 2022); *Menora Mivtachim Ins. Ltd. v. Int'l Flavors & Fragrances, Inc.*, 2021 WL 1199035, at *12 (S.D.N.Y. 2021), *aff'd sub nom. Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.*, 54 F.4th 82 (2d Cir. 2022); *see also Kumara v. Nat'l Future Ass'n*, 2023 WL 3160116, at *12 (S.D.N.Y. 2023) (it would be "improper" for plaintiffs to incorporate by reference a complaint from another case); *Conde v. Sensa*, 259 F. Supp. 3d 1064, 1070 (S.D. Cal. 2017) ("unproven state-court allegations may not validly support a plaintiff's cause of action"); *In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d 82, 130-31 (D. Conn. 2014) (striking allegations based on settlement with states' attorneys general); *Scognamillo v. Credit Suisse First Bos. LLC*, 2005 WL 8162733, at *6 (N.D. Cal. 2005) (striking allegations "regarding unadjudicated government investigations, regulatory actions, and other litigation.").[2]

In rebuttal, Plaintiffs cite to a non-binding decision from the District of Kansas:  *IBT II*. While the court in *IBT II* allowed plaintiffs to use secondhand allegations for factual background—

---

[2] *Francois v. Viceroy Auto Grp. LLC*, 2023 WL 373250, at *5 (S.D.N.Y. 2023) (courts may strike allegations "that are either based on, or rely on," unadjudicated complaints) (citation omitted); *Flores v. Forster & Garbus, LLP*, 2020 WL 5603486, at *1 n.2 (S.D.N.Y. 2020) (striking allegations that referenced a prior lawsuit and a government investigation); *Gruber v. Gilbertson*, 2019 WL 4458956, at *9 (S.D.N.Y. 2019) (striking portions of the Complaint that "stem[med] from SEC letters"); *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 593-94 (S.D.N.Y. 2011) (striking allegations that "simply recast the CFTC's findings"); *Footbridge Ltd. v. Countrywide Home Loans, Inc.*, 2010 WL 3790810, at *5 (S.D.N.Y. 2010) (striking allegations "insofar as they are based on pleadings, settlements, and government investigations in other cases"); *Teamsters Loc. 456 Pension Fund v. Universal Health Servs.*, 396 F. Supp. 3d 413, 468 (E.D. Pa. 2019) (declining to credit allegations from another case in determining whether Plaintiffs adequately pleaded scienter and observing that "allegations raised in qui tam cases are just that – allegations"); *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp. Inc.*, 2014 WL 3569338, at *4 (E.D.N.Y. 2014) (striking allegations derived from an FDIC consent order); *In re Rough Rice Commodity Litig.,* 2012 WL 473091, at *4-5 (N.D. Ill. 2012) (ignoring allegations "derived wholesale from the CFTC Order"); *Gotlin v. Lederman*, 367 F. Supp. 2d 349, 363-64 (E.D.N.Y. 2005) (striking allegations based on investigations by attorney general).

3

a decision with which Mr. Willis respectfully disagrees[3]—it did not hold that securities plaintiffs may indiscriminately rely on such allegations to plead *liability*. In fact, the court stated that:

> ***References to [third-party] sources, however, are irrelevant and immaterial under Rule 12(f).*** For example, if Plaintiffs had alleged, 'the SEC consent order says Defendants are liable,' the reference to the SEC Order would be immaterial under *Lipsky* and *In re Merrill Lynch* ***and incapable of establishing Defendants' liability***. *IBT II* (emphasis added).[4]

