**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLORADO**

DENNIS CLIFTON, INDIVIDUALLY )
AND ON BEHALF OF ALL OTHERS )
SIMILARLY SITUATED, )
                                   )
      Plaintiff, )
                                   )
v. )        Case No. 1:22-cv-03161-DDD-JPO
                                   )
BRENT WILLIS, ET AL., )
                                   )
      Defendants. )

---

**REPLY IN SUPPORT OF MOTION TO JOIN AND ADOPT PART OF DEFENDANT BRENT WILLIS'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT AND EXHIBITS A, B, AND C THERETO**

---

D&Os[1] file this reply in support of their Joinder (ECF 94) to Mr. Willis's Motion to Strike and in support thereof state as follows:

1. On July 30, 2024, Mr. Willis filed his Motion to Strike. (ECF 92), which D&Os joined.

2. On September 30, 2024, Plaintiffs filed their Memorandum of Law in Opposition to the Motion to Strike and Joinder (the "Opposition"). (ECF 100).

3. On November 12, 2024, Mr. Willis filed his Reply in Support of his Motion ("Willis Reply"). (ECF 107).

---

[1] Unless otherwise indicated, capitalized terms are as defined in the Motion to Join and Adopt in Part defendant Brent Willis's Motion to Strike Portions of Plaintiffs' Amended Consolidated Class Action Complaint and Exhibits A, B, and C Thereto ("Joinder").

1

4.      D&Os agree with the arguments Mr. Willis raises in his Reply concerning the adversary complaint filed by NewAge's Liquidation Trust ("Trust Complaint"), attached as Exhibit C to the Complaint, and the contentions that the Complaint's reliance on the Trust Complaint is prejudicial and unwarranted. Willis Reply at 1-6, 8.

5.      Accordingly, D&Os specifically join and incorporate the arguments made, reasoning stated, and authorities cited in the Willis Reply with respect to striking the Trust Complaint and the paragraphs in the Complaint that incorporate, reference, or rely on the Trust Complaint. *Id*.

6.      For the sake of judicial economy, D&Os join and adopt by reference as if set forth at length herein the parts of the Willis Reply relating to the Trust Complaint and the prejudice resulting from Plaintiffs' reliance on the Trust Complaint rather than burdening this Court with the filing of a substantially identical reply. *Id*.

7.      As the Willis Reply demonstrates, Plaintiffs improperly premise their theories of liability on unadjudicated allegations lifted directly from the Trust Complaint, rather than independent legwork. *Id*. at 2-7. Further exacerbating the situation, Plaintiffs contend in their Opposition that they incorporated the entirety of the Trust Complaint into the Complaint, and that the entirety "must be taken as true for purposes of deciding Defendants' motion to dismiss," i.e., even the conclusory assertions of liability made in each of the claims. Opp. at 10. Such pleading tactics are prohibited. Willis Reply at 1-6.

8.      None of the cases Plaintiffs cite gives them authority to take unadjudicated third-party averments of "falsity" and "scienter" and rebrand them as "fact" or repurpose them as proof of liability. The weight of authority confirms the opposite. *Id*. at 2-6.

9.      The "artificial credence" these unproven allegations give the Complaint is clearly prejudicial. As is the burden placed on D&Os if, as the Opposition asserts, Plaintiffs incorporated the entirety of the Trust Complaint into the Complaint.

10.      The Court should grant the Motion to Strike and Joinder with respect to the Trust Complaint and all associated references.

DATED: November 12, 2024                    Respectfully submitted,


        **GREENBERG TRAURIG, LLP**

        By:    _s/ Laura Sixkiller_
              Robert Long
              David W. Klaudt
              Laura Sixkiller
              Michael Besser
              1144 15th Street, Suite 3300
              Denver, CO 80202
              Telephone: 303-572-6500
              Facsimile: 303-572-6540
              Email: laura.sixkiller@gtlaw.com
              elayna.fiene@gtlaw.com

              *Attorneys for Defendants Carl Aure,*
              *Ed Brennan, Chuck Ence, Greg Fea,*
              *Gregory Gould, Tim Haas, Reginald*
              *Kapteyn, Amy Kuzdowicz, and Kevin*
              *Manion*

## PRACTICE STANDARD III(A)(1) CERTIFICATION

I hereby certify that the foregoing **Reply in Support of Motion to Join and Adopt Part of Defendant Brent Willis's Motion to Strike Portions of Plaintiffs' Amended Consolidated Class Action Complaint and Exhibits A, B. and C thereto** complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1) as modified by the Court's July 30, 2024 Order Granting the Parties' Joint Stipulated and Unopposed Motion for Leave to Exceed Word Count Limits (ECF 91).

*s/ Laura Sixkiller*
Laura Sixkiller

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November 2024, a true and correct copy of the foregoing **Reply in Support of Motion to Join and Adopt Part of Defendant Brent Willis's Motion to Strike Portions of Plaintiffs' Amended Consolidated Class Action Complaint and Exhibits A, B and C thereto** was e-filed with the Court through CM/ECF and served on all counsel of record.

*s/ Laura Sixkiller*
Laura Sixkiller

4