IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:22-cv-03161-DDD-SKC

DENNIS CLIFTON, INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

 Plaintiffs,

v.

BRENT WILLIS, et al.,

 Defendants.

---

## ORDER

---

Defendants have moved to strike the portions of Plaintiffs' class action complaint that rely on unproven allegations from other legal proceedings. Because it is not clear whether Plaintiffs' allegations are based on anything other than this inadmissible evidence, the motions to strike are granted, and what remains of the complaint is dismissed without prejudice.

## BACKGROUND

Plaintiffs in this securities-fraud class action purchased the shares of NewAge, Inc., a developer of "organic and healthy" beverage products, between January 18, 2018, and October 18, 2022. Dkt. 82 at 5, ¶ 2. The crux of their allegations is that the corporate officers of NewAge engaged in a scheme to fraudulently inflate the price of its stock by making false and misleading statements about its distribution agreements, its line of CBD-infused beverages, and its internal controls and disclosure protocols. *Id.* at ¶¶ 267–278. Plaintiffs allege that Defendants profited off

- 1 -

their scheme by selling their stock at opportune moments and by increasing their own salaries. *Id.* at ¶¶ 15, 17.

As relevant here, NewAge announced it was filing for bankruptcy on August 30, 2022, after its "disastrous" merger with "another multi-level marketing company, Ariix." *Id.* at ¶ 18. On October 18, 2022, the SEC announced that it was taking legal action against NewAge's CEO, Brent Willis, for suspected violations of various securities laws. *Id.* at ¶ 25. On October 19, 2022, NewAge reached a settlement with the SEC, agreed to a cease and desist order, and "avoided an adjudication in federal court about whether NewAge had or was about to commit a violation of securities law." *Id.* at ¶ 92. The current iteration of Plaintiffs' complaint (Dkt. 82) repeatedly cites to, paraphrases, and copies from both the SEC complaint and an adversary complaint filed in the bankruptcy proceeding. Defendants have moved to strike these portions of the complaint as immaterial under Rule 12(f). Dkt. 92; 94.

## DISCUSSION

While there is no on-point Tenth Circuit law that controls here, precedent from other circuits is instructive. The Second Circuit has held that "[i]n deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (collecting cases). But it has also recognized that while "[e]videntiary questions, such as the one present in this case, should especially be avoided at such a preliminary stage of the proceedings," and "questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided," a court may strike allegations from a complaint to the extent they are based on evidence which could never be admitted at trial.

*Id.* at 894 (concluding that allegations based solely on inadmissible evidence are inherently immaterial). *See also* Fed. R. Civ. P. 12(f) (authorizing a court to strike any portion of a pleading that is "redundant, immaterial, impertinent, or scandalous."); *Nolte v. Cap. One Fin. Corp.,* 390 F.3d 311, 317 n\* (4th Cir. 2004) (declining to take judicial notice of an SEC complaint). Such inadmissible evidence includes "preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits." *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.,* 218 F.R.D. 76, 78 (S.D.N.Y. 2003).

The complaint in this case is rife with references to such material. It pervasively references the SEC's complaint against NewAge, the SEC's cease-and-desist order, and the adversary complaint filed by NewAge's liquidation trust, none of which were ever adjudicated on the merits or otherwise proven to be true. *See* Dkt. 82 at ¶ 92 ("NewAge settled the Cease and Desist proceedings, which means that it avoided an adjudication in federal court about whether NewAge had or was about to commit a violation of securities law."). Though Plaintiffs claim that "[e]ach allegation was cross-checked against Plaintiffs' entire investigative file for consistency and plausibility," it remains unclear whether vast swaths of the complaint are supported by any facts other than unproven allegations lifted from other complaints. Dkt. 100 at 8. That alone is sufficient for me to strike the paragraphs referenced in Appendix A to Defendant Brent Willis' motion to strike. Dkt. 92 at 15–19. A plaintiff may not shirk his duty to perform an independent investigation by bootstrapping his

- 3 -

claims to allegations from other legal proceedings.[1] *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading. . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . the factual contentions have evidentiary support[.]").[2]

I also agree with Mr. Willis that the allegations premised on the Chief Restructuring Officer's declaration from the bankruptcy proceeding must be stricken. As Mr. Willis notes, the Chief Restructuring Officer was not employed at NewAge during Mr. Willis' tenure as CEO, he was not involved in NewAge's negotiations with third-party retailers and distributors, its creation of a CBD-infused beverage, its merger with Ariix, or the design and operation of NewAge's internal controls. He was also not involved in the preparation of any of NewAge's public disclosures. He therefore could have no personal knowledge of Mr. Willis' state of mind during the class period and his testimony could never be admitted to prove Mr. Willis' alleged scienter. *See* Fed. R. Civ. P. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to

---

[1] To the extent Plaintiffs' allegations premised on third-party complaints are also supported by independent investigation, Plaintiffs may reallege the same or similar facts in a second amended complaint. By including these allegations in the second amended complaint, however, Plaintiffs are expressly certifying that they have an independent basis to believe their veracity.

[2] A fellow district judge in this circuit has reached a different conclusion than the majority of courts in the Second Circuit. *See IBT Emp. Grp. Welfare Fund v. Compass Mins. Int'l, Inc.*, 723 F.Supp.3d 1053, 1058 (D. Kan. 2024). While there is some merit to this position as a matter of pure logic—and it would theoretically be permissible for Plaintiffs to simply reallege the same facts without quotes from or references to the third-party complaints—at least in this case it is too difficult to untangle the well-pled allegations from those that simply turn on the fact that others have made such allegations. The Second Circuit's approach ensures that the allegations are made by the parties and counsel in the present case.

support a finding that the witness has personal knowledge of the matter."). The three paragraphs in the complaint based on the Chief Restructuring Officer's declaration are thus stricken as immaterial too.

Given the breadth of the allegations that must be stricken from the amended complaint, it would be unfair to both parties to proceed with a partial complaint. Those portions of the complaint that were not stricken as stated above are therefore dismissed without prejudice, and Plaintiffs are granted leave to file a second amended complaint.[3] Defendants' motions to dismiss are moot, but may be refiled, if appropriate, after the filing of the second amended complaint.

## CONCLUSION

It is ORDERED that:

The Motion to Strike, **Dkt. 92**, is **granted**, as is the Motion for Joinder, **Dkt. 94**, regarding that motion;

The non-stricken portions of the Amended Class Action Complaint, **Dkt. 82**, are **dismissed without prejudice**, and the plaintiffs may file

---

[3]    I note that as currently written, the complaint likely fails to state a claim with respect to several of its alleged misstatements. I do not agree, for example, that statements regarding "national distribution" at Walmart stores created the misleading impression that NewAge "had begun to and would be shipping them to all, or at least *most* U.S. WalMart stores." Dkt. 101 at 20 (emphasis in original). These statements simply conveyed that NewAge would be distributing its products to at least some stores across the nation. Likewise, I disagree that NewAge's statements about it having "developed" a "portfolio" of CBD beverages created a misleading impression that was contradicted by the fact that NewAge added "[an]other company's CBD drops to NewAge's existing non-CBD drinks." *Id*. at 11.

a second amended complaint within **three weeks** of the date of this Order; and

The Motions to Dismiss, **Dkt. 93, 95, 96**, and **97**, are **denied as moot**.

DATED: March 27, 2025            BY THE COURT:

Daniel D. Domenico
United States District Judge