**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-03161-DDD-TPO

DENNIS CLIFTON, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

      Plaintiff,

  v.

BRENT WILLIS, FRED COOPER, TIM
HAAS, REGINALD KAPTEYN, ALICIA
SYRETT, GREGORY GOULD, CHUCK
ENCE, CARL AURE, KEVIN MANION, ED
BRENNAN, AMY KUZDOWICZ, and GREG
FEA,

      Defendants.

---

**DECLARATION OF SARAH EICHENBERGER IN SUPPORT OF
DEFENDANT BRENT WILLIS'S MOTION TO STRIKE
PORTIONS OF PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT AND THE EXHIBITS THERETO**

---

I, Sarah L. Eichenberger declare as follows pursuant to 28 U.S.C. § 1746:

1.   I am an attorney licensed to practice in the State of New York and am admitted to the United States District Court for the District of Colorado.

2.   I am a partner at the law firm of Katten Muchin Rosenman LLP, counsel of record for Defendant Brent Willis in the above-captioned action, and I have personal knowledge of the facts and information set forth herein.

3.   In accordance with the Federal Rules of Civil Procedure and Local Rules for the United States District Court for the District of Colorado, I respectfully submit this declaration to

1

put before the Court certain facts and documents that are cited in Defendant Brent Willis's Motion to Strike Portions of Plaintiffs' Second Amended Consolidated Class Action Complaint and the Exhibits Thereto.

4.    Mr. Willis is a named defendant in a related action by the United States Securities and Exchange Commission ("SEC"), captioned *United States Securities and Exchange Commission v. Brent David Willis*, 22 cv 2744 (D. Colo.) (the "SEC Action").

5.    In May 2024, the parties in the SEC Action sought the testimony of former NewAge employee Craig Thibodeau.  Although Mr. Thibodeau is not a named defendant in the SEC Action he was, until April 17, 2025, a named defendant in this action (the "Securities Action").

6.    Mr. Thibodeau voluntarily agreed to be deposed in the SEC Action.  The parties accordingly scheduled his deposition for July 17, 2024.

7.    Attorneys for the SEC had at least two conversations with Mr. Thibodeau prior to his deposition in the SEC Action, in connection with which they provided Mr. Thibodeau copies of certain documents produced in discovery in the SEC Action.

8.    Most of the documents produced during discovery in the SEC Action are marked with some variation of the phrase "CONFIDENTIAL TREATMENT REQUESTED." Such documents were originally produced to the SEC by various third parties and subsequently re-produced by the SEC to Mr. Willis.

9.    All documents produced in discovery in the SEC Action are subject to a Protective Order, a true and correct copy of which is attached as **Exhibit 1**.

10. In June 2024, Mr. Willis's counsel was advised that Plaintiffs in the Securities Action had asked Mr. Thibodeau for permission to attend his July 17, 2024 deposition. Although

Mr. Willis's counsel did not speak with Plaintiffs' counsel directly, they were informed of the reason for the request:  Plaintiffs' counsel had apparently represented to Mr. Thibodeau that they would dismiss him from the Securities Action in exchange for permission to attend his July 17, 2024 deposition in the SEC Action.

11. Mr. Willis's counsel did not consent to Plaintiffs' attendance at Mr. Thibodeau's deposition and, as a result, Plaintiffs' counsel did not attend Mr. Thibodeau's July 17, 2024 deposition.

12. Nonetheless, before the Court in the Securities Action determined the sufficiency of the allegations in this proceeding, Plaintiffs appear to have obtained from Mr. Thibodeau numerous documents that were produced in the SEC Action pursuant to the Protective Order, including: (i) a transcript of Mr. Thibodeau's July 17, 2024 deposition, (ii) a transcript of Mr. Thibodeau's April 26, 2022 testimony in connection with the SEC's investigation concerning NewAge, and (iii) certain documents marked CONFIDENTIAL TREATMENT REQUESTED BY GREENBERG TRAURIG.

13. Plaintiffs attached copies of the foregoing documents as exhibits to their Second Amended Complaint ("SAC"), which they filed on April 17, 2024.

14. Unlike the Amended Complaint pending at the time of Mr. Thibodeau's July 17, 2024 deposition, the SAC does not name Mr. Thibodeau as a defendant.

15. Although Mr. Willis's counsel makes no admissions about the authenticity of any of the exhibits to the SAC, the undersigned notes that the final version of Mr. Thibodeau's July 17, 2024 deposition transcript provided by the court reporter contains embedded hyperlinks to 35

documents introduced as exhibits during his deposition. However, in the version of the transcript appended as Exhibit 4 to Plaintiffs' SAC, the hyperlinks are disabled.

16. Concurrent with their filing of the SAC, Plaintiffs moved to seal both the SAC and the Exhibits thereto, representing to this Court that their motion was "unopposed." However, Plaintiffs did not consult with Mr. Willis's counsel prior to filing the exhibits under seal.

17. During a May 14, 2025 meet and confer, the undersigned advised Plaintiffs' counsel that by obtaining, and then using, discovery from the SEC Action, they had violated both the terms of the Protective Order in the SEC Action and the mandatory discovery stay imposed by the Private Securities Litigation Reform Act of 1995. Plaintiffs nonetheless declined to amend their SAC.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 29th day of May, 2025 in New York, New York.

*/s/ Sarah L. Eichenberger*
Sarah L. Eichenberger