# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-2744-GPG-SKC

UNITED STATES SECURITIES AND
EXCHANGE COMMISION,

      Plaintiff,

v.

BRENT DAVID WILLIS,

      Defendant.

---

## PROTECTIVE ORDER

---

THIS MATTER is before the Court on the request of the parties for entry of a stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c).

WHEREAS, the parties to the above-captioned action (collectively, the "Parties" and each individually, a "Party") are engaged in discovery proceedings that will include, among other things, the production of documents and information and taking of depositions that may reveal sensitive personally identifiable information about individuals, financial information, and/or information that is confidential, proprietary, sensitive, and trade secret in nature that should be protected from further disclosure or use and other confidential information; and

WHEREAS, the Parties desire to protect the confidentiality of such information;

FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all persons with actual notice of this Stipulation and [Proposed] Protective Order ("Order") will adhere to the following terms:

1

1. **Scope.** All documents produced by a Party or non-party in the course of discovery in this action, including initial disclosures, all responses to discovery requests, all deposition testimony, transcripts, and exhibits, other materials which may be subject to restrictions on disclosure for good cause and any information derived therefrom (hereinafter collectively "Discovery Material"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. Discovery Material, or any information derived therefrom, shall be used solely for purposes of this action and shall not be used for any other purpose including any other proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record without violation of the Order.

3. **Form and Timing of Designation.** A party may designate Discovery Material as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to each page of the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. In the case of electronically-stored information produced in native format, by including "CONFIDENTIAL" in the file or directory name, in a metadata field of a database load file, or by affixing the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to the media containing the Discovery Material. Discovery Material shall be designated

2

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

4. **Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any Party or nonparty may designate Discovery Material as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that it contains information protected from disclosure by statute or that should be protected from disclosure as confidential personal information (including financial information), medical or psychiatric information, trade secrets, personnel records, confidential investigatory information, information the disclosure of which would breach a legal or contractual obligation, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

5. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall not be applied to, and the restrictions and obligations set forth in this Protective Order shall not apply to, any information or document that: (i) is already public knowledge or otherwise in the public domain at the time of disclosure; (ii) has become public knowledge or enters the public domain other than as a result of disclosure by any person to whom material is being produced pursuant to the terms of this Order (a "Receiving Party"), their employees or agents in violation of this Protective Order; (iii) has come or shall come into a Receiving Party's legitimate possession independently of the party or person seeking to designate information or

3

documents as confidential in this action; (iv) has come into a Receiving Party's legitimate possession prior to entry of this Order; or (v) was independently developed by a Receiving Party.

**6.** **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such within thirty (30) days after receipt of the final transcript. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, any portions of the deposition transcripts or exhibits so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order. All depositions will be deemed to be confidential Discovery Material until the expiration of the thirtieth day after counsel receive a copy of the final transcript thereof, after which time such deposition will be treated in accordance with its confidentiality designation, if any.

**7.** **Protection of Confidential Material.**

**(a) General Protections.** Subject to the exceptions provided in paragraph 18, documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in paragraph 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery, prepare and respond to motions, and at any hearings or trial in this action, including any appeal thereof.

The restrictions set out in this Order shall not apply to copies of documents or information contained in documents that any party obtained or obtains independently of documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

4

**(b) Limited Third-Party Disclosures.**  Discovery Material designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER may be disclosed, summarized, described, characterized, or otherwise made available in whole or in part only to third parties set forth in subparagraphs (1)-(9) or as permitted by paragraph 18 herein.:

    **(1)     Counsel.**  Counsel for the Parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

    **(2)     Parties.**  Parties and employees of a party to this Order;

    **(3)     The Court, Court personnel, and Clerk of Court**;

    **(4)      Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

    **(5)     Consultants, Investigators and Experts.**  Consultants, investigators, and experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding, but only after such persons have executed a Declaration of Confidentiality in the form attached hereto as Exhibit A;

    **(6)     Witnesses, Deponents, and Their Respective Counsel**.  Witnesses, deponents, and their respective counsel shall have access to Discovery Material designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only to the extent necessary to conduct or prepare for depositions or testimony in the litigation, except that such person may only be shown confidential Discovery Material during and in preparation for his/her testimony and in reviewing the transcript of his/her testimony; and

    (7)   Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended

5

recipient of the document, or, in the case of meeting minutes, an attendee of the meeting, but only to the extent that such disclosure is reasonably deemed necessary for the litigation of this action, and provided that such person(s) do not retain any Discovery Material designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

(8) **Insurance Companies or Indemnitors.** Any insurance companies or other indemnitors of Defendant that are providing coverage for claims in this matter;

**(9) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) Discovery Material designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER may only be provided to the persons listed in subparagraphs (1)-(9) after: (i) such person shall first be advised of the existence and content of this Order and shall execute the Declaration of Confidentiality in the form attached hereto as Exhibit A, (ii) they confirm their understanding and agreement to abide by the terms of this Order by making such a statement on the record, or (iii) a court of competent jurisdiction orders them to abide by the terms of the Order.

