# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLORADO

DENNIS CLIFTON, INDIVIDUALLY )
AND ON BEHALF OF ALL OTHERS )
SIMILARLY SITUATED, )
                         )
      Plaintiff, )
                         )
v. )          Case No. 1:22-cv-03161-DDD-JPO
                         )
BRENT WILLIS, ET AL., )
                         )
      Defendants. )

## <u>MOTION TO STRIKE</u>

Defendants Carl Aure, Ed Brennan, Chuck Ence, Greg Fea, Greg Gould, Tim Haas, Reginald Kapteyn, Amy Kuzdowicz, and Kevin Manion (collectively, the "<u>D&Os</u>"), by and through undersigned counsel, hereby move to strike the Second Amended Class Action Complaint (the "<u>Complaint</u>,") (Dkt. 114) with prejudice for continuing to rely heavily upon inadmissible evidence. The D&Os adopt Mr. Willis' arguments in Section A of his Motion to Strike the Second Amended Class Action Complaint relating to reliance on unadjudicated facts in the SEC Complaint and the Adversarial Complaint and incorporate it by reference. The D&Os additionally state as follows:

In its order striking Plaintiffs' First Amended Complaint ("<u>Strike Order</u>") the Court noted it was appropriate to strike allegations "to the extent they [were] based on evidence which could never be admitted at trial" and identified such evidence as including, among other things, "the SEC's complaint against NewAge, the SEC's

1

cease-and-desist order, and the adversary complaint filed by NewAge's liquidation trust." Dkt. 112 at 2-3.

Rather than dealing with the implications of the Court's Strike Order, Plaintiffs hastily stripped out some improper allegations but continue to rely heavily upon inadmissible evidence. As Mr. Willis points out in his Motion to Strike the Second Amended Complaint, Plaintiffs "continue[] to rely on the *same* impermissible materials that doomed its predecessor, advancing the *same* theories, the *same* unadjudicated allegations, the *same* erroneous conclusions, and in many instances, the *same* language." Dkt. 127 at 6.

Ignoring both the spirit and letter of the Court's Strike Order, Plaintiffs acknowledge the information and belief underlying their allegations in the Complaints rest on their counsel's "investigation," including their counsel's "review and analysis" of the following:

- "filings in the the SEC's action against Defendant Willis captioned *SEC v. Willis*, No. 1:22-cv-02744-GPG-TPO (D. Colo.) (the 'SEC Action')";

- "filings in the SEC's Order Instituting Cease-and-Desist Proceedings"; and

- "filings in the NAI Liquidation Trust and NewAge's action against . . . Defendants captioned . . . *In re: NewAge, Inc. et al.*, No. 22-50432 (LSS) (D. Del. Bankr.)" ('NewAge's Adversary Action')[.]

Compl. at 1–2. Plaintiffs hide nothing by referencing "filings" rather than the complaints themselves.

Given Plaintiffs' heavy reliance on inadmissible evidence, the D&Os cannot determine with precision every part of the Complaint that is tainted by such reliance. But a careful review of the Complaint confirms the numerous previously stricken allegations that Plaintiffs reassert in the Complaint are almost certainly sourced from the same third-party complaints and SEC's Cease-and-Desist Order, in violation of the Strike Order. Dkt. 112 at 3-4. Contrary to this Court's instructions, throughout their Complaint Plaintiffs fail to cite an independent basis separate and apart from the third-party complaints/Cease-and-Desist Order that support a belief in the veracity of these contentions. *See generally* Compl.

This Court gave Plaintiffs the opportunity to replead their allegations to conform with its Strike Order. In doing so it reminded them of their "duty to perform an independent investigation" of the alleged facts, and not "shirk" their Rule 11 obligation by "bootstrapping [their] claims to allegations from other legal proceedings." (Dkt. 112 at 3-4 (citing Fed. R. Civ. P. 11(b).). They are unwilling or unable to do so. The Court should again strike the portions of the Complaint referencing or relying upon the unproven allegations culled from the "filings" in these third-party actions, including the SEC Action and NewAge's Adversary Action. The Court should not allow Plaintiffs a chance to plead anew pursuant to Fed. R. Civ. P. 41(b) given their failure to comply with the Strike Order as well as for the reasons stated in the D&O's Motion to Dismiss.

3

## CONCLUSION

For these reasons and the reasons stated in Section A of Mr. Willis's Motion to Strike, the Court should strike all portions of the Complaint that reference or rely upon unproven allegations in third-party actions, including the SEC Action and Adversary Action, deny Plaintiffs leave to amend, and grant the D&Os such other and further relief to which they are justly entitled.

DATED: May 29, 2025

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By:    /s/ *Robert Long*
Robert Long
David W. Klaudt
Laura Sixkiller
Jared R. Weir (admission forthcoming)
Michael M. Besser
1144 15th Street, Suite 3300
Denver, CO 80202
Telephone: 303-572-6500
Facsimile: 303-572-6540
Email: laura.sixkiller@gtlaw.com

*Attorneys for Defendants Carl Aure, Ed Brennan, Chuck Ence, Greg Fea, Gregory Gould, Tim Haas, Reginald Kapteyn, Amy Kuzdowicz, and Kevin Manion*

4

## PRACTICE STANDARD III(A)(1) CERTIFICATION

I hereby certify that the foregoing motion complies with the type-volume

limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/ Laura Sixkiller
Laura Sixkiller

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May 2025, a true and correct copy of

the foregoing **MOTION TO STRIKE** was e-filed with the Court through CM/ECF

and served on all counsel of record.

/s/ Laura Sixkiller
Laura Sixkiller

5