**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-03161-DDD-TPO

DENNIS CLIFTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

                  v.

BRENT WILLIS,
FRED COOPER,
TIM HAAS,
REGINALD KAPTEYN,
ALICIA SYRETT,
GREGORY GOULD,
CHUCK ENCE,
CARL AURE,
KEVIN MANION,
ED BRENNAN,
AMY KUZDOWICZ,
and GREG FEA,

Defendants.

---

**DECLARATION OF JAMES M. WILSON, JR. IN OPPOSITION TO THE MOTIONS TO STRIKE**

---

I, James M. Wilson, Jr., declare as follows pursuant to 28 U.S.C. § 1746:

1.      I am an attorney admitted to practice law in the States of Georgia and New York and am admitted to this Court.

2.      I am a partner in the law firm of Faruqi & Faruqi, LLP, Lead Counsel and counsel for Lead Plaintiffs Damian and Cigdem Betebenner ("Plaintiffs"). I submit this declaration in support of the Plaintiffs' opposition to the motions to strike certain allegations in Plaintiffs' Second Amended Class Action Complaint filed herewith. I have personal knowledge of the facts set forth herein and would testify thereto if called.

3.      Without waiving any privileges and or doctrines that protect my firm's communications and work product, including the attorney-client privilege and work product doctrine, I state the following for the limited purpose of responding to false statements and issues raised in the declaration filed by attorney Sarah Eichenberger from the law firm Katten Muchin Rosenman LLP, counsel of record for Defendant Brent Willis ("Willis") on May 29, 2025, Dkt. 128 ("Eichenberger Decl.").

4.       After my firm was appointed Lead Counsel on March 26, 2024, we confirmed that Craig Thibodeau, who had been named in the original complaint that had been filed by a different law firm (Dkt. 1), had not been served with a summons and complaint. We therefore investigated the circumstances pertaining to the lack of personal service and determined that Mr. Thibodeau resided in Canada. My firm then sought an extension of time to serve Mr. Thibodeau in Canada, which motion was granted on May 10, 2024. Dkt. 79. On June 9, 2024, service of process was effected on Mr. Thibodeau. Dkt. 84.

1

5.      On or around June 11, 2024, an attorney from the U.S. Securities and Exchange Commission ("SEC"), which was prosecuting civil claims for securities laws violations against Defendant Brent Willis based on allegations related to those in this action, contacted my firm by email to discuss our case and the circumstances for naming Mr. Thibodeau as a Defendant. We then set up a call with the SEC counsel on or about July 8, 2024. ████████████████

█████████████████████████████████████████

█████████████████████████████████████████

████████

6.      On or around June 20, 2024, counsel for Mr. Thibodeau at the law firm Gowling WLG in Canada contacted my firm to discuss our claims against Mr. Thibodeau and the SEC Action against Mr. Willis. We had a short discussion regarding the service of process on Mr. Thibodeau, Mr. Thibodeau's status in the SEC Action and whether we intended to proceed with this case against Mr. Thibodeau such that he would need to retain U.S. counsel.  We informed Mr. Thibodeau's counsel that we did intend to proceed with the claims against him, but that we would be willing to consider any additional exculpatory information he could provide our investigation regarding the allegations against him and the other defendants.  We made it very clear that there could be no quid pro quo and Mr. Thibodeau would remain in the case unless, in our sole discretion, the exculpatory evidence he provided convinced us that he should not remain as a defendant, and that that decision could not be made until *after* we reviewed the additional evidence.  Mr. Thibodeau's counsel agreed with our demands.

7.      Mr. Thibodeau's counsel further stated that, with the SEC's consent, Mr. Thibodeau would produce to my firm the documents he had been provided by the SEC in the

2

SEC's case against Mr. Willis to assist us in our investigation, and to allow us to evaluate the strength of the allegations against Mr. Thibodeau. Those documents were produced to us in August 2024.   The decision to not name Mr. Thibodeau in the Second Amended Complaint ("SAC") was not made until *after* the documents had been fully reviewed.

8.      After the Court granted Defendants' motion to strike Plaintiffs' complaint on March 27, 2025 (Dkt. 112), my firm reached out to the SEC counsel to discuss the use by my firm of the documents provided to us by Mr. Thibodeau for purposes of drafting an amended complaint to address the issues identified by the Court in its March 27 Order. The SEC informed us that it had no objection to my firm relying on those documents for an amended complaint and that we could also let Mr. Thibodeau's counsel know that the SEC had no objection to our use of those documents.

