**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| DENNIS CLIFTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>            Plaintiffs,<br><br>vs.<br><br>BRENT WILLIS, FRED COOPER, TIM HAAS, REGINALD KAPTEYN, ALICIA SYRETT, GREGORY GOULD, CHUCK ENCE, CARL AURE, KEVIN MANION, ED BRENNAN, AMY KUZDOWICZ, GREG FEA, and CRAIG THIBODEAU,<br><br>            Defendants. | **DEFENDANT FRED COOPER'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br><br>Case No. 1:22-cv-03161-DDD-JPO |

Defendant Fred Cooper ("Mr. Cooper"), by and through his undersigned counsel,

respectfully submits this Reply Memorandum in support of his Motion to Dismiss all claims

asserted against him in Plaintiffs' Second Amended Class Action Complaint (the

"Complaint" or "SAC"). Plaintiffs' Opposition (Dkt. 139) fails to cure the fundamental

deficiencies in their pleading against Mr. Cooper, particularly their inability to plead

actionable misstatements, a strong inference of scienter, or loss causation with the

particularity required by Federal Rule of Civil Procedure 9(b) and the Private Securities

Litigation Reform Act of 1995 (PSLRA).

I.    **PLAINTIFFS FAIL TO PLEAD ACTIONABLE MISSTATEMENTS OR OMISSIONS BY MR. COOPER TO THE MARKET.**

Plaintiffs' Opposition attempts to shift the goalposts, asserting that Mr. Cooper "does

not (nor could it) challenge Plaintiffs' allegations of falsity as to any statements attributed

1

to him in the SAC." (Dkt. 139 at 8). This mischaracterizes Mr. Cooper's Motion. Mr. Cooper's

Motion to Dismiss (Dkt. 122) explicitly and extensively challenges Plaintiffs' failure to plead

any *actionable misrepresentation or omission by Mr. Cooper to the NewAge investing public*

regarding Ariix's working capital, ICONN/KwikClick, or alleged FCPA violations with the

requisite particularity. (Dkt. 122 at 4-13). An "actionable misstatement" is a core element

of a securities fraud claim. Without pleading a misstatement or omission that satisfies the

heightened standards of the PSLRA and Rule 9(b), a federal securities fraud claim fails at

the motion to dismiss stage.

Perhaps recognizing this reality, Plaintiffs now narrow their focus, asserting that Mr.

Cooper is only alleged to have made false and misleading statements by signing the 2020

Form 10-K, specifically paragraphs 155-157 of the SAC. (Dkt. 139 at 9). Even accepting this

narrowed scope, Plaintiffs' allegations remain insufficient.

The SAC alleges that the 2020 Form 10-K misleadingly stated that NewAge's

Disclosure Controls were ineffective due to "[in]sufficient resources to adequately monitor

the consolidation of the financial information and purchase allocation of Ariix...due to the

acquisition's 'size and timing.'" (SAC ¶¶ 156-57). Plaintiffs contend this statement was

misleading for omitting other reasons for ineffectiveness, namely: (1) NewAge's costly

internal investigation into Ariix's FCPA violations, and (2) Willis's alleged ability to bypass

controls to issue false statements about distribution agreements and the CBD portfolio.

(Dkt. 139 at 9-10). This argument fails for several reasons.

***First***, the 10-K accurately disclosed the *stated* reasons for the material weaknesses.

Plaintiffs' claim that these statements were misleading by omission requires pleading that

Mr. Cooper had a duty to disclose the "full truth" about other, unstated reasons, and that his

2

failure to do so rendered the statements made misleading. As Mr. Cooper's Motion argued, mere "concerns" or "suspicions" (SAC ¶ 106) do not equate to definitive, known violations that Mr. Cooper was duty-bound to disclose to the market in a way that would render his signature on the 10-K fraudulent. (Dkt. 122 at 11-12). The 10-K explicitly addressed the *monitoring and consolidation* issues related to the Ariix acquisition, which is consistent with the "size and timing" rationale. Plaintiffs fail to plead with particularity how Mr. Cooper's signature on a document disclosing *some* material weaknesses, without more, constitutes a fraudulent misrepresentation or omission *by him* to the market regarding *undisclosed* issues, particularly those primarily attributable to Mr. Willis or pre-merger conduct.

