# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLORADO

DENNIS CLIFTON, INDIVIDUALLY )
AND ON BEHALF OF ALL OTHERS )
SIMILARLY SITUATED, )
         )
  Plaintiff, )
         )
v. )   Case No. 1:22-cv-03161-DDD-JPO
         )
BRENT WILLIS, ET AL., )
         )
  Defendants. )

## REPLY IN SUPPORT OF MOTION TO STRIKE

Defendants Carl Aure, Ed Brennan, Chuck Ence, Greg Fea, Greg Gould, Tim Haas, Reginald Kapteyn, Amy Kuzdowicz, and Kevin Manion (collectively, the "D&Os"), by and through undersigned counsel, hereby file their reply to the Plaintiffs'[1] self-styled "Lead Plaintiffs' Memorandum of Law in Opposition to Defendants Brent Willis, Carl Aure, Ed Brennan, Chuck Ence, Greg Fea, Greg Gould, Tim Haas, Reginald Kapteyn, Amy Kuzdowicz, and Kevin Manion's Motions to Strike Portions of Plaintiffs' Second Amended Class Action Complaint and the Exhibits Thereto" (the "Response") (Dkt. 137) in support of the D&Os' Motion to Strike ("Motion to Strike") (Dkt. 130) the Second Amended Class Action Complaint (the "Complaint") (Dkt. 114).

---

[1] Unless defined differently herein, all capitalized terms have the definitions from the Motion to Strike.

1

As an initial matter, the D&Os incorporate by reference the arguments advanced by Brent Willis in section "A" of his reply in support of his motion to strike (Dkt. 149).

Additionally, it is helpful to review the collateral proceedings that existed in connection with NewAge's bankruptcy case (the "<u>Bankruptcy Case</u>"), which Plaintiffs are relying upon in the Complaint.

The Bankruptcy Case is case number 22-10819-LSS pending in the United States District Court for the District of Delaware. There are two adversary proceedings related to the Bankruptcy Case that are relevant here.

**First**, there is case number 22-50432-LSS brought by the debtor in the Bankruptcy Case, and it appears Plaintiffs' Complaint refers to this adversary proceeding as the "NewAge's Adversary Action". **Second**, there is case number 23-50393-LSS brought by the NAI Liquidation Trust, and it appears Plaintiffs' Complaint refers to this adversary proceeding as the "Adversary Action".

The D&Os submit that to the extent there is any confusion about these actions, it was caused (at least in part) by the Complaint's citation to the case number for the underlying Bankruptcy Case instead of the case number for the Adversary Action.

Turning to the substance of Plaintiffs' arguments in the Response, the Court should disregard Plaintiffs' assertion that it is not relying on the adversary complaint filed by the NAI Liquidation Trust. Resp. note 4. Plaintiffs' denial of reliance on the complaint in the Adversary Action simply cannot be reconciled with the plain

language of the Complaint.  In the Complaint's "Preliminary Statement" Plaintiffs allege:

> Plaintiffs' information and belief is based upon the substantial investigation by Plaintiffs' counsel into the facts and circumstances alleged herein, including the following: . . . (vii) review and analysis of filings in the NAI Liquidation Trust and NewAge's action against, *inter alia*, Defendants captioned respectively as *In re: NewAge, Inc. et al.*, No. 22-10819 (LSS) (D. Del. Bankr.) ("Adversary Action") . . . .

Compl. pp. 1-2.  Plaintiffs again rely upon the Adversary Action later in the Complaint.  Compl. ¶ 62 & note 3 ("The fact that all of the Defendants were sued by the Liquidation Trust for knowingly making many of the same false and misleading statements regarding the distribution agreements alleged herein . . . .") (internal footnote omitted).

Even if Plaintiffs had properly excised everything from their Complaint that referenced the inadmissible evidence identified by the Court in its Strike Order (Dkt. 112 pp. 2-4), Plaintiffs' purported pivot to relying upon the adversary complaint in NewAge's Adversary Action does not remedy the Court's stated concern because Plaintiffs are still relying on inadmissible evidence.

