**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-03161-DDD-TPO

DENNIS CLIFTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

v.

BRENT WILLIS et al.,

Defendants.

---

**DEFENDANT BRENT WILLIS'S ANSWER TO THE ALLEGATIONS OF THE
SECOND AMENDED CLASS ACTION COMPLAINT**

---

## DEFENDANT BRENT WILLIS'S ANSWER TO THE SECOND AMENDED COMPLAINT

Defendant Brent Willis respectfully submits his Answer and Affirmative Defenses in response to the Second Amended Class Action Complaint (the "SAC"), filed by Lead Plaintiffs Damian Betebenner and Cigdem Betebenner ("Plaintiffs").

## DEFENDANT BRENT WILLIS'S PRELIMINARY STATEMENT

On March 11, 2026, this Court entered an order granting in part and denying in part Mr. Willis's motion to dismiss the Complaint (the "March 11, 2026 Order") (ECF No. 157).  The March 11, 2026 Order dismissed Plaintiffs' Section 10(b), Rule 10b-5, and Section 20(a) claims predicated on: (1) statements made after October 4, 2018 (ECF No. 157 at 7); (2) statements about NewAge's internal controls in its May 15, 2018 and August 14, 2018 Form 10-Q filings (*id.* at 9); (3) NewAge's portfolio of CBD beverages (*id.* at 12-13, 15); and (4) NewAge's February 13, 2018 press release concerning its relationship with a food and beverage distributor in South Korea (*id.* at 15) (together, the "Dismissed Allegations").  The only remaining claims against Mr. Willis are alleged violations of Section 10(b), Rule 10b-5, and Section 20(a) arising from NewAge's: (i) January 18, 2018, June 6, 2018, and August 14, 2018 statements concerning its relationship with the U.S. Military (the "U.S. Military Claims"); and (ii) February 1, 2018 and February 13, 2018 statements concerning its relationship with certain Canadian distributors (the "Canadian Distribution Claims," and together with the U.S. Military Claims, the "Remaining SAC Claims").

On March 25, 2026, the court in the related *Securities and Exchange Commission v. Willis* action, Case No. 22-cv-7244-GPG-TPO (D. Colo.), approved a consent judgment dismissing, among other things, claims identical to the Remaining SAC Claims.  A true and correct copy of

1

the consent judgment is attached as **Exhibit A** hereto.  The SEC dismissed these claims following

the completion of over two years of fact discovery.

## GENERAL DENIAL

Although none of the claims or factual allegations in the SAC pertaining to the Dismissed

Allegations require responses, Mr. Willis has, in an abundance of caution, provided answers to

such claims and allegations where he deems it appropriate.  His responses to the factual allegations

are not an admission that they are actionable or relevant to the remaining claims, nor should they

be construed as such.

Notwithstanding the foregoing, as to all claims, Mr. Willis avers that the SAC contravenes

the Federal Rules of Civil Procedure by improperly combining factual allegations with legal

conclusions, characterizations, and arguments.  Mr. Willis further avers that many of the SAC's

allegations are overly broad, vague, conclusory, and/or contain terms that are undefined and

susceptible to different meanings.  Accordingly, by way of a general response, all allegations in

the SAC are denied unless expressly admitted.  Specifically, unless otherwise stated, Mr. Willis:

(1) generally denies each and every allegation in the SAC, including, without limitation, any

allegations contained in the headings, sub-headings, unnumbered paragraphs, bulleted paragraphs,

and footnotes of the SAC; (2) specifically denies any allegations to the extent they assert or suggest

that Mr. Willis made any false or misleading statements; (3) specifically denies that he acted with,

or is imputed with, scienter in connection with any of the statements challenged in the SAC; (4)

specifically denies that Mr. Willis caused Plaintiff or any member of the putative class any harm;

(5) specifically denies any liability to Plaintiffs or the putative class members that Plaintiffs purport

to represent; (6) denies knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations where they consist of excerpts from and/or references to, unidentified sources,

2

or third-party publications and statements; and (7) denies any defined terms in the SAC to the extent they constitute allegations directed at Mr. Willis.  Any factual allegations specifically admitted below are admitted only as to the specific facts alleged and not as to any conclusions, characterizations, implications, or speculation contained in the allegation or the SAC as a whole. Mr. Willis's recitation of the headings and sub-headings herein is for organizational purposes only and shall not be construed as an admission with respect to the substance or accuracy of such headings and sub-headings.

Mr. Willis reserves the right to challenge the authenticity and veracity of all sources and documents referenced in the SAC.  Mr. Willis also reserves the right to amend or supplement his Answer as he deems necessary or appropriate.

### DEFENDANT BRENT WILLIS'S ANSWER TO THE SAC'S PRELIMINARY STATEMENT

Mr. Willis admits that Plaintiffs purport to bring claims on behalf of a putative class of NewAge stockholders.  Mr. Willis otherwise denies the allegations in the first sentence of the first unnumbered paragraph of the SAC's preliminary statement to the extent they purport to: (i) state legal conclusions to which no response is required; (ii) define the putative class period in terms broader than the limitations imposed in the March 11, 2026 Order; and (iii) allege violations of the referenced federal securities laws.  Mr. Willis admits the allegations in the second sentence in the first paragraph of the SAC's unnumbered preliminary statement.

No response is required to the allegations in the second unnumbered paragraph of the preliminary statement because they purport to characterize Plaintiffs' claims.  To the extent a response is required, Mr. Willis admits that the second unnumbered paragraph of the SAC's preliminary statement purports to make certain of its allegations on information and belief, based on personal knowledge, and/or based on a purported investigation conducted by Plaintiffs'

3

counsel.  However, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' knowledge and the investigation conducted by Plaintiffs' counsel and denies those allegations on that basis.  Mr. Willis also denies that the SAC's claims have any merit and denies that a putative class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## MR. WILLIS'S ANSWERS TO SPECIFIC PARAGRAPHS IN THE SAC

Except as expressly admitted herein, Mr. Willis denies the allegations in each and every paragraph, sub-paragraph, and bulleted paragraph of the SAC and incorporates, in each response, every qualification and objection set forth in Mr. Willis's Preliminary Statement and General Denial.  Mr. Willis answers the SAC as follows:

1.      The allegations in Paragraph 1 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 1, except he admits that: (i) NewAge filed for bankruptcy after Mr. Willis's separation; (ii) there is a pending Adversary Action in Bankruptcy Court naming Defendants in this action, including Mr. Willis; and (iii) the SEC commenced a civil action against Mr. Willis.  However, Mr. Willis avers that the SEC dismissed all overlapping intent-based fraud claims against him, including claims identical to the Remaining SAC Claims.  **Exhibit A.**

2.      No response is required to the allegations in Paragraph 2 to the extent they purport to characterize Plaintiffs' claims and state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 2, except he: (i) admits that Craig Thibodeau served as NewAge's Vice President of Sales and Senior Vice President of National Accounts in 2018 and (ii) avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Mr. Thibodeau and the confidential witnesses knew, and denies those allegations on that basis.

4

3. Paragraph 3 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in Paragraph 3.

4. Mr. Willis admits the allegation in the first sentence of Paragraph 4 that he served as CEO of NewAge. Mr. Willis further admits that NewAge's Q3 2017 Earnings Call Transcript contains the language quoted in the first sentence of Paragraph 4, except he denies any paraphrasing, summarizing, or characterization of the press release as well as any factual inferences or conclusions made by Plaintiffs based thereon. Mr. Willis denies the allegations in the second sentence of Paragraph 4, except he admits that NewAge reported cash and cash equivalents of approximately $285,000 at 2017 fiscal year end, and avers that at all relevant times, NewAge was an Emerging Growth Company under the 2012 Jumpstart Our Business Startups Act.

5. The allegations in Paragraph 5 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 5.

6. The allegations in Paragraph 6 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis admits that: (i) the January 18, 2018 press release contained the quoted language, without the bracketed modifications and added emphasis, and (ii) NewAge made statements about its relationship with the U.S. Military in May and August 2018. Mr. Willis otherwise denies the allegations in Paragraph 6, including any paraphrasing, summarizing, or characterization of the referenced press release as well as any factual inferences or conclusions made by Plaintiffs based thereon.

7. Paragraph 7 does not contain factual allegations against Mr. Willis and does not require a response from him. Further, the allegations in Paragraph 7 purport to state legal

5

conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 7.

8.  Paragraph 8 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits that NewAge issued a press release on February 1, 2018 containing the language quoted in the first sentence of Paragraph 8, without the bracketed modifications, but denies any paraphrasing, summarizing, or characterization of the press release as well as any factual inferences or conclusions made by Plaintiffs based thereon. The allegations in the second sentence of Paragraph 8 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in the second sentence of Paragraph 8. [1]

9.  Paragraph 9 does not contain factual allegations against Mr. Willis and does not require a response from him. Further, the allegations in Paragraph 9 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 9.

10. Paragraph 10 does not contain factual allegations against Mr. Willis and does not require a response from him. The allegations in Paragraph 10 also do not require a response to the extent they purport to state legal conclusions and pertain to allegations dismissed by the March 11, 2026 Order. To the extent a response is required, Mr. Willis admits that NewAge issued a press release on February 13, 2018 containing the quoted language, but otherwise denies the allegations

---

[1] Footnote 1 does not contain any allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits that the referenced transcript contains the language quoted in the first sentence of footnote 1, but denies any paraphrasing, summarizing, or characterization of the transcript as well as any factual inferences or conclusions made by Plaintiffs based thereon. Mr. Willis denies the allegations in the second sentence of footnote 1.

6

in Paragraph 10, including any paraphrasing, summarizing, or characterization of the press release as well as any factual inferences or conclusions made by Plaintiffs based thereon.

11.    No response is required to the first sentence of Paragraph 11 because it does not contain factual allegations against Mr. Willis and purports to state legal conclusions. No response is required to the remaining allegations in Paragraph 11 because they were dismissed by the March 11, 2026 Order.

12.    No response is required to Paragraph 12 because it does not contain factual allegations against Mr. Willis and was dismissed by the March 11, 2026 Order.

13.    No response is required to Paragraph 13 because it does not contain factual allegations against Mr. Willis, purports to state legal conclusions, and was dismissed by the March 11, 2026 Order.

14.    No response is required to Paragraph 14 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

15.    No response is required to Paragraph 15 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

16.    No response is required to Paragraph 16 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

17.    No response is required to Paragraph 17 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 17, except he: (i) admits that NewAge instituted an at-the-market offering in September 2018 that yielded approximately $38 million in net proceeds; and (ii) admits that NewAge

7

instituted an at-the-market offering in November 2018 that yielded approximately $52 million in gross proceeds.

18.     Paragraph 18 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in Paragraph 18.

19.     The allegations in the first sentence of Paragraph 19 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in the first sentence of Paragraph 19. Mr. Willis admits the allegations in the second sentence of Paragraph 19. Mr. Willis denies the allegation in the third sentence of Paragraph 19 insofar as Plaintiffs have alleged that he earned net profits from the referenced stock sales and avers that he used the proceeds from the referenced stock sales solely to satisfy tax obligations. The remaining allegations in Paragraph 19 do not contain factual allegations against Mr. Willis and do not require a response from him. To the extent a response is required, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and denies those allegations on that basis.

20.     No response is required to Paragraph 20 because it does not contain factual allegations against Mr. Willis and relates to allegations dismissed by the March 11, 2026 Order. To the extent a response is required, Mr. Willis: (i) admits the allegations in the first sentence of Paragraph 20; (ii) denies the allegations in the second sentence of Paragraph 20; and (iii) admits the allegations in the third and fourth sentences of Paragraph 20. The allegations in the last sentence of Paragraph 20 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in the last sentence of Paragraph

8

20, except he admits that NewAge undertook an internal investigation relating to certain of Ariix's business practices after the merger.

21.     Paragraph 21 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, the allegations in Paragraph 21 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 21.

22.     Mr. Willis denies the allegations in the first sentence of Paragraph 22, except he admits that on January 10, 2022, NewAge announced his separation from the Company.  Mr. Willis denies the allegations in the second sentence of Paragraph 22 that the Company's stock dropped 6% from close on January 10, 2022 to close on January 11, 2022, and that the Company's stock dropped 6% from close on January 11, 2022 to close on January 12, 2022.  Mr. Willis further denies the allegations in the second sentence of Paragraph 22 to the extent they purport to establish a "corrective" disclosure and loss causation.