Many of the cases cited in the Opposition follow similar logic, allowing complaints with repurposed allegations to proceed because the unadjudicated "facts" taken from parallel proceedings were not the sole, or even primary, basis for establishing liability. (Opp. at 7-9); *see In re Dentsply Sirona, Inc. Sec. Litig.*, 665 F. Supp. 3d 255, 276 (E.D.N.Y. 2023) (plaintiff's pleadings did "not reference the SEC Order for the purposes of . . . proving *liability* for the underlying claims.") (emphasis added); *In re Mylan N.V. Sec. Litig.*,[5] 379 F. Supp. 3d 198, 214 (S.D.N.Y. 2019) ("plaintiffs may base *factual* allegations on complaints from other proceedings.") (emphasis added). For example, the court in *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo*

---

[3] Defendant maintains that the prevailing view is that any portion of the AC that is based on, or relies on, impermissible source materials are immaterial under 12(f), and should be stricken. *See RSM Prod. Corp.*, 643 F. Supp. 2d at 403; *Menora Mivtachim Ins. Litig.*, 2021 WL 1199035, at *12. Even if the Court disagrees with this position, the cases cited by Plaintiffs support this Court striking the portions of the AC that rely on the impermissible Source Material as probative of Mr. Willis's liability.

[4] This is consistent with numerous other cases holding that unproven allegations cannot be used as shorthand liability. *See, e.g.*, *ScripsAmerica, Inc. v. Ironbridge Glob., LLC*, 119 F. Supp. 3d 1213, 1263 (C.D. Cal. 2015) ("[t]here is no authority suggesting that the allegations in an SEC order . . . can properly be considered evidence of scienter"); *Kyung Cho v. UCBH Holdings, Inc.*, 890 F. Supp. 2d 1190, 1203 (N.D. Cal. 2012) (similar); *In re Apollo Grp., Inc. Secs. Litig.*, 2011 WL 5101787, at *10 n.5 (D. Ariz. 2011) (similar).

[5] Plaintiffs argue that *In re Mylan* declined to extend *In re CRM Holdings, Ltd. Sec. Litig.*, 2012 WL 1646888, at *26 (S.D.N.Y. 2012), but Plaintiffs omit that the SDNY subsequently declined to extend *In re Mylan* in *Amorosa v. General Electric Co.*, 2022 WL 3577838, at *1, *3 (S.D.N.Y. 2022) (dismissing a Plaintiff's Complaint on grounds that it was "copied almost verbatim from the operative complaint in the Class Action…and from an [SEC] Order.")

*Securities LLC*, stated that "[w]hile a complaint that *merely* recites others' allegations may [] be insufficient," the plaintiff had adduced other, "non-conclusory facts . . . sufficient to render unproblematic any implied reliance on the SEC findings." 797 F.3d 160, 180 (2d Cir. 2015) (emphasis in original). The District Court reached a similar conclusion in *In re Fannie Mae 2008 Securities Litigation*, opining that although "the SEC complaint" referenced throughout the pleadings was itself "not admissible," plaintiffs had adduced sufficient independent evidence for the statements to withstand a motion to strike. 891 F. Supp. 2d 458, 471-72 (S.D.N.Y. 2012)[6]

Plaintiffs here use the Source Material—all of which is inadmissible—for the very purpose courts say they cannot: to establish liability. Even a cursory review of the AC shows that it is littered with citations to the SEC's allegations, cribs (in some cases, verbatim) entire paragraphs of the Source Material, and expressly premises "falsity" and "scienter" not on any independent legwork, but rather on the *SEC's* (and, by extension, the Liquidator's) unadjudicated conclusions.[7] In just a few examples, Plaintiffs allege:

- "The [SEC] Cease and Desist Order provided…that Willis was responsible for issuing false and misleading statements…" (AC ¶ 92.)

- "According to the SEC, during a September 5, 2018 investor presentation, Defendant Willis made the false and misleading claim that NewAge had been testing a CBD beverage over the previous six months. In fact, NewAge had only been distributing a CBD-infused water that was

[6] *JGB (Cayman) Newton, Ltd. v. Sellas Life Scis. Grp. Inc.*, 2018 WL 5266877, at \*15-16 (S.D.N.Y. 2021) is distinguishable because the Court did not find it necessary to strike the challenged paragraphs where the underlying fraud claims had already been dismissed. Finally, Plaintiffs' reliance on *Puddu v. 6D Glob. Techs. Inc.*, 742 F. App'x 553 (2d Cir. 2018) is misplaced because the decision is a summary order and thus does not have binding precedential effect on this Court or within the Second Circuit.