**(d) Control of Documents.** Counsel for Receiving Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Discovery Material designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order.

**(e) Copies.** Prior to production to a Receiving Party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the designation does not already

appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(f)  Inadvertent Production.**  Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

**8.        Receipt of a Subpoena or Other Compulsory Process.**  Subject to Paragraph 18, if any Receiving Party in possession of confidential Discovery Material concludes that it has been compelled, by subpoena or other form of judicial or compulsory process, to disclose to any person other than those to whom disclosure is permitted in paragraph 8(b) (the "Disclosing Party") Discovery Material designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, that person shall, as promptly as possible, and in any event at least 14 days prior to the disclosure (or within a time frame that is otherwise reasonable under the circumstances if the return date of the subpoena or other process requires compliance in fewer than 14 days), provide written notice, and include a copy of the subpoena or request, to counsel for the producing party of its intention to disclose the Discovery Material designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.  The purpose of this paragraph is to give the producing party an opportunity to object to the disclosure of such Discovery Material pursuant to compulsory process.  If the producing party seeks an order from a court or other authority precluding disclosure of such Discovery Material, the disclosing party shall not disclose such Discovery Material until the court or other authority has ruled on the producing party's request, so long as

7

the disclosing party does not violate any rule of the court or other authority with jurisdiction over the subpoena or document request by await a ruling on the producing party's motion.

**9. Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** The Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

(a) Before any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER is filed under seal with the Clerk, the filing Party or nonparty with standing shall first consult with the Party or nonparty that originally designated the document as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that Party or nonparty, the document or a redacted version of the document may be filed with the Court not under seal.

(b) Where agreement is not possible or adequate, before a document designated CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER DOCUMENTS", displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

(c) To the extent that it is necessary for a Party or nonparty with standing to discuss the contents of any confidential information in a written pleading, the pleading may be filed

8

under seal with a contemporaneously-filed motion to seal the pleading. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

**(d)** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the Parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

10. **Challenges by a Party or Nonparty to Designation as Confidential.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any Party or nonparty with standing to object. Before filing any motions or objections to a confidentiality designation with the Court, the objecting party or nonparty shall have an obligation to meet and confer with the designating party in a good faith effort to resolve the objection by agreement. If agreement is reached waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all Parties a notice specifying the documents and the nature of the agreement.

11. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Civil Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a

9

Party under this Order limits the Court's power to issue any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

**12.** **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any Party during the trial. If a Party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such Party shall provide reasonable advance notice to the other Party or applicable nonparty by identifying the documents or information at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.). The documents then may be presented in open court at trial unless the Party or applicable nonparty who received such notice obtains an order from the Court preventing such use.

**13.** **Privilege.** Pursuant to Federal Rule of Evidence 502(d), with regard to any documents that a producing party seeks to claw back, the production of privileged or other work-product protected documents shall not constitute a waiver of privilege or protection from discovery in this action or in any other federal and state proceedings. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rules of Evidence 502(b) will not apply to documents subject to Rule 502(d) clawbacks; paragraphs (a) and (b) below shall govern the clawback of documents in this action.

    **(a)** If any Party or nonparty discloses information that it later identifies as subject to a claim of attorney-client privilege, work-product protection, or any other applicable privilege or immunity to another party, and the producing party seeks to claw such information back based on a claim of privilege, the receiving party

10

shall (i) refrain from any further examination or disclosure of the information; and (ii) within three (3) business days, return or destroy all copies of the information, and provide a certification to counsel that all such information, including copies, summaries, and excerpts of such information, has been returned or destroyed.

(b) A Party may move the Court for an order compelling production of the disclosed information; however, while such motion is pending, the information in question shall be treated as privileged, and such motion may not assert as a ground for entering such an order the fact or circumstance of the production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the disclosed information (or any part thereof) that is the subject of such motion other than to submit the disclosed information for *in camera* review.

**14.      Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Return of Documents Filed under Seal.**  After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the Parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**15.      Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a Party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Civil Rule 7.1 and the presiding judge's standing orders or other relevant orders.

**16.      Reservation of Rights.**  Nothing in this Order shall:

11

**(a)** Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

(b) Prejudice in any way the rights of any Party to object to the relevance, use, authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

(c) Operate as an admission by any Party that any particular Discovery Material contains any type of confidential information, including trade secrets;

(d) Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege, protection or immunity.