9.      On or around March 28, 2025, my firm also reached out to counsel for Mr. Thibodeau to discuss the use of the documents produced to us by Mr. Thibodeau for an amended complaint. We also provided Mr. Thibodeau's counsel with the contact information for the attorney at the SEC with whom we had been in contact about the use of the documents provided to Mr. Thibodeau.

10.     On or around April 13, 2025, Mr. Thibodeau's counsel confirmed that Mr. Thibodeau consented to the use by my firm of the documents he provided to my firm in 2024 for purposes of filing an amended complaint in this action.

11.     In Ms. Eichenberg's spurious sworn declaration dated May 29, 2025, Ms. Eichenberger states at ¶¶10-11 that:

10. In June 2024, Mr. Willis's counsel was advised that Plaintiffs in the Securities Action had asked Mr. Thibodeau for permission to attend his July 17, 2024 deposition. Although Mr. Willis's counsel did not speak with Plaintiffs' counsel directly, they were informed of the reason for the request:  Plaintiffs' counsel had apparently represented to Mr. Thibodeau that they would dismiss him from the Securities Action in exchange for permission to attend his July 17, 2024 deposition in the SEC Action.

11. Mr. Willis's counsel did not consent to Plaintiffs' attendance at Mr. Thibodeau's deposition and, as a result, Plaintiffs' counsel did not attend Mr. Thibodeau's July 17, 2024 deposition.

Eichenberger Decl., Dkt. 128.

12.    These representations, made for the first time in the Eichenberger Declaration, based on **unnamed supposed sources** amount to nothing more than baseless rumors about my clients and my firm.  **They are false**. I have no recollection of ever even being informed that Mr. Thibodeau was scheduled to testify in the SEC case or when his deposition might take place and I am confident that information was not provided to my firm.  Neither I, nor anyone at my firm requested to attend Mr. Thibodeau's deposition, indeed we did not know when it was scheduled to take place and we did not care.  Neither I nor any attorney at my firm represented that Mr. Thibodeau would be dropped from this case in exchange for attending his deposition as represented by Ms. Eichenberg.

13.    The SAC was filed on **April 17, 2025**, not 2024 as sworn to by Eichenberger at Eichenberger Decl. ¶13, - after my firm conducted a thorough investigation, including an

4

examination of documents provided to us by Mr. Thibodeau in August 2024, *after his July 17, 2024 deposition*. Those documents were produced to my firm with the SEC's and Mr. Thibodeau's consent and without any prior commitment and/or agreement to dismiss Mr. Thibodeau in exchange for those documents.

14.     Oddly, Ms. Eichenberger also notes for the first time in her declaration that Plaintiffs filed a copy of Mr. Thibodeau's July 17, 2024 deposition transcript with the SAC (Exhibit 4), without the hyperlinks to the exhibits introduced at that deposition. Eichenberger Decl. ¶15.  For clarity, after receiving a copy of Mr. Thibodeau's July 17, 2024 deposition transcript, that transcript was loaded into and saved on my firm's document database as .pdf format and during that process the hyperlinks were deactivated by document management software used.  Ms. Eichenberger would presumably have a copy of all of those exhibits and Plaintiffs would be pleased to provide a copy of them to the Court if the Court so desires.

15.     Finally, with respect to Plaintiffs' motion to file those documents and the portions of the SAC under seal (Dkt. 113), the motion accurately reflects that only counsel for the defendants represented by Greenberg Traurig, LLP ("Greenberg Traurig"), the law firm that requested that the materials at issue by treated as confidential in the SEC Action, were consulted to determine if they opposed Plaintiffs' motion to file under seal. Counsel for Plaintiffs and counsel for Willis have had numerous email exchanges and two telephone conversations since then and Willis has not objected to sealing of those documents. Willis himself sought to seal certain of those documents in his motion papers.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 10th day of July 2025 at New York, NY.

*/s/ James M. Wilson, Jr.*
James M. Wilson, Jr.

# CERTIFICATE OF SERVICE

I, James M. Wilson, Jr., hereby certify that on July 10, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

*s/ James M. Wilson, Jr.*
James M. Wilson, Jr.