*Second*, Plaintiffs' continued reliance on the "NewAge Adversary Action" as an "admission against interest" under Fed. R. Evid. 801(d)(2) (Dkt. 139 at 8-9, 11) to support their claims against Mr. Cooper is misplaced in the context of PSLRA pleading. As Mr. Cooper's Motion established, the PSLRA requires plaintiffs to "state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1)(B). Simply regurgitating unadjudicated allegations from a separate lawsuit, even one filed by the company in bankruptcy, does not constitute providing "all facts" underlying Plaintiffs' belief for this securities fraud action. (Dkt. 122 at 8). Such allegations are "inherently untested" and "may be based on different legal theories." (Dkt. 122 at 8). Plaintiffs cannot meet their heightened pleading burden by merely pointing to another party's unproven accusations in a different forum. *See RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009) (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 892-94 (2d Cir. 1976), for the principle of unreliability of unadjudicated allegations).

II.     **PLAINTIFFS FAIL TO PLEAD A STRONG INFERENCE OF SCIENTER AGAINST MR. COOPER.**

Plaintiffs' Opposition fails to establish a strong inference of scienter for Mr. Cooper, as required by the PSLRA. 15 U.S.C. § 78u-4(b)(2)(A). A "strong inference" must be "cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007). Plaintiffs argue that Mr. Cooper's status as Ariix's founder and CEO, his "intimate knowledge" of Ariix's condition, and the ongoing SEC investigation into NewAge's prior statements (Dkt. 139 at 12) establish scienter. However, knowledge of internal issues or investigations does not automatically translate to *scienter for securities fraud* against the *market* without specific allegations of Mr. Cooper's fraudulent intent to mislead investors. The SAC fails to allege that Mr. Cooper personally made misrepresentations to the market or omitted material facts with the intent to defraud investors, or with deliberate recklessness as to the misleading nature of his communications to the market.

Plaintiffs assert that Mr. Cooper "necessarily knew" about the Japan suspension and the FCPA investigation's costs (Dkt. 139 at 12-13). Even if true, knowing about an investigation or a regulatory issue does not automatically mean Mr. Cooper knew of a *definitive FCPA violation* that he was obligated to disclose to the market in the 10-K, or that his failure to do so was with fraudulent intent. The 10-K addressed material weaknesses related to *monitoring and consolidation* of the Ariix acquisition, not necessarily the underlying conduct of Ariix itself or ongoing investigations. An equally, if not more, compelling inference is that the 10-K accurately reflected the disclosed material

4

weaknesses, and Mr. Cooper did not possess the specific fraudulent intent to mislead the market regarding broader, undisclosed issues. *See Tellabs*, 551 U.S. at 324.

Plaintiffs also rely on Mr. Cooper's personal financial motives (18 million NewAge shares, promissory notes, KwikClick fees, salary) to bolster scienter. (Dkt. 139 at 14). However, these are common benefits associated with a merger and a new executive role. They do not, without more, demonstrate an intent to defraud *NewAge investors* through specific misrepresentations or omissions in the 2020 Form 10-K. The SAC fails to link these benefits to any specific fraudulent act by Mr. Cooper to manipulate NewAge's stock price or deceive the market. *See In re Level 3 Commc'ns, Inc. Secs. Litig.*, 667 F.3d 1331, 1346 (10th Cir. 2012) (finding bonuses did not show motive where they were based on real progress, not representations of progress); *City of Philadelphia v. Fleming Cos.*, 264 F.3d 1245, 1270 (10th Cir. 2001) (absence of allegations that defendants "in any other way benefitted in some concrete and personal manner from making the alleged misrepresentations and/or omissions").

III.    **PLAINTIFFS FAIL TO SUFFICIENTLY PLEAD LOSS CAUSATION AS TO MR. COOPER.**

Plaintiffs' loss causation allegations remain conclusory and fail to establish a plausible causal connection between *Mr. Cooper's alleged conduct* and the subsequent declines in NewAge's stock price. While Federal Rule of Civil Procedure 8 applies to loss causation, it still requires a plausible causal connection. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346-47 (2005). Plaintiffs must demonstrate that Mr. Cooper's alleged misrepresentation (or omission) was the proximate cause of their economic loss. (Dkt. 122 at 13).

Plaintiffs attempt to connect the stock drops to a "series of partial disclosures" (Willis's resignation, NASDAQ notices, bankruptcy, SEC action) and the "materialization of risk." (Dkt. 139 at 16-19). However, these alleged corrective disclosures are too attenuated from any *specific misrepresentation or actionable omission by Mr. Cooper to the market* to establish loss causation against him.