Importantly, this problem is not cured by Plaintiffs' feeble assertion that the allegations from the complaint in NewAge's Adversary Action should be treated as "admissions against interest." Resp. n. 4. Plaintiffs cite Federal Rule of Evidence 801(d)(2) but make no effort to explain how it is relevant to Plaintiffs' allegations against the D&Os—none of whom were parties to NewAge's Adversary Action.  To be clear, the complaint in NewAge's Adversary Action was not an admission by any parties to the present case.

As made clear by the Complaint's Preliminary Statement, Plaintiffs are still expressly relying upon a mountain of inadmissible evidence.  Thus, as the Court observed about Plaintiffs' prior complaint, "it remains unclear whether vast swaths of the complaint are supported by any facts other than unproven allegations lifted from other complaints."  Strike Order p. 3. Despite this, Plaintiffs would have the Court permit their reliance on such inadmissible evidence as long as they have been able to at least partially corroborate the allegations with an independent investigation.  Resp. pp. 7-8.

Plaintiffs cite cases in support of the approach they are urging.  But, as the Strike Order makes clear, this Court has already considered that competing approach and determined it is improper. For example, on page 8 of their Response, Plaintiffs cite *IBT Emp. Grp. Welfare Fund v. Compass Mins. Int'l, Inc.*, 706 F. Supp. 3d 1225, 1246-47 (D. Kan. 2023), a peculiar choice given that this Court has already indicated it disagrees with that specific court's approach.  Strike Order pp. 3-4 & n. 2 (citing *IBT Emp. Grp. Welfare Fund v. Compass Mins. Int'l, Inc.*, 723 F.Supp.3d 1053, 1058 (D. Kan. 2024) (a subsequent opinion from the *IBT* case on the same issue)).

Another problem with Plaintiffs' proposed approach is that it would shift the burden onto the D&Os and the Court of going through the Complaint's three hundred and forty-two paragraphs and parsing out what allegations are based on inadmissible evidence and what allegations are supported by allegedly more reliable sources. Then, presumably, it would be necessary to conduct a balancing test to determine whether there was too much reliance on inadmissible evidence.  That is not the job of

4

5

the D&Os and it is certainly not the job of the Court. *Cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

At the end of the day, either Plaintiffs have sources other than inadmissible evidence to support their allegations—in which case the Complaint's references to the inadmissible evidence are entirely unnecessary—or Plaintiffs are still relying upon the inadmissible evidence. The fact that Plaintiffs chose to recite their reliance on inadmissible evidence in the face of the Court's Strike Order, strongly suggests Plaintiffs are still relying on that inadmissible evidence because they cannot support allegations in the Complaint without it.

[*remainder of page intentionally left blank*]

## CONCLUSION

For the reasons stated above, the D&Os' Motion to Strike should be granted in its entirety.  The D&Os request such other and further relief to which they are justly entitled.

DATED: August 7, 2025

Respectfully submitted,


**GREENBERG TRAURIG, LLP**

By:    *s/ Laura Sixkiller*
Robert Long
David W. Klaudt
Laura Sixkiller
Michael M. Besser
1144 15th Street, Suite 3300
Denver, CO 80202
Telephone: 303-572-6500
Facsimile: 303-572-6540
Email:
laura.sixkiller@gtlaw.com


*Attorneys for Defendants Carl Aure, Ed Brennan, Chuck Ence, Greg Fea, Gregory Gould, Tim Haas, Reginald Kapteyn, Amy Kuzdowicz, and Kevin Manion*

6

7

## PRACTICE STANDARD III(A)(1) CERTIFICATION

I hereby certify that the foregoing motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Laura Sixkiller*
Laura Sixkiller

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August 2025, a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO STRIKE** was e-filed with the Court through CM/ECF and served on all counsel of record.

*s/ Laura Sixkiller*
Laura Sixkiller

7