23.     No response is required to Paragraph 23 because it does not contain factual allegations against Mr. Willis and purports to state legal conclusions.  To the extent a response is required, Mr. Willis admits that NewAge announced on May 17, 2022 that it had received a late notice from NASDAQ regarding the filing of its Form 10-Q.  However, Mr. Willis denies that: (i) the Company's stock price dropped 8% from market close on May 17, 2022 to market close on May 18, 2022 and (ii) the allegations in Paragraph 23 establish a "corrective" disclosure and loss causation.

24.     Paragraph 24 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits that NewAge issued a statement on June 8, 2022 containing the quoted language, but denies any paraphrasing,

9

summarizing, or characterization of the announcement, as well as any factual inferences or conclusions made by Plaintiffs based thereon. Mr. Willis denies the allegations in the second sentence of Paragraph 24 that the Company's stock price dropped 12% from market close on June 8, 2022 to market close on June 9, 2022 and that the Company's stock price dropped 11% from market close on June 9, 2022 to market close on June 10, 2022. However, Mr. Willis admits that NewAge's stock price fell approximately 7% from market close on June 10, 2022 to market close on June 13, 2022. Mr. Willis otherwise denies the allegations in the second sentence of Paragraph 24 to the extent they purport to establish a "corrective" disclosure and loss causation.

25.    Paragraph 25 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in the first and second sentences of Paragraph 25, but he denies any paraphrasing, summarizing, or characterization of the referenced article, as well as any factual inferences or conclusions made by Plaintiffs based thereon. Mr. Willis denies the allegations in the third sentence of Paragraph 25 that the Company's stock price dropped 39% from market close on August 30, 2022 to market close on August 31, 2022, and that the Company's stock price dropped 26% from market close on September 1, 2022 to market close on September 2, 2022. Mr. Willis further denies the allegations in Paragraph 25 to the extent they purport to establish a "corrective" disclosure and loss causation.

26.    No response is required to Paragraph 26 because it does not contain factual allegations against Mr. Willis and purports to state legal conclusions. To the extent a response is required, Mr. Willis admits that after market close on September 2, 2022, NewAge announced that NASDAQ would delist its stock beginning on September 8, 2022. Mr. Willis denies that: (i) the Company's stock price dropped 9% from market close on September 2, 2022 to market close on

10

September 6, 2022 and (ii) the allegations in Paragraph 26 purport to establish a "corrective" disclosure and loss causation.

27.    Mr. Willis admits that the SEC announced the referenced civil action on October 18, 2022, and that the announcement contains the language quoted in Paragraph 27, as well as the enumerated charges.  However, Mr. Willis denies the allegations in Paragraph 27 to the extent they purport to draw legal conclusions about Mr. Willis's liability in the instant action.  Mr. Willis avers that, by consent judgment dated March 25, 2026, the court in the SEC action dismissed, with prejudice, all intent-based claims pursuant to Section 10(b) and Rule 10b-5 of the Exchange Act, and Section 17(a)(1) of the Securities Act.  **Exhibit A**.

28.    Paragraph 28 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits the allegations in the first two sentences of Paragraph 28.  Mr. Willis denies the allegations in the last sentence of Paragraph 28 that the Company's stock price dropped 99% from market close on October 19, 2022 to market close on October 20, 2022.  Mr. Willis further denies the allegations in Paragraph 28 to the extent they purport to establish a "corrective" disclosure and loss causation.

## JURISDICTION AND VENUE

29.    Paragraph 29 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits that Plaintiffs purport to bring this action pursuant to the statutes set forth in Paragraph 29, but avers that he did not violate Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §78j(b) and 78t(a), or Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

30.    No response is required to Paragraph 30 because it does not contain factual allegations against Mr. Willis and purports to state legal conclusions.  To the extent a response is

11

required, Mr. Willis admits that this Court has jurisdiction over claims involving alleged violations of the Exchange Act.

31. No response is required to Paragraph 31 because it does not contain factual allegations against Mr. Willis and purports to state legal conclusions. To the extent a response is required, Mr. Willis admits that venue is proper in the District of Colorado.

32. The allegations in Paragraph 32 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 32.

**PARTIES AND RELEVANT NON-PARTIES**

A. **Lead Plaintiffs**

33. No response is required to Paragraph 33 because it does not contain factual allegations against Mr. Willis and purports to state legal conclusions. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 33, except he admits that Plaintiffs purport to have purchased NewAge securities prior to October 5, 2018.

B. **Defendants**

34. Mr. Willis admits the allegations in Paragraph 34.

35. Paragraph 35 does not contain factual allegations against Mr. Willis and does not require a response from him. Further, no response is required to the allegations in Paragraph 35 because Mr. Gould was dismissed as a Defendant by the March 11, 2026 Order. To the extent a response is required, Mr. Willis admits the allegations in Paragraph 35.

36. Paragraph 36 does not contain factual allegations against Mr. Willis and does not require a response from him. Further, no response is required to the allegations in Paragraph 36 because Mr. Manion was dismissed as a Defendant by the March 11, 2026 Order.

12

37.     Paragraph 37 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, no response is required to the allegations in Paragraph 37 because Mr. Ence was dismissed as a Defendant by the March 11, 2026 Order.

38.     Paragraph 38 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, no response is required to the allegations in Paragraph 38 because Mr. Aure was dismissed as a Defendant by the March 11, 2026 Order.

39.     Paragraph 39 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, no response is required to the allegations in Paragraph 39 because Mr. Brennan was dismissed as a Defendant by the March 11, 2026 Order.

40.     Paragraph 40 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, no response is required to the allegations in Paragraph 40 because Mr. Cooper was dismissed as a Defendant by the March 11, 2026 Order.

41.     Paragraph 41 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, no response is required to the allegations in Paragraph 41 because Mr. Fea was dismissed as a Defendant by the March 11, 2026 Order.

42.     Paragraph 42 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, no response is required to the allegations in Paragraph 42 because Mr. Haas was dismissed as a Defendant by the March 11, 2026 Order.

43.     Paragraph 43 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, no response is required to the allegations in Paragraph 43 because Mr. Kapteyn was dismissed as a Defendant by the March 11, 2026 Order.

44.    Paragraph 44 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, no response is required to the allegations in Paragraph 44 because Ms. Kuzdowicz was dismissed as a Defendant by the March 11, 2026 Order.

45.    Paragraph 45 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, no response is required to the allegations in Paragraph 45 because Ms. Syrett was dismissed as a Defendant by the March 11, 2026 Order.

46.    No response is required to the allegations in Paragraph 46 because they purport to characterize Plaintiffs' claims.  To the extent a response is required, Mr. Willis admits that Plaintiffs purport to define the individuals referenced in Paragraphs 34-45 as "Defendants."

## C.    Relevant Non-Parties

47.    Paragraph 47 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits the allegations in Paragraph 47, except he denies that NewAge's common stock is currently listed on the OTC market and avers that NewAge ceased operations on or about the effective date of its liquidation plan.

48.    Paragraph 48 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits the allegations in Paragraph 48.

49.    Paragraph 49 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits the allegations in Paragraph 49.

50.    Paragraph 50 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits the allegations in Paragraph 50.

51.    Paragraph 51 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in Paragraph 51.

## SUBSTANTIVE ALLEGATIONS

### A.    Company Background

52.    Paragraph 52 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in Paragraph 52, except he avers that NewAge ceased all business by the effective date of the liquidation plan. [2]

53.    Paragraph 53 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in Paragraph 53.

*54.*    Paragraph 54 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis denies the allegations in the first sentence of Paragraph 54, except he: (i) admits that NewAge ended 2017 with approximately $285,000 in cash and cash equivalents; (ii) admits the referenced email reflects that NewAge was falling below certain of its internal projections in October 2018; and (iii) avers that, at all relevant times, NewAge was an Emerging Growth Company under the 2012 Jumpstart Our Business Startups Act. The allegations in the second sentence of Paragraph 54 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in the second sentence of Paragraph 54.

---

[2] Footnote 2 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in footnote 2.

55.  Paragraph 55 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits the allegations in Paragraph 55.

**B.  NewAge's Sales Process**

56.  Mr. Willis admits the allegations in Paragraph 56, and avers he reasonably, and in good faith, relied upon the information conveyed to him by Mr. Thibodeau.

57.  Paragraph 57 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits that the referenced transcript contains the quoted language, without the bracketed modifications, but he denies any paraphrasing, summarizing, or characterization of the referenced transcript, as well as any factual inferences or conclusions made by Plaintiffs based thereon. Mr. Willis further avers he reasonably, and in good faith, relied upon the information conveyed to him by Mr. Thibodeau and other NewAge sales professionals.

58.  The allegations in Paragraph 58 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis admits that: (i) he received periodic sales reports from Mr. Thibodeau and other NewAge sales professionals and (ii) the cited transcript contains the language quoted in Paragraph 58.  However, Mr. Willis otherwise denies the allegations in Paragraph 58, including any paraphrasing, summarizing, or characterization of the transcript, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

**C.  The Distribution Agreements And CBD Portfolio Scheme**

59.  Mr. Willis admits the allegations in the first sentence of Paragraph 59.  Mr. Willis denies the allegations in the second sentence of Paragraph 59, except he avers that as CEO, he sought to improve NewAge's profitability through growing NewAge's points of distribution.

60.      Mr. Willis denies the allegations in the first sentence of Paragraph 60, except he avers that as CEO, he sought to improve NewAge's profitability.  Mr. Willis admits that the cited documents contain the language quoted in the second and third sentences of Paragraph 60, but otherwise denies any paraphrasing, summarizing, or characterization of the referenced documents, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

61.      No response is required to Paragraph 61 to the extent it relates to claims dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis admits the allegations in the second sentence of Paragraph 61, but he denies all remaining allegations in Paragraph 61.

62.      No response is required to Paragraph 62 to the extent it relates to claims that were dismissed by the March 11, 2026 Order and because it purports to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 62, except he admits that Plaintiffs purport to base their claims on the materials identified in Paragraph 62's sub-bullets and responds individually to each sub-bullet as follows:

- No response is required to the first sub-bullet of Paragraph 62 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis admits that: (i) Mr. Thibodeau periodically gave Mr. Willis documents entitled "Monthly Sales Reports," and (ii) Plaintiffs purport to base certain of their claims on these referenced Monthly Sales Reports. Mr. Willis otherwise denies the allegations in the first sub-bullet of Paragraph 62, including any characterization of the referenced documents, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

17

- No response is required to the second sub-bullet of Paragraph 62 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis admits that: (i) Mr. Thibodeau testified in the SEC Action about NewAge's distribution agreements and proprietary CBD beverage portfolio and (ii) Plaintiffs purport to base certain of their claims on Mr. Thibodeau's testimony.  Mr. Willis otherwise denies the allegations in the second sub-bullet of Paragraph 62, including any characterization of the referenced testimony, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

- No response is required to the third sub-bullet of Paragraph 62 because it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis: (i) admits that Plaintiffs purport to base their claims on certain internal NewAge email correspondence and (ii) avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified email correspondence and denies the allegations on that basis.  Mr. Willis also denies any characterization of the unidentified email correspondence, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

- No response is required to the fourth sub-bullet of Paragraph 62 because it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis: (i) admits that the referenced Walmart Grocery Merchandise Agreement does not specify the amount of product Walmart intended to purchase from NewAge and (ii) denies any characterization of the

18

referenced agreement, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

- Mr. Willis admits that Plaintiffs purport to base certain of their claims on the Federal government's alleged response to a FOIA request. However, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sub-bullet of Paragraph 62 and denies the allegations on that basis.

- No response is required to the sixth sub-bullet of Paragraph 62 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions. To the extent a response is required, Mr. Willis admits that: (i) the SEC filed a civil action against him in 2022 challenging certain of NewAge's statements about its distribution agreements; (ii) the SEC's complaint did not append any exhibits; and (iii) Plaintiffs purport to base certain of their claims on the SEC's complaint. Mr. Willis otherwise denies the allegations in the sixth sub-bullet of Paragraph 62, including any characterization of the referenced complaint, as well as any factual inferences or conclusions made by Plaintiffs based thereon. Mr. Willis further avers that, by consent judgment dated March 25, 2026, the court dismissed with prejudice the SEC's claims under Section 10(b) and Rule 10b-5 of the Exchange Act, and Section 17(a)(1) of the Securities Act. **Exhibit A**.