[7] Notwithstanding Plaintiffs' assertions that they satisfied Rule 11, a comparison of Plaintiffs' pleadings to the Source Material makes clear that Plaintiffs have done little more than copy entire paragraphs from the parallel complaints. (*See* Appendix A to MTS); *see also Amorosa v. Gen. Elec. Co.*, 2022 WL 3577838, at \*2-3 (S.D.N.Y. 2022) (reliance on SEC order improper notwithstanding plaintiff's "investigation and analysis" that led to inclusion of additional "quotations from public filings" and "market analysts").

developed and controlled by a third-party supplier . . . SEC Compl. ¶ 56."
(AC ¶ 109.)

- "The statements [about Walmart] . . . were false and misleading when made because NewAge, Gould, and Willis knowingly and/or recklessly made them while omitting that: (1) NewAge's agreement only covered some, but not all, of Walmart's distribution centers across the U.S.; (2) Walmart made no specific commitments regarding NewAge's Marley line and never agreed to make all Marley Mate flavors available to all Walmart stores in the beginning of April 2019; and (3) at their Walmart-sales peak, NewAge's Marley brand products were offered in less than 7% of Walmart stores across only 21 States. (SEC Compl. ¶ 44)." (AC ¶ 128.)

- Citing, as evidence of the emergence of the "truth," the SEC Complaint and the Cease-and-Desist Order. (AC ¶¶ 150, 151.)

- "The fact that [certain distribution] agreements [did] not exist is confirmed by the following facts:  a. The SEC's Cease and Desist Order against NewAge, which states that there was no factual basis for those statements; b. The fact that Willis was sued by the SEC . . . c. The fact that all of the Defendants were sued by Liquidation Trust for making many of the same false and misleading statements . . . e. The fact that NewAge settled the SEC's Cease-and-Desist proceedings." (AC ¶ 155.)

- "According to the SEC, Willis distributed sell sheets at NACS containing false and misleading statements . . ." (AC ¶ 171.)

- To support Plaintiffs' allegation that "Willis[] Conceal[ed] . . . The Truth About Certain Agreements From The Board," Plaintiffs cited *only* to allegations attributed "to the SEC's Complaint." (AC ¶¶ 180-82.)

These are not isolated admissions. In fact, Plaintiffs double down on this impermissible pleading tactic in their Opposition to Mr. Willis's Motion to Dismiss the AC, repeatedly referencing the Source Material to bolster their claims of liability. *See* MTD Opp. at 3 ("SEC's Complaint and C&D Order" and "Liquidation Trust's . . . complaint" support "a strong inference of scienter"); *id.* at 7 ("the SEC concluded Willis had ultimate authority over the press releases"); *id.* at 27 ("the SEC Complaint and C&D Order 'contain[] information that directly reveals the truth regarding the alleged false [and misleading] statements'").

6

Plaintiffs should not be permitted to use the Source Material in this—or any other—fashion.

**B.    The Opposition Fails to Rehabilitate Allegations Based on the CRO Declaration.**

The parties agree that Federal Rule of Evidence 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (MTS at 9; Opp. at 11.); Fed. R. Evid. 602.  But for the reasons explained in the MTS, the AC's reliance on the CRO declaration is misplaced because Plaintiffs use it to support an argument to which it plainly does not pertain:  Mr. Willis's state of mind.