(e) Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material should be subject to the terms of this Order; or

(f) Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

17. **Limited Protection.** Documents not designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," but that were produced by any person or entity to the SEC, bearing the language "Requests That These Documents Be Accorded Confidential Treatment" or "Confidential Treatment Requested By," shall not be used by any Party other than for purposes of litigating this case. Such documents are not, however, subject to the other restrictions imposed upon those documents designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

12

**18.** **Disclosures Required by Law or Permitted by SEC Form 1662.**

Notwithstanding any other provisions contained herein, this Order does not limit or restrict the

Plaintiff SEC from using or disclosing any materials to the extent otherwise required by law or

permitted pursuant to the terms of SEC Form 1662.

**19.** This Order has no effect upon, and shall not apply to, a Party or nonparty's use or

disclosure of its own Discovery Material for any purpose.

**20.** No Receiving Party shall reveal any Discovery Material designated

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER to anyone not entitled to receive

such Discovery Material under the terms of this Order.  If it comes to any Receiving Party's

attention that there was or is likely to be a loss of confidentiality, the party responsible for the

disclosure or loss of confidentiality shall immediately inform the producing party of all pertinent

facts.  Without prejudice to the rights and remedies of the producing party, the party responsible

for the disclosure or loss of confidentiality shall also make reasonable efforts to retrieve the

improperly disclosed information and to prevent further unauthorized disclosure on its own part

and further unauthorized use and disclosure of the Discovery Material designated

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by each unauthorized person who

receives the information.

**21.** **Privacy Information.**  The term "Privacy Information" shall mean an

individual's social security number or taxpayer identification number (other than the last four

digits thereof), an individual's birth date (other than the year of the individual's birth), the name

of an individual known to be a minor (other than just the minor's initials), and a financial

account number (other than the last four digits thereof) regardless of whether such information

has been designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. With regard

13

to Privacy Information that any Party has obtained in this case through production of documents, other discovery, or otherwise under Fed. R. Civ. P. 26(a), that Party will not disclose or use such Privacy Information other than for purposes of litigating this case, subject to the following exceptions:

(a) The Order shall not limit or restrict the Plaintiff SEC from using or disclosing Privacy Information to the extent otherwise required by law or permitted pursuant to the terms of SEC Form 1662.

(b) The Order shall not apply to Privacy Information that any party obtained or obtains independently of materials produced or provided to it in this case.

(c) The Order shall not limit or restrict the ability to file Privacy Information in this case, or present, disclose or use Privacy Information at trial, depositions, hearings or other proceedings in this case.

(d) The Order shall not alter the Parties' obligations to comply with the requirement of Fed. R. Civ. P. 5.2(a) and (b), regarding the filing of materials containing Privacy Information.

22.     **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the Parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

23.     **Remedies.** In the event that the Court determines that there is an actual or threatened violation of this Order by a Receiving Party, the Parties agree that the producing party would not have an adequate remedy at law and would be entitled to specific performance and/or

14

injunctive relief to enforce the terms of the Order, in addition to any other remedy to which the producing party may be entitled at law or in equity.

**24.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

***So Ordered.***

Dated: June 9, 2023

_____
S. Kato Crews
United States Magistrate Judge

Stipulated and agreed to:

Dated:___June 8, 2023_____

By:  _s/ Edward J. Reilly_____
　　　Edward J. Reilly
　　　Damon W. Taaffe
　　　U.S. Securities and Exchange Commission
　　　100 F Street NE
　　　Washington, DC 20549-4473
　　　Telephone: (202) 551-6791 (Reilly)
　　　Email: reillyed@sec.gov
　　　*Attorneys for Plaintiff*
　　　*U.S. Securities and Exchange Commission*

Dated:_____June 8, 2023_____

　　　*/s/ Lari A. Dierks*
　　　Michael J. Diver
　　　Michael J. Lohnes
　　　Lari A. Dierks
　　　KATTEN MUCHIN ROSENMAN LLP
　　　525 W. Monroe Street
　　　Chicago, Illinois 60661
　　　Telephone: 312.902.5200
　　　michael.diver@katten.com
　　　michael.lohnes@katten.com
　　　lari.dierks@katten.com

　　　Attorneys for Defendant Brent David Willis

15

# EXHIBIT A

Case 1:22-cv-02446-PDG-STV  Document 88-1  filed 06/05/25  USDC Colorado  pg 17 of 18

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-2744-GPG-SKC

UNITED STATES SECURITIES AND
EXCHANGE COMMISION,

      Plaintiff,

v.

BRENT DAVID WILLIS,

      Defendant.

---

## DECLARATION OF CONFIDENTIALITY

---

I hereby acknowledge that I am to receive, or have received, documents or information pursuant to the terms of a Protective Order ("Order") in the above-captioned case.

I acknowledge receipt of a copy of the Order and certify that I have read it. I agree to be bound by the terms and restrictions set forth in the Order.

I agree to submit to the jurisdiction of the United States District Court for the District of Colorado with respect to any proceedings relating to or arising from this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

_____
(Print)

_____
(Date)