Mr. Cooper's alleged actionable conduct is limited to signing the 2020 Form 10-K. The alleged corrective disclosures largely concern events and actions of NewAge as a corporate entity or its CEO, Mr. Willis, well after any alleged pre-merger misrepresentations by Mr. Cooper (as Ariix CEO to NewAge, not to the market) would have occurred. None of these disclosures are plausibly linked to correcting a prior fraudulent statement made *by Mr. Cooper* to the market.

For instance, Willis's resignation (SAC ¶ 164) is not plausibly linked to correcting a specific misrepresentation by Mr. Cooper. Similarly, the NASDAQ late filing notice (SAC ¶ 165), strategic alternatives announcement (SAC ¶ 166), bankruptcy filing (SAC ¶ 167), and delisting (SAC ¶ 168) are consequences of NewAge's overall financial distress and corporate issues, not specific revelations of Mr. Cooper's alleged fraud in the 2020 Form 10-K. The SEC action against Willis and NewAge (SAC ¶¶ 111-113, 169-170) details misconduct primarily attributable to Mr. Willis and NewAge as a corporate entity regarding pre-merger distribution agreements and the CBD portfolio—issues that largely predate Mr. Cooper's tenure on the NewAge board and are distinct from his alleged conduct in signing the 2020 Form 10-K.

While Plaintiffs argue that a "disclosure need not precisely mirror the earlier misrepresentation" (*In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1130, 1140 (10th Cir.

6

2009)), there must still be a plausible causal nexus. Here, the SAC fails to identify (1) specific misrepresentations by Mr. Cooper to the market, (2) a specific corrective disclosure that revealed the truth about *that specific Cooper misrepresentation to the market*, and (3) show that the stock drop was a foreseeable consequence of *that specific revelation*. (Dkt. 122 at 22). The "materialization of risk" theory likewise fails because the alleged risks (regulatory scrutiny, costly investigations, bankruptcy) are not plausibly linked to Mr. Cooper's specific alleged misrepresentations in the 2020 Form 10-K, but rather to broader corporate issues or the actions of other defendants.

## IV.    PLAINTIFFS' SECTION 20(a) CLAIM FAILS.

Plaintiffs' control-person claim under Section 20(a) of the Exchange Act against Mr. Cooper necessarily fails because they have not adequately pleaded a primary violation of Section 10(b) and Rule 10b-5 *by Mr. Cooper*. A viable primary violation is a prerequisite for a Section 20(a) claim. *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1107 (10th Cir. 2003). As demonstrated above, Plaintiffs have failed to plead such a primary violation by Mr. Cooper.

Even if a primary violation by NewAge were adequately pleaded (which is not conceded), Plaintiffs fail to allege with particularity facts demonstrating that Mr. Cooper had the requisite culpable control over the *specific actionable statements* that formed the basis of NewAge's alleged primary violation. While Mr. Cooper joined the NewAge board in November 2020 and signed the 2020 Form 10-K only a few months later, many of the alleged misstatements by other defendants (e.g., those concerning distribution agreements and the CBD portfolio) predate his tenure on the NewAge board. For any statements made thereafter, Plaintiffs have not pleaded facts showing Mr. Cooper exercised culpable control

7

over the specific statements or conduct at issue that formed the basis of a primary violation by NewAge. The Tenth Circuit, while not requiring "culpable participation," still requires facts from which control can be reasonably inferred. *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1305 (10th Cir. 1998). "The ability to acquire the power to control is necessarily one step removed from the power to control and two steps removed from the actual exercise of control." *Id.* Plaintiffs' allegations fall short of demonstrating Mr. Cooper's control over the specific misrepresentations that form the core of the SAC's allegations against NewAge.

## CONCLUSION

For all the foregoing reasons, Defendant Fred Cooper respectfully requests that this Court dismiss all claims against him in the Second Amended Class Action Complaint with prejudice.

DATED August 7, 2025                    **DAVID S. HUNT, PC**

/s/ David S. Hunt
David S. Hunt
66 Exchange Place, Suite 201
Salt Lake City, Utah 84111
Telephone 801-355-7878
dh@hunt-pc.com

*Attorney for Defendant Fred Cooper*

8

9

## PRACTICE STANDARD III(A)(1) CERTIFICATION

I hereby certify that the foregoing motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1), as modified by the Court's April 29, 2025 ORDER GRANTING IN PART [120] Joint Stipulated Motion to Adopt Briefing Schedule and for Leave to Exceed Word Limits. (Dkt. 121).

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2025, a true and correct copy of the foregoing DEFENDANT FRED COOPER'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT was e-filed with the Court through CM/ECF and served on all counsel of record.

/s/ David S. Hunt
David S. Hunt