- No response is required to the seventh sub-bullet of Paragraph 62 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions. To the extent a response is required, Mr. Willis admits that: (i) NewAge's Liquidation Trust commenced an adversary proceeding against certain of the Defendants named in this action; (ii) the Liquidation Trust's adversary complaint did not append any

exhibits; and (iii) Plaintiffs purport to base certain of their claims on the Liquidation Trust's adversary complaint. Mr. Willis otherwise denies the allegations in the seventh sub-bullet of Paragraph 62, including any characterization of the referenced complaint, as well as any factual inferences or conclusions made by Plaintiffs based thereon. [3]

- No response is required to the eighth sub-bullet of Paragraph 62 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions. To the extent a response is required, Mr. Willis admits that: (i) he filed a Proof of Claim in connection with NewAge's bankruptcy proceeding, which Debtors opposed; (ii) his Proof of Claim contains the quoted language; (iii) his Proof of Claim did not append any distribution agreements; and (iv) Plaintiffs purport to base certain of their claims on inferences drawn from Mr. Willis's Proof of Claim. Mr. Willis otherwise denies the allegations in the eighth sub-bullet of Paragraph 62, including any paraphrasing, summarizing, or characterization of the referenced document, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

### 1. The U.S. Military

63. Paragraph 63 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in the first and third sentences of Paragraph 63. Mr. Willis further admits that the referenced press release contains the language quoted in the second sentence of Paragraph 63, without the added emphasis, but denies any paraphrasing, summarizing, or characterization of the referenced press release, as well as any factual inferences or conclusions made by Plaintiffs based thereon. [4]

---

[3] Footnote 3 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in footnote 3.

[4] Footnote 4 does not contain allegations against Mr. Willis and does not require a response from him.

64.     The allegations in Paragraph 64 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis admits that NewAge's January 18, 2018 press release contains the language quoted in the first and second sentences of Paragraph 64, but he denies any paraphrasing, summarizing, or characterization of the referenced press release, as well as any factual inferences or conclusions made by Plaintiffs based thereon. Mr. Willis denies the allegations in the third sentence of Paragraph 64, except he admits that he served in the military.  Mr. Willis denies the allegations in the fourth sentence of Paragraph 64 that the Company's stock price increased 21% from market close on January 18, 2018 to market close on January 19, 2018.  Mr. Willis further denies the allegations in the fourth sentence of Paragraph 64 to the extent they purport to allege a correlation between NewAge's stock price and the referenced disclosure.

65.     The allegations in Paragraph 65 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in the first two sentences of Paragraph 65.  Mr. Willis admits that Plaintiffs purport to base certain of their claims on the facts and circumstances alleged in the third sentence of Paragraph 65.  However, Mr. Willis avers that he otherwise lacks knowledge or information sufficient to form a belief as to the scope of Plaintiffs' alleged investigation, and denies the allegations in the third sentence of Paragraph 65 on that basis.

66.     Paragraph 66 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis denies the allegations in the first sentence of Paragraph 66.  Mr. Willis admits that the referenced analyst report contains the language quoted in the remaining sentences of Paragraph 66, but denies any paraphrasing,

21

summarizing, or characterization of the referenced report, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

### 2. Sobeys, Loblaws, and Safeway

67. The allegations in Paragraph 67 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 67, except he admits that NewAge made announcements regarding its relationship with the referenced Canadian retailers.

68. Paragraph 68 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in Paragraph 68, except he denies the allegations to the extent they purport to equate Sobeys "banners" with the total number of Sobeys "stores."

69. Paragraph 69 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in Paragraph 69, except he denies the allegations to the extent they purport to equate Loblaws "banners" with the total number of Loblaws "stores."

70. The allegations in Paragraph 70 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 70.

71. The allegations in Paragraph 71 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in the first sentence of Paragraph 71. Mr. Willis admits that the referenced transcript contains the language quoted in the second sentence of Paragraph 71, but denies any paraphrasing, summarizing, or characterization of the referenced testimony, as well as any factual inferences or conclusions made by Plaintiffs based thereon. Mr. Willis denies the allegations in the last sentence

22

of Paragraph 71, except he admits that Coco-Libre was placed in, among other stores, Loblaws and Sobeys stores with natural product sections.

72.　　Mr. Willis admits that the cited transcript contains the language quoted in the first sentence of Paragraph 72, without the bracketed modification, but otherwise denies the allegations in the first sentence of Paragraph 72, including any paraphrasing, summarizing, or characterization of the transcript, as well as any factual inferences or conclusions made by Plaintiffs based thereon. The second sentence of Paragraph 72 purports to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in the second sentence of Paragraph 72.  Mr. Willis admits that the transcript referenced in the last sentence of Paragraph 72 contains the quoted language, but otherwise denies the allegations in the last sentence of Paragraph 72, including any paraphrasing, summarizing, or characterization of the referenced transcript, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

73.　　Mr. Willis admits that the referenced email contains the language quoted in the first sentence of Paragraph 73, but otherwise denies any paraphrasing, summarizing, or characterization of the referenced document, as well as any factual inferences or conclusions made by Plaintiffs based thereon.  The allegations in the second sentence of Paragraph 73 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in the second sentence of Paragraph 73.

74.　　Mr. Willis denies the allegations in the first sentence of Paragraph 74.  Mr. Willis admits that Aegis Capital issued a report on March 5, 2018 containing the quoted language, but otherwise denies any paraphrasing, summarizing, or characterization of the referenced document, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

### 3.    South Korean Distribution

75.    No response is required to Paragraph 75 because it was dismissed by the March 11, 2026 Order.

76.    No response is required to Paragraph 76 because it does not contain factual allegations against Mr. Willis and relates to allegations dismissed by the March 11, 2026 Order.

77.    No response is required to Paragraph 77 because it was dismissed by the March 11, 2026 Order.

78.    No response is required to Paragraph 78 because it does not contain factual allegations against Mr. Willis and relates to allegations dismissed by the March 11, 2026 Order.

### 4.    The CBD Portfolio

79.    No response is required to Paragraph 79 because it was dismissed by the March 11, 2026 Order.

80.    No response is required to Paragraph 80 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

81.    No response is required to Paragraph 81 because it does not contain factual allegations against Mr. Willis, relates to allegations that were dismissed by the March 11, 2026 Order, and purports to state legal conclusions.

### 5.    Walmart

82.    No response is required to Paragraph 82 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

83.    No response is required to Paragraph 83 because it does not contain factual allegations against Mr. Willis, relates to allegations dismissed by the March 11, 2026 Order, and purports to state legal conclusions.

84.    No response is required to Paragraph 84 because it does not contain factual allegations against Mr. Willis, relates to allegations dismissed by the March 11, 2026 Order, and purports to state legal conclusions.

85.    No response is required to Paragraph 85 because it does not contain factual allegations against Mr. Willis and relates to allegations dismissed by the March 11, 2026 Order.

86.    No response is required to Paragraph 86 because it does not contain factual allegations against Mr. Willis and relates to allegations dismissed by the March 11, 2026 Order.

87.    No response is required to Paragraph 87 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 87.

**D.    NewAge And Defendants Seize The Opportunities Afforded By The Company's Artificially Inflated Share Price**

88.    No response is required to Paragraph 88 because it does not contain factual allegations against Mr. Willis and purports to state legal conclusions.  Further, no response is required to the extent it relates to allegations dismissed by the March 11, 2026 Order.  To the extent a response is required, Mr. Willis denies the allegations in the first and second sentences of Paragraph 88, except he admits that: (i) NewAge's Form 10-K filed on March 16, 2020 reported that the four referenced offerings resulted in $105,711,000 in gross proceeds and (ii) the referenced Form 10-K contains the data referenced in Paragraph 88.

89.    No response is required to Paragraph 89 because it does not contain factual allegations against Mr. Willis and purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 89, except he admits that, at various points in time, NewAge undertook strategic acquisitions.

90.     Paragraph 90 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits the allegations in Paragraph 90.

91.     Mr. Willis: (i) admits that he participated in the December 4, 2018 M&A Call referenced in Paragraph 91; (ii) admits that the transcript of the referenced call contains the language quoted in Paragraph 91, without the bracketed modification and the added emphasis; but (iii) denies any factual inferences or conclusions made by Plaintiffs based thereon.

92.     The allegations in Paragraph 92 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 92.

93.     Mr. Willis denies the allegations in the first sentence of Paragraph 93, except he admits that, in January 2019, NewAge's Board increased his base salary from $312,500 to $650,000 per year.  The second sentence of Paragraph 93 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits that the referenced Proxy statement reflects that Mr. Gould's base salary increased from approximately $67,000 to $500,000, but otherwise he denies any factual inferences or conclusions made by Plaintiffs based on the referenced Proxy statement.

94.     Mr. Willis denies the allegations in Paragraph 94.

95.     Paragraph 95 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and denies those allegations on that basis.

96.     No response is required to Paragraph 96 because it does not contain factual allegations against Mr. Willis and purports to state legal conclusions. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 96, except he admits that NewAge entered into an ATM Offering Agreement with Roth Capital Partners on April 30, 2019 to sell up to $100 million worth of shares of NewAge's common stock.

97.     Paragraph 97 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in Paragraph 97.

**E.     The Ariix Merger**

98.     No response is required to Paragraph 98 because it does not contain factual allegations against Mr. Willis and purports to state legal conclusions. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 98, except he admits that NewAge merged with Ariix and, further, that Ariix was a multi-level marketing company.

99.     Paragraph 99 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in Paragraph 99.

100.    Paragraph 100 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits that the referenced article contains the quoted language, without the bracketed modifications, but denies any paraphrasing, summarizing, or characterization of the referenced document as well as any factual inferences or conclusions made by Plaintiffs based thereon.

101.    Paragraph 101 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in Paragraph 101.

27

102. Paragraph 102 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in Paragraph 102.

103. Mr. Willis admits the allegations in Paragraph 103.

104. Paragraph 104 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 104, except he avers that NewAge learned facts about Ariix's financial condition and business practices after the merger closed that differed from the facts Mr. Willis had understood to be true prior to the merger closing.

105. Paragraph 105 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in Paragraph 105 and avers that NewAge only learned of the $29M shortfall in Ariix's represented working capital after the Ariix merger closed.

106. Paragraph 106 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in Paragraph 106 and avers that NewAge developed concerns about Ariix's potential FCPA violations after the Ariix merger closed.

107. Paragraph 107 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107 and denies the allegations on that basis.

108. No response is required to Paragraph 108 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

F.    **The SEC's Investigation Into The Purported Distribution Agreements And CBD Portfolio**

109.    Paragraph 109 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits the allegations in Paragraph 109.

110.    Paragraph 110 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110, and denies those allegations on that basis, except he: (i) admits that discovery was conducted in the SEC Action; (ii) admits Plaintiffs' counsel purports to have received certain documents relating to the SEC Action; and (iii) avers that Plaintiffs' SAC incorporates by reference all portions of the documents cited or relied upon in the pleading.

111.    Paragraph 111 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits the allegations in Paragraph 111.

112.    Paragraph 112 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, the allegations in Paragraph 112 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis admits the allegations in Paragraph 112.

113.    No response is required to Paragraph 113 to the extent it relates to claims that were dismissed by the March 11, 2026 Order.  Further, the allegations in Paragraph 113 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis admits the allegation in the first sentence of Paragraph 113 that the SEC issued a Cease-and-Desist Order against NewAge, but otherwise denies the allegations in the first sentence of Paragraph 113,

including any paraphrasing, summarizing, or characterization of the referenced document, as well as any factual inferences or conclusions made by Plaintiffs based thereon.  The allegations in the second sentence of Paragraph 113 do not contain factual allegations against Mr. Willis and do not require a response from him.  To the extent a response is required, Mr. Willis admits, on information and belief, the allegations in the second sentence of Paragraph 113 but denies any factual inferences or conclusions made by Plaintiffs based thereon.