As noted in NewAge's bankruptcy filings, the debtors provided the CRO's declaration to support their view that Mr. Willis should not receive his severance payment under the terms of his employment contract.  *See In re NewAge, Inc.*, 22-10819 (D. Del. Bankr.) (Dkt. 406-1, Ex. B). The Opposition nonetheless cherry-picks buzzwords from the CRO's Declaration, claiming that it is probative of Mr. Willis's "scienter" because the CRO purported to undertake "a high level of due diligence," including a review of "books and records." (Opp. at 11.)  But as explained in the MTS, and unrebutted in the Opposition, the CRO did not undertake "due diligence" on issues relevant to this litigation.  He also has no firsthand knowledge of the facts underpinning this case. (MTS at 9-10).  Accordingly, the CRO's Declaration is irrelevant as a matter of law and should be stricken under Rule 12(f).  *See Zucco P'ship, LLC v. Digimarc Corp.,* 552 F.3d 981 (9th Cir. 2009) (finding confidential witness's conclusory assertions and generalized claims about defendants' knowledge to be insufficient to adequately allege scienter where the claims "fail[ed] to establish that the witness reporting them ha[d] reliable personal knowledge of the defendants' mental

7

state."); *Padre Nterprises, Inc. v. Rhea*, 2012 WL 1072845, at *2 (E.D. Tex. 2012) (striking statements not based on personal knowledge).[8]

### C.      The AC's Reliance on the Source Material is Prejudicial.

Finally, Plaintiffs claim that the MTS should be denied because the word "prejudice" does not appear in the brief.  (Opp. at 13.)   That is disingenuous.  Mr. Willis filed the present motion precisely because the Source Material is likely to lend "artificial credence" to unproven allegations—an outcome that is both prejudicial and unwarranted.  *See Ghahremani v. Borders Grp., Inc.*, 2010 WL 4008506, at *3 (S.D.N.Y. 2010).

### CONCLUSION

For the foregoing reasons, this Court should grant Mr. Willis's Motion to Strike.

---

[8] The cases that Plaintiffs cite are consistent with Mr. Willis's position because, in each, the courts only allowed plaintiffs to rely on third parties who, unlike the CRO, professed firsthand knowledge of the relevant facts.  (Opp. at 12); *see Meyer v. Panera Bread Co*., 2018 WL 5017747, at *4 (D.D.C. 2018) (declarant's statements based in part on her personal experience); *VNB Realty, Inc. v. Bank of Am. Corp*., 2013 WL 5179197, at *10 (S.D.N.Y. 2013) (allegations based solely on "confidential witnesses quoted [in another] complaint" "fail[ed] to adequately allege scienter"); *In re Bear Stearns Mortg. Pass-Through Certificates Litig.*, 851 F. Supp. 2d 746, 754-56 (S.D.N.Y. 2012) (confidential witnesses had firsthand knowledge of facts that contributed to scienter analysis).

DATED:  November 12, 2024

Respectfully submitted,

/s/ *Michael J. Diver*

KATTEN MUCHIN ROSENMAN LLP

Michael J. Diver
Michael J. Lohnes
Jamie Noonan
525 W. Monroe Street
Chicago, Illinois 60661
Telephone:  312.902.5200
michael.diver@katten.com
michael.lohnes@katten.com
jamie.noonan@katten.com

Sarah Eichenberger
Zoe Lo
50 Rockefeller Plaza
New York, New York, 10020
sarah.eichenberger@katten.com
zoe.lo@katten.com

*Attorneys for Defendant Brent Willis*

9

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

I hereby certify that the foregoing *Defendant Brent Willis's Reply in Support of His Motion to Strike Portions of Plaintiffs' Amended Consolidated Class Action Complaint and Exhibits A, B, and C Thereto* complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Michael J. Diver*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that, on November 12, 2024, he caused the foregoing *Defendant Brent Willis's Reply in Support of His Motion to Strike Portions of Plaintiffs' Amended Consolidated Class Action Complaint and Exhibits A, B, and C Thereto* to be filed using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Michael J. Diver*