114.    Paragraph 114 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114, and denies those allegations on that basis, except he avers, on information and belief, that: (i) NewAge did not admit any of the allegations in the SEC's Cease-and-Desist Order, and (ii) there was no adjudication of the claims in the SEC's Cease-and-Desist Order.[5]

## II.  MATERIALLY FALSE AND MISLEADING STATEMENTS ISSUED DURING THE CLASS PERIOD

### A.  Statements Regarding NewAge's Relationship With The U.S. Military

115.    The allegations in Paragraph 115 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis admits that the January 18, 2018 press release contains the language quoted in the first sentence of Paragraph 115, without the bracketed modifications, but otherwise denies the allegations in the first sentence of Paragraph 115, including any paraphrasing, summarizing, or characterization of the referenced press release,

---

[5] Footnote 5 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, no response is required to the allegations in footnote 5 because they purport to characterize Plaintiffs' claims and state legal conclusions. To the extent a response is required, Mr. Willis admits that Plaintiffs bold and italicize certain statements that they allege to be false and misleading, but he denies that any of the challenged statements violated Section 10(b), Rule 10b-5, or Section 20(a).

as well as any factual inferences or conclusions made by Plaintiffs based thereon. Mr. Willis admits that the referenced press release contains the language quoted in the remainder of Paragraph 115, without the bracketed modifications, ellipsis, and added emphasis, but denies any paraphrasing, summarizing, or characterization of the referenced press release, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

116. The allegations in Paragraph 116 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis admits that the May 15, 2018 earnings call transcript contains the language quoted in Paragraph 116, but otherwise denies the allegations in Paragraph 116, including any paraphrasing, summarizing, or characterization of the referenced transcript, as well as any factual inferences or conclusions made by Plaintiffs based thereon.[6]

117. The allegations in Paragraph 117 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis admits that: (i) he introduced Mr. Cunningham during the May 15, 2018 earnings call and (ii) the transcript of the May 15, 2018 earnings call contains the quoted language, without the bracketed modification and added emphasis. Mr. Willis otherwise denies the allegations in Paragraph 117, including any paraphrasing, summarizing, or characterization of the referenced transcript, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

118. The allegations in Paragraph 118 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis admits that the referenced interview contains the language quoted in Paragraph 118, without the ellipses and added emphasis.

---

[6] Mr. Willis admits that Plaintiffs purport to base their allegations in Paragraph 116 on the referenced source document, but denies any factual inferences or conclusions made by Plaintiffs based thereon.

Mr. Willis otherwise denies the allegations in Paragraph 118, including any paraphrasing, summarizing, or characterization of the referenced video, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

119.    The allegations in the first sentence of Paragraph 119 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in the first sentence of Paragraph 119. Mr. Willis admits that the transcript of the August 14, 2018 earnings call contains the language quoted in the second sentence of Paragraph 119, without the ellipsis and added emphasis, but otherwise denies any paraphrasing, summarizing, or characterization of the referenced transcript, as well as any factual inferences or conclusions made by Plaintiffs based thereon. Mr. Willis admits the allegation in the last sentence of Paragraph 119.

120.    The allegations in Paragraph 120 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 120. [7]

121.    No response is required to Paragraph 121 because it does not contain factual allegations against Mr. Willis and purports to state legal conclusions. To the extent a response is required, Mr. Willis admits the allegations in Paragraph 121 that the Company's stock price increased approximately 21% from market open on January 18, 2018 to market close on January

---

[7] Footnote 7 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits that the SEC's complaint made the allegation referenced in footnote 7, but he otherwise denies any paraphrasing, summarizing, or characterization of the SEC's complaint, as well as any factual inferences or conclusions made by Plaintiffs based thereon. Mr. Willis further avers that the SEC's consent judgment dismissed all intent-based fraud claims premised on the statements regarding NewAge's relationship with the U.S. Military. **Exhibit A**.

19, 2018.  Mr. Willis otherwise denies the allegations in Paragraph 121 to the extent they purport to establish a correlation between NewAge's stock price and the referenced disclosure.

### B.     Statements Regarding NewAge's Relationship With Loblaws and Sobeys

122.     The allegations in the first sentence of Paragraph 122 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis admits that the February 1, 2018 press release contains the language quoted in the first sentence of Paragraph 122, without the added emphasis, but otherwise denies the allegations, including any paraphrasing, summarizing, or characterization of the referenced press release, as well as any factual inferences or conclusions made by Plaintiffs based thereon.  Mr. Willis admits that the February 1, 2018 press release contains the language quoted in the second sentence of Paragraph 122, without the added emphasis, but otherwise denies the allegations in the second sentence of Paragraph 122, including any paraphrasing, summarizing, or characterization of the referenced press release, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

123.     Paragraph 123 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, no response is required to the extent the allegations in Paragraph 123 purport to state legal conclusions. To the extent a response is required, Mr. Willis admits that the February 13, 2018 press release contained the quoted language, without the ellipses and added emphasis, but otherwise denies the allegations in Paragraph 123, including any paraphrasing, summarizing, or characterization of the referenced press release, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

124.     The allegations in Paragraph 124 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 124.

125.    No response is required to Paragraph 125 because it does not contain factual allegations against Mr. Willis and purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in the first and second sentences of Paragraph 125.  Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 125, and denies those allegations on that basis.

### C.    Statements Regarding South Korean Distribution

126.    No response is required to Paragraph 126 because it does not contain factual allegations against Mr. Willis and was dismissed by the March 11, 2026 Order.

127.    No response is required to Paragraph 127 because it was dismissed by the March 11, 2026 Order.

128.    No response is required to Paragraph 128 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

129.    No response is required to Paragraph 129 because it does not contain factual allegations against Mr. Willis, relates to allegations dismissed by the March 11, 2026 Order, and purports to state legal conclusions.

### D.    Statements Regarding NewAge's CBD Beverage

130.    No response is required to Paragraph 130 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

131.    No response is required to Paragraph 131 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

132.    No response is required to Paragraph 132 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

133.    No response is required to Paragraph 133 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

134.    No response is required to Paragraph 134 because it was dismissed by the March 11, 2026 Order.

135.    No response is required to Paragraph 135 because it was dismissed by the March 11, 2026 Order.

136.    No response is required to Paragraph 136 because it was dismissed by the March 11, 2026 Order.

137.    No response is required to Paragraph 137 because it was dismissed by the March 11, 2026 Order.

138.    No response is required to Paragraph 138 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

139.    No response is required to Paragraph 139 because it was dismissed by the March 11, 2026 Order.

140.    No response is required to Paragraph 140 because it does not contain any factual allegations against Mr. Willis and was dismissed by the March 11, 2026 Order.

141.    No response is required to Paragraph 141 because it was dismissed by the March 11, 2026 Order.

142.    No response is required to Paragraph 142 because it was dismissed by the March 11, 2026 Order.

143.    No response is required to Paragraph 143 because it was dismissed by the March 11, 2026 Order.

144.    No response is required to Paragraph 144 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

35

145.    No response is required to Paragraph 145 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

### E.    Statements Regarding NewAge's Relationship With Walmart

146.    No response is required to Paragraph 146 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

147.    No response is required to Paragraph 147 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

148.    No response is required to Paragraph 148 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

149.    No response is required to Paragraph 149 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

150.    No response is required to Paragraph 150 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions. To the extent a response is required, Mr. Willis denies the allegations in the first sentence of Paragraph 150.  Mr. Willis admits the allegations in the second sentence of Paragraph 150, except he avers that: (i) the challenged press releases involved the participation of various NewAge professionals; (ii) the content of the challenged press releases was based on information provided by NewAge sales and marketing professionals; and (iii) he often participated in the issuance of NewAge's public disclosures.  Mr. Willis admits that the referenced transcript contains the language quoted in the third sentence of Paragraph 150, but he denies any paraphrasing, summarizing, or characterization of the referenced testimony, as well as any factual inferences or conclusions made by Plaintiffs based thereon.  Mr. Willis admits the allegations in the last sentence of Paragraph 150.

36

**F.      Statements About NewAge's Internal Controls**

151.    No response is required to Paragraph 151 because it was dismissed by the March 11, 2026 Order.

152.    No response is required to Paragraph 152 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.

153.    No response is required to Paragraph 153 because it was dismissed by the March 11, 2026 Order.

154.    No response is required to Paragraph 154 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.

155.    No response is required to Paragraph 155 because it was dismissed by the March 11, 2026 Order.

156.    No response is required to Paragraph 156 because it was dismissed by the March 11, 2026 Order.

157.    No response is required to Paragraph 157 because it was dismissed by the March 11, 2026 Order.

158.    No response is required to Paragraph 158 because it was dismissed by the March 11, 2026 Order.

159.    No response is required to Paragraph 159 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.

160.    No response is required to Paragraph 160 because it was dismissed by the March 11, 2026 Order.

161.    No response is required to Paragraph 161 because it was dismissed by the March 11, 2026 Order and purports to state legal conclusions.[8]

162.    No response is required to Paragraph 162 because it was dismissed by the March 11, 2026 Order.

163.    No response is required to Paragraph 163 to the extent it relates to claims dismissed by the March 11, 2026 Order and because it purports to state legal conclusions. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 163.

## III.    THE TRUTH BEGINS TO EMERGE

164.    Mr. Willis admits the allegations in the first sentence of Paragraph 164 that NewAge filed a Form 8-K on January 10, 2022 and admits the referenced disclosure contains the language quoted in the first two sentences of Paragraph 164, without the bracketed modification and ellipses, but he denies any paraphrasing, summarizing, or characterization of the referenced disclosure, as well as any factual inferences or conclusions made by Plaintiffs based thereon. The allegations in the last sentence of Paragraph 164 purport to state legal conclusions to which no response is required. To the extent a response is required to the last sentence of Paragraph 164, Mr. Willis admits that the Company's stock price opened at $0.98 and closed at $0.9251 on January 11, 2022, and that the Company's stock price opened at $0.935 and closed at $0.88 on January 12, 2022, but he denies any correlation between the referenced disclosure and NewAge's stock price.

165.    Paragraph 165 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegation in the first sentence of Paragraph 165 that NewAge announced receipt of a late notice from

---

[8] Footnote 8 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits that Plaintiffs purport to base their allegations in Paragraph 161 on the source document referenced in footnote 8, but he denies any factual inferences or conclusions made by Plaintiffs based thereon.

NASDAQ regarding the filing of its Form 10-Q on May 17, 2022. Mr. Willis denies the allegations in the second sentence of Paragraph 165 that: (i) the Company's stock price dropped 8% from market close on May 17, 2022 to market close on May 18, 2022 and (ii) the allegations establish a "corrective" disclosure and loss causation, which Mr. Willis denies.

166.    Paragraph 166 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits that NewAge made an announcement on June 8, 2022 containing the language quoted in the first sentence of Paragraph 166, but he denies any paraphrasing, summarizing, or characterization of the referenced disclosure, as well as any factual inferences or conclusions made by Plaintiffs based thereon.  Mr. Willis admits the allegations in the second sentence of Paragraph 166, except to the extent they purport to establish a "corrective" disclosure and loss causation, which Mr. Willis denies.

167.    Paragraph 167 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits the allegations in the first and second sentences of Paragraph 167.  Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 167, and he denies those allegations on that basis.  Mr. Willis admits the allegations in the fourth and fifth sentences of Paragraph 167, except to the extent they purport to establish a "corrective" disclosure and loss causation, which Mr. Willis denies.

168.    Paragraph 168 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits the allegations in the first sentence of Paragraph 168.  The allegations in the second sentence of Paragraph 168 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis admits the allegations in the second sentence of Paragraph 168 that NewAge's

39

stock price opened at $0.1368 per share on September 6, 2022, and closed at $0.125 per share on September 6, 2022, which represented a price drop of approximately 9%. However, Mr. Willis otherwise denies the allegations in the second sentence of Paragraph 168, including to the extent they purport to establish a "corrective" disclosure and loss causation.

169.    Mr. Willis admits that the SEC announced a civil action against him on October 18, 2022, and that its announcement contains the language quoted in Paragraph 169, as well as the enumerated charges. However, Mr. Willis denies the allegations in Paragraph 169 to the extent they purport to draw legal conclusions about Mr. Willis's liability in the instant action and to the extent they purport to establish a "corrective" disclosure and loss causation. Mr. Willis further avers that, by consent judgment dated March 25, 2026, the court in the SEC Action dismissed, with prejudice, all intent-based charges pursuant to Section 10(b) and Rule 10b-5 of the Exchange Act, and Section 17(a)(1) of the Securities Act. **Exhibit A**.

170.    Paragraph 170 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in the first two sentences of Paragraph 170, except to the extent they purport to draw legal conclusions about Mr. Willis's liability in the instant action and to the extent they purport to establish a "corrective" disclosure and loss causation, which Mr. Willis denies. Mr. Willis admits the allegations in the last sentence of Paragraph 170 that NewAge's stock price opened at $0.175 per share on October 20, 2022, and closed at $0.0013 per share on October 20, 2022. However, Mr. Willis denies the remaining allegations in the last sentence of Paragraph 170, including to the extent they purport to allege a "corrective" disclosure and loss causation.

## IV.    OTHER POST-CLASS PERIOD DEVELOPMENTS

171.    Paragraph 171 does not contain factual allegations against Mr. Willis and does not require a response from him. Further, the allegations in Paragraph 171 purport to state legal

conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 171, except he admits that Mr. Thibodeau: (i) testified before the SEC on April 26, 2022; (ii) was deposed in the SEC Action on July 17, 2024; and (iii) produced certain documents in connection therewith.

## V.    ADDITIONAL SCIENTER ALLEGATIONS

172.    The allegations in Paragraph 172 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 172.

173.    The allegations in Paragraph 173 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 173.

174.    The allegations in Paragraph 174 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 174.

175.    The allegations in Paragraph 175 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 175.

**A.    Sources Confirm Defendants' Knowledge And Direct Access To The Fact That The Distribution Relationships Did Not Exist Or Were Less Expansive And More Uncertain Than Stated**

176.    No response is required to Paragraph 176 to the extent it relates to allegations that were dismissed by the March 11, 2026 Order and because it purports to state legal conclusions. To the extent a response is required, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the documents to which Mr. Gould had access, and he denies those allegations on that basis.  Mr. Willis denies the remaining

41

allegations in Paragraph 176, except he admits that he received certain information about NewAge's business relationships and avers that, at all relevant times, he reasonably believed that NewAge's disclosures were consistent with the facts conveyed to him.

### 1.    Sobeys, Loblaws and Safeway

177.    The allegations in the first sentence of Paragraph 177 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis admits that he received certain information about the scope of NewAge's relationship with Sobeys and Loblaws, including the email referenced in the first sentence of Paragraph 177, but he: (i) denies any inference of "scienter" based on his receipt of such materials and (ii) avers that he reasonably believed those facts to be true and consistent with NewAge's public disclosures. Mr. Willis admits that the referenced email contains the language quoted in the second sentence of Paragraph 177, without the bracketed modification and added emphasis, but he denies any paraphrasing, summarizing, or characterization of the referenced email, as well as any factual inferences or conclusions made by Plaintiffs based thereon.  Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 177 and denies those allegations on that basis.

178.    Mr. Willis admits that the referenced email contains the language quoted in Paragraph 178, without the bracketed modifications, ellipses, and added emphasis, but he denies any paraphrasing, summarizing, or characterization of the referenced document as well as any factual inferences or conclusions made by Plaintiffs based thereon. [9]

---

[9] Footnote 9 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits that the referenced transcript contains the language quoted in footnote 9, but denies any paraphrasing, summarizing, or characterization of the referenced transcript, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

179.    Paragraph 179 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits that the referenced transcript contains the language quoted in the first sentence of Paragraph 179, without the ellipsis and bracketed modification, but he denies any paraphrasing, summarizing, or characterization of the referenced transcript, as well as any factual inferences or conclusions made by Plaintiffs based thereon.  Mr. Willis denies the remaining allegations in Paragraph 179.

180.    Mr. Willis admits that the referenced document contains the language quoted in the first sentence of Paragraph 180, but he otherwise denies the allegations in the first sentence of Paragraph 180, including any paraphrasing, summarizing, or characterization of the referenced document, as well as any factual inferences or conclusions made by Plaintiffs based thereon.  Mr. Willis admits that the transcript referenced in the second sentence of Paragraph 180 contains the quoted language, without the bracketed modifications, but he denies any paraphrasing, summarizing, or characterization of the referenced transcript, as well as any factual inferences or conclusions made by Plaintiffs based thereon. The allegations in the last sentence of Paragraph 180 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in the last sentence of Paragraph 180.

181.    Paragraph 181 does not contain factual allegations against Mr. Willis and does not require a response from him.  Mr. Willis further avers that the allegations in the first sentence of Paragraph 181 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 181 and denies those allegations on that basis.  Mr. Willis admits the allegations in the second and third sentences of Paragraph 181 that Mr. Thibodeau prepared certain Monthly Sales Reports and that he was

43

responsible for managing NewAge's relationships with Canadian retailers and distributors.  Mr. Willis also admits that the transcript referenced in the second and third sentences of Paragraph 181 contains the quoted language, without the bracketed modifications, but he otherwise denies any paraphrasing, summarizing, or characterization of the referenced transcript, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

182.    The allegations in Paragraph 182 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis admits that the referenced document contains the language quoted in Paragraph 182, without the ellipsis and bracketed modification, but he otherwise denies the allegations in Paragraph 182, including any paraphrasing, summarizing, or characterization of the referenced document, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

183.    Paragraph 183 purports to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis admits that he received certain information about NewAge's beverage sales from NewAge's sales personnel, and that the referenced documents contain the quoted language.  However, Mr. Willis otherwise denies the allegations in Paragraph 183, including any paraphrasing, summarizing, or characterization of the referenced documents, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

184.    Paragraph 184 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits that Defendant Gould was a CFO and Board member at NewAge, and he admits that the referenced documents contain the quoted language, without the bracketed modification.  However, Mr. Willis denies any paraphrasing, summarizing, or characterization of the referenced documents, as well as any factual inferences or conclusions made by Plaintiffs based thereon.  Mr. Willis further avers that he lacks

44

knowledge or information sufficient to form a belief as to the truth of the allegations concerning

Defendant Gould's mental state and denies those allegations on that basis.

### 2.    The South Korean Distribution

185.    No response is required to Paragraph 185 because it was dismissed by the March

11, 2026 Order and purports to state legal conclusions.

186.    No response is required to Paragraph 186 because it relates to allegations dismissed

by the March 11, 2026 Order, does not contain factual allegations against Mr. Willis, and purports

to state legal conclusions.  To the extent a response is required, Mr. Willis admits that the

referenced transcript contains the quoted language, without the bracketed modification, but

otherwise denies the allegations in Paragraph 186, including any paraphrasing, summarizing, or

characterization of the referenced transcript, as well as any factual inferences or conclusions made

by Plaintiffs based thereon.

187.    No response is required to Paragraph 187 because it relates to allegations dismissed

by the March 11, 2026 Order and purports to state legal conclusions.

188.    No response is required to Paragraph 188 because it relates to allegations dismissed

by the March 11, 2026 Order, does not contain factual allegations against Mr. Willis, and purports

to state legal conclusions.

189.    No response is required to the allegations in Paragraph 189 because they relate to

allegations dismissed by the March 11, 2026 Order, do not contain factual allegations against Mr.

Willis, and purport to state legal conclusions.[10]

---

[10] Footnote 10 does not contain factual allegations against Mr. Willis and does not require a
response from him.  To the extent a response is required, Mr. Willis admits that Plaintiffs purport
to base their allegations in Paragraph 190 on the source document referenced in footnote 10, but
he denies any factual inferences or conclusions made by Plaintiffs based thereon.

190. No response is required to Paragraph 190 because it relates to allegations dismissed by the March 11, 2026 Order, does not contain factual allegations against Mr. Willis, and purports to state legal conclusions.

191. No response is required to Paragraph 191 because it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.

192. No response is required to Paragraph 192 because it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.

193. No response is required to Paragraph 193 because it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.

### 3.    Walmart

194. No response is required to Paragraph 194 because it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.

195. No response is required to Paragraph 195 because it relates to allegations dismissed by the March 11, 2026 Order.

196. No response is required to Paragraph 196 because it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.

197. No response is required to Paragraph 197 because it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.

198. No response is required to Paragraph 198 because it does not contain factual allegations against Mr. Willis and relates to allegations dismissed by the March 11, 2026 Order.

199. No response is required to Paragraph 199 because it does not contain factual allegations against Mr. Willis and relates to allegations dismissed by the March 11, 2026 Order.

200.    No response is required to Paragraph 200 because it relates to allegations dismissed by the March 11, 2026 Order, purports to state legal conclusions, and does not contain factual allegations against Mr. Willis.

201.    No response is required to Paragraph 201 because it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.[11]

202.    No response is required to Paragraph 202 because it relates to allegations dismissed by the March 11, 2026 Order.

203.    No response is required to Paragraph 203 because it relates to allegations dismissed by the March 11, 2026 Order.

204.    No response is required to Paragraph 204 because it relates to allegations dismissed by the March 11, 2026 Order.

### 4.    U.S. Military

205.    The allegations in Paragraph 205 purport to state legal conclusions to which no response is required.

206.    The allegations in Paragraph 206 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 206.  Mr. Willis further avers that he lacks knowledge or information sufficient to form a belief as to the truth of the statements regarding "CW-2" and he denies those allegations on that additional basis.

---

[11] Footnote 11 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 11 and he denies those allegations on that basis.

47

### 5. Inventory Issues

207. No response is required to Paragraph 207 to the extent it relates to allegations that were dismissed by the March 11, 2026 Order and because it purports to state legal conclusions. To the extent a response is required, Mr. Willis denies the allegations as to himself in Paragraph 207. Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 207 concerning Mr. Gould's mental state and he denies those allegations on that basis.

208. No response is required to Paragraph 208 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions. To the extent a response is required, Mr. Willis admits that the transcripts of NewAge's Q2 2018 and Q3 2018 earnings calls contain the quoted language, without the bracketed modification, but he otherwise denies the allegations in Paragraph 208, including any paraphrasing, summarizing, or characterization of the referenced transcripts, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

209. No response is required to Paragraph 209 because it does not contain factual allegations against Mr. Willis and purports to state legal conclusions. Further, no response is required to the allegations in Paragraph 209 to the extent they relate to allegations dismissed by the March 11, 2026 Order. To the extent a response is required, Mr. Willis admits that the referenced transcript contains the language quoted in Paragraph 209, but he otherwise denies the allegations in Paragraph 209, including any paraphrasing, summarizing, or characterization of the referenced transcript, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

210. No response is required to Paragraph 210 to the extent it relates to allegations that were dismissed by the March 11, 2026 Order and purports to state legal conclusions. To the extent

a response is required, Mr. Willis: (i) avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Gould's mental state and he denies those allegations on that basis; (ii) admits that the documents referenced in Paragraph 210 contain the quoted language, without the bracketed modifications and added emphasis, and (iii) otherwise denies the allegations in Paragraph 210, including any paraphrasing, summarizing, or characterization of the referenced documents, as well as any factual inferences or conclusions made by Plaintiffs based thereon. [12]

211.    No response is required to Paragraph 211 to the extent it relates to allegations dismissed by the March 11, 2026 Order.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 211.  Mr. Willis further avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding "CW-3" and he denies those allegations on that additional basis.

212.    No response is required to Paragraph 212 to the extent it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 212.  Mr. Willis further avers that he lacks knowledge or information sufficient to form a belief as to the truth of the statements regarding "CW-3" and he denies those allegations on that additional basis.

213.    No response is required to Paragraph 213 to the extent it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 213.  Mr. Willis further avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations

---

[12] Footnote 12 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits the allegations in footnote 12.

regarding "CW-3" and Mr. Gould's mental state, and he denies those allegations on that additional basis.

**B.      Various Sources Corroborate Defendants' Knowledge Of And Access To Information That Its Statements Regarding NewAge's CBD Portfolio And Retail Commitments Were False And Misleading**

214.    No response is required to Paragraph 214 because it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.

215.    No response is required to Paragraph 215 because it relates to allegations dismissed by the March 11, 2026 Order, does not contain factual allegations against Mr. Willis, and purports to state legal conclusions.

216.    No response is required to Paragraph 216 because it relates to allegations dismissed by the March 11, 2026 Order, does not contain factual allegations against Mr. Willis, and purports to state legal conclusions.

217.    No response is required to Paragraph 217 because it relates to allegations dismissed by the March 11, 2026 Order.

218.    No response is required to Paragraph 218 because it relates to allegations dismissed by the March 11, 2026 Order.

219.    No response is required to Paragraph 219 because it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.

220.    No response is required to Paragraph 220 because it relates to allegations dismissed by the March 11, 2026 Order and does not contain factual allegations against Mr. Willis.

221.    No response is required to Paragraph 221 because it relates to allegations dismissed by the March 11, 2026 Order and does not contain factual allegations against Mr. Willis.

222. No response is required to Paragraph 222 because it relates to allegations dismissed by the March 11, 2026 Order, does not contain factual allegations against Mr. Willis, and purports to state legal conclusions.

223. No response is required to Paragraph 223 because it relates to allegations dismissed by the March 11, 2026 Order, does not contain factual allegations against Mr. Willis, and purports to state legal conclusions.

224. No response is required to Paragraph 224 because it relates to allegations dismissed by the March 11, 2026 Order and does not contain factual allegations against Mr. Willis.

225. No response is required to Paragraph 225 because it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.

226. No response is required to Paragraph 226 because it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.

227. No response is required to Paragraph 227 because it relates to allegations dismissed by the March 11, 2026 Order, does not contain factual allegations against Mr. Willis, and purports to state legal conclusions.

228. No response is required to Paragraph 228 because it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.

229. No response is required to Paragraph 229 because it relates to allegations dismissed by the March 11, 2026 Order and does not contain factual allegations against Mr. Willis.

230. No response is required to Paragraph 230 because it relates to allegations dismissed by the March 11, 2026 Order and does not contain factual allegations against Mr. Willis.

231.    No response is required to Paragraph 231 because it relates to allegations dismissed by the March 11, 2026 Order and does not contain factual allegations against Mr. Willis.[13]

232.    No response is required to Paragraph 232 because it relates to allegations dismissed by the March 11, 2026 Order.

233.    No response is required to Paragraph 233 because it relates to allegations dismissed by the March 11, 2026 Order and does not contain factual allegations against Mr. Willis.

234.    No response is required to Paragraph 234 because it relates to allegations dismissed by the March 11, 2026 Order, does not contain factual allegations against Mr. Willis, and purports to state legal conclusions.

**C.      Defendants' Positions And The Types Of Misrepresentations Support Scienter**

235.    No response is required to Paragraph 235 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis: (i) denies the allegations as to himself and (ii) avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 pertaining to the remaining named Defendants and denies those allegations on that basis.

236.    No response is required to Paragraph 236 because it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.

237.    No response is required to Paragraph 237 because it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.

---

[13] Footnote 13 does not contain allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits that Mr. Thibodeau made this clarification during his deposition, but he avers that he lacks knowledge or information sufficient to form a belief as to the truth of the statement and denies the allegation on that basis.

238.    No response is required to Paragraph 238 because it relates to allegations dismissed by the March 11, 2026 Order, does not contain factual allegations against Mr. Willis, and purports to state legal conclusions. To the extent a response is required, Mr. Willis admits the allegations in the first sentence of Paragraph 238 that Mr. Ence: (i) served as NewAge's CFO and Controller and (ii) attended NewAge's May and August 2018 earnings calls.  Mr. Willis otherwise denies the allegations in the first sentence of Paragraph 238.  Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 238, and he denies those allegations on that basis.

239.    No response is required to Paragraph 239 to the extent it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.  To the extent a response is required, Mr. Willis: (i) admits the allegations in the first sentence of Paragraph 239 and (ii) denies the allegations in the second sentence of Paragraph 239.

240.    No response is required to Paragraph 240 to the extent it relates to allegations dismissed by the March 11, 2026 Order.  To the extent a response is required, Mr. Willis admits that NewAge's April 16, 2019 Proxy Statement contains the statements quoted in the first, second, and third sentences of Paragraph 240, but he denies any factual inferences or conclusions made by Plaintiffs based thereon.  Mr. Willis admits the allegations in the last sentence of Paragraph 240.

241.    No response is required to Paragraph 241 to the extent it relates to allegations dismissed by the March 11, 2026 Order.  To the extent a response is required, Mr. Willis: (i) admits the allegations in the first sentence of Paragraph 241; (ii) admits that NewAge's referenced Proxy Statement contains the statements quoted in Paragraph 241; and (iii) denies any paraphrasing, summarizing, or characterization of the referenced disclosure, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

53

242.    No response is required to Paragraph 242 to the extent it relates to allegations dismissed by the March 11, 2026 Order.  To the extent a response is required, Mr. Willis: (i) admits the allegations in the first two sentences of Paragraph 242; (ii) admits that NewAge's Proxy Statement filed March 25, 2021, contains the statements quoted in the third and fourth sentences of Paragraph 242; and (iii) denies any paraphrasing, summarizing, or characterization of the referenced disclosure, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

243.    No response is required to Paragraph 243 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 243 as to himself, and he avers that he lacks knowledge or information sufficient to form a belief as to the truth of the statements pertaining to the mental state of the other named Defendants, and he denies those allegations on that basis.

### D.    Audit Committee Members' Scienter

244.    No response is required to Paragraph 244 because it relates to allegations dismissed by the March 11, 2026 Order, does not contain factual allegations against Mr. Willis, and purports to state legal conclusions.

245.    No response is required to Paragraph 245 because it relates to allegations dismissed by the March 11, 2026 Order, does not contain factual allegations against Mr. Willis, and purports to state legal conclusions.

246.    No response is required to Paragraph 246 because it relates to allegations dismissed by the March 11, 2026 Order, does not contain factual allegations against Mr. Willis, and purports to state legal conclusions.

54

E.    NewAge and Certain Defendants' Financial Motive

247.    The allegations in Paragraph 247 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 247.

248.    Paragraph 248 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis: (i) admits that NewAge's Form 10-K filed on April 17, 2018 reported net losses of approximately $3.5 million for fiscal year 2017; (ii) admits that NewAge's Form 10-Q filed on August 14, 2018 reported net losses of approximately $3.4 million for the first six months of 2018; and (iii) otherwise denies the remaining allegations in the first sentence of Paragraph 248 to the extent they purport to characterize the information contained in the referenced documents. Mr. Willis also admits, on information and belief, the allegations in the second sentence of Paragraph 248, except he: (i) avers that NewAge's stock price reached a closing price high of $6.72 per share in June 2017 and (ii) denies the allegations to the extent they purport to characterize NewAge's stock price for the full months of June and December 2017.  Mr. Willis admits the allegations in the third sentence of Paragraph 248 that NewAge's stock price was $1.70 per share on June 13, 2018, but he otherwise denies the remaining allegations in the third sentence of Paragraph 248 to the extent they purport to characterize NewAge's stock price for the full month of June 2018.

249.    Paragraph 249 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits that NewAge's Form 8-K filed March 12, 2018 disclosed a $15M credit facility with PNC, except he avers that he lacks knowledge or information sufficient to form a belief as to the truth of the alleged interest rate and denies that allegation on that basis.  Mr. Willis also admits the allegation in the

second and third sentences of Paragraph 249, but he denies any factual inferences or conclusions made by Plaintiffs based on the referenced transcript.

250.    The allegations in Paragraph 250 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis admits that: (i) NewAge's stock price reached nearly $9 per share during a midday high in September 2018 and (ii) NewAge held an ATM offering generating approximately $38M in gross proceeds.  Mr. Willis denies the remaining allegations in Paragraph 250.

251.    Paragraph 251 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 251.

252.    Paragraph 252 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits that: (i) NewAge's Form 10-K filed on March 16, 2020 reported that the four referenced offerings resulted in $105,711,000 in gross proceeds and (ii) the referenced Form 10-K contains the data referenced in Paragraph 252.

253.    Paragraph 253 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 253, except he admits that NewAge undertook strategic acquisitions.

254.    Paragraph 254 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits the allegations in Paragraph 254.

255.    Mr. Willis: (i) admits that he participated in the December 4, 2018 M&A Call referenced in Paragraph 255; (ii) admits that the transcript of the referenced call contains the

language quoted in Paragraph 255, without the bracketed modification and the added emphasis; and (iii) denies any factual inferences or conclusions made by Plaintiffs based on the referenced call transcript.

256.    Paragraph 256 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 256, except he admits that NewAge's share price reached a midday high of $5.35 on December 3, 2018.

257.    Paragraph 257 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits the allegations in Paragraph 257.

258.    Paragraph 258 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits the allegations in Paragraph 258.

259.    Paragraph 259 does not contain factual allegations against Mr. Willis and does not require a response from him. To the extent a response is required, Mr. Willis admits the allegations in Paragraph 259.

### 1.    Willis

260.    The allegations in Paragraph 260 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 260, except he: (i) admits that he sold shares of vested NewAge RSUs for the first time in April 2019; and (ii) avers that he used the proceeds from the referenced sales solely to satisfy tax obligations.

261.    The allegations in Paragraph 261 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in

Paragraph 261, except he: (i) admits that he sold 150,000 shares on April 9, 2019 at an average price of $5.97 for net proceeds of $895,500; and (ii) avers that he used the proceeds from the referenced sale to satisfy tax obligations. [14]

262.    Mr. Willis admits that he made the stock sales listed in the chart in Paragraph 262, but he denies that the sales constituted 54% of his total holdings.

263.    No response is required to Paragraph 263 to the extent it was dismissed by the March 11, 2026 Order and because it purports to state legal conclusions. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 263, except he admits that his salary increased from $312,500 per year to $650,000 per year in January 2019.

### 2.    Gould

264.    Paragraph 264 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, the allegations in Paragraph 264 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis: (i) admits, on information and belief, that Mr. Gould's salary increased from approximately $67,000 to $500,000 per year, and that Mr. Gould received stock awards approximating $1,845,500 and (ii) denies the remaining allegations in Paragraph 264.

### 3.    Kapetyn, Brennan, Fea, and Haas

265.    Paragraph 265 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits the allegations in Paragraph 265.

---

[14] Mr. Willis admits that the transcript referenced in footnote 14 contains the quoted language, but he otherwise denies the allegations in footnote 14, including any paraphrasing, summarizing, or characterization of the referenced transcript, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

266.     Paragraph 266 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, the allegations in Paragraph 266 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis: (i) admits, on information and belief, that Mr. Kapteyn sold approximately 18,000 shares of NewAge stock on April 16, 2019; (ii) avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Kapteyn's total saleable holdings; and (iii) denies the remaining allegations in Paragraph 266.

### 4.     Stock-Based Compensation Accounted For A Substantial Amount Of Defendants' Compensation

267.     Mr. Willis admits that the chart contained in Paragraph 267 reflects the compensation of the individuals referenced and he admits that he derived a substantial portion of his yearly compensation from NewAge stock awards.  However, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether NewAge stock awards were a substantial portion of the remaining Defendants' annual compensation, and he denies those allegations on that basis.

268.     No response is required to Paragraph 268 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 268.

### F.     The Disastrous Ariix Acquisition Supports Scienter

269.     Paragraph 269 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 269, except he avers that NewAge learned facts about Ariix's financial condition and business practices after the merger closed that differed from the facts Mr. Willis had understood to be true prior to the merger closing.

270.    Paragraph 270 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits the allegations in Paragraph 270 and avers that NewAge only learned of the $29M shortfall in Ariix's represented working capital after the Ariix merger closed.

271.    Paragraph 271 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271 and denies the allegations on that basis.

272.    The allegations in Paragraph 272 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 272.

273.    Paragraph 273 does not contain factual allegations against Mr. Willis and does not require a response from him.  The allegations in Paragraph 273 also purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis admits that the referenced sources contain the quoted statements, but he denies any paraphrasing, summarizing, or characterization of the referenced sources, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

274.    Paragraph 274 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits that NewAge's Form DEF 14A filed on March 25, 2021 contains the language quoted in Paragraph 274, without the added emphasis, but he otherwise denies the allegations in Paragraph 274, including any paraphrasing, summarizing, or characterization of the referenced disclosure, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

60

275.    The allegations in Paragraph 275 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 275. [15]

276.    Paragraph 276 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits that the Adversary Complaint contains the quoted statements, without the bracketed modifications, but he denies any paraphrasing, summarizing, or characterization of the referenced document, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

277.    Mr. Willis denies the allegations in Paragraph 277.

278.    The allegations in Paragraph 278 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 278. [16]

279.    Mr. Willis denies the allegations in Paragraph 279, except he admits that the Adversary Complaint contains the quoted statements without the bracketed modifications, and denies any paraphrasing, summarizing, or characterization of the referenced Adversary Complaint, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

280.    Mr. Willis denies the allegations in the first sentence of Paragraph 280.  The second sentence of Paragraph 280 does not contain factual allegations against Mr. Willis and does not

---

[15] Footnote 15 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis denies the allegations in footnote 15.

[16] Footnote 16 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis admits that the referenced Adversary Complaint contains the language quoted in footnote 16, but he avers that he lacks knowledge or information sufficient to form a belief as to the truth of the underlying claim, and he denies the allegations in footnote 16 on that basis.

require a response from him.  To the extent a response is required, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 280 and he denies those allegations on that basis.

281.    Paragraph 281 does not contain factual allegations against Mr. Willis and does not require a response from him.  To the extent a response is required, Mr. Willis denies the allegations in the first sentence of Paragraph 281.  Mr. Willis admits the allegations in the second sentence of Paragraph 281, except he denies the characterization of Kwikclick's commissions as "substantial."

282.    The allegations in Paragraph 282 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 282.

283.    No response is required to Paragraph 283 to the extent it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 283.

### G.    Resignations

284.    No response is required to Paragraph 284 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in the first sentence of Paragraph 284.  Mr. Willis admits that the referenced Form 8-K contains the language quoted in the remaining sentences of Paragraph 284, without the bracketed modifications, but he denies any paraphrasing, summarizing, or characterization of the referenced disclosure, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

285.    No response is required to Paragraph 285 because it relates to allegations dismissed by the March 11, 2026 Order, does not contain factual allegations against Mr. Willis, and purports to state legal conclusions.

286.    No response is required to Paragraph 286 because it relates to allegations dismissed by the March 11, 2026 Order and purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in the first and third sentences of Paragraph 286.  Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 286 regarding "CW-4" and denies those allegations on that additional basis.

### H.    SOX Certifications

287.    No response is required to Paragraph 287 to the extent it relates to allegations dismissed by the March 11, 2026 Order. To the extent a response is required, Mr. Willis admits that he signed SOX certifications containing the language quoted in Paragraph 287, without the bracketed modification, but he denies any paraphrasing, summarizing, or characterization of the referenced disclosures, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

288.    No response is required to Paragraph 288 to the extent it relates to allegations dismissed by the March 11, 2026 Order. To the extent a response is required, Mr. Willis admits that he signed the SEC filings referenced in Paragraph 288(a) through Paragraph 288(l), but he denies any factual inferences or conclusions made by Plaintiffs based thereon.

### VI.    LOSS CAUSATION

289.    The allegations in Paragraph 289 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 289.

290.    The allegations in Paragraph 290 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 290.

291.    No response is required to Paragraph 291 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 291, except he admits that NewAge's stock price hit a midday high of $9.99 on September 21, 2018.

292.    No response is required to Paragraph 292 to the extent it relates to allegations dismissed by the March 11, 2026 Order, does not contain factual allegations against Mr. Willis, and purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 292.

293.    No response is required to Paragraph 293 to the extent it was dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in the first and second sentences of Paragraph 293, except he admits that: (i) NewAge announced his resignation on January 10, 2022 and (ii) the referenced announcement contained the quoted language, without the bracketed modifications, but he denies any paraphrasing, summarizing, or characterization of the  referenced announcement, as well as any factual inferences or conclusions made by Plaintiffs based thereon.  Mr. Willis denies the allegations in the third sentence of Paragraph 293, including to the extent they purport to allege a "corrective" disclosure and loss causation, except he admits that NewAge stock opened at $0.98 per share and closed at $0.9251 per share on January 11, 2022 and opened at $0.935 per share and closed at $0.88 per share on January 12, 2022.

294.    No response is required to Paragraph 294 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in the first sentence of Paragraph 294, except he admits that NewAge announced receipt of a late filing notice from NASDAQ after

64

trading hours on May 17, 2022. Mr. Willis admits the allegations in the second sentence of Paragraph 294 that NewAge's stock opened at $0.391 per share and closed at $0.3591 per share on May 18, 2022, but he denies that the Company's stock price dropped 8% from market close on May 17, 2022 to market close on May 18, 2022. Mr. Willis further denies the allegations in the second sentence of Paragraph 294 to the extent they purport to establish a "corrective" disclosure and loss causation.

295. No response is required to Paragraph 295 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions. To the extent a response is required, Mr. Willis denies the allegations in the first sentence of Paragraph 295. Mr. Willis denies the allegations in the second sentence of Paragraph 295, except he admits that NewAge's stock opened at $0.42 per share and closed at $0.3703 per share on June 9, 2022. Mr. Willis admits the allegations in the third sentence of Paragraph 295 to the extent they represent, respectively: (i) the decrease in NewAge's stock price from market opening to market close on June 10, 2022; (ii) the decrease in NewAge's stock price from June 10, 2022 market close to June 13, 2022 market close; and (iii) the decrease in NewAge's stock price from market opening to market close on June 14, 2022. Mr. Willis otherwise denies the allegations in the third sentence of Paragraph 295 to the extent they purport to allege a "corrective" disclosure and loss causation.

296. No response is required to Paragraph 296 to the extent it relates to allegations dismissed by the March 11, 2026 Order. Further, the allegations in Paragraph 296 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in the first sentence of Paragraph 296, except he admits that NewAge announced that it was filing Chapter 11 bankruptcy on August 30, 2022. Mr. Willis admits the allegations in the second sentence of Paragraph 296, but he denies any factual inferences or

65

conclusions made by Plaintiffs based thereon. Mr. Willis denies the allegations in the third sentence of Paragraph 296, except he admits that NewAge stock opened at $0.2016 per share and dropped approximately 39% to close at $0.1222 per share on September 1, 2022. Mr. Willis admits the allegations in the fourth sentence of Paragraph 296 that NewAge stock opened at $0.20 per share and closed at $0.1482 on September 2, 2022, except to the extent they purport to allege a "corrective" disclosure and loss causation, which he denies.

297.    No response is required to Paragraph 297 to the extent it relates to allegations dismissed by the March 11, 2026 Order. Further, the allegations in Paragraph 297 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in the first sentence of Paragraph 297, except he admits that NewAge announced after market close on September 2, 2022 that it had received a written delisting notice from NASDAQ. Mr. Willis denies the allegations in the second sentence of Paragraph 297, including to the extent they purport to allege a "corrective" disclosure and loss causation, except he admits that NewAge's stock price opened at $0.1368 per share and closed at $0.125 per share on September 6, 2022, which represented a drop of approximately 9%.

298.    No response is required to Paragraph 298 to the extent it relates to allegations dismissed by the March 11, 2026 Order. Further, the allegations in Paragraph 298 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in the first sentence of Paragraph 298, except he admits that the SEC announced legal action against Mr. Willis on October 18, 2022. Mr. Willis further admits that the claims and quotations referenced in the second sentence of Paragraph 298 appeared in the SEC's October 18, 2022 press release, but he otherwise denies the allegations in the second sentence of Paragraph 298, including any paraphrasing, summarizing, or characterization of the referenced

66

press release, as well as any factual inferences or conclusions made by Plaintiffs based thereon.

Mr. Willis further avers that, by consent judgment dated March 25, 2026, the court in the SEC

Action dismissed, with prejudice, all intent-based charges pursuant to Section 10(b) and Rule 10b-

5 of the Exchange Act, and Section 17(a)(1) of the Securities Act. **Exhibit A**.

299.    The allegations in Paragraph 299 purport to state legal conclusions to which no

response is required. To the extent a response is required, Mr. Willis denies the allegations in the

first sentence of Paragraph 299, except he admits that the SEC instituted a cease-and-desist

proceeding against NewAge on October 19, 2022. Mr. Willis admits the allegations in the second

sentence of Paragraph 299. Mr. Willis admits the allegations in the last sentence of Paragraph 299

that NewAge's stock price opened at $0.175 per share on October 20, 2022, and closed at $0.0013

per share on October 20, 2022. Mr. Willis denies the remaining allegations in the last sentence of

Paragraph 299, including any correlation between the referenced settlement offer and NewAge's

stock price.

300.    The allegations in Paragraph 300 purport to state legal conclusions to which no

response is required. To the extent a response is required, Mr. Willis denies the allegations in

Paragraph 300.

## VII.    CLASS ACTION ALLEGATIONS

301.    No response is required to the allegations in Paragraph 301 because they purport to

characterize Plaintiffs' claims and state legal conclusions. To the extent a response is required,

Mr. Willis admits that Plaintiffs purport to bring claims on behalf of a putative class under Rule

23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, but he denies that the purported Class

exists and/or should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

302.    No response is required to the allegations in Paragraph 302 because they purport to

characterize Plaintiffs' claims and state legal conclusions. To the extent a response is required,

Mr. Willis admits that Paragraph 302 purports to define a putative class, but he denies that the purported Class exists and/or should be certified.

303.    Paragraph 303 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, the allegations in Paragraph 303 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of Paragraph 303 and denies those allegations on that basis. Mr. Willis further denies the allegations in the second sentence of Paragraph 303, except he admits that NewAge securities traded on NASDAQ and through the OTC market.  Mr. Willis further denies that the purported Class exists and/or should be certified.

304.    Paragraph 304 does not contain factual allegations against Mr. Willis and does not require a response from him. Further, the allegations in Paragraph 304 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 304 and denies the allegations on that basis.  Mr. Willis further denies that the purported Class exists and/or should be certified.

305.    Paragraph 305 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, the allegations in Paragraph 305 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 305 and denies the allegations on that basis.  Mr. Willis further denies that the purported Class exists and/or should be certified.

306.    Paragraph 306 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, the allegations in Paragraph 306 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 306 and denies the allegations on that basis.  Mr. Willis further denies that the purported Class exists and/or should be certified.

307.    Paragraph 307 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, the allegations in Paragraph 307 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307 and denies the allegations on that basis.  Mr. Willis further denies that the purported Class exists and/or should be certified.

## VIII.    CONTROL PERSON LIABILITY

308.    No response is required to Paragraph 308 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 308.

309.    No response is required to Paragraph 309 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in the first sentence of Paragraph 309, except he admits that he had authority to issue certain public disclosures and avers that: (i) the challenged disclosures involved the participation of various NewAge professionals; (ii) the content of the challenged disclosures was based on information provided by NewAge professionals; and (iii) he often participated in the issuance of NewAge's public disclosures.

310.    No response is required to Paragraph 310 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 310, except he admits that he had access to certain non-public information during his tenure at NewAge.

## IX.    APPLICABILITY OF THE FRAUD ON THE MARKET DOCTRINE

311.    Paragraph 311 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, the allegations in Paragraph 311 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis admits that: (i) NewAge's securities were listed on the NASDAQ; (ii) NewAge's securities were listed on the OTC Markets; (iii) NewAge filed periodic reports with the SEC and voluntarily disseminated certain information; and (iv) NewAge communicated with public investors through press releases on national circuits of major newswire services.  Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 311 and he denies those allegations on that basis.

312.    Paragraph 312 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, the allegations in Paragraph 312 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 312 and denies those allegations on that basis.  No response is required to the allegations in the second sentence of Paragraph 312 because they purport to characterize Plaintiffs' claims and state legal conclusions.  To the extent a response is required, Mr. Willis admits that Plaintiffs purport to incorporate by reference in the SAC the historical trading prices and volumes of NewAge common stock.

70

313.     No response is required to Paragraph 313 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in the first sentence of Paragraph 313.  Mr. Willis denies the allegations in the second sentence of Paragraph 313, except he avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313 concerning alleged purchases by Plaintiffs and putative class members, and denies those allegations on that basis.  Mr. Willis denies the allegations in the last sentence of Paragraph 313.

## X.     THE AFFILIATED UTE PRESUMPTION

314.     Paragraph 314 does not contain factual allegations against Mr. Willis and does not require a response from him. Further, the allegations in Paragraph 314 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 314.

## XI.     NO SAFE HARBOR

315.     Paragraph 315 does not contain factual allegations against Mr. Willis and does not require a response from him. Further, the allegations in Paragraph 315 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 315.

316.     Paragraph 316 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, the allegations in Paragraph 316 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 316.

317.     Paragraph 317 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, the allegations in Paragraph 317 purport to state legal

71

conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 317.

318.    Paragraph 318 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, the allegations in Paragraph 318 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 318.

319.    Paragraph 319 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, the allegations in Paragraph 319 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 319.

320.    Paragraph 320 does not contain factual allegations against Mr. Willis and does not require a response from him.  Further, the allegations in Paragraph 320 purport to state legal conclusions to which no response is required.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 320.

## XII.    CLAIMS FOR RELIEF

### COUNT I

**For Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Against Defendants**

321.    Mr. Willis incorporates by reference his answers to Paragraphs 1 through 320 above.

322.    No response is required to Paragraph 322 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 322.

323.    No response is required to Paragraph 323 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 323.

324.    No response is required to Paragraph 324 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 324.

325.    No response is required to Paragraph 325 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 325.

326.    No response is required to Paragraph 326 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 326.

327.    No response is required to Paragraph 327 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 327.

328.    No response is required to Paragraph 328 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 328.

329.    No response is required to Paragraph 329 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 329, except he avers that he lacks knowledge or information sufficient to form a belief as to the truth of the statements

73

regarding the mental state of Plaintiffs and purported class members, and he denies those allegations on that basis.

330. The allegations in Paragraph 330 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 330, except he avers that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' mental state and denies those allegations on that basis.

331. No response is required to Paragraph 331 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 331.

332. No response is required to Paragraph 332 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 332.

## COUNT II

### For Violations of Section 20(a) of the Exchange Act Against Defendants

333. Mr. Willis incorporates by reference his answers to Paragraphs 1 through 332 above.

334. No response is required to the allegations in Paragraph 334 because they purport to characterize Plaintiffs' claims and state legal conclusions. To the extent a response is required, Mr. Willis admits that Plaintiffs assert a claim for violations of Section 20(a) of the Exchange Act, but he denies that he is liable thereunder.

335. No response is required to Paragraph 335 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 335.

74

336.    No response is required to Paragraph 336 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 336, except he: (i) admits that he participated in the issuance of certain NewAge disclosures and (ii) avers that the content of such disclosures was derived from, and finalized in consultation with, other NewAge officers and directors.

337.    No response is required to Paragraph 337 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 337, except he: (i) admits that he participated in the issuance of certain NewAge disclosures and (ii) avers that the content of such disclosures was derived from, and finalized in consultation with, other NewAge officers and directors.

338.    No response is required to Paragraph 338 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 338.

339.    No response is required to Paragraph 339 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the extent a response is required, Mr. Willis denies the allegations in Paragraph 339, except he: (i) admits that he participated in the issuance of certain NewAge disclosures in his capacity as CEO and (ii) avers that the content of such disclosures was derived from, and finalized in consultation with, other NewAge officers and directors.

340.    No response is required to Paragraph 340 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions.  To the

extent a response is required, Mr. Willis denies the allegations in Paragraph 340, except he: (i) admits that he participated in the issuance of certain NewAge disclosures and (ii) avers that the content of such disclosures was derived from, and finalized in consultation with, other NewAge officers and directors.

341.    No response is required to Paragraph 341 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 341.

342.    No response is required to Paragraph 342 to the extent it relates to allegations dismissed by the March 11, 2026 Order and because it purports to state legal conclusions. The allegations in Paragraph 342 purport to state legal conclusions to which no response is required. To the extent a response is required, Mr. Willis denies the allegations in Paragraph 342.

## PRAYER FOR RELIEF

Mr. Willis denies that Plaintiffs are entitled to any of the relief requested, or to any other relief, based on the allegations in the SAC.

## JURY TRIAL DEMAND

Plaintiffs' jury demand states a legal conclusion to which no response is required. To the extent a response is required, Mr. Willis admits that Plaintiffs purport to demand a trial by jury, and reserves the right to challenge Plaintiffs' demand.

## AFFIRMATIVE DEFENSES

Mr. Willis reserves the right to amend the following affirmative defenses, or to assert additional affirmative defenses in the future. Notwithstanding the foregoing, and without assuming any burden of proof, persuasion, or production, Mr. Willis states the following affirmative and other defenses:

76

## FIRST AFFIRMATIVE DEFENSE

The SAC fails to state a claim under the Exchange Act of 1934 against Mr. Willis.

## SECOND AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the statements Plaintiffs challenge were neither false nor misleading.

## THIRD AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Mr. Willis did not omit to state any material facts necessary in order to make any statement made by him, or by NewAge, not false or misleading at the time it was made.

## FOURTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because any alleged misrepresentations or omissions for which Mr. Willis was allegedly responsible were not material.

## FIFTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Mr. Willis is immune from liability for certain statements complained of in the SAC under the safe harbor provisions of the PSLRA and/or the bespeaks caution doctrine.

## SIXTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the information that Plaintiffs allege to have been omitted or misrepresented was in fact publicly available and/or widely known to the market and to the investing community.

## SEVENTH AFFIRMATIVE DEFENSE

77

This action is barred, in whole or in part, because Mr. Willis acted with due diligence and/or did not know, and in the exercise of reasonable care could not have known, that any misstatements or omissions of material fact existed in any of NewAge's filings with the SEC or press releases or any statement issued in connection therewith or otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Mr. Willis acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

## NINTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because some or all of Plaintiffs and members of the putative Class lack standing.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' cause of action under Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder, is barred in whole or in part, because Mr. Willis did not act with scienter.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' cause of action under Section 10(b) of the Exchange Act and Rule 10b-5 thereunder is barred, in whole or in part, because they cannot establish a causal connection between the alleged misstatements and their purported economic losses.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' cause of action under Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, is barred, in whole or in part, because the fraud on the market theory does not apply.

## THIRTEENTH AFFIRMATIVE DEFENSE

78

Plaintiffs' cause of action under Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder, is barred, in whole or in part, because the *Affiliated Ute* presumption does not apply.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' cause of action under Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder is barred, in whole or in part, to the extent NewAge's stock was not traded on an efficient market.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' cause of action under Section 20(a) of the Exchange Act is barred, in whole or in part, because Plaintiffs and the putative class cannot establish the primary liability necessary to assert a claim for control person liability against Mr. Willis.

## SIXTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiffs did not reasonably rely on the public filings or press releases or statements issued in connection therewith or statements alleged in the SAC to be materially false or misleading.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiffs failed to use due care in determining whether to invest in NewAge.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiffs knew that the purchase of NewAge securities involved risk and voluntarily assumed such risk.

## NINETEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because at all relevant times, Mr. Willis reasonably relied upon the information, opinions, reports, and statements presented by others whom Mr. Willis believed to be reliable and competent in the matters presented.

## TWENTIETH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, on the grounds that Mr. Willis had no duty to disclose information allegedly omitted in NewAge's public statements, Mr. Willis had no duty to update information that was truthful and accurate when made, and/or Mr. Willis had no duty to correct information that he reasonably believed was truthful and accurate when made.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are barred from claiming injury and damages, if any, because they failed to make reasonable efforts to mitigate such injury or damages, which would have prevented their purported injury or damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Mr. Willis was not the actual or proximate cause of any injury to Plaintiffs or members of the putative class.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, to the extent there are intervening or superseding causes of alleged harm, if any, suffered by Plaintiffs or members of the putative class.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because no act of Mr. Willis caused any loss or depreciation in the value of any security allegedly purchased by Plaintiffs and/or the misstatements and omissions alleged in the complaint did not affect the market price of NewAge's common stock or cause any loss or damages.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because certain statements complained of in the SAC are non-actionable statements of opinion or statements of puffery.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because the alleged misstatements were in fact accurate representations.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because Plaintiffs and members of the putative class have not suffered any cognizable injury attributable, in whole or in part, to any conduct by Mr. Willis. Any damages Plaintiffs or the putative class seek to recover against Mr. Willis were caused by actions or omissions of third parties.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because Mr. Willis did not make any false or misleading statements or omissions of material fact and is not responsible in law or in fact for any alleged false or misleading statements or omissions of material fact by others.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, to the extent that the doctrines of laches, estoppel, waiver and/or unclean hands apply.

**THIRTIETH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Securities Exchange Act of 1934, the PSLRA, common law, or any other applicable statute, rule or regulation.

81

## THIRTY-FIRST AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, for lack of proximate causation between Mr. Willis's alleged conduct and the alleged harm and by certain superseding and intervening causes.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, to the extent that the doctrine of offset applies.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Lead Plaintiffs' claims for counsel and expert fees are barred because they have failed to state facts sufficient to support a claim for such fees.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because it is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because the requirements of Rule 23 are not met.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the putative class period is overbroad and, therefore, many of the putative class members are not entitled to recovery.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because some or all of Plaintiffs and members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

82

This action is barred, in whole or in part, because to the extent it is or may be determined that any person is alleged to have violated the Exchange Act or any rules of the Securities and Exchange Commission, with respect to any of the alleged conduct on which the SAC is based, those actions cannot be imputed to Mr. Willis.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

If and to the extent that Mr. Willis's statements are determined to have contained false or misleading statements or to have omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading (which Mr. Willis denies), Plaintiffs either knew or should have known about the matters alleged in the SAC, and their own negligence or other fault proximately caused or contributed to the injuries allegedly suffered by Plaintiffs from the purchase and sale of the offered securities, and bars any recovery to the extent thereof.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recovery to the extent they would have acquired NewAge securities even if, at the time the stock was acquired, Plaintiffs had known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Mr. Willis's liability is asserted.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from recovering prejudgment interest because such recovery is not liquidated or ascertainable and is not otherwise statutorily prescribed.

## FORTY-FIRST AFFIRMATIVE DEFENSE

83

Any damage, loss, or liability sustained by Plaintiffs must be reduced, diminished, and/or eliminated under the proportionate liability provisions of Section 21D(f)(2)(B) and 21(D)(f)(3) of the Securities Exchange Act of 1934 to reflect only Mr. Willis's percentages of responsibility.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because ascertainment and allocation of the alleged damages is impossible.

### FORTY-THIRD AFFIRMATIVE DEFENSE

If a final judgment is rendered against Mr. Willis, any damage loss, or liability sustained by Plaintiffs or the putative class must be reduced, diminished and/or eliminated under the 90-day lookback provisions set forth in 15 U.S.C. § 78u-4(e).

### RESERVATION OF RIGHTS

Mr. Willis hereby reserves the right to assert any and all affirmative and other defenses available under any applicable federal or state law.  Mr. Willis also reserves the right to assert any cross-claims, counterclaims, and/or third party claims he deems appropriate and/or necessary.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Willis seeks judgment as follows:

1. Dismissing with prejudice all claims against Mr. Willis;

2. Awarding the costs of defending this action, including reasonable attorneys' fees, costs, and disbursements; and

3. Granting such other and further relief as this Court may deem just and proper.

DATED: April 16, 2026                                        Respectfully submitted,

84

KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, Illinois 60661
Telephone:  312.902.5200

50 Rockefeller Plaza
New York, New York 10020
Telephone:  212.940.8800

/s/ *Michael J. Diver*
Michael J. Diver
Michael J. Lohnes
Sarah Eichenberger
Jamie N. Noonan
michael.diver@katten.com
michael.lohnes@katten.com
sarah.eichenberger@katten.com
jamie.noonan@katten.com

*Attorneys for Defendant Brent David Willis*

## CERTIFICATE OF SERVICE

I, Michael J. Diver, hereby certify that on April 16, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

s/ *Michael J. Diver*
Michael J. Diver

86

# *Exhibit A*

Case No. 1:22-cv-03161-DDD-TPO     Document 162     filed 04/16/26     USDC Colorado
pg 88 of 94

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

BRENT DAVID WILLIS,

Defendant.

C.A. No. 22-cv-07244-GPG-TPO

**FINAL JUDGMENT AS TO DEFENDANT BRENT DAVID WILLIS**

The Securities and Exchange Commission having filed a Complaint and Defendant Brent David Willis ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph [VI]); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2), (3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(2)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

1

made, in light of the circumstances under which they were made, not misleading;

or

(3)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

by, directly or indirectly, making any false or misleading statement, or disseminating any false or

misleading documents, materials, or information, concerning matters relating to a decision by an

investor or prospective investor to buy or sell securities of any company.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of

the Exchange Act [15 U.S.C. § 78m(a)] and Regulation FD [17 C.F.R. § 243.100, *et seq.*]

thereunder by knowingly or recklessly providing substantial assistance to an issuer that privately

discloses material nonpublic information to certain persons outside the issuer without

simultaneously disclosing such information to the public.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

2

participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to the

Court's inherent authority to fashion appropriate equitable relief in this matter, and Section

21(d)(5) of the Exchange Act [15 U.S. Code § 78u] for the benefit of investors, Defendant is

enjoined for a period of 5 years from the date of this Final Judgment from acting as an officer or

director of any issuer that has a class of securities registered pursuant to Section 12 of the

Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the

Exchange Act [15 U.S.C. § 78o(d)].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a

civil penalty in the amount of $175,000.00 to the Securities and Exchange Commission pursuant

to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].  Defendant shall pay the penalty due

of $175,000.00 in 4 installments to the Commission according to the following schedule: (1)

$25,000.00 within 30 days of entry of this Final Judgment; (2) $50,000.00 within 90 days of

entry of this Final Judgment; (3) $50,000.00 within 180 days of entry of this Final Judgment; and

(4) $50,000.00 within one year of entry of this Final Judgment.  Payments shall be deemed made

on the date they are received by the Commission and shall be applied first to post judgment

interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of

the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant shall

contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed

according to the schedule set forth above, all outstanding payments under this Final Judgment,

3

including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Brent David Willis's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant shall pay post-judgment interest on any amounts due after 30

4

days of the entry of this Final Judgment pursuant to 28 USC § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that except as

otherwise stated in this Final Judgment and the Consent of Defendant dated [March 25, 2026]

(the "Consent"), which is incorporated herein with the same force and effect as if fully set forth

herein, the Court hereby dismisses with prejudice all other claims and relief sought in this action

based on the conduct alleged in the Complaint through the date of this Final Judgment.

VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall

retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

5

Dated:     March 25th , 2026

_____
Gordon P. Gallagher
UNITED STATES DISTRICT JUDGE